1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  JAMES M. EMERY, State Bar #153630
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4261
6  Facsimile:    (415) 554-3837
   E-Mail:        jim.emery@sfgov.org

7

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.

9

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13  IVANA KIROLA, MICHAEL KWOK,        Case No. C07-3685 SBA
    and ELIZABETH ELFTMAN, on behalf
14  of themselves and all others similarly   DEFENDANTS' ANSWER TO
    situated,                                COMPLAINT
15
              Plaintiffs,
16
          vs.
17
    THE CITY AND COUNTY OF SAN
18  FRANCISCO ("the CITY"); GAVIN
    NEWSOM, in his official capacity as
19  Mayor; AARON PESKIN, in his official
    capacity as President of the Board of
20  Supervisors; JAKE MCGOLDRICK,
    MICHELA ALIOTO-PIER, ED JEW,
21  CHRIS DALY, SEAN ELSBERND,
    BEVAN DUFTY, TOM AMMIANO,
22  SOPHIE MAXWELL, ROSS
    MIRKARIMI, AND GERARDO
23  SANDOVAL, in their official capacities
    as members of the Board of Supervisors,
24
              Defendants.
25

26

27

28

Answer                                1                    n:\lit\li2007\080122\00435935.doc
CASE NO. C07-3685 SBA

1    Defendants City and County of San Francisco, Gavin Newsom, Aaron Peskin, Jake

2 McGoldrick, Michela Alioto-Pier, Ed Jew, Chris Daly, Sean Elsbernd, Bevan Dufty, Tom Ammiano,

3 Sophie Maxwell, Ross Mirkarimi and Gerardo Sandoval, in their official capacities (collectively,

4 "Defendants"), respond as follows to plaintiffs' Complaint for Declaratory and Injunctive Relief.

**INTRODUCTION**

6    1.    With respect to the allegations contained in this paragraph, Defendants respond as

7 follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs'

8 interpretation of the law, to which no response is required.  To the extent a response is deemed

9 required, denied.

10    2.    With respect to the allegations contained in this paragraph, Defendants respond as

11 follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs'

12 interpretation of the law, to which no response is required.  To the extent a response is deemed

13 required, denied.

14    3.    With respect to the allegations contained in this paragraph, Defendants respond as

15 follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs'

16 interpretation of the law, to which no response is required.  To the extent a response is deemed

17 required, denied.

18    4.    With respect to the allegations contained in this paragraph, Defendants respond as

19 follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs'

20 interpretation of the law, to which no response is required.  To the extent a response is deemed

21 required, denied.

**JURISDICTION**

23    5.    Defendants admit the Court has subject matter jurisdiction of plaintiffs' causes of

24 actions alleging violations of federal law.  Except as admitted, Defendants deny each and every

25 allegation in this paragraph.

**VENUE**

6.      Defendants admit venue is proper.

**INTRADISTRICT ASSIGNMENT**

7.      Defendants admit intradistrict assignment is proper.

**THE PARTIES**

8.      Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.

9.      Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.

10.      Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.

11.      Defendant admit the City is a local government entity.  With respect to the remaining allegations contained in this paragraph, Defendants respond as follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required.  To the extent a response is deemed required, denied.

12.      Defendants admit that the individual defendants hold the official positions identified in this paragraph.   With respect to the remaining allegations contained in this paragraph, Defendants respond as follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required.  To the extent a response is deemed required, denied.

13.      No response is required to the allegations in this paragraph.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

14.      The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

15.      The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

16.      The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

17.    The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.  Regarding the alleged impact on plaintiffs of Defendants' alleged conduct, Defendants lack sufficient information to either affirm or deny and on that basis deny.

18.    The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.  Regarding the alleged impact on plaintiffs of Defendants' alleged conduct, Defendants lack sufficient information to either affirm or deny and on that basis deny. Moreover, these allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required.

19.    Denied.

20.    With respect to the allegations contained in this paragraph, Defendants respond as follows: These allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required.  To the extent a response is deemed required, denied.

21.    Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

22.    Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

23.    Defendants deny that curb ramps at intersections of Octavia and McAllister, at Van Ness and California, or at Olive and Van Ness are too steep.  Defendants deny that the City's curb ramp replacement program violates applicable law.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or deny and on that basis deny. Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

24.    Defendants deny that the intersection at Grove and Fillmore lacks curb ramps. Defendants deny the cross-slope on the south side of the sidewalk on Grove between Fillmore and Webster is too steep.  Defendants deny that the City's curb ramp replacement program violates

Answer                                                    4                          n:\lit\li2007\080122\00435935.doc
CASE NO. C07-3685 SBA

applicable law.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

25.    Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.  Defendants deny that the City's curb ramp replacement program violates applicable law.

26.    Defendants deny that municipal pools fail to provide program access.  Sava pool has been closed for renovation, and Defendants deny the allegations regarding Sava pool on that basis. Hamilton pool is scheduled for renovations, and defendants deny the allegations regarding Hamilton pool on that basis.  Defendants deny that the entry door for North Beach pool is too heavy or that applicable state or federal laws require an automatic door opener.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

27.    Defendants deny that the curb ramps on Masonic are too steep, or that applicable laws required detectable domes when the curb ramps on Geary were constructed.  Defendants deny that the City's curb ramp replacement program violates applicable law.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

28.    Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.  Defendants deny that the City's curb ramp replacement program violates applicable law.

29.    Defendants lack sufficient information to either affirm or deny and on that basis deny each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

1    and non-specific to either admit or deny and on that basis are denied.  Defendants deny that the City's

2    curb ramp replacement program violates applicable law.

3            30.     Regarding the allegation that Plaintiff Kirola has difficulty accessing the City Health

4    Department building at 101 Grove, Defendants lack sufficient information to either affirm or deny

5    and on that basis deny.  Defendants deny the entry ramp is too steep.  Defendants deny the location of

6    the accessible entrance on the side of the building violates any applicable law.  Defendants deny that

7    the City's curb ramp replacement program violates applicable law.  Defendants deny that any

8    applicable law required detectable domes when the curb ramps at Polk and Grove were constructed.

9            31.     The allegation that many bus islands are not accessible is too vague and non-specific

10   to either admit or deny and on that basis is denied.  Regarding the allegation that a bus driver once let

11   plaintiff Kirola off on an inaccessible island, Defendants lack sufficient information to either affirm

12   or deny and on that basis deny.  Defendants deny that the absence of a ramp at the bus island at

13   Church and Market or at Market and 8th Street violates any applicable law.

14           32.     Defendants deny that the sidewalks at the Palace of Fine Arts lack curb ramps.  The

15   remaining allegations in this paragraph are too vague and non-specific to either admit or deny and on

16   that basis are denied.

17           33.     Defendants lack sufficient information to either affirm or deny and on that basis deny

18   each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

19   and non-specific to either admit or deny and on that basis are denied.

20           34.     Defendants lack sufficient information to either affirm or deny and on that basis deny

21   each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

22   and non-specific to either admit or deny and on that basis are denied.

23           35.     Defendants deny that a curb ramp at Howard and 8th Street has a pothole at the bottom

24   of the ramp.  Defendants deny curb ramps along Howard beyond 5th and 9th Streets are inaccessible.

25   Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to

26   either affirm or deny and on that basis deny.  Moreover, the allegations in this paragraph are too

27   vague and non-specific to either admit or deny and on that basis are denied.

28

36.     Defendants deny that curb ramps on Mission Street between 7th and 9th Streets and the intersection of Minna and 7th Street are inadequate.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Moreover, the allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

37.     Regarding the allegation that Plaintiff Kwok goes to Union Square weekly, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Defendants deny that the locations of the curb ramps at Market and 5th Street force users into oncoming traffic.  Defendants deny that potholes at Market and 5th Street or at Market and 8th Street create additional hazards.

38.     Regarding the allegations that Plaintiff Kwok goes to Cathedral Hill and Japan Town weekly, and that Plaintiff Kwok travels up Van Ness from Market, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Regarding the remaining allegations in this paragraph, the allegations are too vague and non-specific to either admit or deny and on that basis are denied.  Defendants deny curb ramps on Van Ness are very steep and many of them are hazardous to climb.  Defendants deny that the City's curb ramp replacement program violates any applicable law.

39.     Regarding the allegation that Plaintiff Kwok fell out of his chair, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Defendants deny that the pavement in the crosswalk at 5th Street and Tehama Street is uneven.

40.     Regarding the allegation that Plaintiff Kwok used to use many City parks but no longer does, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Regarding the remaining allegations in this paragraph, the allegations are too vague and non-specific to either admit or deny and on that basis are denied.

41.     Regarding the allegation that Plaintiff Kwok often goes to the City's Main Library, Defendants lack sufficient information to either affirm or deny and on that basis deny.  Defendants deny the remaining allegations in this paragraph.

42.     Denied.

1    43.    Defendants lack sufficient information to either affirm or deny and on that basis deny

2  each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

3  and non-specific to either admit or deny and on that basis are denied.

4    44.    Defendants lack sufficient information to either affirm or deny and on that basis deny

5  each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

6  and non-specific to either admit or deny and on that basis are denied.

7    45.    Defendants lack sufficient information to either affirm or deny and on that basis deny

8  each and every allegation in this paragraph.  Moreover, the allegations in this paragraph are too vague

9  and non-specific to either admit or deny and on that basis are denied.

10    46.    Defendants deny the existing pavement conditions at the bus top at Masonic and Geary

11  violate any applicable law.  Regarding the remaining allegations of this paragraph, Defendants lack

12  sufficient information to either affirm or deny and on that basis deny.  Moreover, the allegations in

13  this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

14    47.    Defendants deny that any applicable law requires handrail extensions on the stairs in

15  Jefferson Square Park.  Regarding the remaining allegations of this paragraph, Defendants lack

16  sufficient information to either affirm or deny and on that basis deny.

17    48.    Defendants deny Davies Symphony Hall lacks accessible paths of travel.  Defendants

18  deny the War Memorial Opera House lacks accessible paths of travel.  Defendants deny the War

19  Memorial Opera House lacks adequate accessible parking.  Defendants deny the War Memorial

20  Opera House contains doors that are too heavy.  Defendants deny the War Memorial Opera House

21  lacks accessible seating.  Defendants deny the War Memorial Opera House lacks doors having

22  required clearance.  Regarding the remaining allegations of this paragraph, Defendants lack sufficient

23  information to either affirm or deny and on that basis deny.

24    49.    Defendants deny that Garfield, Hamilton and North Beach Pools lack handrails with

25  extensions.  Defendants deny that the ladder at Hamilton pool violates any applicable law.  Regarding

26  the remaining allegations of this paragraph, Defendants lack sufficient information to either affirm or

27  deny and on that basis deny.

28

Answer
CASE NO. C07-3685 SBA

8

n:\lit\li2007\080122\00435935.doc

**CLASS ALLEGATIONS**

50.    Defendants admit the named plaintiffs seek to bring this action on behalf of themselves and all residents of San Francisco who have mobility disabilities and who seek to have access to and use its facilities, programs, services and activities.  Defendants deny that the named plaintiffs are entitled or qualified to maintain this action on behalf of themselves or the alleged class. Defendants deny the remaining allegations of this paragraph.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    No response is required to the allegations in this paragraph

**FIRST CLAIM**

60.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

61.    Denied.

62.    Admitted.

63.    Denied.

64.    Defendants admit that City-owned premises include buildings, structures and related facilities.  Except as so admitted, Defendants deny each and every allegations in this paragraph.

65.    Denied.

**SECOND CLAIM**

66.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Defendants admit that City-owned premises include buildings, structures and related facilities. Except as so admitted, Defendants deny each and every allegations in this paragraph.

### THIRD CLAIM

71.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

72.    Denied.

73.    Denied.

### FOURTH CLAIM

74.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

75.    Denied.

76.    Denied.

77.    Denied.

### FIFTH CLAIM

78.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

79.    Denied.

80.    Defendants admit the City has received state funding for certain programs. To the extent these allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, no response is required. Except as expressly admitted, Defendants deny each and every allegation of this paragraph.

81.    Denied.

82.    Denied.

### SIXTH CLAIM

83.    Defendants incorporate by reference their responses to the preceding paragraphs of plaintiffs' complaint.

1    84.    Defendants admit the City has received state funding for certain programs.  To the

2    extent these allegations set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation

3    of the law, no response is required.  Except as expressly admitted, Defendants deny each and every

4    allegation of this paragraph.

5    85.    Denied.

6    **ALLEGATIONS SUPPORTING DECLARATORY AND INJUNCTIVE RELIEF**

7    86.    Defendants incorporate by reference their responses to the preceding paragraphs of

8    plaintiffs' complaint.

9    87.    Defendants admit that plaintiffs purports to advance the contentions stated in this

10    paragraph.  Defendants deny their conduct violates applicable law.

11    88.    Denied.

12    89.    Denied.

13    90.    Denied.

14    **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

15    1.    Answering the allegations contained in the entirety of plaintiffs' prayer for relief,

16    Defendants deny that plaintiffs are entitled to the relief sought or to any relief.

17    2.    Defendants assert that any allegation of the complaint not expressly admitted above is

18    hereby denied or denied on the basis that defendants lack sufficient information with which to admit

19    or deny any such allegation.

20    **AFFIRMATIVE DEFENSES**

21    1.    The complaint fails to state facts sufficient to constitute any claim upon which relief

22    can be granted against Defendants.

23    2.    Defendants did not deprive plaintiffs of any right or privilege guaranteed by the

24    Constitution or laws of the United States.

25    3.    The Complaint does not present a case or controversy

26    4.    The Complaint is not ripe for adjudication by this Court.

27    5.    This Court should abstain from hearing and deciding this action.

28    6.    The Complaint is moot.

Answer
CASE NO. C07-3685 SBA

11

7.    Plaintiffs lack standing to maintain this action either for herself or on behalf of the alleged class of persons they purport to represent and the purported class fails to meet the requirements for class certification or maintenance of a class action.

8.    The Complaint is barred in that the relief sought would require Defendants to alter fundamentally the City's services and programs.

9.    The Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the City and would require unreasonable modifications to programs and services.

10.    The Complaint is barred in the plaintiffs seek relief under the Americans with Disabilities Act allegedly because of acts or omissions of City employees who are not entities within the meaning of the Act.

11.    The City has a comprehensive system or plan which is effectively providing appropriate services, programs and facilities to plaintiffs and any purported class.

12.    To the extent that the Complaint alleges entitlement to services or programs that are not being provided, plaintiffs have failed to demonstrate, on their own behalf and on behalf of any purported class, eligibility or entitlement to such programs or services.

13.    This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

14.    The relief requested in the Complaint is barred based upon the separation of powers doctrine.

15.    The Complaint is barred because Defendants are not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

16.    To the extent the Complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of defendants, nor can those alleged violations be attributed to Defendants.

Answer
CASE NO. C07-3685 SBA

12

n:\lit\li2007\080122\00435935.doc

17.     Defendants do not have any policy, practice, procedure, regulation or intent to deny any plaintiff or alleged class member any clearly established federal statutory or regulatory standard.

18.     Defendants' investigation into the issues raised in the Complaint is at the preliminary stages, and therefore Defendants reserve the right to amend their Answer to add further affirmative defenses when such are discovered.

19.     The Complaint is barred in that the relief sought would inappropriately mandate the manner in which Defendants allocate public funds in relation to existing programs and services.

20.     The Complaint is barred in that the relief sought would inappropriately required Defendants to allocate resources, a political judgment, outside the purview of the court's authority.

21.     The complaint is barred because plaintiffs inappropriately seek to predicate their claims on Defendants' allegedly improper allocation of public funds.

22.     The complaint is barred because Defendants are not required to make modifications that are structurally impracticable.

23.     The complaint is barred because Defendants are not required to make the requested modifications to historic structures.

24.     The Complaint is barred because plaintiffs have failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable law.

25.     To the extent that the Complaint alleges violations of law, any such violations were committed by individuals or entities other than these answering Defendants.

26.     Plaintiffs do not have a private cause of action to enforce regulations promulgated under the Americans with Disabilities Act or the Rehabilitation Act.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that plaintiffs take nothing by way of this action and that Defendants be awarded their costs of suit, attorneys' fees and any other relief that the Court deems proper.

DATED:  September 6, 2007

         DENNIS J. HERRERA
         City Attorney
         JOANNE HOEPER
         Chief Trial Deputy

    By:_____/S/_____
         JAMES M. EMERY
         Deputy City Attorney
         Attorneys for Defendants City and
         County of San Francisco, et al.