Guy B. Wallace, State Bar No. 176151
Nancy Park, Sate Bar No. 236750
Christian Schreiber, State Bar No. 245597
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:     (415) 421-7100
Facsimile:     (415) 421-7105

James C. Sturdevant, State Bar No. 94551
Mark T. Johnson, State Bar No. 76904
Alexius Markwalder, State Bar No. 227004
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, California   94111
Telephone:     (415) 477-2410
Facsimile:     (415) 477-2420

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, MICHAEL KWOK, AND ELIZABETH ELFTMAN, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"); GAVIN NEWSOM, in his official capacity as Mayor; AARON PESKIN, in his official capacity as President of the Board of Supervisors; JAKE MCGOLDRICK, MICHELA ALIOTO-PIER, ED JEW, CHRIS DALY, SEAN ELSBERND, BEVAN DUFTY, TOM AMMIANO, SOPHIE MAXWELL, ROSS MIRKARIMI, AND GERARDO SANDOVAL, in their official capacities as members of the Board of Supervisors;<br><br>Defendants. | Case No.: **C07-3685 SBA**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11 ESTABLISHING THE NON-APPLICABILITY OF GENERAL ORDER 56 TO THIS CASE** |

1  Plaintiffs Ivana Kirola, Michael Kwok and Elizabeth Elftman, on behalf of themselves and a
2  proposed class of similarly situated persons, hereby apply to the Court for an Order determining that
3  General Order 56, which is only applicable to cases asserting the denial of the right of access under Title
4  III of the American's With Disabilities Act (42 U.S.C. §§ 12181-89), does not apply to this case, which
5  only asserts claims based upon California Civil Code § 51 *et seq.,* California Civil Code §§ 54 *et seq.*,
6  California Government Code §§ 11135 *et seq.*, Section 540 of the Rehabilitation Act of 1973, and *Title*
7  *II* of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* Plaintiffs further request that this
8  Court issue an Order that the Scheduling Order dated July 17, 2007 (provided to Plaintiffs by the Court
9  upon the filing of the Complaint and the initial assignment of the case to Judge Henderson) which, by its
10 title only applies to "Cases Asserting Denial of Right of Access Under Americans with Disabilities Act
11 Title III (42 U.S.C. §§ 12181-89)," does not apply to this action and that the parties are not required to
12 comply with such order.

## FACTUAL BACKGROUND

14 This action was filed on July 17, 2007 by Plaintiffs IVANA KIROLA, MICHAEL KWOK, and
15 ELIZABETH ELFTMAN as a putative class action on behalf of themselves and a proposed class of
16 residents of the City of San Francisco with mobility disabilities. Plaintiffs seek injunctive relief on
17 behalf of themselves and members of the proposed class against the city of San Francisco ("the City"),
18 the Mayor, and members of the Board of Supervisors in their official capacities based upon their failure
19 to provide members of the class with the minimum legally required access to facilities, programs,
20 services, and activities owned, operated, controlled, provided and/or maintained by the City. (Complaint
21 ¶ 1, attached as Exhibit A to the Declaration of Mark Johnson in support of Plaintiffs' Motion for
22 Administrative Relief Pursuant to Civil Local Rule 7-11 Establishing the Non-applicability of General
23 Order 56, (Johnson Decl.)). Plaintiffs' Complaint asserts five claims based upon the alleged violation of
24 the following state and federal statutes: (1) *Title II* of the Americans with Disabilities Act, 42 U.S.C. §§
25 12101 *et seq.*; (2) Section 540 of the Rehabilitation Act of 1973, 42 U.S.C. §§794; (3) California Civil
26 Code § 51 *et seq.* (4) California Civil Code §§ 54 *et seq.*; (5) California Government Code §§ 11135 *et*
27 *seq.* **None of the Claims asserted by Plaintiffs seek relief under Title III of the American's With**
28 **Disabilities Act, (42 U.S.C. §§ 12181-89).**

1

The action was initially assigned to the Honorable Thelton E. Henderson.  Concurrently with the assignment of this action to Judge Henderson, the Court provided the parties with Judge Henderson's Standing Order, the Standing Order for All Judges of the Northern District and a document entitled "Scheduling Order for Cases Asserting Denial of Right of Access Under Americans With Disabilities Act Title III (42 U.S.C. §§ 12181-89)."  (Johnson Decl., Exhibit B.) Thereafter, on July 19, 2007, Judge Henderson issued an order finding himself disqualified from the action, causing the case to be reassigned to this Court.

## ARGUMENT

**I.     General Order 56 and the Scheduling Order of July 17, 2007 Only Apply to Cases Asserting Claims Under Title III of the ADA, Which is Not Asserted in This Action.**

By their own terms, neither General Order 56 nor the scheduling order provided by the Court on July 17, 2007 applies to this case.  Both are applicable only in an action "which asserts denial of a right of access *protected by Title III* of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89." (Emphasis added).  This action asserts no such claim.  Title III of the ADA applies to the public accommodations of **private businesses and other non-governmental entities**.  Title II of the ADA, *one* of the statutes which Plaintiffs allege are being violated by the City, applies to the facilities, programs, services and activities owned, operated, controlled, provided or maintained by **government agencies and other public entities**.  Thus, General Order 56, and the scheduling order issued at the outset of this case based upon General Order 56, have no applicability to this case against the City of San Francisco.

Moreover, the practical considerations underlying General Order 56 have no application to this class action, which involves thousands of sidewalks and curb cuts in the City of San Francisco as well as hundreds of parks, museums, swimming pools and other public buildings, facilities and programs. General Order 56 is obviously intended for the typical Title III case under the ADA, where access to a restaurant, theater, or other privately owned place of public accommodation is at issue.  The steps outlined in General Order 56, which require inspection of the premises and mediation before a case management conference can be set, are impractical, if not impossible, when "the premises" consist of hundreds or thousands of sites throughout a municipality.   The sheer numbers of the premises at issue,

the time necessary to inspect them, and the cost of inspections by experts would make such a process counterproductive and contrary to the purpose of General Order 56.

In an action under Title II of the ADA, where the public entity defendant is required by law to prepare a self evaluation of its programs and facilities and a transition plan to assure access for persons with disabilities, the ordinary course of litigation (*i.e* setting a scheduling conference, requiring the parties to engage in a Rule 26(f) conference and permitting discovery of documents and other information related to those records as well as records of actions taken or not take by the defendant to make its programs and facilities accessible) is necessary and appropriate.  Further, in a class action such as this, although hundreds of putative class members are affected by physical barriers to access to the City's programs and facilities, the specific identity of each of those facilities cannot be known to the parties or their counsel without discovery, making pre-discovery inspections impossible.

**II.    The Relief Sought by This Motion is Necessary Because Defendant City has Refused to Stipulate That General Order 56 and the Scheduling Order of July 17, 2007 Are Inapplicable to This Case.**

As set forth in the Declaration of Mark Johnson which accompanies this motion, counsel for plaintiff contacted Jim Emery, counsel for the City, and asked that the City stipulate to the fact this action is not governed by General Order 56 and jointly request that the Court issue an order setting an initial case management conference.  Mr. Emery declined to enter into such a stipulation on behalf of the City and inquired as to why it would not be appropriate to follow the procedures outlined in General Order 56. (Johnson Decl. ¶¶ 4-6 and Exh. C.)  Plaintiffs' counsel subsequently spoke to Mr. Emery by telephone, at which time he conceded that General Order 56 did not apply to Title II ADA cases but suggested that the procedures should be followed in this case anyway. (Johnson Decl. ¶ 7.)

On October 17, 2007, Plaintiffs' counsel received a letter from Mr. Emery referencing the scheduling order of July 17, 2007 and proposing a site inspection, indicating that he considered the parties bound by the July 17, 2007 scheduling order, notwithstanding its reference to Title III cases under the ADA rather than Title II cases, such as this one. (Johnson Decl. ¶ 8 and Exh. D.)

///

3

MOTION FOR ADMINISTRATIVE RELIEF                                                                                             C07-3685 SBA

1 **CONCLUSION**

2    For each of the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order
3 that General Order 56 does not govern this case because it asserts no claim under Title III of the
4 Americans with Disabilities Act; and vacating the Scheduling Order dated July 17, 2007 based upon
5 General Order 56. Plaintiffs further request that the Court issue an order setting an initial case
6 management conference at its earliest possible convenience pursuant to Federal Rule of Civil Procedure
7 16(b) and Local Rule 16-2.

10 DATED: October 17, 2007            SCHNEIDER & WALLACE
11                                    THE STURDEVANT LAW FIRM

13                            By:    _____/s/_____
                                     MARK T. JOHNSON
                                     Attorneys for Plaintiffs