# EXHIBIT 2

E-filing

FILE BY FAX

1   **Thimesch Law Offices**
    TIMOTHY S. THIMESCH, Esq. (No. 148213)
2   GENE FARBER, Esq., Of Counsel (No. 44215)
    158 Hilltop Crescent
3   Walnut Creek, CA 94576-3452
    Direct: (925) 855-8235
4   Facsimile: (888) 210-8868
    tim@thimeschlaw.com
5   genefarber@gmail.com

6   Attorneys for Plaintiff
    CRAIG YATES

7

8                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
9                                        C 07 4087   EDI

10  CRAIG YATES,                    CASE NO. _____
                                    Civil Rights
11          Plaintiff,

12  v.                              **COMPLAINT FOR INJUNCTIVE &**
                                    **DECLARATORY RELIEF AND**
13  UNION SQUARE; CITY AND COUNTY   **DAMAGES:** DENIAL OF CIVIL
    OF SAN FRANCISCO; CITY OF SAN   RIGHTS OF A DISABLED PERSON IN
14  FRANCISCO UPTOWN PARKING        VIOLATION OF THE AMERICANS
    CORPORATION; EMPORIO RULLI IL   WITH DISABILITIES ACT OF 1990,
15  CAFFE UNION SQ.; EMPORIO RULLI  SECTION 504 OF THE
    IL CAFFE UNION SQ., INC.; and   REHABILITATION ACT OF 1973,
16  DOES 1 through 50, Inclusive,   AND CALIFORNIA'S DISABLED
                                    RIGHTS STATUTES
17          Defendants.
                                    **DEMAND FOR JURY TRIAL**
18
                                    [Proper Intradistrict
19                                    Assignment:
                                     San Francisco/Oakland]
20  _____ /

21       Plaintiff CRAIG YATES, on behalf of himself and all other

22  similarly situated disabled persons, hereby complains of

23  defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, a

24  governmental entity; CITY OF SAN FRANCISCO UPTOWN PARKING

25  CORPORATION, a California Public Benefit Corporation, also doing

26  business as "Uptown Parking Corporation"; EMPORIO RULLI IL CAFFE

27  UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC., a California

28  Corporation; and DOES 1 through 50, Inclusive (hereafter

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages

1  "defendants"), and demands a trial by jury, and alleges as

2  follows:

3

4  **INTRODUCTION**

5       1.   Plaintiff CRAIG YATES is a person with physical

6  disabilities and utilizes a wheelchair for mobility.  He files

7  suit against the owners and operators of the City's newly

8  renovated Union Square, which is described locally as the

9  "heartbeat of San Francisco itself."  His goal in this suit is a

10 positive one: to achieve full and equal access to the square for

11 all persons alike regardless of their physical condition.

12       2.   The configuration of the square, its paths of

13 travel, business, service and condiment counters and parking

14 garage facilities and policies deny basic access to persons with

15 disabilities.  The barriers include the absence of a path of

16 travel from the public right of way, inaccessible parking

17 facilities, discriminatory policies, practices and procedures

18 for using the parking garage, and inaccessible service counter

19 facilities.  These and other facilities at the square all fail

20 to provide the "full and equal" access required by Title II of

21 the Americans With Disabilities Act of 1990, Section 504 of the

22 Rehabilitation Act of 1973, the California Disabled Rights Acts

23 (sections 54 and 54.1ff Civil Code), and Title 24 of the

24 California Code of Regulations (now known as the California

25 Building Code).  As a result, plaintiff has been continuously

26 denied access and/or deterred from visiting the square during

27 the two years preceding the filing of this complaint, suffered

28 violation of his Civil Rights to full and equal access, suffered

Johnson Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 2 —

1  a denial of his right to due process, was embarrassed and

2  humiliated, and suffered statutory and general damages.

3  Plaintiff seeks injunctive and injunctive relief relief

4  requiring provision of access under the Americans With

5  Disabilities Act of 1990 at section 308(a), and section 504 of

6  the Rehabilitation Act of 1973; injunctive relief for "full and

7  equal access" under California law; and statutory damages for

8  plaintiff under California law.

9

10  **JURISDICTION AND VENUE**

11      3.    This Court has jurisdiction of this action

12  pursuant to 28 U.S.C. 1331 for violations of the Americans with

13  Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*. Pursuant to

14  pendant jurisdiction, attendant and related causes of action,

15  arising from the same facts, are also brought under California

16  law, including but not limited to violations of California

17  Health & Safety Code Sections 19955 *et seq*., including Section

18  19959; Title 24 California Code of Regulations; and California

19  Civil Code Sections 54 and 54.1 *et seq*.

20      4.    Venue is proper in this court pursuant to

21  28 U.S.C. 1391(b) and is founded on the fact that the real

22  property which is the subject of this action is located in this

23  district and that plaintiff's causes of action arose in this

24  district.

25      5.    **Intradistrict Jurisdiction**. Under  intradistrict

26  as the real property that is the subject of this action is

27  located in the San Francisco/Oakland intradistrict and

28  plaintiff's causes of action arose in the San Francisco/Oakland

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 3 —

1  intradistrict (a property located in San Francisco).

2      6.   Plaintiff CRAIG YATES has timely complied with

3  applicable government claims procedures relative to his state

4  law claims of discrimination.  He has served a government claim

5  on the interested respondent, which was formally rejected.

6  Plaintiff's claim alleges continuous and ongoing discrimination.

7      7.   On information and belief, defendants UNION

8  SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO

9  UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.;

10 EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50,

11 Inclusive, routinely and automatically reject claims alleging

12 damage due to disabled access discrimination, such as the claims

13 presented by the plaintiff in this case.  Further, because

14 plaintiff is deterred from making use of the square on sustained

15 basis, the claims presented here allege continuous and ongoing

16 discrimination.  Plaintiff's complaints, both written and oral,

17 to city and county personnel have been largely ignored.

18 Plaintiff alleges that it would be a futile gesture to file

19 further government claims relating to plaintiff's continuous

20 visits square, which are certain to occur on regular basis

21 following the filing of this complaint.  Therefore, plaintiff

22 reserves, and will seek to supplement his complaint at time of

23 trial as to his subsequent use of the square, according to

24 proof.

25

26 **PARTIES**

27     8.   At all times relevant to this complaint,

28 plaintiff was physically handicapped, and qualified as a "person

Hinmesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1  with a disability," as these terms are used under California law

2  and under federal laws including but not limited to Title II of

3  the Americans With Disabilities Act of 1990.  (These terms,

4  "physically handicapped person," "physically disabled person,"

5  and "person with disabilities," will be used interchangeably

6  throughout this complaint.)  Plaintiff is physically disabled,

7  as defined by all applicable California and United States laws,

8  and requires the use of a wheelchair for traveling about in

9  public places.

10        9.    At all times relevant herein, defendants UNION

11  SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO

12  UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.;

13  EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50,

14  were and/or are the controlling public entities, or the current,

15  future or prospective owners and operators, lessors and/or

16  lessees of public facilities, and subject to the requirements of

17  California State law requiring full and equal access to public

18  facilities pursuant to Sections 4450 et seq. and 11135

19  Government Code; Sections 54.1 and 54.3 Civil Code; and subject

20  to Title II of the Americans With Disabilities Act of 1990,

21  Section 504 of the Rehabilitation Act of 1973, and to all other

22  legal requirements referred to in this complaint.  Plaintiff

23  does not know the relative responsibilities of defendants in the

24  ownership, control, and operation of the facilities herein

25  complained of, and alleges a joint venture and common enterprise

26  by all such defendants.

27        10.   Plaintiff is informed and believes that each of

28  the defendants herein, including DOES 1 through 50, inclusive,

Complaint for Injunctive Relief and Damages                    — 5 —

1   is the joint authority, independent governmental body,

2   controlling public entity, owner, constructive owner, beneficial

3   owner, trust, trustee, agent, ostensible agent, alter ego,

4   master, servant, employer, employee, representative, franchiser,

5   franchisee, joint venturer, partner, associate, parent company,

6   subsidiary, board, commission, department, or other governmental

7   agency, representative, or such similar capacity, of each of the

8   other defendants, and was at all times acting and performing, or

9   failing to act or perform, within the course and scope of his,

10  her or its authority as a joint authority, independent

11  governmental body, controlling public entity, owner,

12  constructive owner, beneficial owner, agent, trust, trustee,

13  ostensible agent, alter ego, master, servant, employer,

14  employee, representative, franchiser, franchisee, joint

15  venturer, partner, associate, parent company, subsidiary, board,

16  commission, department, or other governmental agency,

17  representative, or such similar capacity, and with the

18  authorization, consent, permission or ratification of each of

19  the other defendants, and is responsible in some manner for the

20  acts and omissions of the other defendants in proximately

21  causing the violations and damages complained of herein, and

22  have approved or ratified each of the acts or omissions of each

23  other defendant, as herein described.  Plaintiff will seek leave

24  to amend when the true names, capacities, connections, and

25  responsibilities of defendants UNION SQUARE; CITY AND COUNTY OF

26  SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION;

27  EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION

28  SQ., INC.; and DOES 1 through 50, are ascertained.

Rhinesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 6 —

1  **FACTUAL ALLEGATIONS**

2      11.  At all times relevant defendants were and/or are

3  the controlling public entities, or the entities distributing

4  state, federal and/or public funds for use at the subject Union

5  Square, and/or the owners and operators, lessors and/or lessees

6  of such facility.  On information and belief, such facilities

7  were constructed, directly or indirectly, by use of federal,

8  state, county and/or municipal funds by and through owner and

9  operator defendants, subjecting such facilities to the

10  requirements of Section 4450-4456 Government Code, in effect

11  since January 1, 1968; Government Code Section 11135; Section

12  504 of the Rehabilitation Act of 1973; and Title II of the

13  Americans With Disabilities Act of 1990.

14      12.  Further, the subject square and its facilities,

15  including its parking facilities, paths of travel, entrance

16  facilities, counters, and other facilities, are each a "public

17  accommodation or facility" subject to the requirements of

18  Government Code sections 4450 et seq., and of the California

19  Civil Code sections 51, 54, 54.1, and 54.3.  On information and

20  belief, each such facility has, since January 1, 1968, undergone

21  unfinished "new construction," and/or "alterations, structural

22  repairs, and additions," each of which has subjected the subject

23  Union Square and its public facilities to state disabled access

24  requirements per section 4456 Government Code, and since July 1,

25  1982, per provisions of Title 24 of the California Code of

26  Regulations.

27      13.  Plaintiff seeks deterrence damages.  The barriers

28  are pervasive and are encountered by plaintiff and other

Hinesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 7 —

1  similarly situated square users with mobility disabilities
2  almost everywhere one attempts to travel at the subject square
3  facility.   On daily basis during the two years preceding the
4  filing of this complaint, plaintiff CRAIG YATES has been denied
5  the right and desire to visiting the subject square by these
6  substantial barriers, which include:
7          (1)   Failure to provide a safe and accessible
8  path of travel from the southern boundary to the square.
9          (2)   Failure to provide safe and accessible
10  disabled high-top van parking facilities fully complying with
11  the requirements of the code.
12          (3)   Failure to provide an accessible and safe
13  path of travel for use by persons with disabilities from the
14  public parking areas to the square, including accessible ramp
15  facilities.
16          (4)   Failure to provide open and accessible
17  ticket payment facilities.
18          (5)   Failure to provide accessible service and
19  condiment counter facilities.
20          (6)   Failure to modify, draft or implement
21  policies, practices, and procedures, and provide adequate
22  training and information to staff, so as to maintain accessible
23  parking facilities and their availability, or otherwise provide
24  access through reasonable alternative accommodations and
25  methods.
26      14.   On information and belief, defendants have failed
27  to provide access to multiple other facilities on site,
28  including an adequate number of disabled parking facilities.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 8 —

15.   Plaintiff has complained in writing to defendants, and, on information and belief defendants have knowledge, or received notice, of plaintiff's complaints and the inability of persons like plaintiff to use facilities at the subject Union Square.  Despite knowledge of the access problems, and complaints from other disabled patrons, and the passage of extended time since plaintiff and other disabled persons first provided notice of these deficiencies, defendants have failed to investigate these problems, and have failed to take the necessary action to provide legally required access features to allow "full and equal" use of the premises by physically disabled persons.

16.   The removal of all such barriers was required by Title II of the ADA, section 302 and/or section 303 of the ADA, section 504 of the Rehabilitation Act of 1973, and California law.

17.   On information and belief, as a result of all defendants' above stated acts and omissions, plaintiff suffered loss of his Civil Rights, suffered physical stress, strain and exhaustion in attempting to negotiate barriers at the subject Union Square, suffered physical pain and discomfort, and other physical, psychological, and emotional damages, pain and suffering, all to his damages.

18.   Moreover, plaintiff and other similarly situated disabled persons will continue to be damaged on a daily basis as long as defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using subject Union Square to

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 9 —

1   pursue square business, or would make the visit despite the

2   obstacles to access they would have to encounter, and suffer

3   additional discriminatory experiences.

4        19.   Plaintiff has no adequate remedy at law as to

5   the recurring damages facing him each time he returns to these

6   inaccessible facilities.  Unless the relief requested herein

7   is granted, plaintiff and many other physically disabled

8   persons will each suffer irreparable harm in that their

9   fundamental right to accessible public facilities while

10  patronizing the subject Union Square will be denied and

11  abridged.

12                  **FIRST CAUSE OF ACTION:**

13            **DISCRIMINATION IN VIOLATION OF TITLE II**

14          **OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

15       **(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN**

16  **FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and**

17                 **DOES 1 through 50, Inclusive)**

18        20.   Plaintiff repleads and incorporates by reference,

19  as if fully set forth again herein, the allegations contained in

20  paragraphs 1 through 19 of this complaint and incorporates them

21  herein as if separately repled.

22        21.   At all times hereinmentioned, plaintiff was

23  entitled to the protections of the "Public Services" provisions

24  of Title II of the Americans With Disabilities Act of 1990

25  (hereinafter referred to alternatively as the "ADA").  Pursuant

26  to 42 U.S.C. section 12132, section 202 of Title II, no

27  qualified individual with a disability shall, by reason of such

28  disability, be excluded from participation in or be denied the

Jilitusch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 10 —

1    benefits of the services, programs or activities of a public

2    entity, or be subjected to discrimination by any such entity.

3    Defendants (UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY

4    OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through

5    50, Inclusive), were and are such public entities or agents who

6    implemented the services for such agencies.   Plaintiff was at

7    all times relevant herein a qualified individual with a

8    disability for all purposes under the ADA.

9            22.   Under Title II, governmental entities were

10   required by the compliance deadline of January 26, 1992 to

11   perform a self-evaluation and implement a "transition plan,"

12   either bringing their facilities into compliance with the ADA

13   accessibility guidelines or altering their programs to

14   compensate for the accessibility deficiencies discovered in the

15   ADA self evaluation process.   Removal of barriers and provision

16   of access is further required under section 504 of the

17   Rehabilitation Act of 1973 for all recipients of federal

18   financial assistance used to fund the operations of the square

19   and its parking garage and other facilities, and under section

20   11135 Government Code for the receipt of similar state funding.

21           23.   The defendant government entities involved have,

22   in violation of Title II of the Americans With Disabilities Act

23   of 1990, failed to ensure that individuals with physical

24   disabilities, such as plaintiff, are not excluded from services,

25   programs and activities at the subject Union Square, including

26   those specified in paragraphs 13 through 14.

27           24.   As a result of such discrimination, in violation

28   of section 202 of the ADA, plaintiff is entitled to the

1    remedies, procedures and rights set forth in section 505 of the

2    Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by

3    section 203 of the ADA, including injunctive relief and damages

4    for violation of his Civil Rights, as previously plead.

5         25.   On information and belief, to the date of filing

6    of the original complaint, the defendants have failed to make

7    any of their facilities complained of and described herein

8    properly accessible to and usable by physically disabled

9    persons, as required by law.

10        26.   Plaintiff requests appropriate damages for each

11   of his complained of experiences for the two year period

12   preceding the filing of this complaint, as well as litigation

13   expenses and costs, and reasonable attorneys' fees as provided

14   by law.

15        27.   Plaintiff is further informed and believes that

16   during the applicable statutory periods the named governmental

17   defendants and each of them have been made aware orally, in

18   writing, and through the media and governmental sources of the

19   inaccessibility of their public facility/business to disabled

20   persons, such as plaintiff, and other persons with disabilities

21   similarly situated, and of the federal and state legal

22   obligations of owners and operators of public facilities to make

23   their facilities accessible to disabled persons.  Despite being

24   informed of such effect on disabled persons and the manner in

25   which their practices and lack of accessible facilities were

26   continuing to discriminate against disabled persons on a day-to-

27   day basis, said defendants and each of them knowingly and

28   willfully failed and refused to take proper steps to rectify

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 12 —

1    this situation and to provide full and equal access for disabled

2    persons to each public facility referred to herein.

3         28.   Plaintiff requests that an injunction be ordered

4    requiring that defendants make all such facilities herein

5    described, accessible to and usable by disabled persons, and

6    instruct all employees as to proper policies to facilitate

7    access, and set up practices and procedures to ensure that no

8    disabled person who is mobility impaired is denied the use of

9    the aforementioned facilities that are open to the general

10   public, and that all such facilities be made "accessible to and

11   usable by" physically disabled persons.

12        WHEREFORE, plaintiff prays that this court grant

13   relief as requested hereinbelow.

14                    **SECOND CAUSE OF ACTION:**

15      **VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

16      **(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN**

17   **FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and**

18                    **DOES 1 through 50, Inclusive)**

19        29.   Plaintiff repleads and incorporates by reference,

20   as if fully set forth again herein, the allegations contained in

21   paragraphs 1 through 28 of this complaint and incorporates them

22   herein as if separately repled.

23        30.   Plaintiff is informed and believes and therefore

24   alleges that certain defendants, UNION SQUARE; CITY AND COUNTY

25   OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING

26   CORPORATION; and DOES 1 through 50, Inclusive, are now or have

27   been in the past at times relevant to this complaint, recipients

28   of federal financial assistance and that part of that financial

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 13 —

1    assistance is used or has been used to fund the operations of

2    some or all of the specific buildings and facilities described

3    herein, and the activities which take place therein, or such

4    defendants lease, or operate upon, facilities that have been

5    subject to receipt of financial assistance.

6         31.   By their actions and/or inactions in denying

7    disabled accessible facilities at the facilities and buildings

8    specified, defendants UNION SQUARE; CITY AND COUNTY OF SAN

9    FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and

10   DOES 1 through 50, Inclusive, have violated plaintiff's rights

11   under section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

12   §794, and the regulations promulgated thereunder, the Uniform

13   Federal Accessibility Standards ("UFAS").

14        32.   By their actions or inactions in denying

15   plaintiff his right to have the same access to the same

16   programs, activities and environment as non-disabled persons,

17   and by otherwise discriminating against plaintiff solely by

18   reason of his physical disabilities, defendants and each of them

19   have violated plaintiff's rights under section 504 of the

20   Rehabilitation Act of 1973 and the regulations promulgated

21   thereunder.  Plaintiff seeks damages for the ongoing and

22   continuous denial of his Civil Rights from the date of his

23   initial attempts to use the square, or the dates he was deterred

24   (preceding back to two years before the filing of the original

25   complaint) to the time of trial or remediation, and for

26   physical, mental and emotional injury, all to his damages

27   according to proof.  Further, plaintiff seeks injunctive relief

28   requesting that the Court order defendants to correct the access

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 14 —

1  deficiencies complained of herein so that plaintiff, and other

2  similarly situated users of the subject Union Square, will not

3  continue to be discriminated against.

4      33.  Plaintiff has no adequate remedy at law as to

5  facing the recurring damages facing him each time that he

6  returns to these inaccessible facilities, and unless the relief

7  requested herein is granted, plaintiff and other disabled

8  persons will each suffer irreparable injury by the deprivation

9  of access to the specified public facilities operated by

10  defendants.

11      WHEREFORE, plaintiff prays that the court grant relief

12  as requested hereinbelow.

13           **THIRD CAUSE OF ACTION:**

14     **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

15             **42 USC §§ 12101ff**

16      34.  Plaintiff repleads and incorporates, as if fully

17  set forth again herein, the factual allegations contained in

18  paragraphs 1 through 33, above.

19      35.  This cause of action pertains to all private

20  public accommodations referenced in this complaint, including

21  Rulli's and potentially the parking garage.

22      36.  Pursuant to law, in 1990 the United States

23  Congress made findings per 42 U.S.C. Section 12101 regarding

24  physically disabled persons, finding that laws were needed to

25  more fully protect "some 43 million Americans with one or more

26  physical or mental disabilities;" that "historically society has

27  tended to isolate and segregate individuals with disabilities;"

28  that "such forms of discrimination against individuals with

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages      — 15 —

1 | disabilities continue to be a serious and pervasive social

2 | problem;" that "the Nation's proper goals regarding individuals

3 | with disabilities are to assure equality of opportunity, full

4 | participation, independent living and economic self sufficiency

5 | for such individuals;" and that "the continuing existence of

6 | unfair and unnecessary discrimination and prejudice denies

7 | people with disabilities the opportunity to compete on an equal

8 | basis and to pursue those opportunities for which our free

9 | society is justifiably famous..."

10 |          37.    Congress stated as its purpose in passing the

11 | Americans with Disabilities Act (42 USC § 12101(b)):

12 |          It is the purpose of this act —

13 |               (1) to provide a clear and comprehensive

14 |          national mandate for the elimination of

15 |          discrimination against individuals with

16 |          disabilities;

17 |               (2) <u>to provide clear, strong, consistent,</u>

18 |          <u>enforceable standards</u> addressing discrimination

19 |          against individuals with disabilities;

20 |               (3) to ensure that the Federal government plays

21 |          a central role in enforcing the standards

22 |          established in this act on behalf of individuals

23 |          with disabilities; and

24 |               (4) to invoke the sweep of Congressional

25 |          authority, including the power to enforce the 14th

26 |          Amendment and to regulate commerce, in order to

27 |          <u>address the major areas of discrimination faced day</u>

28 |          <u>to day by people with disabilities</u>.    (Emphasis

Timrisch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 16 —

1    added)

2       38.    As part of the Americans with Disabilities Act,

3    Public Law 101-336, (hereinafter the "ADA"), Congress passed

4    "Title III - Public Accommodations and Services Operated by

5    Private Entities" (42 U.S.C 12181ff).  Among "private entities"

6    which are considered "public accommodations" and "commercial

7    facilities."

8       39.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o

9    individual shall be discriminated against on the basis of

10   disability in the full and equal enjoyment of the goods,

11   services, facilities, privileges, advantages, or accommodations

12   of any place of public accommodation by any person who owns,

13   leases, or leases to, or operates a place of public

14   accommodation."

15      40.    Among the general prohibitions of discrimination

16   included in Section 302(b)(1)(A) are the following:

17      § 302(b)(1)(A)(i):  "DENIAL  OF  PARTICIPATION.   —  It

18      shall be discriminatory to subject an individual or class

19      of individuals on the basis of a disability or disabilities

20      of   such   individual   or   class,   directly,   or   through

21      contractual, licensing, or other arrangements, to a denial

22      of   the   opportunity   of   the   individual   or   class   to

23      participate  in  or  benefit  from  the  goods,  services,

24      facilities, privileges, advantages, or accommodations of an

25      entity."

26      § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT —

27      It shall be discriminatory to afford an individual or class

28      of individuals, on the basis of a disability or disabilities

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 17 —

of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

41.   Among the specific prohibitions against discrimination in the ADA include the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 18 —

1    because of the absence of auxiliary aids and services,
2    unless the entity can demonstrate that taking such steps
3    would fundamentally alter the nature of the good, service,
4    facility, privilege, advantage, or accommodation being
5    offered or would result in an undue burden;"

6         § 302(b)(2)(A)(iv): "A failure to remove architectural
7    barriers, and communication barriers that are structural in
8    nature, in existing facilities... where such removal is
9    readily achievable;"

10        § 302(b)(2)(A)(v): "Where an entity can demonstrate
11   that the removal of a barrier under clause (iv) is not
12   readily achievable, a failure to make such goods, services,
13   facilities, privileges, advantages, or accommodations
14   available through alternative methods if such methods are
15   readily achievable."  The acts and omissions of defendants
16   set forth herein were in violation of plaintiff's rights
17   under the ADA, Public Law 101-336, and the regulations
18   promulgated thereunder, 28 CFR Part 36ff.

19        42.  The removal of <u>each</u> of the barriers complained of
20   by plaintiff as hereinabove alleged (i.e., in paragraphs 12
21   through 14, above) were — at all times on or after January 26,
22   1992 — "readily achievable."

23        43.  Further, at all times herein mentioned,
24   modification of or removal of these barriers was "readily
25   achievable" under the factors specified in the Americans with
26   Disabilities Act of 1990, including but not limited to
27   section 301(9) [42 U.S.C. 12181], and the Regulations adopted
28   thereto.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 19 —

1    44.  Further, if defendants are collectively able to

2   "demonstrate" that it was not "readily achievable" for

3   defendants to remove each of such barriers, defendants have

4   failed to make the required services available through

5   alternative methods which were readily achievable, as required

6   by Section 302 of the ADA [42 U.S.C. 12182].

7    45.  "Discrimination" is further defined under

8   Section 303(a)(2) of the ADA, for a facility or part thereof

9   that was altered after the effective date of Section 303 of the

10  ADA in such a manner as to affect or that could affect the

11  usability of the facility or part thereof by persons with

12  disabilities, to include per Section 303(a)(2) [42 U.S.C.

13  12183], "a failure to make alterations in such a manner that, to

14  the maximum extent feasible, the altered portions of the

15  facility are readily accessible to and usable by individuals

16  with disabilities, including individuals who use wheelchairs."

17  Additionally, for alterations to areas of a facility involving a

18  "primary function," discrimination under the ADA, per Section

19  303(a)(2) (42 U.S.C. 12183), also includes the failure of an

20  entity "to make the alterations in such a manner that, to the

21  maximum extent feasible, the path of travel to the altered area

22  and the bathrooms, telephones, and drinking fountains serving

23  the altered area, are readily accessible to and usable by

24  individuals with disabilities."  On information and belief, the

25  subject building constitutes a "commercial facility," and

26  defendants have, since the date of enactment of the ADA,

27  performed alterations (including alterations to areas of primary

28  function) to the subject building and its facilities, public

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 20 —

1   accommodations, and commercial facilities, which fail to provide

2   facilities and paths of travel to such areas that are readily

3   accessible to and usable by individuals with disabilities, in

4   violation of Section 303(a)(2), and the regulations promulgated

5   thereunder, 28 CFR Part 36ff.

6         46.  Pursuant to the Americans with Disabilities Act,

7   42 USC 12188ff, Section 308, plaintiff is entitled to the

8   remedies and procedures set forth in Section 204, subsection

9   (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

10   subsection (a)), as plaintiff is being subjected to

11   discrimination on the basis of disability in violation of this

12   title or has reasonable grounds for believing that he is about

13   to be subjected to discrimination in violation of Sections 302

14   and 303.  On information and belief, defendants have continued

15   to violate the law and deny the rights of plaintiff and of other

16   disabled persons to access this public accommodation since the

17   visit of plaintiff  on or about April 18, 2005.  Pursuant to

18   Section 308(a)(2), "[i]n cases of violations of

19   Section 302(b)(2)(A)(iv)... injunctive relief shall include an

20   order to alter facilities to make such facilities readily

21   accessible to and usable by individuals with disabilities to the

22   extent required by this title."

23         47.  As a result of defendants' acts and omissions in

24   this regard, plaintiff has been required to incur legal expenses

25   and attorney fees, as provided by statute, in order to enforce

26   plaintiff's rights and to enforce provisions of the law

27   protecting access for disabled persons and prohibiting

28   discrimination against disabled persons.  Plaintiff therefore

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages       — 21 —

1  seeks recovery of all reasonable attorneys' fees, litigation

2  expenses (including expert fees) and costs, pursuant to the

3  provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

4  Department of Justice's regulations for enforcement of Title III

5  of the ADA (28 CFR 36.505).  Additionally, plaintiff's lawsuit

6  is intended not only to obtain compensation for damages to

7  plaintiff, but also to require the defendants to make their

8  facilities accessible to all disabled members of the public,

9  justifying "public interest" attorneys' fees pursuant to the

10  provisions of California Code of Civil Procedure Section 1021.5.

11       WHEREFORE, plaintiffs prays that this Court grant

12  relief as hereinafter stated:

13                    **FOURTH CAUSE OF ACTION:**

14  **DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY**

15                    **IN A PUBLIC FACILITY,**

16   **IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

17       48.  Plaintiff repleads and incorporates by reference,

18  as if fully set forth again herein, the allegations contained in

19  Paragraphs 1 through 47 of this complaint and incorporates them

20  herein as if separately repled.

21       49.  Plaintiff CRAIG YATES, and other similarly

22  situated physically disabled persons (whose physical conditions

23  require the use of a wheelchair or other mobility device and/or

24  who have vision impairments) are unable to use public facilities

25  at subject Union Square on a "full and equal" basis unless such

26  facilities are brought into compliance with the provisions of

27  California Health & Safety Code sections 19955 et seq.

28  Plaintiff is a member of that portion of the public whose rights

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 22 —

1   are protected by the provisions of sections 19955 et seq. Health

2   & Safety Code.

3        50.   Under section 54.1 Civil Code, persons with

4   disabilities are entitled to "full and equal access" to public

5   accommodations.  "Public accommodations" are further defined as

6   a building, structure, facility complex, or improved area which

7   is used by the general public and shall include parking lots,

8   paths of travel, counters, and attendant facilities.

9        51.   Defendants participate in the operation of the

10  subject public accommodation, subjecting the property and all

11  such defendants to the requirements of California's Disabled

12  Rights statutes.

13       52.   Health & Safety Code Section 19955 provides in

14  pertinent part:

15       (a)  The purpose of this part is to insure that public

16       accommodations or facilities constructed in this state with

17       private funds adhere to the provisions of Chapter 7

18       (commencing with § 4450) of Division 5 of Title 1 of the

19       Government Code.  For the purposes of this part "public

20       accommodation or facilities" means a building, structure,

21       facility, complex, or improved area which is used by the

22       general public and shall include auditoriums, hospitals,

23       theaters, restaurants, hotels, motels, stadiums, and

24       conventions centers.

25       53.   Health and Safety Code Section 19956, which

26  appears in the same chapter as 19955, provides, in pertinent

27  part: "[a]ll public accommodations constructed in this state

28  shall conform to the provisions of Chapter 7 (commencing with

Ihlmesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 23 —

1    § 4450) of Division 5 of Title 1 of the Government Code....”

2        54.   Section 19956 Health & Safety Code was operative

3    July 1, 1970, and is applicable to all public accommodations

4    constructed or altered after that date.   On information and

5    belief, portions of the subject Marriott were constructed and/or

6    altered after July 1, 1970, and portions of the subject building

7    were   structurally   remodeled,   altered   and   have   undergone

8    structural   repairs   or   additions   after   July   1,   1970.   Such

9    construction required such building and its public accommodation

10   facilities   to   be   subject   to   the   requirements   of   Part   5.5,

11   Sections 19955, et seq., of the Health and Safety Code, which

12   requires   provision   of   access   upon   “alterations,   structural

13   repairs or additions” per Section 19959 Health & Safety Code, or

14   upon a change of occupancy (a form of “alteration”).

15       55.   Multiple construction, alterations, structural

16   repairs and/or additions were completed on the subject Union

17   Square property after the January 1, 1968 effective date of

18   Government Code Sections 4450 et seq., and the July 1, 1970

19   effective date of Healthy & Safety Code Section 19955-19959,

20   legally requiring that proper access for disabled persons be

21   provided in each and every regard complained of in the

22   Complaint.

23       56.   Construction or alteration at such facilities

24   also triggered access requirements pursuant to section 4456

25   Government Code and Title 24 of the California Code of

26   Regulations.   Further, section 19955 Health & Safety Code also

27   requires that, “[w]hen sanitary facilities are made available

28   for the public, clients or employees in such accommodations or

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 24 —

1   facilities, they shall be made available for the physically

2   handicapped." Title 24, California Code of Regulations

3   (formerly known as the California Administrative Code and now

4   known as the California Building Code), was in effect at the

5   time of each alteration which, on information and belief,

6   occurred at such public facility since January 1, 1982, thus

7   requiring access complying with the specifications of Title 24

8   whenever each such "alteration, structural repair or addition"

9   is carried out. Title 24 imposes additional access requirements

10  with which defendants have not complied, including additional

11  requirements for accessible restrooms which serve the areas of

12  alteration.

13         57. As a result of the actions and failure to act of

14  defendants and each of them, and as a result of the failure to

15  provide proper disabled accessible facilities as above

16  described, plaintiff CRAIG YATES was denied his Civil Rights,

17  including his right to full and equal access to public

18  facilities, was embarrassed and humiliated, suffered physical,

19  psychological and mental injuries and emotional distress, all to

20  the general damages of plaintiff in an amount within the

21  jurisdiction of this Court.

22         58. Plaintiff seeks damages on a continuing and

23  ongoing basis for the period preceding within the six months

24  before the filing of his original government claim, and the

25  continuous and ongoing damages suffered thereafter.

26         59. As a result of the defendants' continuing failure

27  to provide proper access for disabled persons to use the public

28  facilities, plaintiff has continually been denied his rights to

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 25 —

1  full and equal access to subject Union Square and its attendant

2  facilities on a daily basis for the above specified period up to

3  the filing of this complaint and continuing until defendants

4  provide accessible facilities in each of the respects complained

5  of herein.

6          60.   The acts and omissions of defendants as

7  complained of herein are continuing on a day by day basis to

8  have the effect of wrongfully excluding plaintiff and other

9  members of the public who are physically disabled wheelchair

10  users from full and equal access to the public facilities

11  involved.   Such acts and omissions continue to treat plaintiff

12  as inferior and a second class citizen and serve to discriminate

13  against him on the sole basis that he is physically disabled and

14  requires the use of a wheelchair for movement in public places;

15  plaintiff is unable, so long as such acts and omissions of

16  defendants continue, to achieve full and equal access to these

17  public facilities.   The acts of defendants have proximately

18  caused and will continue to cause irreparable injury to

19  plaintiff if not enjoined by this court.

20          61.   WHEREFORE, plaintiff asks this court to

21  preliminarily and permanently enjoin any continuing refusal by

22  those defendants which currently own, operate or lease the

23  premises, or who control such premises as the operating public

24  entities, to grant such access to plaintiff and other similarly

25  situated persons, and to require such defendants to comply

26  forthwith with the applicable statutory requirements relating to

27  access for the disabled.   Such injunctive relief is provided by

28  section 19953 Health & Safety Code and California Civil Code

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 26 —

1   section 55.  Plaintiff further request that the court award

2   statutory attorneys' fees, litigation expenses and costs to

3   plaintiff pursuant to section 19953 Health & Safety Code, Civil

4   Code section 55, and Code of Civil Procedure section 1021.5, all

5   as hereinafter prayed for.

6                   **FIFTH CAUSE OF ACTION:**

7        **VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 *ET SEQ*.**

8        **(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN**

9    **FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and**

10                   **DOES 1 through 50, Inclusive)**

11              62.  Plaintiff repleads and incorporates by reference,

12   as if fully set forth again herein, the allegations contained in

13   Paragraphs 1 through 61 of this complaint and incorporates them

14   herein as if separately repled.

15              63.  Plaintiff is informed and believes and therefore

16   alleges that the facilities at the subject Union Square are

17   buildings, structures or related facilities within the meaning

18   of California Government Code sections 4450 and 4451, and which

19   were built, maintained or leased with public funds.  Plaintiff

20   is further informed and believes and therefore alleges that the

21   governmental defendants and their predecessors in interest, as

22   joint tortfeasors and joint venturers, have constructed,

23   altered, or repaired parts of such subject Union Square

24   facilities within the meaning of California Government Code

25   sections 4450 and 4451 since July 1, 1968, thereby requiring

26   provision of access to persons with disabilities, as required by

27   law.  Further, since January 1, 1982, construction or alteration

28   at such facilities also triggered access requirements pursuant

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 27 —

1   to section 4456 Government Code and Title 24 of the California

2   Code of Regulations.

3          64.   The named defendants participate in the operation

4   of the subject public accommodation, subjecting the property and

5   all such defendants to the requirements of sections 4450ff

6   Government Code.

7          65.   Plaintiff has standing to enforce the provisions

8   of sections 4450ff Government Code under section 19953 Health &

9   Safety Code.

10          66.   The actions and inactions of the defendants as

11   herein alleged constitute a denial of access to and use of the

12   described public facilities by physically disabled persons

13   within the meaning of California Government Code sections 4450

14   *et seq*.  Plaintiff has no adequate remedy at law as to facing

15   the recurring damages facing him each time that he and other

16   similarly situated disabled persons return to these inaccessible

17   facilities, and unless the relief requested herein is granted,

18   plaintiff and many other physically disabled persons will each

19   suffer irreparable harm in that their fundamental right to

20   accessible public facilities while patronizing the subject Union

21   Square will be denied and abridged.  Plaintiff seeks injunctive

22   relief under section 19953 Health & Safety Code (governing

23   enforcement of actions under sections 4450ff Government Code),

24   and recovery of reasonable attorneys' fees and costs.

25          WHEREFORE, plaintiff prays that this court grant

26   relief as requested hereinbelow.

27   ////

28

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 28 —

**SIXTH CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

**(§§54, 54.1 and 55 CIVIL CODE)**

67.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 66 of this complaint and incorporates them herein as if separately repled.

68.   The facilities were directly or indirectly constructed, maintained or leased with local, state, and federal funds, subjecting such facilities to the requirements of sections 4450ff Government Code, Title II of the Americans With Disabilities Act and section 504 of the Rehabilitation Act of 1973.

69.   The aforementioned acts and omissions of defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including plaintiff CRAIG YATES.   Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code (later known as the California Code of Regulations and the California Building Code.)

70.   On or about the above dates complained of, and on multiple occasions thereafter, including occasions of deterrence, plaintiff CRAIG YATES suffered violations of sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject Union Square facilities on the basis that he was physically disabled persons.

71.   Plaintiff is further informed and believes that before and after such dates, the named defendants and each of

Thomas Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                         — 29 —

1    them were made aware orally, in writing, and through the media

2    and governmental sources of the inaccessibility of their public

3    facility/business to disabled persons, such as plaintiff, and

4    other persons with disabilities similarly situated, and of the

5    federal and state legal obligations of owners and operators of

6    public facilities to make their facilities accessible to

7    disabled persons.  Despite being informed of such effect on

8    disabled persons and the manner in which their practices and

9    lack of acceptable facilities were continuing to discriminate

10   against disabled persons on a day-to-day basis, said defendants

11   and each of them knowingly and willfully failed and refused to

12   take any steps to rectify this situation and to provide full and

13   equal access for disabled persons to each public facility

14   referred to herein.

15        72.  At all times since plaintiff's above specified

16   complaints, and on information and belief for periods prior to

17   this date, defendants were on notice of the requirements of the

18   law relating to provision for full and equal disabled access.

19   Especially as defendants were on full notice, each day that

20   defendants have continued to deny access to disabled persons

21   constitutes a new and distinct violation of plaintiff's right to

22   full and equal access to this public facility, in violation of

23   Sections 54 and 54.1, et seq. Civil Code.  In the event his

24   Government Claim is denied, and in the event of a default

25   judgment against any particular defendant, plaintiff will seek

26   an injunction requiring provision of all access called for in

27   this complaint, plus daily damages of $4,000 per day from the

28   date of plaintiff's filing of this complaint, and for each day

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 30 —

1   during the six months preceding the filing of the original

2   government claim, plus reasonable attorneys' fees, litigation

3   expenses and costs as set by the court, until the site is

4   brought into full compliance with state and federal access laws

5   protecting the rights of the disabled, or, alternatively, until

6   the date of entry of default.

7        73.   As a result of the denial of equal access to

8   defendants' facilities due to the acts and omissions of

9   defendants and each of them in owning, operating, and

10  maintaining this subject public facility, plaintiff CRAIG YATES

11  suffered violations of his Civil Rights including but not

12  limited to rights under sections 54 and 54.1 Civil Code, and

13  suffered physical injury and discomfort, emotional shock, mental

14  and emotional distress, embarrassment and humiliation, all to

15  his damages as hereinafter stated.  Defendants' actions and

16  omissions to act constituted discrimination against plaintiff on

17  the sole basis that he was physically disabled and unable,

18  because of the architectural barriers created by the defendants

19  in violation of the subject laws, to use the public facilities

20  on a full and equal basis as other persons.

21        74.   Plaintiff seeks damages on a continuing and

22  ongoing basis for the period preceding within the six months

23  before the filing of his government claim, and the continuous

24  and ongoing damages suffered thereafter.

25        75.   Subject to the terms of the preceding paragraph,

26  plaintiff also seeks damages against all defendants for the

27  violation of his rights as a person with a disability during his

28  patronage at the subject Union Square, and on multiple visits

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 31 —

1   thereafter, according to proof, pursuant to section 54.3 Civil

2   Code, including a trebling of all statutory and actual damages,

3   general and special, available pursuant to section 54.3 Civil

4   Code.  Plaintiff also seeks such damages for such defendants'

5   continuing to maintain such facilities in an inaccessible

6   condition since date of his earliest visit (within six months of

7   the filing of his Government Claim), and continuing on a daily

8   basis to the date of the filing of the original complaint, and

9   thereafter until defendants provide full and equal access.

10  Plaintiff also seeks injunctive relief against all defendants

11  pursuant to section 55 Civil Code, requiring defendants to make

12  their facilities accessible to disabled persons in each of the

13  respects complained of herein.

14          76.  As a result of defendants' acts and omissions in

15  this regard, plaintiff CRAIG YATES has been required to incur

16  legal expenses and hire an attorney in order to enforce

17  plaintiff's rights and enforce provisions of the law protecting

18  access for persons with disabilities and prohibiting

19  discrimination against persons with disabilities.  Plaintiff

20  therefore seeks recovery in this lawsuit for all reasonable

21  attorneys' fees and costs incurred pursuant to the provisions of

22  sections 54.3 and 55 Civil Code.  Additionally, plaintiff's

23  lawsuit is intended not only to obtain compensation for damages

24  to plaintiff, but also to require the defendants to make their

25  facilities accessible to all disabled members of the public,

26  conferring a significant public benefit, and justifying

27  attorneys' fees, litigation expenses and costs pursuant to the

28  provisions of section 1021.5 Code of Civil Procedure.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 32 —

1      WHEREFORE, plaintiff prays for damages and declaratory

2  and injunctive relief as hereinafter stated.

                    **SEVENTH CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLES II & III**

           **OF THE AMERICANS WITH DISABILITIES ACT**

               **UNDER CALIFORNIA'S DISABLED RIGHTS ACT**

7      77.   Plaintiff repleads and incorporates by reference,

8  as if fully set forth again herein, the allegations contained in

9  paragraphs 1 through 76 of this complaint and incorporates them

10  herein as if separately repled.

11      78.   Each violation of the Americans With Disabilities

12  Act of 1990, as complained of in the First & Third Causes of

13  Action hereinabove (the contents of which cause of action is

14  incorporated herein as if separately repled), is also a

15  violation of section 54(c) and section 54.1(d) California Civil

16  Code, further and independently justifying damages, injunctive

17  and other statutory relief per section 54.3 and 55 California

18  Civil Code.

19      79.   Plaintiff seeks damages on a continuing and

20  ongoing basis for the period preceding within the six months

21  before the filing of his original government claim, and the

22  continuous and ongoing damages suffered thereafter.  As to

23  plaintiff's supplemental Government Claim, per his supplemental

24  government claim now pending, plaintiff will seek such damages

25  for the further barriers therein specified (for the six months

26  preceding the original filing) when and if the supplemental

27  claim is denied.

28      80.   Plaintiff has no adequate remedy at law, and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 33 —

1  unless the relief requested herein is granted, plaintiff will

2  suffer irreparable harm in that they will continue to be

3  discriminated against and denied access to the specified public

4  facilities.  Because plaintiff seeks improvement of access for

5  persons with disabilities, which will benefit a significant

6  portion of the public, plaintiff seeks attorneys' fees pursuant

7  to section 1021.5 California Code of Civil Procedure, section

8  54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

9       WHEREFORE, plaintiff prays for relief as hereinafter

10  stated.

## EIGHTH CAUSE OF ACTION:

### DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT FOR VIOLATION OF TITLES II & III OF THE AMERICANS WITH DISABILITIES ACT

15       81.  Plaintiff repleads and incorporates by reference,

16  as if fully set forth again herein, the allegations contained in

17  Paragraphs 1 through 80 of this complaint and incorporates them

18  herein as if separately repled.

19       82.  Each violation of the Americans With Disabilities

20  Act of 1990, as complained of in the First & Third Causes of

21  Action hereinabove (the contents of which causes of action is

22  hereby incorporated herein as if separately repled), is also a

23  violation of section 51(f) of the Unruh Civil Rights Act,

24  further and independently justifying damages of $4,000 per

25  offense, injunctive relief, and other statutory relief, all as

26  previously pled, per sections 52 and common law decision.

27       83.  Plaintiff seeks damages on a continuing and

28  ongoing basis for the period preceding within the six months

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 34 —

1  before the filing of original government claim, and the

2  continuous and ongoing damages suffered thereafter.

3       84.  As a result of defendants' acts and omissions in

4  this regard, plaintiff has been required to incur legal expenses

5  and attorney fees, as provided by statute, in order to enforce

6  plaintiff's rights and to enforce provisions of the law

7  protecting access for disabled persons and prohibiting

8  discrimination against disabled persons.  Plaintiff therefore

9  seeks recovery of all reasonable attorneys' fees, litigation

10 expenses (including expert fees) and costs, pursuant to the

11 provisions of Section 52 of the Civil Code.  Additionally,

12 plaintiff's lawsuit is intended not only to obtain compensation

13 for damages to plaintiff, but also to require the defendants to

14 make their facilities accessible to all disabled members of the

15 public, justifying "public interest" attorneys' fees pursuant to

16 the provisions of California Code of Civil Procedure Section

17 1021.5.

18                    **NINTH CAUSE OF ACTION:**

19       **VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**

20  **DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE**

21                     **FROM THE STATE**

22  **(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN**

23  **FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and**

24                **DOES 1 through 50, Inclusive)**

25       85.  Plaintiff repleads and incorporates by reference,

26 as if fully set forth again herein, the factual allegations

27 contained in paragraphs 1 through 84 of this complaint and

28 incorporate them herein as if separately repled in full.

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 35 —

1       86.   The administration, supervision and maintenance

2   by the Government Defendants of the specified public facilities

3   and of the activities therein are funded, at least in part, by

4   the State of California through grants, credits, and other

5   funding measures.

6       87.   The defendants have failed to make these

7   facilities accessible to and usable by disabled persons in

8   violation of California Government Code section 11135 *et seq.*

9       88.   Pursuant to recent amendments of section 11135, a

10  civil action for injunctive relief is available to remedy

11  violations.

12      89.   Plaintiff has no adequate remedy at law, and

13  unless the relief requested herein is granted, plaintiff and

14  other similarly situated disabled persons will suffer

15  irreparable harm in that they will continue to be discriminated

16  against and denied access to the specified public facilities.

17  Because plaintiff seeks improvement of access for persons with

18  disabilities, which will benefit a significant portion of the

19  public, plaintiff seeks attorneys' fees pursuant to section

20  1021.5 California Code of Civil Procedure.

21      Wherefore, plaintiff prays that the court grant relief

22  as requested hereinbelow.

23                 **TENTH CAUSE OF ACTION**

24                 **(Declaratory Relief)**

25      90.   Plaintiff repleads and incorporates by reference,

26  as if fully set forth again herein, the allegations contained in

27  Paragraphs 1 through 89 of this complaint and incorporates them

28  herein as if separately repled.

Complaint for Injunctive Relief and Damages                 — 36 —

91.   A present and actual controversy exists among the respective rights and obligations of plaintiff and defendants, and separately, as to the obligations that have been impressed by the aforementioned statutes against the Union Square property irrespective of past or future ownership.   Plaintiff requests a judicial determination of his rights and such obligations in a declaration, and also as to whether and to what extent defendants' conduct and the current configuration of the property violates applicable law.

92.   Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights.   Such declaration is further necessary and appropriate to prevent further harm or infringement of Plaintiff's Civil Rights.

Wherefore, plaintiff prays the court grant relief as requested hereinbelow.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court award damages and provide relief as follows:

1.   Grant injunctive relief requiring that those of the defendants which currently own, operate, control or lease the subject premises, repair the premises and render them safe to disabled persons, and modify their policies and procedures, and otherwise provide "full and equal access" to the public areas herein complained of, and make such facilities "readily accessible to and usable by individuals with disabilities," according to the standards of sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California Administrative Code; Sections 19955-19959 of the Healthy &

Shinnick Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1   Safety Code; Sections 4450-4456 of the California Government

2   Code; section 11135 of the California Government Code; section

3   504 of the Rehabilitation Act of 1973; Title II of the Americans

4   With Disabilities Act of 1990; the Americans With Disabilities

5   Act Access Guidelines; and provide full and equal access to

6   physically disabled persons, including plaintiff, in all manners

7   required by such statutes and government regulations;

8          2.   Retain jurisdiction over the defendants until

9   such time as the Court is satisfied that defendants' unlawful

10   policies, practices, acts and omissions complained of herein no

11   longer exist, and will not recur;

12          3.   Issue a declaratory judgment that defendants'

13   actions and omissions, and failures, including to modify the

14   premises in compliance with the law, and to make reasonable

15   accommodations and reasonable modifications for plaintiff and

16   other similarly situated disabled persons violates the rights

17   plaintiff and other similarly situated persons rights under the

18   Health & Safety Code Sections 19955-19959; Government Code

19   Sections 4450-4455 & 11135; Civil Code Sections 51, 54, and 54.1

20   et seq.; Americans With Disabilities Act of 1990, 42 U.S.C.

21   sections 12101, et seq., and the regulations promulgated

22   thereunder; section 504 of the Rehabilitation Act of 1973, 29

23   U.S.C. section 794, and the regulations promulgated thereunder;

24   and the due process clauses of the United States and California

25   Constitutions.

26          4.   Issue a declaratory judgment regarding the

27   obligations impressed by law against the Union Square, and

28   declaring that plaintiff is entitled to disabled accessible and

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 38 —

1  usable subject Union Square facilities including its parking
2  facilities, paths of travel, and counter facilities, and other
3  facilities, so that they may make use of the public facilities
4  and participate in the activities offered by defendants without
5  suffering discrimination or impediment on the basis of his
6  disability;

7          5.    Because defendants have now formally denied
8  plaintiff's Government Claim, plaintiff seeks an award of
9  statutory and "actual" damages against all defendants, including
10 general damages and special damages, according to proof, against
11 such defendants pursuant to sections 52 and 54.3 Civil Code, and
12 that these damages be trebled;

13         6.    Award damages against all defendants pursuant to
14 section 504 of the Rehabilitation Act.

15         7.    Award damages against the government entity
16 defendants pursuant to Title II of the Americans With
17 Disabilities Act.

18         8.    Award prejudgment interest on all compensatory
19 damages;

20         9.    Award all costs of this proceeding and all
21 reasonable attorneys' fees, litigation expenses and costs as
22 provided by law, including but not limited to those recoverable
23 pursuant to the provisions of sections 54.3 and 55 Civil Code,
24 section 1021.5 Code of Civil Procedure, section 19953 Health &
25 Safety Code, section 505 of the Americans With Disabilities Act,
26 and section 504a of the Rehabilitation Act of 1973; and

27         10.   Grant such other and further relief as this Court
28 ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 39 —

1

2    may deem just and equitable.

3

4    Dated: August 7, 2007              Thimesch Law Offices

5                                       TIMOTHY S. THIMESCH

6

7

8

9    _____

10                                      Attorneys for Plaintiff

11                                      CRAIG YATES

12              **DEMAND FOR JURY TRIAL**

13         Plaintiff demands a jury on all claims for which a

14   jury is permitted.

15

16   Dated: August 7, 2007              _____

17                                      Attorneys for Plaintiff
                                        CRAIG YATES
18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235