1  THIMESCH LAW OFFICES
   TIMOTHY S. THIMESCH, ESQ., No. 148213
2  GENE A. FARBER, ESQ., No. 44215
                              - Of Counsel
3  185 Hillcrest Drive
   Walnut Creek, CA 94597-3452
4  Telephone: (925) 588-0401
   Facsimile: (888) 210-8868
5  tim@thimeschlaw.com
   genefarber@gmail.com
6
   Attorneys for Plaintiff
7  CRAIG YATES

8             UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10  CRAIG YATES                          Case No. C 07 4087JSW

11              Plaintiff,               RELATED CASE NO. C 07 3685 SBA

12  vs.                                  **PLAINTIFF YATES' OPPOSITION TO
                                         ADMINISTRATIVE MOTION TO
13  UNION SQUARE; CITY AND COUNTY        CONSIDER CASES RELATED**
    OF SAN FRANCISCO; CITY OF SAN
14  FRANCISCO UPTOWN PARKING             <u>**Accompanying papers**</u>: Declaration of Gene
    CORPORATION; EMPORIO RULLI IL        A. Farber
15  CAFFE UNION SQ.; EMPORIO RULLI IL
    CAFFE UNION SQ., INC.; and DOES 1    Complaint Filed: August 9, 2007
16  through 50, Inclusive,               Trial Date: None

17
                 Defendants.
18
    _____/
19

20        CRAIG YATES opposes the transfer of his garden variety disability rights case

21  because a complex, class action involving the entire City and County of San Francisco is

22  pending before another Judge.

23                          <u>**INTRODUCTION**</u>

24        <u>*Kirola*</u>[1] is "Complex Litigation;" it is a class action involving thousands of issues that

25  may take years to resolve.  <u>*Yates*</u>[2] is not; it involves only one location and Local Rule 56

26  should provide a speedy resolution to the <u>*Yates*</u> case.

27  _____
    [1] *Kirola, et al. v. The City and County of San Francisco, et al.* NDC # C 07 3685
28

**Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW**

1    In order to resolve any lingering ambiguity whether the issues at Union Square overlap

2    both cases, the attorneys for _Kirola et al._ have agreed to amend their complaint to specifically

3    exclude Union Square from their allegations.

4    There is no reason to refer _Yates_ when referral will only delay its resolution.  Denying

5    referral of this case would conserve judicial resources because _Yates_ is easily managed under

6    Local Rule 56 to a speedy conclusion.  Even if _Kirola_ were to proceed under Rule 56, the

7    extensive proceedings projected in the Class Action Litigation will deal extensively with

8    thousands of locations and issues extraneous to the condition of Union Square park and

9    garage alleged in _Yates_. In addition, transfer of _Yates_ would cause undue delay.  Special case

10    management techniques are often required in complex litigation involving many parties and

11    large numbers of witnesses and documents and extensive discovery.

12    A "related case" is one based on similar claims or involving the same transaction or

13    event.  If the cases are deemed related, whether to consolidate the cases is a matter within the

14    discretion of the assigned judge pursuant to further proceedings.

15

16    I.    THESE  CASES  DO  NOT  CONCERN  SUBSTANTIALLY  THE  SAME

17          TRANSACTION OR EVENT.  Local Rule 3 – 12 (a) 1.

18    A search of the _Kirola_ complaint revels that "Union Square" appears therein

19    once, and only once, as follows:

20          37. Plaintiff MICHAEL KWOK also goes to Union Square

21          weekly. When he does so, he crosses Market Street at 5th Street,

22          which is hazardous because the locations of the curb ramps

23          force him into oncoming traffic.  Potholes created by streetcars

24          create additional hazards at this intersection, as well as at the

25          intersection of Market Street and 8th Street.  At p. 10:14-17.

26    Of course, this allegation has nothing to do with the condition of Union Square, itself.

27    The _Yates_ complaint, on the other hand is exclusively concerned with Union Square and its

28

[2] _Yates v. Union Square, et al._ NDC # C 07 4087

**Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW**          — 2 —

1   parking garage.

2

3   **II.      CONDUCTING THESE TWO CASES BEFORE DIFFERENT JUDGES WILL**

4   **INVOLVE    NEITHER    CONFLICTING    RESULTS    NOR    UNDULY**

5   **BURDENSOME DUPLICATION OF LABOR OR EXPENSE. (Local Rule 3–**

6   **12(a)(2).)**

7          The facts of each alleged noncompliance with State and Federal disability laws are

8   unique to the location of each alleged violation.  It would do no good to transfer the *Yates*

9   case because the issues at Union Square are unique to that location.  The thousands of issues

10  concerning the thousands of other locations involved in the <u>*Kirola*</u> case are unique to those

11  locations.  Moving <u>*Yates*</u> would only further delay resolution of that case, which is governed

12  by Local Rule 56 providing for speedy, inexpensive resolution of the issues.

13         In order to resolve any lingering ambiguity whether the issues at Union Square overlap

14  both cases, the attorneys for <u>*Kirola et al*</u>. have agreed to amend their complaint to specifically

15  exclude Union Square from their allegations.

16

17  **III.     THESE CASES DO NOT CONCERN SUBSTANTIALLY THE SAME**

18  **PROPERTY. (Local Rule 3–12(a)(1).)**

19         Yates is suing over the condition of Union Square parking garage and park.  <u>*Kirola et*</u>

20  <u>*al*</u>. are suing over the condition of virtually the entire public premises, facilities, programs,

21  services, and activities of the City and County of San Francisco.

22         These two cases do not concern substantially the same transaction or event.

23         Yates is suing because Union Square garage denies access to his high top van and

24  because the garage and Union Square park deny him access.  <u>*Kirola et al*</u>. are suing because

25  they are denied access to all non-conforming aspects of the City.

26         Defendant's recitation that the allegations in the complaints concern the same

27  transaction/event is exaggerated.  To demonstrate this, YATES sets forth the language of the

28  complaints verbatim, rather than cite to the complaints.  The allegations do not concern

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW          — 3 —

substantially the same items.  Please compare the following:

| *Yates* Allegations apply only to Union Square and sidewalk | *Kirola* Allegations apply to the whole city |
|---|---|
| (1) Failure to provide a safe and accessible path of travel from the southern boundary to the square. ¶13, p8, lines 7-8 | e. Public facilities with hazardous or inaccessible paths of travel, making them unsafe for persons with mobility disabilities; m. Public facilities that lack or have insufficient parking accessible to persons with mobility disabilities; ¶¶15(e), 15 (m), p 5, lines 9-10 and 26-28 |
| (2) Failure to provide safe and accessible disabled high-top van parking facilities fully complying with the requirements of the code. ¶13, p8, lines 9-11 | m. Public facilities that lack or have insufficient parking accessible to persons with mobility disabilities; ¶15 (m), p 5, lines 26-28 |
| (3) Failure to provide an accessible and safe path of travel for use by persons with disabilities from the public parking areas to the square, including accessible ramp facilities. ¶13, p8, lines 12-15 | e. Public facilities with hazardous or inaccessible faths of travel, making them unsafe for persons with mobility disabilities; m. Public facilities that lack or have insufficient parking accessible to persons with mobility disabilities; ¶15(e), 15 (m), p 5, lines 9-10 and 26-28 |
| (4) Failure to provide open and accessible ticket payment facilities. ¶13, p8, lines 16-17 | m. Public facilities that lack or have insufficient parking accessible to persons with mobility disabilities; ¶15 (m), p 5, lines 26-28 |
| (5) Failure to provide accessible service and condiment counter facilities. ¶13, p8, lines 18-19 | j. Public facilities with drinking fountains and service counters that are inaccessible to persons with mobility disabilities; ¶15 (j), p 5, lines 19-20 |
| (6) Failure to modify, draft or implement policies, practices, and procedures, and provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods. ¶13, p8, lines 20-25 | 63.    Defendants' discriminatory conduct alleged herein constitutes, *inter alia,* (a) failure to provide safe and equal access to the CITY's programs, facilities, services, and activities; (b) denial of access to the CITY's facilities, programs, services, and activities; (c) failure to formulate and implement an adequate self-evaluation and transition plan; (d) failure to take prompt and equitable steps to remedy its discriminatory conduct; and (e) failure to maintain in operable condition those features of facilities and equipment that Title II of the ADA requires to be readily accessible to and usable by persons with disabilities. ¶63, p 15, lines 16-22 |

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW                — 4 —

1

**IV.     THESE CASES DO NOT CONCERN SUBSTANTIALLY THE SAME**

2

**PARTIES. (Local Rule 3–12(a)(1).)**

3      Additionally, *Yates* is suing Uptown Parking Corporation, Emporio Rulli Il Caffe

4   Union Sq. and Emporio Rulli Il Caffe Union Sq., Inc., in addition to the City and County of

5   San Francisco.  These additional defendants are not present in the *Kirola* Case.  <u>*Kirola et al.*</u>

6   are suing city officials Gavin Newsom, Arron Peskin, Jake McGoldrick, Michela Alioto-Pier,

7   Ed Jew, Chris Daly Sean Elsbernd, Bevan Dufty, Tom Ammiano, Sophie Maxwell, Ross

8   Mirkarimi, and Gerardo Sandoval, in addition to the City and County of San Francisco.

9   These additional defendants are not present in the *Yates* case.

10

11   **V.     CONCLUSION**

12      The <u>*Yates*</u> and <u>*Kirola*</u> actions should not be related.  Such action would only delay

13   resolution of *Yates* unnecessarily and burden the <u>*Kirola*</u> case with further procedural

14   complications.

15      Finally, counsel understands that the <u>*Kirola*</u> attorneys have agreed amend the <u>*Kirola*</u>

16   complaint to remove even the remote ambiguity of whether the <u>*Yates*</u> allegations concerning

17   Union Square overlap the <u>*Kirola*</u> allegations concerning the entire City and County of San

18   Francisco.

19

20   Dated: October 23, 2007

21                                    <u>    /s/                                        </u>
                                     GENE A. FARBER

22                                    Attorney for CRAIG YATES

23

24

25

26

27

28

**Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW**          — 5 —

### Certificate or Proof of Service by Mail, Fax or Personal Delivery

*State of California*

*County of Contra Costa* } ss.

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and a resident of the Counties of Contra Costa, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Thimesch Law Offices, 158 Hilltop Crescent, Walnut Creek, California 94597-3452; that on the below date, following normal business practice, I caused to be served the foregoing document described as:

**PLAINTIFF YATES' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER CASES RELATED**
Yates v. City and County of San Francisco, et al. (U.S. District Court for the N. Dist. of Calif., Case No. C07-4087 EDL)

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

☑    **See Attached Service List.**

❑    **Personal Delivery:** By personally delivering, or causing to be hand delivered through a fax-filing or messenger agency, true and exact copies of these documents to the above entitled place of business (or as indicated on the attached service list) with directions to deliver them immediately to _____.

☑    **Email:** By email transmission with a copy of the subject document in Portable Document Format (PDF), sent to the below designated email addresses, and with a request for received- and read-receipts. (❑ **Without exhibits, which are to follow by overnight mail; ❑ With exhibits; ☑ N/A)**

❑    **Facsimile:** By facsimile transmission, from our regular facsimile machine at (888) 210-8868, at approximately _____2 PM____, or soon thereafter, addressed to the following facsimile machine (❑ **Without exhibits, which are to follow by mail; ☑ With exhibits):**
Name of Person Served: _____See Above_____
Facsimile Telephone No: _____See Above_____
A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

☑    **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:
☑    in First Class United States Mail
❑    in ❑ priority, or ❑ standard, overnight mail via Federal Express,

I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service in Walnut Creek, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers in Walnut Creek.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **October 23, 2007**, in San Francisco, California.

By:    /s/ _____
❑ Gene Farber
(Original signed)

**Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW**    — 6 —

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK, ESQ.
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415/398-8080
Facsimile: 415/398-5584
mho@jmbm.com

James Moxon Emery
OFFICE OF THE CITY ATTORNEY
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4261
Facsimile: (415) 554-3837
jim.emery@sfgov.org

**Plaintiff Yates' Opposition to Related Case Designation: C07-4087 JSW**