1  Guy B. Wallace, State Bar No. 176151
   Nancy Park, Sate Bar No. 236750
2  Christian Schreiber, State Bar No. 245597
   SCHNEIDER & WALLACE
3  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
4  Telephone:     (415) 421-7100
   Facsimile:      (415) 421-7105
5

6  James C. Sturdevant, State Bar No. 94551
   Mark T. Johnson, State Bar No. 76904
7  Alexius Markwalder, State Bar No. 227004
   THE STURDEVANT LAW FIRM
8  A Professional Corporation
   475 Sansome Street, Suite 1750
9  San Francisco, California   94111
   Telephone:     (415) 477-2410
10 Facsimile:      (415) 477-2420

11 Attorneys for Plaintiffs

12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, MICHAEL KWOK, AND ELIZABETH ELFTMAN, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"); GAVIN NEWSOM, in his official capacity as Mayor; AARON PESKIN, in his official capacity as President of the Board of Supervisors; JAKE MCGOLDRICK, MICHELA ALIOTO-PIER, ED JEW, CHRIS DALY, SEAN ELSBERND, BEVAN DUFTY, TOM AMMIANO, SOPHIE MAXWELL, ROSS MIRKARIMI, AND GERARDO SANDOVAL, in their official capacities as members of the Board of Supervisors;<br><br>Defendants. | Case No.: **C07-3685 SBA**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' STATEMENT IN OPPOSITION TO RELATED CASE DESIGNATION AND REASSIGNMENT OF** *Yates v. Union Square, et al.* **Case No. C074087JSW** |

## INTRODUCTION

Plaintiffs Ivana Kirola, Michael Kwok and Elizabeth Elftman submit this statement in opposition to the request of defendants in *Yates v. Union Square*, *et al.* Case No. C074087JSW, that that action be reassigned to the Oakland Division of the United States District Court for the Northern District of California to be heard by the same Judge, the Honorable Saundra B. Armstrong. Plaintiffs oppose this motion because the cases do not satisfy the criteria set forth in Local Rule 3-12(a) as they do not concern substantially the same parties, property, transactions or events and the failure to reassign the *Yates* case would not result in an unduly burdensome duplication of labor and expenses or conflicting results. Plaintiffs further oppose the related case designation and request for reassignment because it serves the purpose of forum shopping rather than the purposes underlying Local Rule 3-12 and, should the cases be in any way consolidated following reassignment, would complicate and delay the prosecution of the two cases rather than facilitate the litigation.   Finally, to the extent that the Court is at all concerned about inconsistent results because of the small degree of overlap in these two actions, Plaintiffs in *Kirola* are prepared to amend their Complaint to eliminate that overlap by excluding the property at issue in *Yates*.

## FACTUAL BACKGROUND

On July 17, 2007, Plaintiffs Ivana Kirola, Michael Kwok, and Elizabeth Elftman filed this proposed class action (*Kirola*) on behalf of themselves and similarly situated residents of the City of San Francisco with mobility disabilities. They allege that the defendants, comprised of the City and County of San Francisco, the Mayor, and members of the Board of Supervisors, in their official capacities, have engaged in a wholesale failure to provide class members with the minimum legally required access to facilities, programs, services, and activities owned, operated, controlled, provided and/or maintained by the City. They seek injunctive relief for themselves and members of the proposed class requiring that defendants undertake remedial action to rectify the illegal denial of access. Plaintiffs' Complaint asserts six claims based upon the alleged violation of the following state and federal statutes: (1) Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* ("ADA"); (2) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*; (3) 42 U.S.C. § 1983; (4) California Civil Code § 51 *et seq.*  (5) California Civil Code §§ 54 *et seq.*; (6) California Government Code §§ 11135 *et seq.* The action is assigned to this Court, the Honorable Sandra B. Armstrong, presiding.

On August 9, 2007, Craig Yates, in his individual capacity, filed *Yates v. Union Square*, *et al.* Case No. C074087JSW (*Yates*) against five named defendants, including the City and County of San Francisco. *Yates* alleges the existence of disability access barriers at San Francisco's Union Square and seeks damages and injunctive relief against the defendants based on state and federal law. He asserts ten causes of action, including Titles II and Title III of the ADA. The Case was assigned to the Honorable Elizabeth D. LaPorte of the San Francisco division of the Untied States District Court of the Northern District of California, and re-assigned to the Honorable Jeffrey S. White of that same Court. Defendants in *Yates*, by their Notice of Related Cases and Request for Re-Assignment, seek to have that action re-assigned to the Honorable Saundra B. Armstrong.

## ARGUMENT

**A.    The Two Actions Do Not Concern Substantially the Same Parties, Property, Transaction or Events and Are Only Remotely and Insignificantly Related.**

   **1.    Only One Party Is the Same In the Two Cases.**

Contrary to the *Yates* defendants' contention, the parties in these two actions are not "substantially the same." None of the named plaintiffs are the same and only one defendant, the City, is the same in the two cases. Moreover, although the complaint in *Yates* asserts that the plaintiff therein seeks relief on behalf of the named plaintiff and "all other similarly situated disabled persons," it was not filed as a proposed class action, contains no class allegations and does not seek an order certifying a proposed class, as does *Kirola*. (*Kirola* Complaint ¶¶ 50-59.) Accordingly, any issues pertaining to class certification that will be litigated in the *Kirola* case will be absent in the *Yates* case.

Additionally, each of the defendants in *Kirola,* comprised of the City, the Mayor and members of the City Board of Supervisors in their official capacities, is a public entity or official of a public entity. Contrastingly, only one of the five defendants in *Yates,* the City, is a governmental entity. At least two of the four remaining entities are registered with the Secretary of State as private corporations, including Emporio Rulli Il Caffe at Union Square, Inc. and City of San Francisco Uptown Parking Corporation. This is significant because facilities owned, operated or controlled by public entities are governed by Title II of the ADA, whereas privately owned or operated public accommodations are governed by Title III of the ADA. Titles II and III of the ADA each have their own set of regulations, which differ in

1  significant respects from one another and impose different access requirements and standards on public
2  entities, on the one hand, and the private owners of public accommodations, on the other.  Thus, the
3  *Yates* case appears to be a mixed Title II and Title III case, whereas *Kirola* raises Title II issues only.
4        Finally, even though the City is a common defendant in each of the actions, it is represented by
5  different counsel in each case.  While the Office of the City Attorney represents the City in *Kirola*, the
6  five defendants in *Yates*, including the City, are represented by the private firm of Jeffers, Mangels,
7  Butler & Marmaro LLP.  Thus, even the City apparently fails to see a sufficient relationship between
8  these cases to have them defended by the same counsel, let alone litigated in the same courtroom.
9        **2.**    **The Property is Not Substantially the Same In the Two Actions.**
10        As the *Yates* defendants acknowledge, the *Kirola* action "alleges multiple categories of disabled
11  access barriers located throughout the entire City and County of San Francisco." (Notice of Related
12  Case, p. 3).  The alleged barriers include not only parking facilities, but sidewalks, curb cuts, parks,
13  museums, swimming pools and other public programs and facilities.  In addition, the *Kirola* Complaint
14  alleges that the City has failed to formulate and implement an adequate self-evaluation and transition
15  plan, as required by law, in order to provide access to its programs, services and facilities.  The scope of
16  the *Yates* case, on the other hand, does not extend beyond Union Square.  Being confined to facilities
17  within such an extremely limited geographical area of the City, it covers only the tiniest fraction of the
18  subject of the *Kirola* case.  Although well known and prominent, Union Square is a single city block in a
19  city consisting of nearly 50 square miles and containing many thousands of sidewalks, curbs at
20  intersections, public buildings and other facilities owned or controlled by the City.  To say, therefore,
21  that these two cases involve substantially the same property, is a gross exaggeration.
22        While it is true that Union Square is, by definition, encompassed within the scope of the *Kirola*
23  case, this represents an extremely insignificant overlap in the geographical subject matter of the two
24  cases.  Moreover, upon learning of the existence of the *Yates* action, plaintiffs in the *Kirola* action,
25  through their counsel, conferred with counsel for Mr. Yates and agreed in principle to eliminate this
26  overlap in its entirety by seeking leave to amend the Complaint in *Kirola* to exclude Union Square from
27  the scope of that action.  Subject to leave of Court, such an amendment will leave nothing whatsoever in
28  common between these two cases other than the fact that they are based upon the same legal theories.

**3.     The *Yates* Action Does Not Involve the Same Transactions or Events.**

In furtherance of their argument that the same transactions or events are involved in these two cases, defendants in *Yates* present a chart purporting to show, by reference to the two complaints, that the access barriers and violations alleged in one action are the same as those alleged in the other action. This chart, however, fails to reference the wide disparity in the scope of the facilities or premises at issue in *Yates* and *Kirola*. It thus does little more than illustrate that the *types* of access barriers or violations are similar in the two cases. In other words, this analysis suffers from the same flaw as the argument made by the *Yates* defendants that the property involved in the two actions is substantially the same. The "transactions or events" involved in *Yates, i.e.* the existences of access barriers or violations at Union Square, are but one extremely small part of the "transactions or events" at issue in *Kirola.* Even if that small overlap is not eliminated by amending the *Kirola* Complaint to exclude Union Square, such overlap does not warrant the reassignment of *Yates*.

**4.     The *Kirola* and *Yates* Actions do Not Involve the Same Questions of Law.**

While many of the same statutory violations are alleged in *Kirola* and *Yates*, the mere fact that plaintiffs in separate lawsuits advance similar legal theories hardly warrants a related case designation or reassignment of the cases to be heard by the same judge. Nor does the fact that similar claims are asserted mean that the same legal issues will arise in the two cases. For example, Title III of the ADA does not contain a program access requirement, whereas Title II of the ADA does. Thus, simply listing the statutory basis for violations alleged in these two cases does not justify the reassignment requested.

More importantly, it is clear already that these two cases will involve substantially different questions of law. Foremost among these are the differences that arise based upon claims asserted under Title II of the ADA versus those that arise under Title III. The two titles are distinct, apply to different types of defendants (public versus private entities) and impose different obligations. They also have separate sets of regulations and permit defendants to raise different defenses. For example, Title II appears at 42 U.S.C. §§ 12131-12165, whereas Title III's duties are distinct and appear at 42 U.S.C. §§ 12181-12189. The United States Department of Justice, the federal agency tasked with enforcing Titles II and III, promulgated separate and different sets of regulations regarding the duties that Titles II and III impose. Title II regulations are codified at 28 C.F.R. Pt. 35, whereas the ADA Title III regulations are

4

codified at Pt. 36. Courts have emphasized the different barrier removal duties the two different titles impose. *See e.g.*, *Pickern v. Pier 1 Imports, Inc.*, 339 F.Supp2d 1081, 1086 (E.D. Cal. 2004) ("In writing the ADAAG regulations, the Department of Justice took pains to maintain a separation between public liability under Title II and private entity liability under Title III."). *Kirola* names only the City and government officials as defendants while *Yates* names several non-governmental defendants and seeks relief under both Title II and Title III of the ADA. The legal issues are substantially different.

**B.    Reassignment of the *Yates* Action and any Coordination of the Two Cases Will Make the Litigation of Both Cases More Cumbersome and Is Not Necessary to Avoid Duplication of Labor and Expense.**

The *Yates* defendants assert, with no analysis, that the failure to reassign their case will cause the duplication of judicial and party resources. In fact, the opposite is true. Because of the vastly different scope of these two cases, any coordination or consolidation of the cases that might follow reassignment would tend to unnecessarily complicate both cases. The *Yates* case, which would otherwise be expected to progress on a faster pretrial schedule than *Kirola* due to its limited scope, would be unnecessarily delayed and burdened by any process that ties it to the far larger *Kirola* case. Conversely, the inappropriate injection of issues under Title III of the ADA into the *Kirola* litigation would make that litigation more complicated than it might otherwise be. It might also unnecessarily delay the discovery necessary to advance the litigation if the timeline set forth in General Order 56, which applies only to Title III cases, is to be followed. Finally, if Union Square is eliminated from the scope of the *Kirola* litigation, as plaintiffs intend to pursue through a motion for leave to amend their Complaint, there will be no risk at all of inconsistent results in these two cases.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the request for reassignment.

DATED: October 22, 2007                    SCHNEIDER & WALLACE

                                           THE STURDEVANT LAW FIRM


                                           _____/s/_____
                                      By:  MARK T. JOHNSON
                                           Attorneys for Plaintiffs

5
OPPOSITION TO RELATED CASE DESIGNATION AND REASSIGNMENT            C07-3685 SBA