DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
JAMES M. EMERY, State Bar #153630
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4261
Facsimile:    (415) 554-3837
E-Mail:       jim.emery@sfgov.org

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, MICHAEL KWOK, and ELIZABETH ELFTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"); GAVIN NEWSOM, in his official capacity as Mayor; AARON PESKIN, in his official capacity as President of the Board of Supervisors; JAKE MCGOLDRICK, MICHELA ALIOTO-PIER, ED JEW, CHRIS DALY, SEAN ELSBERND, BEVAN DUFTY, TOM AMMIANO, SOPHIE MAXWELL, ROSS MIRKARIMI, AND GERARDO SANDOVAL, in their official capacities as members of the Board of Supervisors,<br><br>Defendants. | Case No. C07-3685 SBA<br><br>Related Case No. C07-4087 JSW<br><br>DEFENDANTS' REPLY SUPPORTING RELATED CASE MOTION |

**INTRODUCTION**

Defendants (collectively, "the City") submit this response supporting their motion to relate *Yates v. Union Square*, Case No. C07-4087 JSW ("the *Yates* action"), to this case ("the *Kirola* action").

This *Kirola* action, the first-filed case, alleges physical barriers to access in sidewalks, curbs at intersections, public buildings and other facilities owned or controlled by the City, including the City's parking facilities. The *Yates* action, the later-filed case, alleges barriers to access at the City's Union Square Garage, the plaza above the Garage, and the surrounding sidewalks. Plaintiffs in *Kirola* and in *Yates* have opposed the City's related case motion. Plaintiffs acknowledge the factual allegations in *Yates*, the later-filed case, are entirely subsumed within the allegations of *Kirola*, the first-filed case. Each and every factual issue raised by *Yates* is within the scope of the *Kirola* action. Likewise, each and every legal issue raised against the City in *Yates* is within the scope of the *Kirola* action.

Plaintiffs nevertheless assert that these cases are not "related" pursuant to Local Civil Rule 3-12. Plaintiffs argue the scope of *Kirola* is much larger than *Yates*. Plaintiffs argue that the *Yates* action names a separate legal entity, Uptown Parking Corporation, as a defendant, in addition to the City. Finally, the *Kirola* plaintiffs have offered to amend their complaint to exclude expressly the Union Square Garage from the scope of the *Kirola* action. Because the *Yates* and *Kirola* actions satisfy the criteria of Local Civil Rule 3-12, they should be related.

**ARGUMENT**

These cases are related, notwithstanding that one case has a larger scope than the other. Since the access issues for Union Square are identical for both cases, the City is faced with litigating the identical issues simultaneously in two cases in the Northern District, and is faced with the prospect of inconsistent obligations. Two simultaneous actions, one of which is entirely subsumed within the other, would also squander judicial resources. Though the *Yates* plaintiff now asserts his case is not a class action, he has in fact pleaded his allegations on behalf of himself and others similarly situated. In any event, Yates is presumably a member of *Kirola*'s putative class, and Yates cannot effectively opt out of the putative class, since the *Kirola* class seeks injunctive relief.

1       These cases are related, notwithstanding that the *Yates* action names the lessee of the garage, Uptown Parking Corp., as a defendant, in addition to the City.  Union Square Garage is typical of many of the City's public facilities, including its parking facilities, in that separate legal entities are similarly responsible, for example, for aspects of Davies Symphony Hall, the War Memorial Opera House, the San Francisco Zoo and Stern Grove, all of which fall within the scope of the *Kirola* action. *See Letcher v. City and County of San Francisco*, C05-03772 JSW (alleging access violations at Davies Symphony Hall and naming as defendants, in addition to the City, Board of Trustees San Francisco War Memorial & Performing Arts Center, San Francisco Performances Inc., and San Francisco Symphony).  If the *Kirola* action proceeds, the Union Square Garage will not be the only site involving separate legal entities.  In any event, the Title II ADA issues are identical in both actions.  The Title III issues presented in *Yates* will be equally relevant in *Kirola*, with respect to those facilities leased or operated by separate legal entities.  Plaintiffs' effort to manufacture separate issues of law in *Yates* and *Kirola*, therefore, based on the presence in *Yates* of the garage lessee as defendant, must fail.

      Plaintiffs cannot avoid the related case designation by carving Union Square out of their city-wide lawsuit.  Plaintiffs' proposal improperly prejudices both the City and putative class members.  Under plaintiffs' scenario, the City will face a multitude of lawsuits, as additional actions are filed against the City, and the *Kirola* plaintiffs offer to carve out the particular facility or stretch of sidewalk involved in each later-filed case.  This is not a hypothetical concern.  *See Blackwell v. City and County of San Francisco*, C07-4629 SBA (action filed Sept. 7, 2007, by a presumptive member of *Kirola*'s putative class, alleging ADA violations in sidewalk on 1200 block of Grant Avenue in San Francisco, seeking damages and injunctive relief on behalf of plaintiff and "other similarly situated physically disabled persons").  Plaintiffs' carve-out proposal likewise prejudices putative class members, whose access rights to City facilities will now depend on the outcome of a literal patchwork of multiple lawsuits, instead of the comprehensive action the *Kirola* plaintiffs originally filed.  Class counsel have a duty not to compromise class members' rights in favor of counsel's own proprietary interest in the *Kirola* action.

## CONCLUSION

For the reasons set forth above and in the City's opening brief, these cases are related and should be conducted before a single judge.

DATED: November 1, 2007

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy

                         /s/ James M. Emery
                By:_____
                        JAMES M. EMERY
                        Deputy City Attorney

                        Attorneys for Defendants City and
                        County of San Francisco, et al.