1  Guy B. Wallace, State Bar No. 176151
2  Nancy Park, State Bar No. 236750
   Christian Schreiber, State Bar No. 245597
3  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
4  San Francisco, CA 94104
   Telephone: (415) 421-7100
5  Facsimile: (415) 421-7105

6
   Mark T. Johnson, State Bar No. 76904
7  Alexius Markwalder, State Bar No. 227004
   THE STURDEVANT LAW FIRM
8  475 Sansome Street, Suite 1750
   San Francisco, CA 94111
9  Telephone: (415) 477-2410
   Facsimile: (415) 477-2420
10 Attorneys for Plaintiffs

11

12                 **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**
                      **OAKLAND DIVISION**
14

15
   IVANA KIROLA, MICHAEL KWOK, and        **No. C07 - 3685 SBA**
16 ELIZABETH ELFTMAN, on behalf of
   themselves and all others similarly situated;   **CLASS ACTION**
17

18           Plaintiffs,

19      vs.
                                          **JOINT CASE MANAGEMENT**
20 THE CITY AND COUNTY OF SAN             **CONFERENCE STATEMENT PURSUANT**
   FRANCISCO ("the CITY"); GAVIN          **TO FED. RULE CIV. PROC. 26(f)**
21 NEWSOM, in his official capacity as Mayor;
   AARON PESKIN, in his official capacity as   Date: November 14, 2007
22 President of the Board of Supervisors; JAKE   Time: 3:45 PM
   MCGOLDRICK, MICHELA ALIOTO-PIER,       Courtroom: 3
23 ED JEW, CHRIS DALY, SEAN ELSBERND,
   BEVAN DUFTY, TOM AMMIANO, SOPHIE
24 MAXWELL, ROSS MIRKARIMI, AND
   GERARDO SANDOVAL, in their official
25 capacities as members of the Board of
   Supervisors;
26
27
           Defendants.
28

Joint Case Management Conference Statement
*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA

1    Pursuant to Local Rule 16-9 of the Northern District of California and Rule 26(f) of the

2    Federal Rules of Civil Procedure, the parties submit the following Joint Case Management

3    Statement and Rule 26(f) Report.

4    1.    Jurisdiction and Service

5    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

6    1343(3)-(4) for Plaintiffs' claims arising under federal law.  The Americans with Disabilities Act

7    of 1990, 42 U.S.C. § 12101, confers jurisdiction on this Court over Plaintiffs' claims regardless of

8    the amount in controversy.  The Court has supplemental jurisdiction of Plaintiffs' related state law

9    claims pursuant to 28 U.S.C. § 1367(a).  The Court has jurisdiction to enter a declaratory judgment

10    pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in the Northern District of California,

11    the judicial district in which these claims have arisen, pursuant to 28 U.S.C. § 1391(b).

12    Assignment of this action to the United States District Court for the Northern District of California,

13    San Francisco/Oakland, is proper pursuant to Civil Local Rule 3-2 because these civil claims arose

14    in the County of San Francisco, within this District.  All parties are subject to the Court's

15    jurisdiction because they reside in this District.  All parties to this action have been served and are

16    subject to the Court's jurisdiction.

17    2.    Summary of Proceedings

18    Plaintiffs filed their complaint on July 17, 2007.  The case was originally assigned to Judge

19    Thelton E. Henderson, but was reassigned to this Court after Judge Henderson recused himself on

20    July 18, 2007.  Defendant filed an answer to Plaintiffs' complaint on September 6, 2007.  On

21    October 17, 2007, Plaintiffs filed an application for administrative relief seeking an Order that

22    General Order 56 does not apply to this case.  On October 30, 2007, the Court granted that

23    application and vacated the prior Scheduling Order, which was based upon General Order 56.

24    Concurrently with that action, the Court also set the initial case management conference for

25    November 14, 2007 and directed the parties to file this joint CMC statement by November 5, 2007.

26

27

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL., CASE NO. C07 – 3685 SBA                    1

3.    Description of the Case

Plaintiffs' Statement:

*Facts:* This action seeks to redress the City and County of San Francisco's ("the City") failure to provide to persons with mobility disabilities the minimum legally required access to the facilities, services, activities, and programs owned, operated, controlled and/or maintained by the City. The Plaintiffs in this action and members of the proposed class have suffered ongoing deprivations of their civil rights as well as loss of equal access because of the City's continued and repeated violations of federal and state disability nondiscrimination laws regarding access for persons with mobility disabilities. The facilities owned, operated, or controlled by the City are characterized by multiple, pervasive, and hazardous physical access barriers. The City's architectural barriers include, *inter alia*, dangerous and inaccessible sidewalks, dangerous and unsafe crosswalks in the intersections of its streets as a result of uneven paving and surfaces, inaccessible passenger loading zones, inaccessible public buildings, inaccessible paths of travel within public buildings, inaccessible service counters within public buildings, inaccessible or nonexistent parking for persons with disabilities, inadequate signage and excessive door pressures in public buildings, inaccessible or non-operational elevators within public buildings, inaccessible public parks, and inaccessible public pools. Many of these barriers constitute safety hazards to persons who have mobility impairments.

The City has failed to comply with Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, and California Government Code Section 11135 and their accompanying regulations by addressing its unequal facilities in the form of a Self-Evaluation Plan and a Transition Plan in which the City should have identified all facilities, programs, services, and activities that deny equal access to persons with mobility disabilities. The City has also failed to implement structural changes to create equal access to the facilities owned, operated, controlled and/or maintained by the City as required by Title II of the ADA, Section 504 and California Government Code section 11135. In addition, the City has known that it was required under Title II of the ADA to

SCHNEIDER
& WALLACE

1  implement structural changes to create equal access to its facilities by no later than January 26,

2  1995.

3      In Plaintiffs' view, there is no genuine dispute of material fact as to the existence of

4  multiple, pervasive physical access barriers within the City's facilities and programs.  The core

5  issues are (1) the scope of such physical access barriers, (2) what steps The City must implement to

6  achieve compliance with the law, and (3) the timetable by which such compliance must occur.

7      *Legal Issues:*  The principal legal issue is whether Defendant has systematically violated the

8  federal and state disability access laws on which this action is based by installing, maintaining and

9  failing to correct the numerous, pervasive, unsafe physical access barriers that exist throughout the

10  city, as described above, and by failing to comply with Title II of the ADA, Section 504 of the

11  Rehabilitation Act of 1973, and the related state laws and regulations by correcting its unequal

12  facilities through the development of an adequate Self-Evaluation Plan and a Transition Plan and

13  the implementation of structural changes to create equal access to the facilities owned, operated,

14  controlled and/or maintained by the City. The City has known that it was required under Title II of

15  the ADA to implement structural changes to create equal access to its facilities by no later than

16  January 26, 1995.  The City has failed to meet these federal requirements, failed to develop

17  adequate plans, and has denied equal access to persons with physical disabilities.

18      Numerous courts have held that there is a private right of action to enforce the self-

19  evaluation and transition plan requirements of the ADA.[1]  Further, Plaintiffs state claims under

20  California Government Code Section 11135(b), which on the face of the statute requires public

21  entities such as the City and County of San Francisco to comply with the requirements of Title II of

22  the ADA and its accompanying regulations, or the duties imposed by California law, whichever are

23

24  [1]  *See, e.g. Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 857-58 n.1 (10th Cir. 2003); *Matthews*
    *v. Jefferson*, 29 F. Supp. 2d 525, 534 (W.D. Ark. 1998); *Schonfeld v. City of Carlsbad*, 978 F.
25  Supp. 1329, 1334 (S.D. Cal. 1997) ("There is a private right of action for enforcement of these
    regulations to require public entities to implement nondiscriminatory standards and proceed to
26  make necessary modifications."); *Miller v. City of Johnson City*, 1996 WL 406679, at *2 (E.D.
    Tenn. 1996) (same).
27

28

Schneider
& Wallace

Joint Case Management Conference Statement
*Kirola  Et al. v. City and County of San Francisco, et al.*, Case No. C07 – 3685 SBA                 3

1  more exacting. California Government Code Section 11139 expressly provides a private right of

2  action for the enforcement of Government Code Section 11135(b), thus making the ADA Title II

3  regulations actionable through Government Code Section 11139.

4      Defendants' Statement:

5      Plaintiffs' complaint alleges widespread physical access barriers throughout the City. Most

6  of the barriers alleged by Plaintiffs simply do not exist. For example, Plaintiffs allege the absence

7  of curb ramps at literally dozens of intersections where in fact curb ramps have been installed over

8  the last 3 years (and before Plaintiffs commenced this action) pursuant to the City's comprehensive

9  curb ramp installation program. Other conditions alleged by Plaintiffs comply with all applicable

10  access codes, such as the City pools identified in Plaintiffs' complaint, Davies Symphony Hall and

11  the War Memorial Opera House. All remaining barriers are subject to remediation pursuant to a

12  comprehensive capital improvement schedule, which prioritizes capital improvement projects

13  according to several criteria, including requests from the public for access improvements. Many of

14  the barriers alleged in Plaintiffs' complaint have never been the subject of a public request for

15  barrier removal.

16      Plaintiffs' suggestion to the contrary notwithstanding, there is no private right of action for

17  an alleged failure to prepare a timely Self-Evaluation and Transition Plan. *Cherry v. City College*,

18  2005 WL 2620560 (N.D. Cal. Oct. 14, 2005).

19      4.    Motions To Be Filed

20      Plaintiffs' Statement:

21      Plaintiffs bring this action on behalf of all persons similarly situated. The class represented

22  by Plaintiffs is composed of all residents of San Francisco who have mobility disabilities who seek

23  to have access to and use the City's facilities, programs, services, and activities. Therefore,

24  Plaintiffs anticipate filing a motion for class certification. Plaintiffs further anticipate filing a

25  motion for summary judgment on the issue of liability.

26      ///

27

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA                    4

Defendants' Statement:

The City intends to file summary judgment motions on liability issues.

5.     Amendment of Pleadings

Plaintiffs anticipate filing a motion for leave to amend the complaint in the immediate future. Such an amendment is necessary to add claims for damages following the denial of Plaintiffs' tort claim. Plaintiffs may also seek to amend the original complaint to expand the proposed definition of the class to include persons with disabilities who work in the City and County of San Francisco, to exclude claims related to Union Square, which is the subject of another pending action, and to join additional named Plaintiffs and proposed class representatives. Plaintiffs do not intend to amend the complaint to name additional Defendants.

6.     Evidence Preservation

Plaintiffs' Statement

Plaintiffs have taken steps to preserve any records, hard copy and electronic, that they have regarding the matters described in the complaint. Plaintiffs request that Defendant takes such steps as are necessary to insure that all City employees and contractors who are likely to have access to or control over documents and records relevant to this case preserve such documents and records. In addition, Plaintiffs ask that any documents or files that are in electronic form, including emails and electronic databases, are maintained in electronic form with all metadata (information re the date of creation, author, etc.) preserved. Although Plaintiffs are not opposed to identifying categories of electronic documents that should be preserved, the City is more familiar with its own files and the identity of persons and departments responsible for maintaining those files and may not be excused from fully carrying out its responsibility to preserve documents and information relevant to this litigation based upon any alleged failure on Plaintiffs part to identify such documents or information.

Defendants' Statement

The City will preserve its relevant documents consistent with its obligations. Given the wide-ranging allegations in Plaintiffs' complaint, and the different computer systems and computer

Joint Case Management Conference Statement
KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL., CASE NO. C07 – 3685 SBA                 5

SCHNEIDER
& WALLACE

1  policies in use at or by different City departments and agencies, the City has requested Plaintiffs to

2  identify particular categories of electronic documents that Plaintiffs consider potentially relevant,

3  and the City will specifically instruct various departments and their information technology staff to

4  preserve those categories of documents.

5         7.    <u>Disclosures</u>

6        The parties have agreed to exchange their Rule 26 Initial Disclosures on December 7, 2007.

7         8.    <u>Discovery</u>

8  <u>Plaintiffs' Statement</u>:

9        Plaintiffs plan to propound an initial set of interrogatories, requests for admissions, and

10  requests for production of documents within a short period of time after the initial disclosures and

11  at least one other set of written discovery later in the case.  With respect to written discovery,

12  Plaintiffs do not believe that there will be a need to exceed the discovery limits already established

13  by the Federal Rules of Civil Procedure.  Plaintiffs may request document production in native

14  format.  During this initial phase of discovery, Plaintiffs will also request initial site inspections to

15  ascertain the status of the City's efforts to comply with the ADA and the Rehabilitation Act and

16  related state laws.  Plaintiffs believe that an early inspection of the City's programs and facilities is

17  warranted, and intend to begin such inspections by December 2007.  Because of the scope of the

18  facilities at issue, Plaintiffs intend to use a sampled approach to site inspections that will be

19  reasonably calculated to provide representative proof sufficient for purposes of considering class

20  certification as well as consideration of the issue of systemic liability to the putative class.

21        Following document production and completion of the initial written discovery, Plaintiffs

22  intend to depose Defendants' witnesses, including persons Defendant City identifies as Persons

23  Most Knowledgeable concerning the City's compliance with the ADA and the Rehabilitation Act

24  pursuant to Rule 30(b)(6).  Plaintiffs propose that depositions be limited to thirty-five depositions

25  per side, exclusive of expert depositions, with additional depositions permissible upon a showing

26  of good cause. Plaintiffs do not believe that this scope of discovery is unreasonable in a major civil

27  rights class action, given that there are over 5,000 putative class members in San Francisco,

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL., CASE NO. C07 – 3685 SBA      6

1   numerous public buildings at issue, and tens of thousands of curb ramps on several miles of City

2   sidewalks.

3        Plaintiffs propose that the Court appoint a discovery special master, or refer discovery

4   disputes to Magistrate Judge Chen, Magistrate Judge Brazil, or Magistrate Judge Larson to oversee

5   discovery and recommend resolutions to discovery disputes that are likely to arise between the

6   parties.

7        This Court has ruled that General Order 56 does not apply to this action under Title II of the

8   Americans with Disabilities Act and has vacated a prior Scheduling Order which was based upon

9   the procedures set forth in General Order 56.  While Plaintiffs are working with counsel for the

10  City to schedule some preliminary site inspections, they believe it would be counterproductive to

11  issue a formal order limiting the parties' flexibility in this regard or limiting discovery in any way

12  at this point.  Further, it is well-settled that Plaintiffs have a right to conduct discovery regarding

13  the propriety of class certification where, as here, the Defendant disputes whether the case should

14  be certified as a class action. *See, e.g.,* Annotated Manual for Complex Litigation Fourth, § 21.14

15  ("Precertification Discovery") (2006).

16       Defendants' Statement:

17       The City proposes that discovery commence with initial disclosures and the early inspection

18  that Plaintiffs have proposed.  Consistent with the procedure set forth in General Order 56 for

19  disability access suits against private entities, the City proposes that further discovery be postponed

20  until the parties have completed early mandatory mediation.  Plaintiffs agree that early mediation is

21  appropriate for this case.  The logic and fairness of the special procedures under General Order 56

22  apply with special force to this case, where Plaintiffs' factual allegations are largely erroneous

23  (which will be demonstrated through the joint inspection), and where scarce public funds are better

24  directed to improving access than to unnecessary legal fees.

25       In any event, in view of Plaintiffs' wide ranging and demonstrably erroneous factual

26  allegations, the City requests the Court's assistance in developing a systematic, appropriately-

27  tailored discovery plan that will efficiently promote the exchange of information without

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
*KIROLA  ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA          7.

1    unnecessarily escalating the costs of litigation.

2         If the Court appoints a magistrate judge to oversee discovery in this case, the assignment

3    should be pursuant to the Court's ordinary assignment procedures.

4         9.    Class Certification

5         Plaintiffs' Statement:

6         Plaintiffs anticipate filing a motion for class certification by November 1, 2008. This

7    action is maintainable as a class action under Federal Rule of Civil Procedure 23(a). The facts

8    showing that Plaintiffs are entitled to maintain the action under Rule 23(a) are as follows: (a) the

9    number of residents of the City with mobility disabilities is too numerous for them to be joined; (b)

10   there are common questions of law and fact, as listed in the Complaint; (c) the representative

11   Plaintiffs, all having mobility disabilities and all being residents of the City, have claims that are

12   typical to the class; and (d) the representative Plaintiffs have all indicated that their goal in this

13   litigation is remove access barriers in the City.

14        This action is also maintainable as a class action under Federal Rule of Civil Procedure

15   23(b)(2). The class shall include all residents of San Francisco with mobility disabilities who have

16   been denied the right to full and equal access to, and use and enjoyment of, the facilities, programs,

17   services, and activities of The City because of disability access violations. The facts showing that

18   the Plaintiffs are entitled to maintain the action under Rule 23(b)(2) are as follows: (a) this case is

19   brought as a result of multiple physical access barriers located throughout The City's facilities; and

20   (b) numerous class actions of this type have been certified in federal courts in California.

21        10.    Related Cases

22        There are four other pending actions known to Plaintiffs that allege that the City has

23   violated disability access laws affecting persons with mobility disabilities and denied equal access

24   to its services programs and facilities to such persons. These include:

25        1.    *King v. City and County of San Francisco*, Case No. CG07-459278 (San Francisco

26        Superior Court) (sidewalks and curb ramps citywide);

27        2.    *Blackwell v. City & County of San Francisco*, C07-4629 SBA (sidewalk on 1200

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA                    8

1  block of Grant Avenue);

2      3.  *Letcher v. City & County of San Francisco*, C05-03772 JSW (Davies Symphony

3  Hall); and

4      4.  *Yates v. Union Square*, Case No. C07-4087 JSW (Union Square).

5    Defendants' Statement:

6    At least five other pending lawsuits raise overlapping disability access claims on behalf of

7  members of the putative class.  These are:

8      1.  *King v. City and County of San Francisco*, Case No. CG07-459278 (San Francisco

9         Superior Court) (sidewalks and curb ramps citywide);

10      2.  *Blackwell v. City & County of San Francisco*, C07-4629 SBA (sidewalk on 1200

11         block of Grant Avenue);

12      3.  *Letcher v. City & County of San Francisco*, C05-03772 JSW (Davies Symphony

13         Hall);

14      4.  *Yates v. Union Square*, Case No. C07-4087 JSW (Union Square); and

15      5.  *Chambers v. City & County of San Francisco*, Case No. C06-06346 WHA

16         (community-based services for residents at Laguna Honda Hospital)

17    In addition, the City recently reached a pre-filing settlement of potential litigation regarding

18  installation of audible pedestrian signals at cross walks throughout the City.

19      11.  Relief

20    Plaintiffs' Statement:

21    Plaintiffs seek declaratory and injunctive relief against Defendant for violating Title II of

22  the

23  Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*., and its accompanying

24  regulations; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and its

25  accompanying regulations; specifically, Plaintiffs seek an order requiring the City to make all of its

26  programs and facilities readily accessible to and usable by persons with mobility disabilities in

27

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA                    9

1   accordance with the ADA and the Rehabilitation Act and related state law claims.  In addition,

2   concurrently with the filing of this action, Plaintiffs filed an administrative tort claim against

3   Defendant on behalf of themselves and members of the proposed class based upon the violations

4   alleged in this action.  That claim has been deemed denied by operation of law recently.

5   Accordingly, Plaintiffs intend to seek leave to amend the Complaint in this action to seek damages

6   against Defendant for severely limiting Plaintiffs' access to programs, facilities, services, and

7   activities by deliberately and knowingly refusing to eliminate physical and programmatic barriers,

8   resulting in emotional and physical injuries to Plaintiffs and members of the putative class.

9        Defendants' Statement:

10       Because Plaintiffs' complaint does not include a claim for damages, it would be premature

11  for the City to "describe the bases on which it contends damages should be calculated if liability is

12  established."

13       12.    Settlement and ADR

14       Plaintiffs' Statement:

15       Both sides have indicated an interest in early settlement discussions, and have sent

16  correspondence to each other seeking to meet in-person at the earliest practicable dates in

17  November-December 2007.  Plaintiffs are amenable to early mediation efforts under the

18  supervision of a mutually agreed upon mediator at JAMS.  It is noted that Magistrate Judge Infante

19  has extensive experience with the successful resolution of systemic disability access challenges.  A

20  key issue to be determined in assessing whether early settlement discussions might be productive is

21  whether Defendant is willing to discuss settlement on a class wide basis through a judicially

22  enforceable mechanism such as a consent decree or stipulated judgment. Discovery and

23  preparation for class certification should proceed on a parallel track with any efforts at settlement.

24       Defendants' Statement:

25       Both sides agree that early mediation before a mutually acceptable mediator would be

26  productive in this case.  The City proposes that mediation with a mutually acceptable neutral occur

27  after the parties' initial disclosures and an inspection of the City's facilities, before additional

28

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL., CASE NO. C07 – 3685 SBA          10

formal discovery commences.

13.   Consent to Magistrate Judge for All Purposes

The parties do not consent to a referral of this matter to a Magistrate Judge for any purpose other than discovery.

14.   Other References

Plaintiffs' Statement:

Plaintiffs do not believe that it is appropriate to refer this matter to binding arbitration. Nor do Plaintiffs believe that this case is suitable for reference to the Panel on Multidistrict Litigation. Referral to a special master is appropriate for discovery only.

Defendants' Statement:

The City agrees that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Issues That Can Be Narrowed By Agreement Or Motion

Plaintiffs' Statement:

Plaintiffs propose that Defendants stipulate to class certification. Plaintiffs also believe that Defendant City is in possession of information that will permit it to identify and stipulate to the existence and nature of a subset of the physical access barriers within the City's facilities and Programs. Plaintiffs believe that portions of the liability phase of this case may be appropriate for disposition by summary judgment.

Defendants' Statement

The City believes that after inspecting the premises that are the subject of this action, Plaintiffs will acknowledge the bulk of their factual allegations are erroneous, and the City's capital improvement plans appropriately address any remaining access barriers. In any event, as Plaintiffs acquaint themselves with the facts, the City is confident the issues in dispute will narrow. Whether or not this case is ultimately appropriate for class action treatment will depend in part on whether the scope of the case, at the time of class certification, is manageable.

1     The City has asked Plaintiffs to clarify their allegations regarding paths of travel in its

2     parks, where steep topography and natural settings sometimes make it impracticable to provide

3     walkways with the slopes specified in ADA regulations.

4         16.    Expedited Schedule:

5     The parties agree that an expedited schedule for this is not appropriate.

6         17.    Pre-trial Scheduling

7     Plaintiffs' Statement

8     Plaintiffs propose the following pretrial deadlines and dates:

| Event or deadline | Proposed Date |
| --- | --- |
| Discovery Cut Off (expert and non-expert): | August 1, 2009 |
| Expert Reports Due: | May 1, 2009 |
| Rebuttal Reports Due: | June 5, 2009 |
| Last Day for hearing motions: | October 2, 2009 |
| PreTrial Conference | November 3, 2009 |
| Trial: | December 7, 2009 |

17     Although Plaintiffs are prepared to discuss a possible cooling-off period with the City,

18     during which documents and information are informally exchanged in lieu of formal discovery and

19     early settlement discussions occur, Plaintiffs do not believe that it is necessary or appropriate at

20     this time to issue a formal order limiting discovery.  As discussed above, Plaintiffs have a right to

21     conduct discovery regarding the propriety of class certification where, as here, the Defendant

22     disputes whether the case should be certified as a class action. *See, e.g.,* Annotated Manual for

23     Complex Litigation Fourth, § 21.14 ("Precertification Discovery") (2006).  Plaintiffs believe that

24     Defendant's proposal may have the effect of hindering class certification discovery.

25         Defendants' Statement

26     The City proposes that the Court establish an early resolution process for this case similar

27     to the inspection and early mediation process that G.O. 56 provides for disability access lawsuits

SCHNEIDER
& WALLACE

Joint Case Management Conference Statement
*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.,* CASE NO. C07 – 3685 SBA          12

1   against private entities.  Plaintiffs themselves have proposed an early inspection of representative

2   facilities and early mediation.  Consistent with G.O. 56, the City proposes that during this early

3   resolution process, additional discovery (beyond the City's initial disclosure, Plaintiffs' site

4   inspections, and additional informal information exchanges in the course of mediation) be

5   postponed, to permit the parties to focus on settlement efforts and to avoid a quick escalation of

6   attorney fees, which in a fee shifting case like this one can create impediments to settlement.

7   Accordingly, the City proposes the following pre-trial schedule:

8   Early inspection and mediation through        March 1, 2008

9   Fact discovery commences        March 1, 2008

10  Fact discovery cutoff        August 1, 2009

11          The City joins Plaintiffs' suggestion for the remaining pretrial deadlines.  The City,

12  however, has no objection to extending these proposed pretrial deadlines if Plaintiffs believe the

13  early dispute resolution period compromises their ability to prepare adequately for trial.

14          18.     Trial

15          Plaintiffs' Statement:

16          Plaintiffs propose a trial date in  November or December of  2009.  Plaintiffs anticipate the

17  trial will require 20 court days.

18          Defendants' Statement:

19          The duration of trial will depend on its scope, and whether it is a bench or jury trial.  The

20  factual scope of the trial will depend on the outcome of mediation and the summary judgment

21  motions that each side intends to file.  In its current posture, the City believes the case will require

22  at least 20 days to try before the Court.

23          19.     Disclosure of Non-party Interested Entities or Persons:

24          Plaintiffs' Statement

25          Each of the members of the proposed class have a potential interest in this action.

26

27

28

Joint Case Management Conference Statement

*KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.*, CASE NO. C07 – 3685 SBA        13

<u>Defendants' Statement:</u>

By its terms, Local Civil Rule 3-16 does not apply to any governmental entity or its agencies. The City notes, however, that separate third-party legal entities lease and/or operate many of the facilities that are the subject of this action, including parking garages and cultural facilities.

20.    <u>Other Issues</u>

The parties are not aware of any other issues the Court needs to address or consider at this time.

Respectfully submitted,

DATED: November 6, 2007         SCHNEIDER & WALLACE

_____/s/_____
Guy B. Wallace
Attorneys for Plaintiffs

DATED: November 6, 2007         THE STURDEVANT LAW FIRM

_____/s/_____
Mark T. Johnson
Attorneys for Plaintiffs

DATED: November 6, 2007         OFFICE OF THE CITY ATTORNEY OF
SAN FRANCISCO

_____/s/_____
James M. Emery
Attorney for Defendants

I, Mark T. Johnson, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, I hereby attest that Guy B. Wallace, counsel for Plaintiffs, and James M. Emery, counsel for Defendants, have concurred in this filing.

Dated:  November 6, 2007         _____/s/_____
Mark T. Johson

Joint Case Management Conference Statement
KIROLA ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL., CASE NO. C07 – 3685 SBA                14

SCHNEIDER
& WALLACE