**United States District Court**
For the Northern District of California

1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8    IVANA KIROLA, *et al.*,                    No. C-07-3685 SBA (EMC)

9            Plaintiffs,

10       v.                                      **ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANT'S**
11   THE CITY AND COUNTY OF SAN                  **MOTION FOR PROTECTIVE ORDER**
     FRANCISCO, *et al.*,
12                                               **(Docket No. 75)**
             Defendants.
13
     _____/
14

15

16           Plaintiffs have filed suit against, *inter alia*, Defendant the City and County of San Francisco

17   ("City"), asserting that the City has failed to provide persons with mobility disabilities the minimum

18   legally required access to facilities, programs, services, and so forth owned or maintained by the

19   City.  The City has moved for a protective order to bar additional site inspections requested by

20   Plaintiffs.  Having considered the parties' briefs and accompanying submissions, as well as the oral

21   argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the motion for

22   protective order.  As discussed below, Plaintiffs may inspect 78 additional sites.

23                   **I.    FACTUAL & PROCEDURAL BACKGROUND**

24           Under Judge Armstrong's case management schedule, the fact discovery cut-off in the

25   instant case is February 26, 2010, and the expert discovery cut-off is March 12, 2010.  Opening

26   expert reports were due back on December 11, 2009, and rebuttal reports are to be served by

27   February 15, 2010.  *See* Docket Nos. 63, 74 (orders).

28

**United States District Court**
For the Northern District of California

Consistent with the above schedule, the parties exchanged opening expert reports on December 11, 2009. In his report, Defendants' expert specifically identified 225 sites as being accessible.[1] Plaintiffs now seek to conduct an additional 138 site inspections, 78 of which are among the 225 sites identified by Defendants' expert. According to Plaintiffs, these additional inspections are needed to rebut Defendants' expert report. Plaintiffs also contend that additional site inspections are necessary because they are seeking injunctive relief and therefore must be apprised of the current conditions of the City's facilities.

## II.   DISCUSSION

Plaintiffs are correct that fact discovery is still ongoing. That being said, that does not automatically give Plaintiffs the right to conduct all 138 site inspections that they have requested. Under Federal Rule of Civil Procedure 26, discovery is authorized so long as the information is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, the site inspections will lead to admissible evidence only if they are presented through an expert report. Plaintiffs do not contend otherwise. Because the time for opening expert reports has now passed, the only means by which the site inspections will lead to admissible evidence is through a rebuttal expert report.

The Court agrees with the City that all of the 138 site inspections cannot be characterized as needed for a rebuttal report. First, the bulk of those site inspections were requested by Plaintiffs before Defendants' expert report even issued.[2] Second, that point aside, the fact that Defendants' expert broadly claims that the City's facilities, programs, and so forth are accessible does not mean that Plaintiffs may therefore inspect any site that they wish. Plaintiffs had an obligation to conduct site inspections to prove their affirmative case, as reflected in their opening expert report. Plaintiffs should not be permitted to seize upon the broad language in Defendants' expert report as a chance to

---

[1] Defendants' expert also included in his report broad language that "the current accessibility policies and practices of the City and County of San Francisco comply with Title II of the ADA, as well as the accessibility requirements of Section 504 of the Rehabilitation Act of 1973." (Hugh Decl. Ex. A 13.)

[2] Expert reports were exchanged on December 11, 2009. Plaintiffs noticed site inspections on November 23, 2009, December 2, 2009, December 11, 2009, and December 28, 2009. (Emery Decl. Ex. I.)

**United States District Court**
For the Northern District of California

1  re-do their opening expert report. *See Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004)

2  (stating that rebuttal testimony is not a chance for a do-over where a party ought to have known

3  better than to rely on limited information in their initial disclosure). Plaintiffs have had substantial

4  notice in advance of their December 11, 2009 expert disclosure to discover and compile evidence on

5  the broad point that there is an ongoing pattern of non-compliance which warrants injunctive relief.

6       In this regard, the City's citation *Sports Arena Management, Inc. v. K&K Ins. Group, Inc.*,

7  No. 06-C-6290, 2008 WL 4877452 (N.D. Ill. 2008), is persuasive. There, the plaintiffs tried to

8  introduce an entirely new expert witness two months after the close of expert disclosure. *See id.* at

9  *1. The court concluded that this expert opinion could not be considered rebuttal evidence because

10  its purpose was to support an element of the plaintiffs' tort claim, *i.e.*, proximate causation. *See id.*

11  The court noted that the plaintiffs were aware that the defendants would attack proximate cause and

12  thus should have introduced this expert before the deadline for expert disclosure passed. *See id.*

13       The Court, however, rejects the City's position that none of the site inspections requested by

14  Plaintiffs may not be properly characterized as needed for the rebuttal. As a general matter, courts

15  have permitted additional data to be used in a rebuttal report so long as it is of the same subject

16  matter. *See, e.g.*, *City of Gary v. Shafer*, No. 2:07-CV-56-PRC, 2009 WL 1370997, at * 3 (N.D. Ind.

17  May 13, 2009) ("[F]or Mr. Vandeven's Rebuttal Expert Report to be admissible under Rule 26, it

18  must 'contradict or rebut evidence on the same subject matter' identified by Mr. Glanders' expert

19  reports"); *MMI Realty Services, Inc. v. Westchester Surplus Lines Insurances Co.*, No. C-07-00466

20  BMK, 2009 WL 649894, at * 2 (D. Haw. Mar. 10, 2009) (noting that, under Rule 26, "Holland is

21  free to support his opinions with evidence not cited in Westchester's reports so long as he rebuts the

22  'same subject matter' identified in those reports"). Rebuttal disclosure is not automatically excluded

23  solely because it includes evidence that was absent in the original expert disclosure. *See Crowley*,

24  322 F. Supp. 2d. at 551. Unlike the situation in *Sports Arena*, although Plaintiffs in the instant case

25  undoubtedly were aware from the outset of this case that the City contends its facilities, programs,

26  and services are generally accessible, the Plaintiffs did not know with any degree of specificity and

27  certainty which facilities, programs, or services Defendants would claim are accessible until

28  Defendants filed their expert report identifying 225 sites as compliant.

**United States District Court**
For the Northern District of California

1    Taking into account the above, the Court concludes that the proper balance is to permit

2   Plaintiffs to conduct inspections of 78 additional sites -- more specifically, the 78 sites which were

3   part of their requests for inspection *and* which were specifically identified in Defendants' expert

4   report.  Plaintiffs conceded that inspecting the 78 sites would be a sufficient sampling in order to

5   determine what current conditions are like for purposes of seeking injunctive relief.  It would afford

6   Plaintiffs a fair chance at rebuttal, while confining the inspections to those which are clearly within

7   the scope of legitimate rebuttal.

8    To the extent the City has argued that this even this scaled down list would impose an undue

9   burden, the Court is not persuaded.  First, the City's argument of burden was predicated on all 138

10   site inspections taking place.  Here, the Court is only permitting Plaintiffs to conduct an additional

11   78 inspections, and it appears that most of these sites are small facilities (*e.g.*, parks, swimming

12   pools, and playgrounds, not places like the California Academy of Sciences) so that the inspections

13   will likely be less time consuming.  Second, the City has known about Plaintiff's request to inspect

14   for months and thus has had substantive time to prepare for the inspections.  Third, the Court invited

15   the City to meet and confer with the Plaintiffs to negotiate a smaller sampling of sites, but the City

16   outright rejected that offer, choosing to stand instead on its position that *none* of the site inspections

17   could be properly considered as rebuttal evidence.  Finally, it should be noted that Rule

18   26(b)(2)(C)(iii) requires this Court to balance the burden or expense of the proposed discovery with

19   its likely benefit.  It is not a fair balance to permit Plaintiffs to conduct inspections of approximately

20   one-third of the sites identified in Defendants' expert report (*i.e.*, 78 out of 225) which were directly

21   placed in issue by its expert.  Moreover, the probative value of the inspections is heightened by the

22   fact that these inspections may shed light on whether injunctive relief might be warranted.  To the

23   extent, however, that there may be some burden on the City, this Court has no objection to an

24   extension of the discovery deadlines so long as they do not interfere with the dates that Judge

25   Armstrong has set for, *e.g.*, hearing dispositive motions, the final pretrial conference, and trial.  Such

26   a motion or stipulation, however, should be presented to Judge Armstrong absent a specific referral

27   of that matter to this Court.

28

**III.   CONCLUSION**

  For the reasons stated above, the City's motion for protective order is granted in part and denied in part.

  This order disposes of Docket No. 75.

  IT IS SO ORDERED.

Dated:  January 29, 2010

             _____
             EDWARD M. CHEN
             United States Magistrate Judge

**United States District Court**
For the Northern District of California