UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, *et al.*, | No. C-07-3685 SBA (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE JOINT LETTER OF MARCH 3, 2010** |
| THE CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | **(Docket No. 196)** |
| Defendants. | |

_____/

Per the Court's order of February 24, 2010, *see* Docket No. 165 (order), the parties have submitted a joint letter regarding their meet and confer efforts. Having considered the joint letter, as well as the earlier briefing on Plaintiffs' motion to compel and the oral argument of counsel made at the hearing on that motion, the Court hereby rules as follows.

(1)　The City shall provide a declaration to Plaintiffs, certifying that all of the contents of the Jensen database have in fact been incorporated into the CRIS database. The declaration shall be provided within a week of the date of this order. If such a declaration is provided, then the City need only produce the Jensen database in its native format if it is able to do so without having to redact data a second time and in a format that does not require provision of metadata that would reveal redacted information.

(2)　The Court shall permit an opt-out procedure instead of an opt-in procedure. The privacy issues raised by the City have less resonance because the Court previously ordered that information about the complainants' medical conditions or disabilities be redacted. Moreover, as

Plaintiffs argue, given that the complainants did make complaints, they are less likely to object to contact from Plaintiffs who are seeking to vindicate disability rights. The Court also notes that, even assuming that HIPAA is applicable to the City, the implementing regulations for HIPAA allow for disclosure of health information where there is a court order. *See* 45 C.F.R. § 164.512(e)(1)(i) ("A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.").

    (3)    Because the Court is authorizing an opt-out procedure, the sample size need not be significant. At this juncture, the Court shall permit notice to be sent to the approximately 210 complainants from the MOD database[1] and to the 77 complainants from the CRIS database (*i.e.*, those persons who provided either a mailing or e-mail address).[2]

    (4)    The Court shall not, at this juncture, require sampling from the BSM and 311 databases but shall await the parties' further meet and confer efforts.

    (5)    To the extent the parties have a dispute about who should conduct the mailing, the Court is satisfied that the City Attorney's office is capable of doing so. Plaintiffs have not identified any undue prejudice should the City Attorney's office conduct the mailing. The parties, however, shall meet and confer to discuss the specifics of the mailing – *e.g.*, whether notice should be

///
///
///
///

---

[1] The Court assumes that there will be contact information for at least half of these complainants.

[2] In its prior order, the Court stated that Plaintiffs shall have the discretion to pick which complainants shall be subject to unredaction. Based on the joint letter, it appears that Plaintiffs wish to send notice to at least 70 out of the 210 complainants from the MOD database. It is not clear how many complainants Plaintiffs wish to contact out of the 77 complainants from the CRIS database. Under this order, Plaintiffs may, if they wish, have notice to sent to all 210 complainants from the MOD database and all 77 complainants from the CRIS database. However, this may affect the size of the sampling, if any, that the Court permits for the BSM and 311 databases.

provided on any letterhead (and if so, whose), who the opt-outs should be sent to, the contents of the notice, and so forth.  Within five days of the date of this order, the parties shall submit a joint letter stating their agreed-upon proposals or competing versions for the Court's consideration.

IT IS SO ORDERED.

Dated: March 3, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3