United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, *et al.*, | No. C-07-3685 SBA (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE JOINT LETTER OF MARCH 31, 2010** |
| THE CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | **(Docket No. 223)** |
| Defendants. | |
| _____/ | |

The parties have submitted a joint letter, dated March 31, 2010, regarding three discovery disputes. Having considered the joint letter and accompanying submissions, the Court hereby rules as follows.

A.   Davies Symphony Hall

Plaintiffs ask for the right to inspect Davies Symphony Hall ("Davies") as well as the right to provide a supplemental expert rebuttal report based on the inspection. The Court denies this request for relief.

The Court acknowledges that, as a formal matter, Davies was not one of the sites at issue with respect to the City's motion for a protective order. But Plaintiffs knew at the time of the hearing on the motion that Davies was a site that they wanted to inspect, and they failed to bring up the site at the hearing -- even though they knew that the Court was trying to craft a compromise about the breadth of site inspections. Moreover, they represented to the Court that there were no large sites, even though clearly Davies is such a site. Under these circumstances, the Court agrees

with the City that to permit an inspection of Davies would run counter to the spirit of the Court's resolution of the City's motion for a protective order.

Moreover, the Court notes that, as of January 29, 2010, Plaintiffs knew that the City objected to the inspection of Davies. But even with this knowledge Plaintiffs did not raise the issue of inspecting Davies until late March, which was well past the deadline for the disclosure of expert rebuttal reports. Plaintiffs' failure to act is not justified, especially since, in its order of January 29, 2010, the Court noted that "the only means by which the site inspections will lead to admissible evidence is through a rebuttal expert report." Docket No. 95 (Order at 2).

B.      Supplemental Expert Rebuttal Report for Five Additional Sites

Plaintiffs will be inspecting five additional sites which are covered by the Court's prior order of January 29. Plaintiffs are now asking that they be allowed to provide a supplemental expert rebuttal report based on those inspections. The Court denies this request for relief for reasons similar to those stated above.

Plaintiffs have again failed to act in a timely fashion. Plaintiffs knew as of January 29, 2010, that they could inspect these five sites. However, it appears that Plaintiffs did not contact the City about scheduling these inspections until March 18, 2010 -- which was after the date rebuttal reports were due (*i.e.*, on February 26, 2010). The Court notes that the prejudice to Plaintiffs is not substantial enough to outweigh the burden on the City caused by the additional late inspections and ensuing supplemental expert report since (1) these inspections were for rebuttal purposes only and (2) under the Court's January 29 order, Plaintiffs were allowed to conduct 78 inspections, and apparently have had an opportunity to conduct 73 of them.

C.      Privilege Log

Plaintiffs have asked the Court to compel the City to provide a privilege log by a date certain and to give Plaintiffs permission to file a motion to compel (if necessary) to challenge any of the claimed privileges fifteen days thereafter. This request for relief is granted in part.

The Court orders the City to serve the privilege log by **April 9, 2010**. The Court cannot delay production of the privilege log until April 30, as requested by the City, because of the case management schedule. Under that schedule, opening motions for summary judgment must be filed

2

in mid-April.  Because of that schedule, if there is a dispute about the privilege log, then the parties must file a joint letter no later than **April 16, 2010**.

This order disposes of Docket No. 223

IT IS SO ORDERED.

Dated:  April 2, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge