DENNIS J. HERRERA, State Bar #139669
City Attorney
DANNY CHOU, State Bar # 180240
Chief of Complex and Special Litigation
JAMES M. EMERY, State Bar #153630
ELAINE M. O'NEIL, State Bar #142234
Deputy City Attorneys
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4261
Facsimile:    (415) 554-3985
E-Mail:       jim.emery@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, MICHAEL KWOK, and ELIZABETH ELFTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"); GAVIN NEWSOM, in his official capacity as Mayor; AARON PESKIN, in his official capacity as President of the Board of Supervisors; JAKE MCGOLDRICK, MICHELA ALIOTO-PIER, ED JEW, CHRIS DALY, SEAN ELSBERND, BEVAN DUFTY, TOM AMMIANO, SOPHIE MAXWELL, ROSS MIRKARIMI, AND GERARDO SANDOVAL, in their official capacities as members of the Board of Supervisors,<br><br>Defendants. | Case No. C07-3685 SBA<br><br>CLASS ACTION<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Trial Date: July 12, 2010 |

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint. Specifically, Plaintiffs seek to amend their complaint to dismiss Plaintiff Michael Kwok and add in his place a new Plaintiff, Linda Pillay. In addition, Plaintiffs seek to modify and narrow the

definition of the proposed class.  Finally, Plaintiffs seek to add language stating that their claim under California Government Code section 11135 includes a claim that the City has failed to prepare and implement an adequate transition plan under 11135 and its implementing regulations, California Code of Regulations §§ 98251, 98254, 98257, 98258.

Having read and considered the papers submitted by the parties in support of and in opposition to Plaintiffs' motion, and having heard oral argument on the matter, **THE COURT FINDS AND ORDERS AS FOLLOWS:**

1. Plaintiffs' motion to amend to dismiss Plaintiff Michael Kwok is granted.  Counsel for the City stated that it has no objection to his dismissal.  Accordingly, the Court Orders that Mr. Kwok is dismissed from this action.
2. Likewise, the City has no objection to the proposed amendment to narrow the class definition alleged in the complaint, and the Court grants leave to amend the class definition.  The City will address any objections to the new proposed class definition in its response to Plaintiffs' pending motion for class certification.
3. As to the proposed addition of Ms. Linda Pillay as a party Plaintiff, the motion is denied.  The addition of Ms. Pillay to this action at this late date would necessarily require a modification of the scheduling order previously issued by the Court in this case.  Accordingly, the good cause standard under Federal Rule of Civil Procedure 16(b) applies.  Plaintiffs have failed to establish good cause to amend the complaint to add Ms. Pillay as a party.  Further, the record shows that Plaintiffs have delayed in filing the motion and that the City would be prejudiced by the addition of Ms. Pillay to the action.  Finally, as at least one of the remaining Plaintiffs is in a position to seek to represent the proposed class, the addition of Ms. Pillay is not necessary at this time to protect the interests of the class. The denial of Plaintiffs' motion in this respect is without prejudice, however, in the event Plaintiffs are able to demonstrate good cause based on future events.

4. The Court grants Plaintiffs' motion for leave to clarify its allegations concerning a self evaluation and transition plan pursuant to section 11135 and the regulations promulgated under the statute.  California Code of Regulations §§ 98251 and 98258 provide that responsible state agencies "should" require  a local government entity receiving state funds for a program, service or activity to prepare a self-evaluation and transition plan as necessary to assure access to the state-funded program, service or activity.  The regulations do not themselves impose a mandatory legal duty on local entities to prepare self-evaluation and transition plans.  This Court, however, does not sit as a court of law.  Sitting as a court of equity, this Court has jurisdiction and authority to provide such equitable relief should it find in favor of Plaintiffs on their claims under Government Code section 11135.  "California administrative agencies routinely adopt quasi-legislative regulations under express statutory authority. For such regulations to be valid in this state, they must be consistent with the terms or intent of the authorizing statute." Esberg v. Union Oil Co., (2002) 28 Cal.4th 262, 269 (internal citations and quotations omitted); see Gov.Code, § 11342.2 (agency regulation adopted pursuant to statutory authorization must be "consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.").  "[A]gencies do not have discretion to promulgate regulations that are inconsistent with the governing statute, or that alter or amend the statute or enlarge its scope." Slocum v. State Bd. Of Equalization, (2005) 134 Cal.App.4th 969, 974 (citation omitted).  "If the court determines that a challenged administrative [regulation] was not authorized by or is inconsistent with acts of the Legislature, that [regulation] is void." Terhune v. Superior Court, (1998) 65 Cal.App.4th 864, 846 (citation omitted).  Here, the City's argument that the agency regulations can be interpreted in such a manner that would deprive parties of a right clearly accorded by § 11139 is unsupported and illogical.  Accordingly, the City's argument that the amendment to add the transition plan allegations would be futile is overruled.  Further,

Plaintiffs have met their burden under Fed. R. Civ. P. 16(b) to demonstrate "good cause" for this amendment, and the City has not demonstrated prejudice arising there from.

For the foregoing reasons, leave to amend the Complaint and file a First Amended Complaint is GRANTED for the following purposes: (1) to dismiss Michael Kwok as a Plaintiff; (2) to narrow the class definition as Plaintiffs have proposed; and (3) to add their theory requiring self-evaluation and transition plans pursuant to state regulations promulgated pursuant to Cal. Gov. Code § 11135. In all other respects, the motion is DENIED.

IT IS SO ORDERED.

DATED:  April 12_, 2010

_____
HON. SAUNDRA BROWN ARMSTRONG
Untied States District Judge