**United States District Court**
For the Northern District of California

1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    IVANA KIROLA, *et al.*,                        No. C-07-3685 SBA (EMC)

9              Plaintiffs,

10         v.                                       **ORDER RE JOINT LETTER OF APRIL
                                                    7, 2010**
11   THE CITY AND COUNTY OF SAN
     FRANCISCO, *et al.*,                           **(Docket No. 231)**
12
               Defendants.
13   _____/

14

15         Per Judge Armstrong's order of February 25, 2010, fact discovery in this case closed on

16   March 31, 2010.  *See* Docket No. 168 (order).  Plaintiffs have now asked for leave to take two

17   30(b)(6) depositions (regarding six different sites[1]) after the fact discovery cut-off.  At least one of

18   the 30(b)(6) depositions had been scheduled to take place prior to the discovery cut-off but was

19   cancelled by Plaintiffs after a medical problem arose with their lead counsel, Mr. Wallace.  Because

20   of the medical problem, Mr. Wallace was out of the office between March 24 and 30, 2010.  *See*

21   *generally* Lake Decl.  Having considered the joint letter and accompanying submissions, the Court

22   hereby **GRANTS** Plaintiffs' request for relief.

23         As a preliminary matter, the Court rejects the City's contention that Plaintiffs' request for

24   relief is untimely.  Although Judge Armstrong's case management orders have indicated that

25   discovery motions should be filed and heard prior to the discovery cut-off date, Federal Rule of Civil

26

27         _____

28         [1] The sites at issue are as follows: the War Memorial Opera House, the War Memorial Veterans
     Building, Davies Symphony Hall, the Glen Park branch library, the Excelsior branch library, and the
     Chinatown branch library.

**United States District Court**
For the Northern District of California

1   Procedure 16(b)(4) provides that a schedule may be modified where there is good cause.  *See* Fed. R.

2   Civ. P. 16(b)(4).  Under Ninth Circuit law, the good cause inquiry "focuses on the reasonable

3   diligence of the moving party."  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

4   Here, the Court is satisfied that Plaintiffs have been reasonably diligent in presenting the discovery

5   dispute for the Court's consideration.  Plaintiffs did not learn that there was a medical problem until

6   only a week before the March 31 fact discovery cut-off.  Although Plaintiffs knew as of March 26,

7   2010, that the City objected to a rescheduling of the 30(b)(6) depositions after March 31, *see* O'Neil

8   Decl. ¶ 18 & Ex. N, the Court is not convinced that getting a joint letter to the Court within three

9   court days was possible – particularly because Plaintiffs needed to obtain a declaration from Mr.

10   Wallace's doctor.

11   The question for the Court, therefore, is whether Plaintiffs were justified in cancelling the

12   30(b)(6) depositions based on the medical condition of Mr. Wallace, their lead counsel.  The Court

13   finds that Plaintiffs were justified.  Given the importance of the 30(b)(6) depositions, the

14   participation of lead counsel was needed.  Moreover, allowing the depositions will not pose an

15   undue burden or otherwise prejudice the City.  The City would have had to spend time prepping the

16   witnesses and traveling in conjunction with the depositions regardless of *when* the depositions

17   would take place.  Now that the trial has been continued to July 12, 2010 (from May 24, 2010), there

18   is more flexibility in terms of scheduling the depositions.

19   Accordingly, the Court grants Plaintiffs the relief requested.  The 30(b)(6) depositions shall

20   take place no later than **April 20, 2010**, unless the parties mutually agree to a later date.  The parties

21   are expected to meet and confer to determine a date and time for the depositions to take place.  Both

22   the witness's availability as well as Mr. Wallace's availability should be taken into consideration.

23   This order disposes of Docket No. 231.

24   IT IS SO ORDERED.

25

26   Dated:  April 12, 2010

27   _____

28   EDWARD M. CHEN
     United States Magistrate Judge