| | |
|---|---|
| Guy B. Wallace, State Bar No. 176151<br>gwallace@schneiderwallace.com)<br>Mark T. Johnson, State Bar No. 76904<br>(mjohnson@schneiderwallace.com)<br>Andrew P. Lee, State Bar No. 245903<br>(alee@schneiderwallace.com)<br>SCHNEIDER WALLACE<br>  COTTRELL BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA  94104<br>Telephone:     (415) 421-7100<br>Facsimile:      (415) 421-7105<br><br>James C. Sturdevant, State Bar No. 94551<br>(jsturdevant@sturdevantlaw.com)<br>Monique Olivier, State Bar No. 190385<br>(molivier@sturdevantlaw.com)<br>Whitney Huston, State Bar No. 234863<br>(whuston@sturdevantlaw.com)<br>THE STURDEVANT LAW FIRM<br>A Professional Corporation<br>354 Pine Street, Fourth Floor<br>San Francisco, California   94104<br>Telephone:     (415) 477-2410<br><br>Facsimile:      (415) 477-2420<br><br>Attorneys for Plaintiffs | DENNIS J. HERRERA, State Bar No. 139669<br>City Attorney<br>DANNY CHOU State Bar No. 180240<br>Chief of Complex and Special Litigation<br>JAMES M. EMERY, State Bar No. 153630<br>ELAINE M. O'NEIL, State Bar No. 142234<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, Seventh Floor<br>San Francisco, California 94102-5408<br>Telephone:     (415) 554-4261<br>Facsimile:      (415) 554-3985<br>Email:          jim.emery@sfgov.org<br><br>Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO, ET AL. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, MICHAEL KWOK, AND ELIZABETH ELFTMAN, on behalf of themselves and all others similarly situated;<br><br>                  Plaintiffs,<br><br>       v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"); *et al.*,<br><br>                  Defendants. | Case No.: **C07-3685 SBA**<br><br>**CLASS ACTION**<br><br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SEPARATE TRIALS**<br><br>DATE:       May 18, 2010<br>TIME:       1:00 p.m.<br>PLACE:     Courtroom 1, 4th Floor<br>JUDGE:     Hon. Saundra B. Armstrong<br><br>Trial Date: July 12, 2010 |

---

[JOINT PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR SEPARATE TRIALS          CASE NO. C07-3685 SBA

1       This matter came on for hearing on Defendants' Motion for Separate Trials on May 18, 2010. Guy B. Wallace, Mark T. Johnson and Amanda Hugh of Schneider Wallace Cottrell Brayton Konecky appeared for plaintiffs. Deputy City Attorneys James M. Emery and Elaine O'Neil appeared for Defendant City San Francisco ("City"). The Court having considered the papers filed by the parties, and having heard argument from the parties on the motion, IT IS HEREBY ORDERED that Defendants' Motion for Separate Trials is DENIED.

      Defendant asserts that the Court should order a separate and later trial on the issue of curb ramps because the state court action in *King et al. v. City and County of San Francisco,* San Francisco Superior Court Case No. 07-459278, in which a proposed settlement has been reached, may result in a final judgment having a res judicata effect over the claims of Plaintiffs in this action regarding curb ramps. The Court is concerned, however, that there is currently no final judgment in the *King* case and no clear indication as to whether and when a final judgment based upon the settlement of that action might be entered. The rules of res judicata only apply when a final judgment is rendered. *Restatement (Second) of Judgments* § 13 (1982); *Nat'l Union Fire Ins. Co. v. Stites Prof. Law Corp.*, 235 Cal. App. 3d 1718, 1726, 1 Cal. Rptr. 2d 570 (1991). Under California law, which governs the res judicata effect of a state court proceeding in an ongoing federal action (*Marrese v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985).), a judgment is final for res judicata purposes only after an appeal has been has been exhausted or the time for filing an appeal has expired. *Nat'l Union Fire Ins. Co.*, 235 Cal. App. 3d at 1726; *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174, 102 Cal. Rptr. 2d 770 (2000).

      The Court is not in a position to know when a judgment based upon the settlement in the *King* case might become final. Plaintiffs' counsel here represent class members who have objected to the settlement in *King* and have stated that their clients will appeal any final approval of that settlement. An appeal in the state Court of Appeal may not be resolved for as long as two years. The Court is not prepared to bifurcate and stay the curb ramp portion of this case for an indefinite period until the resolution of the appellate proceedings in state court.

      The Court is also concerned that the proposed class in this case is broader than the provisionally certified settlement class in *King* because it is not limited to persons with mobility disabilities who use

1

wheelchairs or scooters for mobility. Even if a res judicata defense based upon the settlement in *King* were available, it would not apply to those members of the proposed class who do not use wheelchairs or scooters, including, for example, users of canes, walkers and other assistive devices. Accordingly, litigation of the same curb ramp issues on behalf of that subset of the class may still be necessary despite a final judgment in *King*.

The Court also finds that abstention under the *Colorado River* doctrine is not warranted.

For the foregoing reasons, and in the exercise of its discretion under Rule 42(b), the Court DENIES Defendant's motion for a separate trial on the issue of curb ramps.

IT IS SO ORDERED.

Dated: 6/1/10

_____*Saundra B. Armstrong*_____
HONORABLE SAUNDRA B. ARMSTRONG
United States District Judge