| | |
|---|---|
| Guy B. Wallace, State Bar No. 176151<br>Mark T. Johnson, State Bar No. 76904<br>Andrew P. Lee, State Bar No. 245903<br>SCHNEIDER WALLACE<br>COTTRELL BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br>TDD: (415) 421-1655<br>Email: gwallace@schneiderwallace.com<br>         mjohnson@schneiderwallace.com<br>         alee@schneiderwallace.com<br><br>James C. Sturdevant, State Bar No. 94551<br>Monique Olivier, State Bar No. 190385<br>Whitney B. Huston, State Bar No. 234863<br>THE STURDEVANT LAW FIRM<br>A Professional Corporation<br>354 Pine Street, Fourth Floor<br>San Francisco, CA 94104<br>Telephone: (415) 477-2410<br>Facsimile: (415) 477-2420<br>Email: jsturdevant@sturdevantlaw.com<br>         molivier@sturdevantlaw.com<br>         whuston@sturdevantlaw.com<br><br>Attorneys for Plaintiffs | DENNIS J. HERRERA, State Bar No. 139669<br>City Attorney<br>DANNY CHOU State Bar No. 180240<br>Chief of Complex and Special Litigation<br>JAMES M. EMERY, State Bar No. 153630<br>ELAINE M. O'NEIL, State Bar No. 142234<br>Deputy City Attorneys<br>Fox Plaza<br>1390 Market Street, Seventh Floor<br>San Francisco, California 94102-5408<br>Telephone:     (415) 554-4261<br>Facsimile:     (415) 554-3985<br>Email:         jim.emery@sfgov.org<br><br>Attorneys for Defendants<br>CITY AND COUNTY OF SAN FRANCISCO,<br>ET AL. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IVANA KIROLA, *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"), *et al.*;<br><br>    Defendants. | No. 4:07-CV-03685 SBA (EMC)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

This matter came on for hearing on May 18, 2010 on Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23. Guy B. Wallace, Mark T. Johnson and Amanda Hugh of Schneider Wallace Cottrell Brayton Konecky appeared for plaintiffs. Deputy City Attorneys James M. Emery and Elaine O'Neil appeared for Defendants City and County of San Francisco and its elected officials (collectively, "the City"). Having considered the papers and pleadings in the file and argument of counsel, and having found that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, IT IS HEREBY ORDERED that Plaintiffs' motion for class certification is GRANTED, as follows:

1. In their motion for class certification, Plaintiffs seek certification of the following class of persons with mobility disabilities:

> All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, California Government Code Section 11135, et seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq. due to disability access barriers to the following programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, the Palace of Fine Arts, the Academy of Science, de Young Museum, War Memorial Opera House, Davies Symphony Hall, 101 Grove Street and curb ramps, sidewalks, cross-walks, curb ramps [sic], and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

2. In addition, Plaintiffs seek an order appointing Plaintiff Ivana Kirola as the class representative and Schneider Wallace Cottrell Brayton Konecky LLP and The Sturdevant Law Firm as class counsel in this case.

3. The Court has considered and evaluated each of the required elements of class certification based upon the evidence in the record and finds as follows:

**Numerosity**

4. The City has not challenged the numerosity requirement of Rule 23(a)(1). The Court therefore finds that plaintiffs have satisfied Rule 23(a)(1)'s numerosity requirement. The evidence shows that there are approximately 21,000 persons with mobility disabilities who live in the City and County of San Francisco. Thus, the membership of the proposed class is sufficiently numerous that joinder would be impracticable.

**Commonality**

5.  Plaintiffs allege that the City has engaged in a pattern and practice of discrimination against them and other persons with mobility disabilities, in violation of the Americans with Disabilities Act and related federal and state laws, by failing to eliminate physical barriers to access in its pedestrian right-of-way, parks, libraries, pools and other specified facilities. They further assert that such discrimination is systemic and the result of the City's failure to adopt adequate policies and practices for ensuring access to its programs, services and activities, as required by the applicable statutes and regulations. The adequacy of the City's policies and practices for ensuring compliance with disability access laws is an overarching issue that is common to the claims of the class as a whole and is, therefore, sufficient to find that commonality is satisfied. *See, Dukes v. Wal-Mart Stores, Inc.* 603 F.3d 571, 587 (9th Cir. 2010), *citing Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members," because such a system implicates common factual questions). In that regard, Plaintiffs here have demonstrated numerous questions of law or fact that are common to the class under the permissive standards of Rule 23(a)(2). *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Accordingly, the Court finds that Rule 23(a)(2)'s commonality requirement is satisfied. *See, Californians for Disability Rights, Inc. v. California Department of Transportation*, 249 F.R.D. 334, 344-346.

**Typicality**

6.  The Court next finds that Plaintiffs have satisfied the typicality prong of Rule 23(a)(3) because the proposed class representative Ivana Kirola is a member of the classes she seeks to represent and has claims that are reasonably coextensive with the claims of the class. *Hanlon*, at 1020. She alleges that she has suffered the same type of harm as alleged on behalf of the class, caused by the same alleged system-wide failures by the City, under the same legal theories. Accordingly, the Court finds that the typicality requirement has been met. *Californians*

*for Disability Rights v. California Department of Transportation,* 249 F.R.D. 334, 346 (N.D. Cal. 2009).

**Adequacy**

7.  The Court also finds that the proposed class representative, Ivana Kirola, is an adequate representative of the class because she is committed to prosecuting the case on behalf of the class and does not have any conflicts of interest with the class.

8.  The City has challenged Ms. Kirola's ability to fairly and adequately protect the interests of the class in two respects.  First it objects that she is an inadequate class representative because she is a member of the proposed settlement class in the *King* state court action and therefore may be subject to a potential res judicata defense in this case, to which some members of the class in this case (*i.e.* those who do not use wheelchairs or scooters for mobility and who, therefore, do not belong to the *King* settlement class) are not subject.  In view of the present uncertainty regarding final approval of the settlement agreement in *King et al. v. City and County of San Francisco*, San Francisco Superior Court Case No. 459-278, as well as the present uncertainty as to when the state court settlement, if approved, will become a final judgment for purposes of res judicata, the Court rejects San Francisco's adequacy challenge to Ms. Kirola as class representative.

9.  At the hearing on the motion the City withdrew its second objection to Ms. Kirola's adequacy as a class representative based upon its contention that she lacks standing to seek relief regarding barriers that she has not herself encountered.  Accordingly, the Court does not consider it here and makes no finding as to the type or scope of relief Plaintiff might seek or obtain on behalf of the class in this case.  Such determinations will be made following trial based upon the evidence presented and the relief requested.   The Court finds that Rule 23(a)(4)'s adequacy requirement is satisfied with respect to Ms. Kirola's representation of the class.

10.  The City has not challenged the adequacy of proposed class counsel.  The Court also finds that Plaintiff Ivana Kirola has retained competent counsel to represent her and the class.  In particular, the Court has reviewed the declarations of Guy B. Wallace, Mark T. Johnson and

1  Monique Olivier and finds that Plaintiffs' counsel have substantial experience in class actions
2  generally and as class counsel in class action cases very similar to this one under Title II of the
3  Americans with Disabilities Act.  *See, e.g. Cherry v City College of San Francisco, et al.*  Case
4  No. C 04-04981 WHA (N. D. Cal.) ; *Lopez v San Francisco Unified School District,* Case No. C-
5  99-3260 SI (N.D. Cal.); *Siddiqi v. Regents of the University of California,* Case No. C 99-0970 SI
6  (N.D. Cal.); *Weissman v. Trustees of the California State University*, Case No. Civ. 97-02326
7  MMC (MEJ) (N.D. Cal.); *Gustafson v. Regents of the University of California,* Case No. C097-
8  4016 BZ (N.D. Cal.).   Thus, the requirements of Rule 23(a)(4) are met. *Id.*
9     11.   The Court rejects the City's objection that the class certification motion is untimely.

**Certification Under Rule 23(b)(2)**

12.   A class action can be certified under Fed. R. Civ. P. 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "[T]his requirement is almost automatically satisfied in actions primarily seeking injunctive relief." *Baby Neal v. Casey*, 43 F.3d 48, 58-59 (3d Cir. 1994).  Certification under Rule 23(b)(2) is appropriate where the plaintiffs seek meaningful declaratory and injunctive relief. *Molski v. Gleich*, 318 F.3d 949-50 (9th Cir. 2003).

13.   The City does not contest that this case satisfies the requirements of Rule 23(b)(2), since the relief plaintiffs seek includes class-wide injunctive relief as to San Francisco's policies and practices regarding access to City facilities and programs for persons with mobility disabilities. Accordingly, certification under Rule 23(b)(2) is warranted. *Californians for Disability Rights v. California Department of Transportation,* 249 F.R.D. at 349.

**Definition of the Class**

14.   The parties dispute the proper class definition in this case.  In their motion, plaintiffs sought certification of the following class:

> All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, California Government Code Section 11135,

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

> et seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq. due to disability access barriers to the following programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, the Palace of Fine Arts, the Academy of Science, de Young Museum, War Memorial Opera House, Davies Symphony Hall, 101 Grove Street, curb ramps, sidewalks, cross-walks, curb ramps [sic] and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

At the May 18 oral argument, plaintiffs' counsel agreed to remove from their proposed class definition the specific examples of the Academy of Science, deYoung Museum, War Memorial Opera House, Davies Symphony Hall and 101 Grove Street. Transcript of Proceedings, May 18, 2010 ("Transcript"), at 52:14-15, 55:2-57:7. At the close of the May 18 oral argument, plaintiffs' counsel subsequently proposed that the general categories of museums and music facilities be added to the proposed class definition. Transcript, at 73:2-11. In its proposed order submitted on May 24, plaintiffs requested that the additional category of "certain civic center buildings" also be inserted into the class definition.

15. San Francisco objects to such a modification of the class definition for several reasons.

16. First, diverse legal entities are responsible for design, construction and operation of the various cultural facilities in San Francisco that Plaintiffs now wish to include in their class definition. Plaintiffs have not demonstrated that the City's policies and practices regarding disabled access apply to these cultural institutions, which are often designed, constructed and/or operated by various legally distinct 501(c)(3) non-profit entities. This situation contrasts sharply with City parks, libraries, swimming pools and the pedestrian right of way, the uncontested categories in plaintiffs' proposed class definition. Each park and each swimming pool is under the management of the City's Recreation and Park Department. Likewise, each library is under the management of the San Francisco Public Library, and the City's Department of Public Works is responsible for the pedestrian right of way. Common policies and practices therefore apply across each of the uncontested categories in plaintiffs' proposed class definition. Because the responsibility for design, construction and/or operation of the City's diverse cultural facilities falls variously to the City and to separate 501(c)(3) non-profit entities, Plaintiffs have not established

common issues as to policies and practices regarding access for persons with mobility disabilities to the City's museums, music venues or civic center buildings.

17.   Furthermore, the proposed addition would broaden the substantive scope of this case to include cultural institutions that were not within the scope of the class definition plaintiffs proposed with their motion (*i.e.*, museums, music facilities and civic center buildings that were not among the six specifically designated facilities identified by name in plaintiffs' proposed class definition, such as, for example, the Asian Art Museum and the Legion of Honor Museum).

18.   Plaintiffs' belated proposal to add new categories to their proposed class definition would essentially undo their agreement at the May 18 hearing to omit the six identified facilities from their class definition.  Plaintiffs agreed to omit these facilities specifically in order to address the City's objections.

19.   Finally, the legally distinct 501(c)(3) non-profit entities responsible for design, construction and/or operation of individual cultural facilities may be necessary parties pursuant to Fed.R.Civ.P. 19 for adjudication of access violations at those facilities or for the granting of relief regarding any of those facilities, and the time to add such parties is long past.

20.   For these reasons, the Court will not permit plaintiffs to add to their class definition the generic categories of museums, music facilities and certain civic center buildings.

For the foregoing reasons, the Court makes the following ORDERS:

1.   Plaintiffs' motion for certification of the following class is GRANTED:

> All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, California Government Code Section 11135, et seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq. due to disability access barriers to the following programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, and curb ramps, sidewalks, cross-walks, and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

2.   The Court appoints Ivana Kirola as the class representative.

3. The Court appoints the law firms of Schneider Wallace Cottrell Brayton Konecky LLP and The Sturdevant Law Firm as class counsel in this case.

IT IS SO ORDERED.

Dated: 6/4/10

_____
UNITED STATES DISTRICT JUDGE
HON. SAUNDRA B. ARMSTRONG