Guy B. Wallace, State Bar No. 176151
Mark T. Johnson, State Bar No. 76904
Andrew P. Lee, State Bar No. 245903
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: gwallace@schneiderwallace.com
        mjohnson@schneiderwallace.com
        alee@schneiderwallace.com

James C. Sturdevant, State Bar No. 94551
Monique Olivier, State Bar No. 190385
Whitney B. Huston, State Bar No. 234863
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420
Email: jsturdevant@sturdevantlaw.com
        molivier@sturdevantlaw.com
        whuston@sturdevantlaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"), *et al.*; <br><br> Defendants. | No. 4:07-CV-03685 SBA (EMC) <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR DISCRIMINATION AGAINST PERSONS WITH DISABILITIES IN VIOLATION OF: THE AMERICANS WITH DISABILITIES ACT OF 1990; SECTION 504 OF THE REHABILITATION ACT OF 1973; CAL. CIV. CODE §§ 51, ET SEQ., CAL. CIV. CODE §§ 54, ET SEQ., AND CAL. GOVT. CODE §§ 11135, ET SEQ.** |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

## **INTRODUCTON**

1.    This action seeks to redress the CITY AND COUNTY OF SAN FRANCISCO's (hereafter "the CITY") failure to provide to persons with mobility disabilities the minimum legally required access to facilities, programs, services, and activities owned, operated, controlled, provided and/or maintained by the CITY.  Plaintiffs IVANA KIROLA and ELIZABETH ELFTMAN have suffered ongoing deprivations of their civil rights as well as loss of equal access because of the CITY's repeated violations of federal and state disability nondiscrimination laws regarding access for persons with mobility disabilities.  The facilities owned, operated, or controlled by the CITY are characterized by multiple, pervasive, and hazardous physical access barriers.  The CITY's architectural barriers include, *inter alia*, dangerous and inaccessible sidewalks, dangerous and unsafe intersections, inaccessible passenger loading zones, inaccessible public buildings, inaccessible paths of travel within public buildings, inaccessible service counters within public buildings, inaccessible or nonexistent parking for the disabled, inadequate signage and excessive door pressures in public buildings, inaccessible or non-operational elevators within public buildings, inaccessible public parks, and inaccessible public pools.  Many of these barriers constitute safety hazards to persons who have mobility disabilities.

2.    The CITY has also failed to adopt and implement effective policies to ensure that its public facilities and programs are readily accessible to and usable by persons with mobility disabilities.  The CITY has performed new construction and alterations to its existing facilities without complying with federal and state disability access design standards.  The CITY has known for at least thirty years that it was required by Section 504 of the Rehabilitation Act of 1973 and its accompanying regulations to address its unequal facilities in the form of a Self-Evaluation Plan and a Transition Plan, in which the CITY identified facilities, programs, services, and activities that deny equal access to persons with disabilities.  The CITY has also known for over a twenty-five years that it was required by Section 504 of the Rehabilitation Act of 1973 and its accompanying regulations to have implemented structural changes to create equal access to the facilities and programs owned, operated, controlled and/or maintained by the CITY.  In addition, the CITY has known that it was required under Title II of the Americans with Disabilities Act of

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  1990 ("ADA") to make structural changes to create equal access to its facilities by January 26,

2  1995.  The CITY has failed to meet these federal and state requirements, failed to develop and

3  implement adequate plans, and has denied equal access to persons with mobility disabilities.  The

4  Mayor of the CITY and the members of the CITY's Board of Supervisors are each responsible for

5  ensuring compliance with federal and state law within and by the CITY's various facilities,

6  programs, services, and activities.  Despite the obligation of the Mayor and the Board of

7  Supervisors to ensure that the CITY complies fully with federal and state disability non-

8  discrimination laws, they have failed and refused to ensure such compliance.

9        3.      Plaintiffs seek declaratory and injunctive relief against the Defendants for severely

10  limiting Plaintiffs' access to the CITY's facilities, programs, services, and activities by knowingly

11  refusing to eliminate architectural and programmatic barriers, resulting in emotional and physical

12  distress to Plaintiffs and violating Title II of the Americans With Disabilities Act, 42 U.S.C. §

13  12101 *et seq.*, and its accompanying regulations; Section 504 of the Rehabilitation Act of 1973, as

14  amended, 29 U.S.C. § 794, and its accompanying regulations; 42 U.S.C. § 1983; California Civil

15  Code §§ 51 *et seq.*; California Civil Code §§ 54, *et seq.*; and California Government Code

16  §§11135, *et seq.*

17        4.      Plaintiffs have no adequate remedy at law and, unless the Defendants are

18  preliminarily and permanently enjoined, Plaintiffs will continue to suffer irreparable harm as a

19  result of their exclusion from basic facilities, programs, services, and activities.

20                                    **JURISDICTION**

21        5.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§

22  1331, 1343(a)(3)-(4).  The Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, Section

23  504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, and 42 U.S.C. § 1983 present

24  federal questions and confer jurisdiction on this Court over Plaintiffs' claims regardless of the

25  amount in controversy.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction

26  over Plaintiff's pendant claims under California law.

27  //

28  //

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
2

**VENUE**

6.      Venue is proper in the Northern District of California, the judicial district in which these claims have arisen, pursuant to 28 U.S.C. §1391(b).

**INTRADISTRICT ASSIGNMENT**

7.      Assignment of this action to the United States District Court for the Northern District of California, San Francisco/Oakland, is proper pursuant to Civil L.R. 3-2 because these civil claims arose in the County of San Francisco, within this District.

**THE PARTIES**

8.      Plaintiff IVANA KIROLA is a person with a mobility disability within the meaning of all applicable statutes, and she is a qualified person with disabilities within the meaning of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973.  IVANA KIROLA has cerebral palsy.  She is unable to walk, has limited use of her hands, and is legally blind.  She uses a power wheelchair for mobility.  Plaintiff IVANA KIROLA is a resident of San Francisco County and is a citizen of the State of California and the United States.

9.      Plaintiff ELIZABETH ELFTMAN is a person with a mobility disability within the meaning of all applicable statutes, and she is a qualified person with disabilities within the meaning of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973.  She has been using a cane for mobility for more than two years.  Ms. Elftman can only walk for six blocks at a time, and in doing so, she must rest frequently for several minutes.  Plaintiff ELIZABETH ELFTMAN is a resident of San Francisco County and is a citizen of the State of California and the United States.

10.      The CITY is a local government entity, with responsibility for providing Plaintiffs with access to its public facilities, programs, services, and activities.

11.      GAVIN NEWSOM is the Mayor of the CITY (hereinafter the "Mayor"); AARON PESKIN is the President and a member of the Board of Supervisors; JAKE MCGOLDRICK, MICHELA ALIOTO-PIER, ROSS MIRKARIMI, ED JEW, CHRIS DALY, SEAN ELSBERND, BEVAN DUFTY, TOM AMMIANO, SOPHIE MAXWELL, and GERARDO SANDOVAL are members of the Board of Supervisors (hereinafter the "Board").  The Mayor and the Board are

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
3

1    each legally responsible for ensuring compliance with federal and state law by the CITY.

2        12.    The CITY, the Mayor and the Board of Supervisors will be collectively referred to as

3    "Defendants."

4                    **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

5        13.    The CITY receives federal and state funds for its programs and facilities.

6        14.    Pursuant to Section 504 of the Rehabilitation Act and its accompanying regulations,

7    the CITY was required to create and implement a transition plan by December 1977, with all

8    corresponding structural changes identified in the transition plan to be completed by June 3, 1980.

9    45 C.F.R. § 84.22(d).  The ADA imposes similar obligations on the CITY, requiring that it create

10   and implement a transition plan by June 26, 1992, with all corresponding structural changes

11   completed by January 26, 1995.  28 C.F.R. § 35.150.

12       15.    California state law prohibiting disability discrimination, including Government

13   Code § 11135, incorporates the ADA and makes a violation of the ADA a violation of state law

14   and related regulations.  Government Code § 11135 et seq. and applicable regulations require that

15   the CITY conduct a self-evaluation of the effect of its policies and practices on persons with

16   disabilities, identify structural changes to facilities that are necessary to eliminate barriers to access

17   to its programs and activities, prepare a transition plan with a schedule for eliminating those

18   barriers, and complete the process of barrier elimination within three years.  California Code of

19   Regulations §§ 98251, 98254, 98257, 98258.  As with its obligations under federal law, the City

20   has failed to comply with its obligations under state law to create and implement an adequate

21   transition plan.

22       16.    The CITY has numerous illegal physical and programmatic barriers to residents,

23   visitors, and other individuals who use wheelchairs and/or who have mobility disabilities,

24   including Plaintiffs IVANA KIROLA and ELIZABETH ELFTMAN, which deny such persons

25   full and equal access to the CITY's public premises, facilities, programs, services, and activities.

26   Examples of such barriers include the following:

27            a.    CITY sidewalks that do not have curb ramps and are, therefore, inaccessible to

28                persons with mobility impairments;

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
4

1      b.  CITY sidewalks with curb ramps that are too steep or that have hazardous cross-
2          slopes, or are located in such a way as to force persons with mobility
3          impairments onto the streets, making them inaccessible to persons with mobility
4          disabilities and unsafe for them to use;
5      c.  Designated passenger loading zones in the middle of CITY blocks that lack curb
6          ramps, making them inaccessible for persons with mobility disabilities;
7      d.  Public buildings and spaces (including, but not limited to, key and unique
8          administrative buildings, museums, libraries, parks, and recreation centers)
9          housing facilities, programs, services, and activities offered by the CITY that
10         contain ramps that are too steep, constituting safety hazards to persons with
11         mobility disabilities;
12     e.  Public facilities with hazardous or inaccessible paths of travel, making them
13         unsafe for persons with mobility disabilities;
14     f.  Public facilities with restrooms that are inaccessible to persons with mobility
15         disabilities;
16     g.  Public facilities with inaccessible or non-operational elevators;
17     h.  Public facilities that are inaccessible to persons with mobility disabilities because
18         the entryways are too steep or consist only of stairs;
19     i.  Public facilities with entire floors or sections that are inaccessible to persons with
20         mobility disabilities because they are accessible only by stairs;
21     j.  Public facilities with drinking fountains and service counters that are inaccessible
22         to persons with mobility disabilities;
23     k.  Public facilities with inadequate signage, making them inaccessible to persons
24         with mobility disabilities;
25     l.  Public facilities with door hardware or excessive door pressures that prevent
26         access through the doors to persons with mobility disabilities;
27     m.  Public facilities that lack or have insufficient parking accessible to persons with
28         mobility disabilities;

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1            n.   Parks, including Golden Gate Park, that are inaccessible, or only partially

2                accessible, to persons with mobility disabilities;

3       17.     The CITY continues to perform new construction of its public buildings and

4 facilities that does not comply with state and federal disability access design standards.

5       18.     The CITY has received numerous complaints regarding these and similar access

6 barriers, yet the CITY has failed to come into full compliance with applicable laws

7 notwithstanding the severe negative impact that this conduct has caused for Plaintiffs IVANA

8 KIROLA and ELIZABETH ELFTMAN as well as other persons with mobility disabilities.

9       19.     Because of the Defendants' misconduct and failure to remove architectural and

10 programmatic access barriers, Plaintiffs have been denied full and equal access to the CITY's

11 facilities, programs, services, and activities.  Plaintiffs have suffered and risk suffering severe

12 physical injury and damage to their mental health because Defendants have failed and refused to

13 ensure that the CITY complies with federal and state disability anti-discrimination laws, including

14 the CITY's failure to remove illegal and hazardous architectural and programmatic barriers.

15       20.     Defendants have known for years that they are operating illegal facilities and

16 programs, which, by reason of multiple and severe architectural barriers, discriminate against

17 persons with mobility disabilities.  Despite this knowledge, Defendants have intentionally refused

18 to comply with federal and state disability non-discrimination laws.

19       21.     The Mayor and the Members of the Board of Supervisors are legally responsible for

20 failing to ensure the CITY's full compliance with federal and state law, as alleged in this

21 Complaint.

22       22.     Plaintiff IVANA KIROLA travels to many parts of the CITY on a regular basis,

23 including the Western Addition, the Mission, and the Financial District, and has been denied

24 access at many points throughout the CITY.

25       23.     Plaintiff IVANA KIROLA has cerebral palsy and must use a scooter for mobility.

26 Plaintiff IVANA KIROLA experiences mobility difficulties due to cracked and inaccessible

27 sidewalks, inaccessible paths of travel, inadequate and dangerous curb ramps, a lack of curb cuts,

28 and a lack of adequate or accessible ramps and accessible paths of travel at CITY parks, pools, and

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)

6

1    public buildings.  Plaintiff IVANA KIROLA has been repeatedly and routinely denied full and

2    equal access to the CITY's facilities, programs, services, and activities because of the Defendants'

3    refusal and failure to provide the legally required access to the CITY's streets and buildings.

4         24.    Many of the CITY'S curb ramps are too steep and make travel for Plaintiff IVANA

5    KIROLA difficult and dangerous.  For example, the curb ramps at the intersections of Octavia

6    Street and McAllister Street and at Van Ness Avenue and California Street are too steep, and the

7    curb ramp at the intersection of Olive Street and Van Ness Avenue is so steep that Plaintiff

8    IVANA KIROLA fell out of her wheelchair when trying to cross the street.

9         25.    Many intersections in the CITY still lack curb ramps.  For example, the intersection

10   at Grove Street and Fillmore Street, which is in Plaintiff IVANA KIROLA'S residential

11   neighborhood, has curbs that do not provide curb ramps.  Because this intersection does not have

12   curb ramps, Plaintiff IVANA KIROLA is often forced to take a longer alternate route.  Plaintiff

13   IVANA KIROLA also has difficulty traveling in this area of her neighborhood because the cross

14   slope on the south side of the sidewalk on Grove Street between Fillmore Street and Webster

15   Street is too steep.

16        26.    Lack of curb ramps also impedes Plaintiff IVANA KIROLA's travel and use of

17   public areas of the CITY outside of her neighborhood.  For example, the intersection of 18th Street

18   and Shotwell Street has a curb without a curb ramp.  The intersection of Guerrero Street and 16th

19   Street has a curb with only one curb ramp.  Curbs on 26th Street between Mission and Harrison are

20   missing curb ramps.  Plaintiff IVANA KIROLA travels this area at least twice a month when

21   going to the CITY'S Garfield Swimming Pool.

22        27.    Plaintiff IVANA KIROLA uses the CITY'S pools for exercise, but does not have

23   full and equally effective access to them.  Hamilton, Garfield, and Sava pools do not have

24   accessible showers, and the "accessible" bathroom at Sava pool does not have a grab bar.  North

25   Beach pool is also inaccessible because its entry door is too heavy and has excessive door pressure,

26   and is not equipped with an automated push button to open it.

27        28.    Plaintiff IVANA KIROLA encounters access barriers in her neighborhood when she

28   goes to grocery stores located at the intersections of Geary Boulevard and Masonic Avenue and at

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
7

1   Geary Boulevard and Fillmore Street.  The curb ramps on Masonic Avenue are too steep, and the

2   curb ramps on Geary Boulevard do not have detectable domes, which make them difficult for

3   Plaintiff IVANA KIROLA to detect and use.

4        29.     Plaintiff IVANA KIROLA also encounters access barriers when she goes to the

5   Financial District.  Many of the curb ramps on Montgomery Street are too steep, and several of

6   them have sections of pavement missing at the bottom of the curb ramp, which results in a safety

7   hazard.  Many of the curb ramps in the Financial District have lips that are in excess of three

8   inches high and which are not beveled.

9        30.     Plaintiff IVANA KIROLA encounters access barriers when traveling to her doctors'

10  offices.  When visiting her doctor, who is located at Divisadero Street and Geary Boulevard,

11  Plaintiff IVANA KIROLA has to navigate curb ramps that are too steep.  When visiting her doctor

12  at the Parnassus Medical Center, she also has to use curb ramps that are too steep.

13       31.     Plaintiff IVANA KIROLA has difficulty accessing the City Health Department

14  building located at 101 Grove Street because the entry ramp is too steep.  Furthermore, the

15  entrance for persons with mobility disabilities is on the side of the building, and is separate and

16  distinct from the main entrance used by nondisabled persons.  The intersection of Polk Street and

17  Grove Street, where the City Health Department is located, is also not fully accessible because the

18  curb ramps do not have detectable domes.  Plaintiff IVANA KIROLA has gone off the curb in her

19  wheelchair at this intersection because she was not able to detect the curb.

20       32.     Many of the bus islands in the CITY, including those located at Church Street and

21  Market Street and at Market Street and 8th Street, are not accessible.  A bus driver once let Plaintiff

22  IVANA KIROLA off on an inaccessible island where she was stranded until she had someone help

23  her off the island.  There were no curb ramps for a person with a mobility disability to use at the

24  bus island.

25       33.     Many of the CITY'S parks are inaccessible to Plaintiff IVANA KIROLA, including

26  Alamo Square Park, which has an "accessible" entrance that is too steep, and Park Merced, which

27  has sidewalks that are too narrow and are uneven.  Golden Gate Park is also inaccessible to

28  Plaintiff IVANA KIROLA because many of its sidewalks are too narrow and the cross-slopes are

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

too steep.  Plaintiff IVANA KIROLA visits Golden Gate Park several times a year and has to deal with these access barriers each time she visits.  Plaintiff IVANA KIROLA faces similar barriers when she visits the Palace of Fine Arts where the sidewalks lack curb ramps.

34.      Plaintiff ELIZABETH ELFTMAN travels to many parts of the CITY, and has been denied access at many points throughout the CITY.  Plaintiff ELIZABETH ELFTMAN has been a resident of San Francisco for over forty years.

35.      Plaintiff ELIZABETH ELFTMAN has a physical disability and is unable to walk without the assistance of a cane and cannot walk more than six blocks at a time without stopping to rest for several minutes.  Plaintiff ELIZABETH ELFTMAN experiences mobility difficulties due to cracked and inaccessible sidewalks, lack of adequate handrails, and lack of accessible paths of travel at CITY buildings and parks.  Plaintiff ELIZABETH ELFTMAN has been repeatedly and routinely denied full and equal access to the CITY's facilities, programs, services, and activities because of the Defendants' refusal and failure to provide the legally required access to the CITY's streets and buildings.

36.      Tree roots have raised and damaged the sidewalks in Plaintiff ELIZABETH ELFTMAN'S neighborhood near the intersection of Laguna Street and Geary Boulevard.  Plaintiff ELIZABETH ELFTMAN, who uses a cane and has difficulty navigating the abrupt transitions created by the damaged sidewalk, has tripped and fallen near this intersection because this portion of the sidewalk had been upturned by tree roots.  Plaintiff ELIZABETH ELFTMAN goes shopping at stores on Post Street, Laguna Street and Webster Street, and encounters tripping hazards on the sidewalks while traveling in her neighborhood for these purposes.

37.      Plaintiff ELIZABETH ELFTMAN has medical appointments on a monthly basis at the University of California Medical Center at San Francisco and Kaiser Medical Center for doctors' appointments.  When she goes to these appointments she uses the bus stop at Masonic Street and Geary Boulevard.  The pavement at this stop is damaged and uneven, which makes this stop difficult and unsafe for her to use and inaccessible to someone using a wheelchair.  Plaintiff ELIABETH ELFTMAN has also encountered access barriers on Sutter Street, where there is a section of sidewalk that is partially missing, broken and uneven.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
9

38.     Plaintiff ELIZABETH ELFTMAN lives a few blocks from Jefferson Square Park, which is inaccessible to her because it does not have handrails with extensions.  Plaintiff ELIZABETH ELFTMAN has difficulty climbing and descending stairs when the handrails do not have extensions.  The extensions give her the stability she needs at the bottom and top of a staircase.

39.     Plaintiff ELIZABETH ELFTMAN has encountered physical access barriers in various CITY facilities.  Davies Symphony Hall is inaccessible because of a lack of accessible paths of travel and a lack of handrails with extensions.  The War Memorial Opera House is inaccessible because it does not have handrails with extensions, does not have adequate accessible parking, contains doors that are too heavy to be accessible, and lacks accessible seating.  The Opera House's lack of doors that have the required clearance makes it inaccessible to wheelchair users.

40.     Plaintiff ELIZABETH ELFTMAN'S primary source of exercise is swimming, and she uses the CITY's public pools.  None of the pools she has used (Garfield, Hamilton, and North Beach Pool) have handrails with extensions, which makes entering and exiting the pools both difficult and unsafe for her.  In addition, the last step on the staircase in the Hamilton pool is approximately one foot above the floor of the pool, which makes the last step too steep and unsafe for Plaintiff ELIZABETH ELFTMAN to use.  In an attempt to provide for a more gradual descent, the CITY has placed a plastic block at the foot of the staircase, but the plastic block is an inadequate and unsafe substitute for a real step.

## CLASS ALLEGATIONS

41.     The named Plaintiffs bring this action on behalf of themselves and all persons similarly situated.  The class that Plaintiffs seek to represent is comprised of the following:

> All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, California Government Code Section 11135, et seq., California Civil Code § 51 et seq., and California Civil Code § 54 seq. due to disability access barriers to the following programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, the Academy of Science, the Palace of Fine Arts, deYoung Museum, War Memorial Opera House, Davies Symphony Hall, 101 Grove Street, curb ramps, sidewalks,

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

cross-walks, and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

42.     The members of the proposed class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit both to the parties and to this Court.

43.     There is a well-defined community of interest among the members of the proposed class in the questions of law and fact to be decided in this case.  All members of the class have been and continue to be denied their civil rights to full and equal access to, and use and enjoyment of, the facilities, programs, services and activities operated by the Defendants because of the violations of disability access laws alleged herein.

44.     There are numerous questions of law and fact common to the class, including, but not limited to, the following:

a.   Whether the CITY adopted a "transition plan" in a timely manner as required by 28 C.F.R. §35.150(d); 45 C.F.R. § 84.22(d); and 22 C.C.R. § 98258;

b.   Whether any transition plan adopted by the CITY was adequate;

c.   The extent to which any transition plan adopted by the CITY remains unimplemented;

d.   Whether the failure to adopt and implement a transition plan resulted in the access barriers described herein;

e.   Whether the CITY's sidewalks, crosswalks, parks, libraries, pools, museums and public buildings owned and operated by the CITY contain physical barriers to access by persons with mobility disabilities which violate the disability access laws alleged herein and applicable regulations;

f.   Whether physical barriers to access deprive class members, including the named Plaintiffs, of full and equal access to, and the use and enjoyment of, programs, services and activities offered by the CITY.

g.   Whether facilities or parts of facilities owned or operated by the CITY are "new construction" and/or "alterations" within the meaning of 28 C.F.R. § 35.151;

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

h.   Whether facilities or parts of facilities owned or operated by the CITY that constitute

"new construction" or "alterations" are in compliance with 28 C.F.R. § 35.151.

45.   The issues of law and fact common to the class predominate over individual issues.

46.   The claims of the named Plaintiffs are typical of those of the class in that they arise from the same course of conduct engaged in by the CITY.  The relief sought herein will benefit all class members alike.

47.   The CITY has acted and refused to act on grounds generally applicable to the class, making the declaratory and injunctive relief sought on behalf of the class as a whole appropriate.

48.   The named Plaintiffs will fairly and adequately represent the interests of the class. They have no interests adverse to the interests of other members of the class and have retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

49.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members of the class is impracticable.

50.   References hereafter to Plaintiffs include the named Plaintiffs and each member of the class.

### FIRST CLAIM
**Violations of the Americans with Disabilities Act of 1990**
**(Against all Defendants)**

51.   Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

52.   The acts alleged herein constitute violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131, *et seq.*, and the regulations promulgated thereunder. Title II of the ADA provides, *inter alia*, that (a) people with disabilities shall not be excluded from participation in, nor be denied the benefits of any services, programs, or activities of a public entity, or be subjected to discrimination by any such entity; (b) a public entity may not provide a qualified person with a disability any aid, benefit, or service that is inferior to that received by non-disabled persons; (c) public entities and recipients of federal monies that employ fifteen or more persons shall adopt and complete implementation of an effective transition plan by no later than

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1    January 26, 1995.

2        53.    The CITY is a public and local government entity within the meaning of Title II of

3    the ADA and employs more than fifteen employees at all times relevant to this action.

4        54.    Defendants' discriminatory conduct alleged herein constitutes, *inter alia*, (a) failure

5    to provide safe and equal access to the CITY's programs, facilities, services, and activities; (b)

6    denial of access to the CITY's facilities, programs, services, and activities; (c) failure to formulate

7    and implement an adequate self-evaluation and transition plan; (d) failure to take prompt and

8    equitable steps to remedy its discriminatory conduct; and (e) failure to maintain in operable

9    condition those features of facilities and equipment that Title II of the ADA requires to be readily

10   accessible to and usable by persons with disabilities.

11       55.    The premises administered by Defendants include buildings, structures, and related

12   facilities within the meaning of the Americans with Disabilities Act Accessibility Guidelines

13   ("ADAAG") and the Uniform Federal Access Standards ("UFAS").  Plaintiffs are informed and

14   believe, and on that basis allege, that since January 26, 1992, Defendants have constructed, altered,

15   or repaired parts of these premises within the meaning of the ADAAG and the UFAS, and that

16   Defendants have failed to make their facilities readily accessible to and usable by persons with

17   disabilities as required under federal accessibility standards.

18       56.    Pursuant to 42 U.S.C. §12133 and the remedies, procedures, and rights set forth in

19   §794 of Title 29 incorporated therein, Plaintiffs pray for judgment as set forth below.

20                                    **SECOND CLAIM**
                        **Violations of Section 504 of the Rehabilitation Act of 1973**
21                                **(Against All Defendants)**

22       57.    Plaintiffs incorporate by reference as though fully set forth herein the preceding

23   paragraphs of this Complaint.

24       58.    The acts alleged herein constitute violations of Section 504 of the Rehabilitation Act

25   of 1973, 29 U.S.C. §§794, *et seq.*, and the regulations promulgated thereunder.  Section 504 of the

26   Rehabilitation Act provides, *inter alia*, that no otherwise qualified individual with a disability

27   shall, solely by reason of his or her disability, be excluded from the participation in, be denied the

28   benefits of, or be subjected to discrimination under any program or activity receiving federal

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)

13

1   financial assistance.

2       59.     The CITY is a direct recipient of federal financial assistance sufficient to invoke the

3   coverage of Section 504, and has received such federal financial assistance at all times relevant to

4   the claims asserted in this Complaint.

5       60.     Defendants have violated Plaintiffs' rights under Section 504 of the Rehabilitation

6   Act of 1973 and the regulations promulgated thereunder by:  (1) denying Plaintiffs their right to

7   full, equal, and safe access to the facilities, programs, services, and activities offered by the CITY;

8   (2) failing to develop and implement an adequate self-evaluation and transition plan that sets forth

9   the steps necessary to achieve full and equally effective access for persons with mobility

10  disabilities; and (3) by otherwise discriminating against the Plaintiffs solely by reason of their

11  disabilities.

12      61.     The premises owned and operated by Defendants include buildings, structures, and

13  related facilities within the meaning of the Americans with Disabilities Act Accessibility

14  Guidelines (ADAAG) and the Uniform Federal Access Standards (UFAS).  Plaintiffs are informed

15  and believe, and on that basis allege, that since June 3, 1977, Defendants have constructed, altered

16  or repaired parts of these premises within the meaning of the ADAAG, the UFAS, and other

17  applicable federal disability access design standards, and have failed to make those premises

18  readily accessible to and usable by persons with disabilities as required under federal accessibility

19  standards.

20                              **THIRD CLAIM**
                                **42 U.S.C. §1983**
21  **(Against the Mayor and Members of the Board of Supervisors in their Official Capacities)**

22      62.     Plaintiffs incorporate by reference as though fully set forth herein the preceding

23  paragraphs of this Complaint.

24      63.     The acts and omissions of the Mayor and Members of the Board of Supervisors,

25  under color of law as well as official policy and custom, as hereinabove set forth, deprive Plaintiffs

26  of their rights under Section 504 of the Rehabilitation Act of 1973 and Title II of the ADA in

27  violation of 42 U.S.C. §1983, for which Plaintiffs seek and are entitled to injunctive and

28  declaratory relief.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
14

64.     The acts of Defendants as herein alleged were willful, intentional, and oppressive.

**FOURTH CLAIM**
**(Violations of California Civil Code §§51, *et seq.*)**
**(Against All Defendants)**

65.     Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

66.     Defendants own, operate and/or lease business establishments within the meaning of the Unruh Civil Rights Act.  CITY facilities are public accommodations whose facilities and programs are open to the general public and are operated for the public benefit.  The CITY provides its facilities, programs and services to the public, enters into business contracts with a myriad of business entities, and markets and promotes its programs, services, facilities and activities to the general public.

67.     The actions of Defendants constitute intentional discrimination against persons with disabilities and violate the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*, in that physically disabled persons have been and are denied full and equal accommodations, advantages, facilities, privileges, and services provided to non-disabled persons.

68.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* and therefore Plaintiffs are also entitled to injunctive relief and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(Violations of Cal. Civ. Code §§ 54, *et seq.*)**

69.      Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

70.     The facilities of the CITY constitute places of public accommodation and places to which the general public is invited within the meaning of California Civil Code §§ 54.1, *et seq.* The CITY provides its facilities, programs and services to the public, enters into business contracts with a myriad of business entities, and markets and promotes its programs, services, facilities and activities to the general public.

//

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

71.     Defendants' discriminatory conduct also includes the CITY's failure to comply with California Government Code §§ 4450, *et seq.*   California Government Code sections 4450 *et seq.* requires that all buildings, structures, sidewalks, curbs and related facilities that are constructed with the use of state, county, or municipal funds must provide full and equal access to persons with disabilities.  The accessibility standards require that in no instances shall such standards of accessibility and usability provided be a lesser standard than that provided by the Accessibility Guidelines prepared by the federal Access Board as adopted by the United States Department of Justice to implement the Americans with Disabilities Act of 1990.  The City and County of San Francisco is an entity that is funded directly by the State of California and/or that receives financial assistance from the State of California.

72.     Defendants have failed to ensure that all buildings, structures, sidewalks, curbs and related facilities of the CITY provide full and equal access to persons with disabilities, as required by California Government Code §§ 4450, *et seq.* and Cal. Civ. Code §§ 54, *et seq.* Defendants have also failed to rectify the unauthorized deviations from applicable regulations and building standards by full compliance within 90 days after discovery of the deviation, as required by Cal. Govt. Code §4452 and Cal. Civ. Code §§ 54, *et seq*.

73.     Defendants have violated, and continue to violate, Plaintiffs' rights under Civil Code §§ 54, *et seq.* and therefore, Plaintiffs are also entitled to injunctive relief and reasonable attorneys' fees and costs.

**SIXTH CLAIM**
**(Violations of Cal. Govt. Code §§ 11135, *et seq.*)**

74.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint, as though fully set forth herein.

75.     The CITY is funded directly by the State of California and receives financial assistance from the State of California sufficient to invoke the coverage of Government Code sections 11135, *et seq.*  The City was the recipient of such funding and financial assistance at all time relevant to the claims asserted in this Complaint.

//

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

76.     Defendants have refused and failed to provide Plaintiffs with full and equal access to their facilities, programs, services and activities as required by California Government Code sections 11135, *et seq.*

77.     Defendants' alleged discriminatory conduct in violation of Section 11135 and its applicable regulations includes the failure to develop and implement an adequate self-evaluation and transition plan as required by 22 C.C.R. §§ 98251 and 98258.

### ALLEGATIONS SUPPORTING DECLARATORY AND INJUNCIVE RELIEF

78.     Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

79.     A present and actual controversy exists regarding the respective rights and obligations of Plaintiffs and Defendants.  Plaintiffs desire a judicial determination of their rights and Defendants' obligations in a declaration as to whether, and to what extent, the Defendants' conduct violates applicable law.

80.     Such a declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights.  Such a declaration is also necessary and appropriate to prevent further harm or infringement of Plaintiffs' rights.

81.     Plaintiffs have no adequate remedy at law for the harm to them arising from the conduct alleged herein.  Unless and until Defendants are preliminarily and permanently enjoined from engaging in such conduct, Plaintiffs will continue to suffer irreparable harm as a result of their exclusion from basic facilities, programs, services, and activities.

82.     Plaintiffs are entitled to declaratory and injunctive relief pursuant to each of the laws under which this action is brought.

//

//

//

//

//

//

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
17

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

1.      Issue a declaratory judgment that Defendants' failure to provide full, equal, and safe access for Plaintiffs to the facilities, programs, services, and activities that Defendants offer to non-disabled persons violates Plaintiffs' rights under Title II of the ADA, § 42 U.S.C. 12131 *et seq.*, and the regulations promulgated thereunder, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, California Civil Code §§ 51 *et seq.*; California Civil Code §§ 54, *et seq.*; and California Government Code §§11135, *et seq.*

2.      Issue a declaratory decree that the ongoing acts and omissions of the Mayor and the Members of the Board of Supervisors are taken under color of law, policy, or custom, and deprive Plaintiffs of rights secured under Title II of the ADA and Section 504 of the Rehabilitation Act;

3.      Issue preliminary and permanent injunctions requiring each of the Defendants to undertake remedial measures to mitigate the effects of Defendants' past and ongoing violations of Title II of the ADA, Section 504 of the Rehabilitation Act, and the regulations promulgated under each of these statutes.  At a minimum, the Defendants should be enjoined to take the following actions:

      a.   Develop and implement a plan to remove all disability access barriers that deny or limit access to persons with disabilities in the CITY's newly constructed facilities or in areas of facilities that are subject to the alterations provisions of federal or state disability nondiscrimination laws;

      b.   Prepare, adopt and implement an ADA Self-Evaluation Plan and ADA Transition Plan that comply with the requirements of Title II of the ADA, Section 504 of the Rehabilitation Act, Section 11135 of the California Government Code, and the regulations promulgated under each of these statutes;

      c.   Develop and implement plans to ensure that all existing CITY facilities comply with the more stringent of either the Americans with Disabilities Act Accessibility Guidelines or Title 24 of the California Code of Regulations and Cal. Civ. Code §§54, *et seq.,* including, without limitation, removal of all architectural barriers that

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
18

1          pose safety hazards individuals with disabilities;

2          d.   Develop and implement plans to ensure that all future new construction and

3               alterations to CITY facilities comply with Title 24 of the California Code of

4               Regulations standards and Cal. Govt. Code §§4450, *et seq.*;

5     4.     Award to Plaintiffs all costs of this proceeding, including reasonable attorneys' fees

6     and costs, as provided by law; and

7     5.     Issue any other preliminary and permanent injunctions the Court deems sufficient to

8     rectify the acts and omissions alleged herein.

9

10    Respectfully Submitted,

11    DATED:  June 24, 2010                    THE STURDEVANT LAW FIRM

12

13                                             SCHNEIDER WALLACE
                                               COTTRELL BRAYTON
14                                             KONECKY LLP

15                                             _____/s/ Mark T. Johnson_____
16                                     By:     MARK T. JOHNSON
                                               Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

First Amended Complaint for Declaratory and Injunctive Relief for Discrimination Against Persons With Disabilities
*Kirola, et al. v. City and County of San Francisco, et al.*, Case No. 4:07-CV-03685 SBA (EMC)
19