1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                OAKLAND DIVISION

9

10   IVANA KIROLA, et al.,                    Case No:  C 07-03685 SBA

11              Plaintiffs,                   **ORDER DENYING SAN
                                              FRANCISCO'S ADMINISTRATIVE**
12        vs.                                 **MOTION TO AUTHORIZE
                                              COMMUNICATIONS WITH CLASS**
13   THE CITY AND COUNTY OF SAN               **MEMBERS**
     FRANCISCO, et al.,
14                                            [Docket No. 353]

15              Defendants.

16

17        Currently before the Court is Defendant the City and County of San Francisco's ("the

18   City's") Administrative Motion to Authorize Communications with Class Members, filed July

19   30, 2010.  (Docket No. 353.)  Plaintiffs have opposed the City's motion.

20        By its motion, the City seeks authorization to communicate with eight specific class

21   members, as well as "[o]ther City employees/officials whose responsibilities include physical

22   access issues."  (Docket No. 353, p. 2.)  The City argues that six of the eight identified class

23   members are current or former City officials whose responsibilities include physical access

24   issues.[1]  The City contends that free communication with these individuals is essential to allow

25   _____
         [1] These individuals are: Howard Chabner, Chair, Physical Access Committee, Mayor's
26   Disability Council; Joanna Fraguli, Deputy Director, Mayor's Office on Disability; Michael
     Kwok, former member of the Mayor's Disability Council and Taxicab Commission; Jennifer
27   Walsh, Long Term Care Coordinating Council; Bruce Oka, Director, San Francisco's
     Municipal Transportation Agency; and Ruth Nunez, Chair, San Francisco Bar Association
28   Disability Rights Committee.

the City to prepare adequately for trial.  The City argues it must be allowed to present their

testimony at trial in order to establish its policies and practices regarding physical access,

which is the core issue in this case.  The remaining two of the eight identified individuals use

wheelchairs for mobility and use San Francisco's public rights of way, libraries, pools and/or

parks.[2]  The City expects these individuals to testify that they are satisfied with the City's

attempts to provide access and ensure disability rights.  Finally, with respect to the

unidentified "[o]ther City employees/officials whose responsibilities include physical access

issues," the City "agrees to notify class counsel 72 hours before communicating with any

employee and official who is not specifically identified in this motion, to provide class counsel

an opportunity to seek an order forbidding such contact."  (Id., pp. 4-5.)

As a preliminary matter, the City's motion is not proper under Civil Local Rule 7-11

because the relief the City seeks is not within the category of "miscellaneous administrative

matters, not otherwise governed by a federal statute, federal or local rule or standing order of

the assigned judge," as required by Rule 7-11.  The City offers no authority to support its

attempted use of Rule 7-11.  To the contrary, the City's articulated reason for bringing its

motion is "to allow the City to prepare adequately for trial" with respect to "the core issue in

this case."  (Docket No. 353, pp. 2-3.)  Such an objective is not "administrative."

Turning to the merits, the City correctly notes that the applicable rules of Professional

Conduct prohibit communications by an attorney with a represented client without express

consent of the attorney, including communications with individual class members once a class

action has been certified.  See Cal. Rules of Prof. Conduct Rule 2-100; ABA Rule 4.2; Resnick

v. American Dental Ass'n, 95 F.R.D. 372, 377 (D.C. Ill. 1982).  Nevertheless, the City asserts

that – despite the objection of Plaintiffs' counsel – the Court has authority to allow ex parte

communications with class members that go to the very heart of this litigation.  However, the

cases that the City relies on for that assertion lead to a contrary result.  For instance, in Resnick,

plaintiffs in a class action moved the court for an order barring communications between the

---

[2] These individuals are: Christina Rubke, San Francisco Bar Association's Disability
Rights Committee; and Roland Wong, San Francisco resident and community advocate.

1  defendant's counsel and plaintiff class members concerning the litigation.  In that case, the

2  court rejected the same argument the City now makes:

3
> … the rationalization based on ADA's counsel's need to prepare for trial is
4  wholly without merit.  It proves too much.  Every case should be prepared in part
   by the lawyer's communicating with the opposing party. That is after all what
5  much of the mechanism of discovery is designed for.  <u>But it is of course
   unethical for those communications to take place directly without the
6  involvement of the opposing party's lawyer.</u> To the limited extent that certain of
   ADA's employees (for example the Director of Personnel, who is female) must
7  legitimately be communicated with for trial preparation, <u>ADA's counsel has the
   burden of identifying such employees and the reasons for excepting them from
8  the restriction.</u>  It is hardly necessary to spell out the reasons for the prohibition
   of a lawyer's direct dealing with an adverse party represented by counsel. All
9  those reasons apply here with full vigor.  (Emphasis added.)

10
11 <u>Resnick</u>, 95 F.R.D. at 377.  In <u>Bower v. Bunker Hill Co</u>., that court considered the defendant's

12 request to allow ex parte communications with class members.  The court denied that request:

13
> … the defendants' articulated reason for contacting class members here is to
14 obtain information to aid in the preparation of its own case. As was noted by the
   court in *Resnick*, such a need is present in every case and can be readily filled by
15 the use of the discovery process. … Moreover, class members gain no benefit
   from such contact. Quite the contrary, the imbalance in knowledge and skill
16 which exists between class members and defense counsel presents an extreme
   potential for prejudice to class members' rights.  This problem has long been
17 recognized and remedied by the proscription against such communications found
   in DR 7-104 [of the Code of Professional Responsibility].

18
19 <u>Bower v. Bunker Hill Co</u>., 689 F.Supp. 1032, 1034 (E.D. Wash. 1985); <u>see also</u> <u>Kleiner v. First

20 Nat. Bank of Atlanta</u>, 751 F.2d 1193, 1203 (11th Cir. 1985) (in considering sanctions against a

21 defendant and its counsel for secretly soliciting exclusion requests from potential class

22 members, finding that "[u]nsupervised, unilateral communications with the plaintiff class

23 sabotage the goal of informed consent by urging exclusion on the basis of a one-sided

24 presentation of the facts, without opportunity for rebuttal.  The damage from misstatements

25 could well be irreparable.").

26      Here, the City does not explain why the discovery process was unavailable or

27 ineffective in allowing access to the information it needs.  Indeed, Plaintiffs represent that the

28 City failed to include all but one of these eight individuals in its Rule 26 disclosures.  Nor has

1  the City identified any specific reason that would warrant excepting these class members from

2  the well-established rules of Professional Conduct, other than a nebulous need to "prepare for

3  trial."  In sum, the City has failed to justify the extraordinary relief that it has requested.

4  Accordingly,

5        IT IS HEREBY ORDERED that the City's Administrative Motion to Authorize

6  Communications with Class Members is DENIED.

7        This Order terminates Docket No. 353.

8        IT IS SO ORDERED.

9

10  Dated: _9/2/10                                    _____
                                                      SAUNDRA BROWN ARMSTRONG
11                                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28