UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No: C 07-03685 SBA<br><br>**ORDER DENYING SAN FRANCISCO'S ADMINISTRATIVE MOTION TO AUTHORIZE COMMUNICATIONS WITH CLASS MEMBERS**<br><br>[Docket No. 353] |

    Currently before the Court is Defendant the City and County of San Francisco's ("the City's") Administrative Motion to Authorize Communications with Class Members, filed July 30, 2010. (Docket No. 353.) Plaintiffs have opposed the City's motion.

    By its motion, the City seeks authorization to communicate with eight specific class members, as well as "[o]ther City employees/officials whose responsibilities include physical access issues." (Docket No. 353, p. 2.) The City argues that six of the eight identified class members are current or former City officials whose responsibilities include physical access issues.[1] The City contends that free communication with these individuals is essential to allow

---

[1] These individuals are: Howard Chabner, Chair, Physical Access Committee, Mayor's Disability Council; Joanna Fraguli, Deputy Director, Mayor's Office on Disability; Michael Kwok, former member of the Mayor's Disability Council and Taxicab Commission; Jennifer Walsh, Long Term Care Coordinating Council; Bruce Oka, Director, San Francisco's Municipal Transportation Agency; and Ruth Nunez, Chair, San Francisco Bar Association Disability Rights Committee.

1 the City to prepare adequately for trial.  The City argues it must be allowed to present their
2 testimony at trial in order to establish its policies and practices regarding physical access,
3 which is the core issue in this case.  The remaining two of the eight identified individuals use
4 wheelchairs for mobility and use San Francisco's public rights of way, libraries, pools and/or
5 parks.[2]  The City expects these individuals to testify that they are satisfied with the City's
6 attempts to provide access and ensure disability rights.  Finally, with respect to the
7 unidentified "[o]ther City employees/officials whose responsibilities include physical access
8 issues," the City "agrees to notify class counsel 72 hours before communicating with any
9 employee and official who is not specifically identified in this motion, to provide class counsel
10 an opportunity to seek an order forbidding such contact."  (Id., pp. 4-5.)

11 As a preliminary matter, the City's motion is not proper under Civil Local Rule 7-11
12 because the relief the City seeks is not within the category of "miscellaneous administrative
13 matters, not otherwise governed by a federal statute, federal or local rule or standing order of
14 the assigned judge," as required by Rule 7-11.  The City offers no authority to support its
15 attempted use of Rule 7-11.  To the contrary, the City's articulated reason for bringing its
16 motion is "to allow the City to prepare adequately for trial" with respect to "the core issue in
17 this case."  (Docket No. 353, pp. 2-3.)  Such an objective is not "administrative."

18 Turning to the merits, the City correctly notes that the applicable rules of Professional
19 Conduct prohibit communications by an attorney with a represented client without express
20 consent of the attorney, including communications with individual class members once a class
21 action has been certified.  See Cal. Rules of Prof. Conduct Rule 2-100; ABA Rule 4.2; Resnick
22 v. American Dental Ass'n, 95 F.R.D. 372, 377 (D.C. Ill. 1982).  Nevertheless, the City asserts
23 that – despite the objection of Plaintiffs' counsel – the Court has authority to allow ex parte
24 communications with class members that go to the very heart of this litigation.  However, the
25 cases that the City relies on for that assertion lead to a contrary result.  For instance, in Resnick,
26 plaintiffs in a class action moved the court for an order barring communications between the

---

[2] These individuals are: Christina Rubke, San Francisco Bar Association's Disability Rights Committee; and Roland Wong, San Francisco resident and community advocate.

defendant's counsel and plaintiff class members concerning the litigation. In that case, the court rejected the same argument the City now makes:

> … the rationalization based on ADA's counsel's need to prepare for trial is wholly without merit. It proves too much. Every case should be prepared in part by the lawyer's communicating with the opposing party. That is after all what much of the mechanism of discovery is designed for. <u>But it is of course unethical for those communications to take place directly without the involvement of the opposing party's lawyer</u>. To the limited extent that certain of ADA's employees (for example the Director of Personnel, who is female) must legitimately be communicated with for trial preparation, <u>ADA's counsel has the burden of identifying such employees and the reasons for excepting them from the restriction</u>. It is hardly necessary to spell out the reasons for the prohibition of a lawyer's direct dealing with an adverse party represented by counsel. All those reasons apply here with full vigor. (Emphasis added.)

Resnick, 95 F.R.D. at 377. In Bower v. Bunker Hill Co., that court considered the defendant's request to allow ex parte communications with class members. The court denied that request:

> … the defendants' articulated reason for contacting class members here is to obtain information to aid in the preparation of its own case. As was noted by the court in *Resnick*, such a need is present in every case and can be readily filled by the use of the discovery process. … Moreover, class members gain no benefit from such contact. Quite the contrary, the imbalance in knowledge and skill which exists between class members and defense counsel presents an extreme potential for prejudice to class members' rights. This problem has long been recognized and remedied by the proscription against such communications found in DR 7-104 [of the Code of Professional Responsibility].

Bower v. Bunker Hill Co., 689 F.Supp. 1032, 1034 (E.D. Wash. 1985); see also Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1203 (11th Cir. 1985) (in considering sanctions against a defendant and its counsel for secretly soliciting exclusion requests from potential class members, finding that "[u]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable.").

Here, the City does not explain why the discovery process was unavailable or ineffective in allowing access to the information it needs. Indeed, Plaintiffs represent that the City failed to include all but one of these eight individuals in its Rule 26 disclosures. Nor has

1  the City identified any specific reason that would warrant excepting these class members from
2  the well-established rules of Professional Conduct, other than a nebulous need to "prepare for
3  trial." In sum, the City has failed to justify the extraordinary relief that it has requested.
4  Accordingly,
5      IT IS HEREBY ORDERED that the City's Administrative Motion to Authorize
6  Communications with Class Members is DENIED.
7      This Order terminates Docket No. 353.
8      IT IS SO ORDERED.

Dated: _9/2/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge