1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  DANNY CHOU, State Bar # 180240
   Chief of Complex and Special Litigation
3  JAMES M. EMERY, State Bar #153630
   ELAINE M. O'NEIL, State Bar #142234
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Seventh Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-4261
   Facsimile:    (415) 554-3985
7  E-Mail:       jim.emery@sfgov.org

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, ET AL.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  IVANA KIROLA and ELIZABETH              Case No. C07-3685 SBA
    ELFTMAN, on behalf of themselves and all
13  others similarly situated,              CLASS ACTION

14         Plaintiffs,                      **MOTION FOR ADMINISTRATIVE
                                            RELIEF PURSUANT TO LOCAL
15         vs.                              RULE 7-11 TO PERMIT THE FILING
                                            OF THE CITY'S MOTION TO
16  THE CITY AND COUNTY OF SAN              MODIFY THE CLASS OR IN THE
    FRANCISCO ("the CITY"); GAVIN           ALTERNATIVE PURSUANT TO
17  NEWSOM, in his official capacity as Mayor; LOCAL RULE 7-9 FOR LEAVE TO
    AARON PESKIN, in his official capacity as MOVE FOR RECONSIDERATION OF
18  President of the Board of Supervisors; JAKE DENYING DEFENDANTS' COUNSEL
    MCGOLDRICK, MICHELA ALIOTO-            LEAVE TO COMMUNICATE WITH
19  PIER, ED JEW, CHRIS DALY, SEAN         CERTAIN CLASS MEMBERS**
    ELSBERND, BEVAN DUFTY, TOM
20  AMMIANO, SOPHIE MAXWELL, ROSS
    MIRKARIMI, AND GERARDO                 Trial Date: TBD
21  SANDOVAL, in their official capacities as
    members of the Board of Supervisors,
22
           Defendants.
23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Civil L.R. 7-9 and 7-11, defendants City and County of San Francisco, its mayor and Board of Supervisors (collectively, the "City") respectfully request leave to file their Motion To Modify The Class Or In The Alternative For Reconsideration Of Order Denying Defendants' Counsel Leave To Communicate With Certain Class Members. The cut-off date for motions in this action was May 18, 2010, and the Court has ordered that the parties must obtain permission prior to filing any further motions. *See* Docket # 220, 358. Moreover, Civil L.R. 7-9 requires leave of Court to file a motion for reconsideration.

Counsel for the City has attempted unsuccessfully to informally resolve the issues addressed by the City's proposed motion. On September 7, 2010, the City's counsel by e-mail addressed to plaintiffs' counsel, renewed the City's request that they consent to unrestricted communications between the City's counsel and Joanna Fraguli, a class member who is also a City employee. On September 8, 2010, plaintiffs' counsel responded by e-mail, refusing consent. (Declaration of Elaine O'Neil ("O'Neil Decl.") at ¶ 11 and Exhibit E.) On September 16, 2010, defendants' counsel wrote a letter to the Court in which he stated that the City intended to move for modification of the class to exclude City officials and employees whose official duties involve development or implementation of City policies regarding disability access, or in the alternative for reconsideration of the September 7, 2010 Order to seek exemption of Ms. Fraguli and certain other City officials and employees from the ban on communications with the City's counsel. (*Id.* at ¶ 12 and Exh. F.) On September 17, 2010, plaintiffs' counsel responded by letter addressed to the Court stating that plaintiffs opposed both the proposed modification of the class definition and reconsideration of the September 7, 2010 Order to permit the City's counsel to communicate with Ms. Fraguli.

## II.    ARGUMENT

### A.    The City's Motion To Modify The Class Is Necessary To Cure An Intra-Class Conflict That Precludes Adequate Representation Of The Class.

The City's motion to modify the class addresses an existing intra-class conflict that precludes adequate representation of the class. The class as currently defined includes City officials and employees who in their official capacity have developed and/or implemented the very disability

access policies that plaintiffs challenge as unlawful and as discriminating against the class. Courts have held that an irreconcilable conflict exists when some class members have participated in the conduct that is being challenged on behalf of the class, and that such intra-class conflict precludes adequate representation of the class as a whole. *King v. Enterprise Rent-A-Car Co.*, 231 F.R.D. 255, 264 (E.D. Mich. 2004); *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 568 (W.D. Wash. 2001). Absent action to cure this conflict, certification of the class would be improper, and leave no basis for class-wide relief.

The City's motion for modification of the class addresses issues of substantial import to the adequacy of representation of the class – issues that warrant a full briefing by the parties and consideration by the Court. The City should be granted leave to file the motion.

**B.      Good Cause Exists To Permit The City To File Its Motion For Reconsideration Of The September 7, 2010 Order.**

The City also requests leave to file an alternative motion, seeking reconsideration of the September 7, 2010 Order denying the City's counsel leave to communicate with certain class members. In particular, the City seeks leave to file a motion for reconsideration to permit the City's counsel to communicate with class member Joanna Fraguli, who is also Deputy Director of Programmatic Access for the Mayor's Office On Disability.

Since entry of the September 7 Order, new material facts have emerged that warrant reconsideration by the Court. Specifically, Ms. Fraguli on her own initiative on September 13, 2010 sent the Court a letter requesting permission to speak with the City's counsel. Ms. Fraguli wishes the advice and counsel of the City's counsel to assist her to prepare to testify in the trial of this action, so that she may be "adequately prepared to provide the court with a concise and coherent record of my experience and knowledge in this matter." (Fraguli letter, attached as Exh. A to Docket #401.) Absent reconsideration of the September 7 Order, Ms. Fraguli will be denied the assistance she seeks to adequately prepare to testify at trial.

The City's alternative motion for reconsideration of the September 7, 2010 Order is meritorious. The Court has authority to grant exceptions to the ban on defendant's counsel communicating with class members. *Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 278 (N.D. Ill.

1982) Such an exception is warranted with respect to Ms. Fraguli, whose official duties include primary responsibility for implementation of the City's Self-Evaluation Plan as it relates to programmatic access issues for people with disabilities, training City department personnel regarding disability access issues, and overseeing responses to complaints and requests received by the City regarding disability access. (Declaration of Susan Mizner at ¶ 3,)

Further, the City as a municipal corporation may communicate with its counsel only through its representatives. Until the class was certified on June 7, 2010, Ms. Fraguli served in this capacity, assisting the City's counsel to prepare discovery responses, locate relevant documents and identify witnesses. Ms. Fraguli's in-depth knowledge of the City's disability access policies, and of its practices with respect to the City's handling of complaints and inquiries make her indispensable to the City's counsel to prepare for and present the City's defense at trial. It is because of her depth of knowledge about the City's disability access policies that Ms. Fraguli has been named as a trial witness on behalf of the City. Unless granted leave to consult with the City's counsel, she will not have any advice regarding materials she should review to refresh her recollection, or the way in which her information and knowledge fits in with the other evidence being presented by the City.

Ms. Fraguli's personal plea to the Court for permission to consult with the City's counsel constitutes new and material facts that were not before the Court when it issued its order on September 7, 2010. The City should be granted leave to file its alternative motion for reconsideration of that Order, to permit consideration of Ms. Fraguli's request upon a full briefing of the matter.

//

//

//

//

1  **III.    CONCLUSION**

2        For the reasons stated above, the Court should grant the City leave to file its Motion To

3  Modify The Class Or In The Alternative For Reconsideration Of Order Denying Defendants' Counsel

4  Leave To Communicate With Certain Class Members, a copy of which is attached as Exhibit A.

5  DATED:  October 8, 2010

6                                          DENNIS J. HERRERA
                                          City Attorney
7                                          DANNY CHOU
                                          Chief of Complex and Special Litigation

8

9                              By:_____/s/_____
                                          JAMES M. EMERY
10                                        Deputy City Attorney

11                                        Attorneys for Defendants City and
                                          County of San Francisco, et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  DANNY CHOU, State Bar # 180240
   Chief of Complex and Special Litigation
   JAMES M.  EMERY, State Bar #153630
3  ELAINE M.  O'NEIL, State Bar #142234
   Deputy City Attorneys
4  Fox Plaza
   1390 Market Street, Seventh Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4261
6  Facsimile:      (415) 554-3985
   E-Mail:         jim.emery@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, ET AL.
9

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12  IVANA KIROLA and ELIZABETH              Case No.  C07-3685 SBA
    ELFTMAN, on behalf of themselves and all
13  others similarly situated,               CLASS ACTION

14          Plaintiffs,                       **SAN FRANCISCO'S NOTICE OF
                                              MOTION AND MOTION TO MODIFY
15      vs.                                   THE CLASS OR IN THE
                                              ALTERNATIVE FOR
16  THE CITY AND COUNTY OF SAN               RECONSIDERATION OF ORDER
    FRANCISCO ("the CITY"); GAVIN            DENYING LEAVE TO
17  NEWSOM, in his official capacity as Mayor; COMMUNICATE WITH ABSENT
    AARON PESKIN, in his official capacity as  CLASS MEMBERS; MEMORANDUM
18  President of the Board of Supervisors; JAKE OF POINTS AND AUTHORITIES
    MCGOLDRICK, MICHELA ALIOTO-
19  PIER, ED JEW, CHRIS DALY, SEAN
    ELSBERND, BEVAN DUFTY, TOM               Trial Date:  TBD
20  AMMIANO, SOPHIE MAXWELL, ROSS
    MIRKARIMI, AND GERARDO
21  SANDOVAL, in their official capacities as
    members of the Board of Supervisors,
22
            Defendants.
23

24

25

26

27

28

MOTION TO AMEND CLASS DEFINITION                          n:\cxlit\li2008\080122\00656897.doc
CASE NO.  C07-3685 SBA

**Exhibit** _A_

1

## TABLE OF CONTENTS

2   TABLE OF AUTHORITIES ......................................................................................... ii

3   NOTICE OF MOTION.............................................................................................1

4   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN
    FRANCISCO'S MOTION TO MODIFY THE CLASS OR IN THE ALTERNATIVE FOR
5   RECONSIDERATION OF THE SEPTEMBER 7, 2010 ORDER DENYING LEAVE TO
    COMMUNICATE WITH ABSENT CLASS MEMBERS ...........................................1

6   INTRODUCTION .................................................................................................1

7   PROCEDURAL HISTORY ....................................................................................2

8   ARGUMENT .......................................................................................................3

    I.      MODIFICATION OF THE CLASS TO EXCLUDE CITY PERSONNEL
9           RESPONSIBLE FOR DEVELOPING AND IMPLEMENTING THE CITY'S
            DISABILITY ACCESS POLICIES IS NECESSARY TO AVOID
10          IRRECONCILABLE CONFLICT WITHIN THE CLASS. ...................................3

11          A.      The Court Has Authority To Modify The Class Definition And The
                    Duty To Ensure That The Class As Defined Is Adequately Represented. ..3
12
            B.      The Class' Inclusion Of City Officials And Employees Whose
13                  Decisions And Actions Are Alleged To Be Illegal Creates An
                    Irreconcilable Conflict That Precludes Adequate Representation...............4
14
            C.      Modification Of The Class To Exclude City Officials And Employees
15                  With Responsibility For Developing Or Implementing The City's
                    Disability Access Policies Would Remove The Conflict That Otherwise
16                  Precludes Adequate Representation Of The Class. ...................................7

17  II.     IN THE ALTERNATIVE, THE CITY REQUESTS RECONSIDERATION
            OF THE SEPTEMBER 7, 2010 ORDER TO PERMIT THEIR COUNSEL TO
18          COMMUNICATE WITH DEPUTY DIRECTOR JOANNA FRAGULI.............8

19  CONCLUSION.....................................................................................................10

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**State Statutes & Codes**

California Civil Code § 51 ...................................................................................2

California Civil Code § 54 ...................................................................................2

California Government Code § 11135 ...................................................................2

**Federal Cases**

*Andrews Farms v. Calcot, Ltd.*
   2010 U.S. Dist. LEXIS 61089 (E.D. Calif., May 28, 2010) .........................3, 4

*Armstrong v. Davis*
   275 F. 3d 849 (9th Cir. 2001) ................................................................1, 3, 7

*Bacon v. Honda of America Mfg., Inc.*
   205 F.R.D. 466 (S.D. Ohio 2001) ....................................................................4

*Donaldson v. Microsoft Corp.*
   205 F.R.D. 558 (W.D. Wash. 2001) .................................................................4

*Hanlon v. Chrysler Corp.*
   150 F.3d 101  (9th Cir. 1998) ...........................................................................3

*Hansberry v. Lee*
   311 U.S. 32 (1940) ...........................................................................................3

*Horton v. Goose Creek Ind. School Dist.*
   690 F.2d 470 (5th Cir. 1982) ............................................................................3

*In re Chicken Antitrust Litig.*
   560 F. Supp. 943 (N.D. Ga. 1979) ...................................................................7

*In re General Motors Corp. Engine Interchange Litig.*
   594 F.2d 1106 (7th Cir. 1979) ..........................................................................3

*In Re TJX Companies Retail Security Breach Litig.*
   246 F.R.D. 389 (D. Mass. 2007) ......................................................................4

*King v. Enterprise Rent-A-Car Co.*
   231 F.R.D. 255 (E.D. Mich. 2004) ..................................................................4

*Resnick v. American Dental Ass'n*
   95 F.R.D. 372 (N. D. Ill. 1982) ....................................................................7, 8

**Rules**

California Rule of Professional Conduct 2-100 ...............................2, 7, 8, 9, 10

California Rule of Professional Conduct 2-100(B)(2) ........................................7

F.R.C.P. 23(a)(4 ...................................................................................... 1, 3

F.R.C.P. 23(b)(2) ...................................................................................... 9

F.R.C.P. 23(c)(1)(C) ............................................................................... 1, 3

F.R.C.P. 26 ............................................................................................... 9

**Other Authorities**

Section 504 of the Rehabilitation Act of 1973 ........................................ 2

Title II of the Americans With Disabilities Act of 1990 .......................... 2

1

**NOTICE OF MOTION**

2    TO PLAINTIFFS IVANA KIROLA AND ELIZABETH ELFTMAN AND THEIR

3    ATTORNEYS OF RECORD:

4           PLEASE TAKE NOTICE that on _____, 2010 at ____ a.m., or as soon thereafter as the

5    matter may be heard in Courtroom 1 of the United States District Court for the Northern District of

6    California, Oakland Division, the Hon.  Saundra B.  Armstrong presiding, defendants will move and

7    do hereby move for an order modifying the class certified in this action to exclude all officials and

8    employees of the City and County of San Francisco ("City") whose official duties include the

9    development or implementation of the City's policies and practices with respect to disability access to

10   the City's programs, facilities, and services.  In the alternative, defendants will move and do hereby

11   move for reconsideration of the Court's September 7, 2010 Order (Docket #398) to seek clarification

12   of the scope of the communication ban that is the subject of the September 7 Order, and to seek

13   permission for defendants' counsel to communicate directly with class member and Deputy Director

14   of the Mayor's Office On Disability, Joanna Fraguli.

15          This motion is made pursuant to Rules 23(a)(4), 23(c)(1)(C), and 23(d) of the Federal Rules of

16   Civil Procedure, and Civil L.R.  7-9, and is based on this notice and motion, the supporting

17   memorandum of points and authorities and declarations, the argument of the parties at hearing on this

18   motion, and the entire record of this action.

19   DATED:  October 8, 2010

20                                          DENNIS J.  HERRERA
                                            City Attorney
21                                          DANNY CHOU
                                            Chief of Complex and Special Litigation
22

23

24                                      By:_____/s/_____
                                            JAMES M.  EMERY
25                                          Deputy City Attorney

26                                          Attorneys for Defendants City and
                                            County of San Francisco, et al.
27   .

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAN FRANCISCO'S MOTION TO MODIFY THE CLASS OR IN THE ALTERNATIVE FOR RECONSIDERATION OF THE SEPTEMBER 7, 2010 ORDER DENYING LEAVE TO COMMUNICATE WITH ABSENT CLASS MEMBERS**

## INTRODUCTION

The core of plaintiffs' lawsuit are their allegations that defendants City and County of San Francisco, its mayor and Board of Supervisors (collectively, "San Francisco" or "the City") have failed "to develop, adopt and implement, in a timely manner, policies and practices necessary to ensure that persons with mobility disabilities are provided access to the City's programs, services and activities." (Plaintiffs' Trial Brief (Docket #303) at p. 1.) The plaintiff class now includes individuals responsible for developing and implementing these very City policies that plaintiffs assert are illegal and discriminatory. Including these individuals creates irreconcilable conflicts between class members and their appointed representative, Ivana Kirola. Ms. Kirola cannot adequately represent class members whose conduct she asserts is illegal. The City therefore moves for modification of the class to exclude those City officials and employees whose responsibilities include physical access issues.

Should the Court decline to modify the class, the City moves in the alternative for limited reconsideration of the September 7, 2010 Order. The City seeks an order exempting a single individual, Joanna Fraguli, from the communication ban of California Rule of Professional Conduct 2-100. Ms. Fraguli, is Deputy Director for Programmatic Access for the Mayor's Office On Disability and, as a wheel chair user, also a class member. Up until certification of the class on June 7, 2010, Ms. Fraguli assisted counsel in preparing responses to plaintiffs' discovery requests, in identifying potential witnesses, and gathering information necessary to prepare the City's defense. Moreover, Ms. Fraguli's position as Deputy Director renders her a key witness on behalf of the City with respect to City policies and practices that are the subject of this action. Ms. Fraguli on her own initiative has requested that the Court permit her to consult with the City's counsel to obtain their assistance in preparing to testify at trial. San Francisco, as a municipal corporation, can act only through its representatives. Communication by the City's counsel with Ms. Fraguli is therefore essential to the City's ability to prepare and present its defense at trial, including assisting Ms. Fraguli

to prepare to testify.  Good cause therefore exists to exempt Ms. Fraguli from the communication ban

of California Rule of Professional Conduct 2-100.

## PROCEDURAL HISTORY

This action was filed on July 17, 2007.  (Docket #1.) On March 2, 2010, plaintiffs moved for

class certification.  (Docket #187.) On June 7, 2010, this Court issued an order certifying a class

defined as:

> All persons with mobility disabilities who are allegedly being denied access
> under Title II of the Americans With Disabilities Act of 1990, Section 504 of
> the Rehabilitation Act of 1973, California Government Code Section 11135, et
> seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq.
> due to disability access barriers to the following programs, services, activities
> and facilities owned, operated and/or maintained by the City and County of
> San Francisco: parks, libraries, swimming pools, and curb ramps, sidewalks,
> cross-walks, and any other outdoor designated pedestrian walkways in the City
> and Count of San Francisco.

(Docket #285 at p.  6.) The Order also appointed plaintiff Ivana Kirola as class representative.  (*Id.*)

On July 30, 2010, the City filed an administrative motion seeking leave for its counsel to

communicate with 8 identified class members and with City officials and employees whose official

responsibilities include developing or implementing policy regarding physical access issues.  (Docket

#353) On September 7, 2010, the Court denied the City's motion.  (Docket #398)

On September 13, 2010, class member Joanna Fraguli, Deputy Director for Programmatic

Access of the Mayor's Office On Disability, on her own initiative sent a letter to the Court.[1]  Ms.

Fraguli asked the Court's permission to communicate with the City's counsel to obtain assistance in

preparing to testify at trial of this action.  She protested that solely because of her disability, the

September 7 Order deprived her of the opportunity available to all other City employees to consult

with the City Attorney's Office.

Ms. Fraguli's letter sparked a series of letters from counsel to the Court.  Class counsel

opposed her request (September 14, 2010 letter, Docket #401).  The City's counsel stated its intention

to move for modification of the class or in the alternative to exempt Ms. Fraguli from the

---

[1] A copy of Ms. Fraguli's letter is attached as Exhibit A to class counsel's September 14, 2010
letter.  (Docket #401)

1   communication ban (September 16, 2010 letter, Docket #403).  Class counsel then argued that the

2   Court should neither modify the class definition nor exempt Ms. Fraguli from the communication

3   ban.  (September 17, 2010 letter, Docket #404.)

**ARGUMENT**

**I.    MODIFICATION OF THE CLASS TO EXCLUDE CITY PERSONNEL RESPONSIBLE FOR DEVELOPING AND IMPLEMENTING THE CITY'S DISABILITY ACCESS POLICIES IS NECESSARY TO AVOID IRRECONCILABLE CONFLICT WITHIN THE CLASS.**

   **A.    The Court Has Authority To Modify The Class Definition And The Duty To Ensure That The Class As Defined Is Adequately Represented.**

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies

class certification may be altered or amended before final judgment."  Thus, even after a class has

been certified, the Court "retains broad authority to modify or withdraw certification at any time

where it appears the class definition is inappropriate or inadequate." *Andrews Farms v. Calcot, Ltd.*,

2010 U.S. Dist. LEXIS 61089, *10 (E.D. Calif., May 28, 2010) (citing *Armstrong v. Davis*, 275 F. 3d

849, 871 n. 28 (9th Cir. 2001)).

Moreover, Fed.R.Civ.P. 23(a)(4) imposes on the court a "continuing duty to undertake a

stringent examination of the adequacy of representation by the named class representatives and their

counsel at all stages of the litigation." *In re General Motors Corp. Engine Interchange Litig.*, 594

F.2d 1106, 1124 (7th Cir. 1979).  In addition to Rule 23 requirements, constitutional due process

requires that absent class members be afforded adequate representation before entry of a judgment

which binds them. *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940).

"Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their

counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and

their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150

F.3d 101, 1020 (9th Cir. 1998).  The existence of an intra-class conflict precludes a class

representative from adequately representing the class as a whole. *Horton v. Goose Creek Ind. School

Dist.*, 690 F.2d 470, 486, n. 27 (5th Cir. 1982).

**B.   The Class' Inclusion Of City Officials And Employees Whose Decisions And Actions Are Alleged To Be Illegal Creates An Irreconcilable Conflict That Precludes Adequate Representation.**

Courts uniformly recognize that a conflict exists when some class members have participated in the very conduct that is being challenged on behalf of the class. *King v. Enterprise Rent-A-Car Co.*, 231 F.R.D. 255, 264 (E.D. Mich. 2004). *See also Andrews Farms v. Calcot, Ltd.*, 2010 U.S. Dist. LEXIS 51089, at *26 - *27 (class members who had served as board members and authorized real estate investment challenged as improper use of funds had "irreconcilable conflict of interest" with class members who had not authorized the challenged conduct); *In Re TJX Companies Retail Security Breach Litig.*, 246 F.R.D. 389, 394 (D. Mass. 2007) (interests of plaintiff credit-card issuing banks against bank that processed credit card charges for a defendant retailer whose customer data had been stolen were antagonistic to the interests of class member banks that both issued credit cards and, like defendant bank, processed credit card charges on behalf of retailers and rendered the plaintiff banks inadequate representatives of the class); *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 568 (W.D. Wash. 2001) (Court finds "insurmountable" intra-class conflict precluding class certification where proposed class includes supervisory personnel who implemented the very supervisory system challenged by this Title VII race discrimination action.); *Bacon v. Honda of America Mfg., Inc.*, 205 F.R.D. 466, 481 (S.D. Ohio 2001) (Non-supervisory plaintiffs were not adequate representatives of class that includes supervisory employees who participated in employment decisions that plaintiffs claim were discriminatory.).

The class as currently defined in this case includes "all persons with mobility disabilities who are allegedly being denied access [in violation of federal and state disability access laws] due to disability access barriers to [certain] programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco . . ." (June 7, 2010 Order, at 6.) Among the class members are City officials and employees whose official duties include responsibility for developing and/or implementing the very disability access policies and procedures that plaintiffs allege to be illegal. In attacking the legitimacy of these policies and procedures, Ms. Kirola and those non-City official and employee class members have interests that are antagonistic to those of the City

1    officials and employees whose actions or omissions are challenged in this action.  These conflicting

2    interests preclude adequate representation of the class by Ms. Kirola.

3         The class includes Michela Alioto-Pier, who in her official capacity as a member of the San

4    Francisco Board of Supervisors is a named defendant alleged to be responsible for the City's

5    disability access policies and practices that are challenged by plaintiffs.  (First Amended Complaint

6    ("FAC") (Docket #294), at ¶ 11.) Ms. Alioto-Pier uses a wheel chair for mobility.  (Declaration of

7    Elaine O'Neil ("O'Neil Decl."), at ¶ 7 and Exh. A thereto.)

8         The class also includes other City officials and employees who are responsible for developing

9    or implementing the very disability access policies that plaintiffs challenge.  Class member Joanna

10   Fraguli, who uses a wheel chair for mobility, is Deputy Director of the Mayor's Office on Disability

11   ("MOD") for programmatic access.  (Declaration of Susan Mizner ("Mizner Decl.") at ¶ 3.) Her

12   official duties include primary responsibility for implementing the City's Self-Evaluation Plan as it

13   relates to programmatic and communication access issues for people with disabilities, training City

14   department heads and employees regarding disability access issues, supervising the City's responses

15   to complaints received by the City regarding disability access, and overseeing special projects

16   relating to persons with disability, such as plans for emergency evacuation of persons with disabilities

17   in event of a major disaster.  (Id.) Moreover, up until certification of the class on June 7, 2010, Ms.

18   Fraguli actively assisted counsel for the City in preparing the City's defense.  Ms. Fraguli assisted the

19   City's counsel in preparing responses to plaintiffs' discovery requests, gathering relevant documents,

20   identifying potential witnesses, and providing information regarding the existence and status of

21   various City policies and procedures regarding disability access.  (O'Neil Decl., at ¶ 2.) The City's

22   counsel has relied upon Ms. Fraguli to identify evidence that contradicts the plaintiffs' claim that the

23   City does not respond properly to requests or complaints about disability access issues.  (Id. at ¶3.)

24        Class member Bruce Oka, who uses a scooter for mobility, has served on the Board of

25   Directors of the San Francisco Municipal Transportation Agency ("MTA") since 2008.  (Mizner

26   Decl. at ¶ 6.) In his capacity as an MTA Board member, Mr. Oka develops and implements policies

27   regarding San Francisco's paratransit system, and oversees parking issues, including administration

28   of the "blue zones" in the City designated for disability access parking.  (Id.)

1    Class member Howard Chabner, who uses a wheelchair for mobility, serves as chair of the

2   Physical Access Committee of the Mayor's Disability Council. (Mizner Decl. at ¶ 4.) The Council

3   advises the Mayor on disability issues, works with MOD to ensure ADA compliance throughout the

4   City, and provides a public forum to discuss disability issues.  As chair of the Council, Mr. Chabner

5   plays a key role in the City's outreach to the disabled community and in developing City priorities for

6   physical access improvements. (*Id.*) Class member Elizabeth Grigsby has served on the Mayor's

7   Disability Council since 2002.  She uses a wheel chair for mobility, and is able to live independently

8   through supported living services provided in part by the City. (*Id.* at ¶ 7.) Class member Tatiana

9   Kostanian has served on the Mayor's Disability Council since 2004.  She uses a wheel chair for

10   mobility. (*Id.* at ¶ 8.) Mr. Chabner, Ms. Grigsby, and Ms. Kostanian, in their capacities as members

11   of the Mayor's Disability Council, advise the Mayor with respect to all disability matters, including

12   access. (*Id.* at ¶¶ 4, 7, 8.)

13    Class member Jennifer Walsh serves on San Francisco's Long Term Care Coordinating

14   Council ("LTCCC").  The LTCCC provides policy guidance to the Mayor's office and is charged to:

15   (1) advise, implement, and monitor community-based long term care planning in San Francisco; and

16   (2) facilitate the improved coordination of home, community-based, and institutional services for

17   older adults and adults with disabilities. (Mizner Decl. at ¶ *.) Ms. Walsh uses a wheelchair for

18   mobility. (*Id.*)

19    These and other City officials with mobility disabilities are responsible for developing and

20   implementing the City's disability access policies.  They thus have developed and carried out the very

21   policies and procedures plaintiffs challenge on behalf of the class.  Including these City officials and

22   employees within the class forces them (since they may not opt out) to accept representation from a

23   plaintiff who alleges that they have engaged in illegal and discriminatory conduct.  The class

24   representative's interests are antagonistic to those of the City official and employee class members

25   whose actions she challenges.  Moreover, Ms. Alioto-Pier as a named defendant and Ms. Fraguli as

26   an important client liaison with the City's counsel, have actively contested plaintiffs' allegations of

27

28

unlawful conduct.  Their interests therefore "are patently antagonistic to other class members" and create an intra-class conflict that precludes adequate representation of the class as defined.[2] *See In re Chicken Antitrust Litig.*, 560 F. Supp. 943, 951 (N.D. Ga. 1979) (typicality and adequacy of representation destroyed by inclusion in the plaintiff class of defendants who "vigorously contested plaintiffs' allegations of unlawful conduct).

**C.     Modification Of The Class To Exclude City Officials And Employees With Responsibility For Developing Or Implementing The City's Disability Access Policies Would Remove The Conflict That Otherwise Precludes Adequate Representation Of The Class.**

The court may cure a lack of inadequate representation by certifying subclasses with separate representatives, or by modifying the class definition to exclude those members with a conflict.  In the absence of a workable cure, the Court must decertify the class. *Armstrong*, 275 F.3d at 871 n.28. Here, the conflict presented by inclusion in the class of City officials and employees responsible for developing or implementing the disability access polices at issue may be resolved by modifying the class definition to exclude such City employees and officials.

These City officials and employees would not be adversely affected by their exclusion from the class.  Plaintiff Kirola seeks only declaratory and injunctive relief in this action.  (FAC, at pp. 18-19.) Should she prevail, the excluded City officials and employees would benefit from any injunctive relief that may be ordered on behalf of the class.  Should the City prevail, the excluded City officials and employees would not be bound by any judgment entered that is adverse to the class.

The class should be modified to exclude City officials and employees whose official duties include development or implementation of the City's policies and practices regarding disability

---

[2] The conflict between Ms. Fraguli and the class is further demonstrated by the application to her of the communication ban of California Rule of Professional Conduct 2-100. The rule, which governs communications with a represented party, bars plaintiffs' counsel from communicating with Ms. Fraguli, who is a defendant for purposes of Rule 2-100 because she is an employee of a corporate party whose acts or omissions may bind the corporation. Rule 2-100(B)(2). Rule 2-100 also bars the City Attorney from communicating with Ms. Fraguli because, as a class member, she is a party represented by class counsel. *Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 377 (N. D. Ill. 1982). Absent relief form the Court, therefore, Rule 2-100 prohibits either counsel from speaking to Ms. Fraguli.

1    access to the City's programs, facilities, activities, and services.  The requested modification would

2    relieve the class of a conflict that otherwise precludes adequate representation by plaintiff Kirola.

3    **II.   IN THE ALTERNATIVE, THE CITY REQUESTS RECONSIDERATION OF THE SEPTEMBER 7, 2010 ORDER TO PERMIT THEIR COUNSEL TO COMMUNICATE WITH DEPUTY DIRECTOR JOANNA FRAGULI.**

4

5            Should the Court decline to modify the class, the City moves in the alternative for

6    reconsideration of the Court's September 7, 2010 Order denying the City's administrative motion

7    seeking leave for its counsel to communicate with certain class members and with City employees

8    and officials whose responsibilities include physical access issues.  The City limits this request for

9    reconsideration to a single individual: Joanna Fraguli, Deputy Director for Programmatic Access for

10   the Mayor's Office On Disability.  As defendant City and County of San Francisco must

11   communicate with its counsel through its personnel, an exemption from the communication ban with

12   respect to Joanna Fraguli is necessary to provide the City's counsel access to information possessed

13   by its client, the City.[3]

14           The Court recognized in its September 7, 2010 Order, that it has authority to grant exceptions

15   to Rule 2-100's communication ban, upon a showing by the City of specific "reasons for excepting

16   them from the restriction." Order, at p.4, citing *Resnick*, 95 F.R.D. at 378 ("[f]rom time to time

17   hereafter, [defendant's] counsel may move for the exclusion of specific class members (such as

18   [defendant's] Director of Personnel) from the scope of this order, coupling such motion with a

19   statement of the reasons for such exclusion").

20           Here, defendant City and County of San Francisco is a municipal corporation that can

21   communicate with its counsel only through the natural persons who serve as elected or appointed

22   officials or employees of the City.  Up until certification of the class on June 7, 2010, Joanna Fraguli,

23   Deputy Director for Programmatic Access of the Mayor's Office On Disability, served as just such a

24   client liaison with the City's counsel with respect to this litigation.  Ms. Fraguli assisted the City

25   Attorney to prepare responses to plaintiffs' discovery requests, gather relevant documents, identify

26

27   [3] The City does not seek reconsideration with respect to Supervisor Alioto-Pier because class counsel have authorized communications with Supervisor Alioto-Pier. (Docket #401).

28

potential witnesses, and provide information regarding the existence and status of City policies and procedures regarding disability access. (O'Neil Decl. at ¶ 2.) The breadth of Ms. Fraguli's official duties within the Mayor's Office On Disability have made her assistance in this litigation indispensible. In her capacity as Deputy Director for Programmatic Access, Ms. Fraguli is primarily responsible for implementation of the City's Self-Evaluation Plan as it relates to programmatic and communication access issues for people with disabilities. (Mizner Decl. at ¶ 3.) Her official duties include training City department head and employees regarding disability access issues, overseeing special projects such as plans for emergency evacuation of persons with disabilities in event of a major disaster, and supervising the City's responses to disability access complaints and inquiries. (*Id.*) She thus has broad knowledge of the practices of departments throughout the City regarding disability access, as well as first-hand knowledge regarding the City's disability access policies and how City personnel are trained regarding these policies. She also has in-depth knowledge about how complaints and inquiries to the City regarding disability access affect such policies. Exemption from the communication ban imposed by Rule 2-100 is thus warranted by the City Attorney's need to communicate with Ms. Fraguli in her role as client liaison to the City Attorney in this litigation.[4]

Further, Ms. Fraguli should be exempted from the prohibition on communication with the City's counsel to enable her to consult with counsel to prepare to testify at trial. The City has named Ms. Fraguli as a witness for the City.[5] (O'Neil Decl. at ¶¶ 5-6.) On her own initiative, Ms. Fraguli on

---

[4] There is no risk that Ms. Fraguli's rights as a class member will be harmed if she is allowed to communicate with the City's counsel. The class has been certified under Fed. R. Civ. P. 23(b)(2). She will not be subject to any lobbying to opt out of the class, and she will benefit fully from any relief granted class members.

[5] Plaintiffs have complained that the City identified Ms. Fraguli as a potential witness by a supplemental Rule 26 disclosure served on the last day of discovery. (Plaintiffs' Opposition To Defendant's Administrative Motion To Authorize Ex Parte Communication With Class Members (Docket # 357) at p. 3, n.3.) But the City was under no obligation to identify Ms. Fraguli, because she had been identified as early as July 2009, and again in January 2010 and February 2010 in deposition testimony of MOD Director Susan Mizner. (Deposition excerpts submitted as Exhibits B, C and D to O'Neil Declaration.) *See* Advisory Committee notes 1997 amendments to Rule 26: "There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ."

---

MOTION TO AMEND CLASS DEFINITION
CASE NO. C07-3685 SBA

9

n:\cxlit\li2008\080122\00656897.doc

1   September 13, 2010 submitted a letter to the Court requesting permission to consult with the City's

2   counsel.  In her letter, Ms. Fraguli states:

> Since this will be my first time testifying in court, I would like to be adequately
> prepared to provide the court with a concise and coherent record of my
> experience and knowledge in this matter.  I ask that you extend to me as a City
> employee the same benefit that every other City employee who has been called
> to testify has in communicating with City counsel.

6   (Fraguli letter (Docket #401, Exh. A) at p. 2.) Absent exemption from the communication ban, Ms.

7   Fraguli may not communicate with the City's counsel to prepare to testify at trial, and the City

8   Attorney may not advise Ms. Fraguli what materials she should review to refresh her recollection, or

9   on what topics she should be prepared to testify, or even when she is likely to be called to the stand.

10  Exemption from the communication ban imposed by Rule 2-100 thus also is warranted by her desire

11  to obtain assistance from the City Attorney in preparing to testify at trial.

## CONCLUSION

13  Inclusion within the certified class of City officials and employees who are responsible for the

14  very policies and procedures that plaintiffs challenge in this action creates an irreconcilable conflict

15  that precludes adequate representation of the class.  Modification of the class to exclude such City

16  officials and employees is necessary to remove this conflict, and to allow adequate representation of

17  the class as redefined.

18  Should the Court decline to modify the class to exclude those City officials and employees

19  responsible for developing or implementing the challenged disability access policies, the City

20  requests that the Court reconsider its September 7, 2010 Order, to exempt Deputy Director Joanna

21  //

22

23  //

24

25  //

26

27  //

28

MOTION TO AMEND CLASS DEFINITION
CASE NO.  C07-3685 SBA                          10                  n:\cxlit\li2008\080122\00656897.doc

1    Fraguli from the communication ban and allow the City's counsel to communicate *ex parte* with her

2    regarding this action.

3

4    DATED:  October 8, 2010                          DENNIS J.  HERRERA
                                                      City Attorney
5                                                     DANNY CHOU
                                                      Chief of Complex and Special Litigation
6

7                                              By:_____/s/_____

8                                                     JAMES M.  EMERY
                                                      Deputy City Attorney
9
                                                      Attorneys for Defendants City and
10                                                    County of San Francisco, et al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28