UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No: C 07-03685 SBA <br><br> **ORDER DENYING THE CITY'S ADMINISTRATIVE MOTION** <br><br> Dkt. 414 |

On July 30, 2010, Defendant the City and County of San Francisco ("the City") filed an Administrative Motion to Authorize Communications with Class Members ("the City's Motion"). Dkt. 353. In its motion, the City sought authorization to communicate with eight specific class members, as well as "[o]ther City employees/officials whose responsibilities include physical access issues." Id. at 2. The City argued that six of the eight identified class members are current or former City officials whose responsibilities include physical access issues. The City contended that free communication with these individuals was essential to allow the City to prepare adequately for trial. On September 7, 2010, the Court issued an Order denying the City's Motion. Dkt. 399.

On September 13, 2010, the Court received a letter from Joanna Fraguli, Deputy Director for Programmatic Access at the Mayor's Office on Disability. Ms. Fraguli is one of the class members specifically identified in the City's Motion. In her letter, Ms. Fraguli indicates that she does not agree with Plaintiffs' allegations in this action, and requests permission to communicate with the City's counsel in order to prepare for the upcoming trial.

Plaintiffs responded with a letter to the Court dated September 14, 2010, opposing Ms. Fraguli's request and accusing the City of already communicating with Ms. Fraguli on an ex

parte basis.[1] On September 16, 2010, the City wrote to the Court, asserting that there have been no improper communications with Ms. Fraguli. The City also informed the Court that it intends: (1) to seek reconsideration of the Court's September 7, 2010 Order; or, in the alterative (2) to seek revision of the class definition to exclude from the class City officials and employees with official duties that include developing and/or implementing the City's policies and practices regarding disability access issues. Plaintiffs responded on September 17, 2010 with another letter to the Court, expressing their opinion that Ms. Fraguli is already in communication with the City's counsel, and opposing the City's intended motions as being without merit.

On September 23, 2010, the Court received another letter from Ms. Fraguli, in which she reiterates her initial request to communicate with the City's counsel, and refutes Plaintiffs' allegation that she has already engaged in such communications.

On October 6, 2010, the City filed a Notice of Appeal of the Court's September 7, 2010 Order. Dkt. 409. Two days later, on October 8, 2010, the City filed a "Motion for Administrative Relief Pursuant to Local Rule 7-11 to Permit the Filing of the City's Motion to Modify the Class or in the Alternative Pursuant to Local Rule 7-9 for Leave to Move for Reconsideration of Denying Defendants' Counsel Leave to Communicate with Certain Class Members" ("Administrative Motion"). Dkt. 414. In its Administrative Motion, the City "requests leave to file their [sic] Motion To Modify The Class Or In The Alternative For Reconsideration Of Order Denying Defendants' Counsel Leave to Communicate With Certain Class Members." Id. at 1.

A.  **MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Once a notice of appeal is filed, the district court loses jurisdiction over the matters being appealed. Natural Res. Def. Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). However, a notice of appeal does not divest the district court of jurisdiction if, at the time the notice of appeal was filed, there "was then a pending motion for

---

[1] The Court advises the parties that "letter briefs" of any kind will not be considered. No motions or other requests may be filed with the Court unless specifically authorized by statute, the Federal Rules of Civil Procedure, or the Court's Local Rules.

reconsideration." United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).

Here, the City filed its Notice of Appeal before it filed its Administrative Motion seeking leave to file a motion for reconsideration. Therefore, at this time, this Court lacks jurisdiction to rule upon the City's proposed motion for reconsideration. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the court of appeals, if appropriate, for remand of the case." Flores v. Kane, 2009 WL 650192, at * 1 (N.D. Cal. March 10, 2009) (citing Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).[2] "A district court lacks jurisdiction to rule on a Rule 60(b) motion filed after a notice of appeal unless this procedure to revest the district court with jurisdiction to consider the Rule 60(b) motion is followed." Id. (internal brackets and quotations omitted).

While the City seeks leave to file its motion for reconsideration, the City has not indicated whether it seeks to revest this Court with jurisdiction over the appealed matter. Indeed, the City makes no mention of its pending appeal in its Administrative Motion. Without that clarification, its Administrative Motion in this respect must be denied.

**B.    MOTION FOR LEAVE TO FILE MOTION TO MODIFY CLASS DEFINITION**

Alternatively, the City moves for leave to file a motion to modify the class definition on the ground that an intra-class conflict exists that precludes adequate representation of the class as a whole. Specifically, it seeks revision of the class definition to exclude City officials and employees with official duties that include developing and/or implementing the City's policies and practices regarding disability access issues.

Plaintiffs' motion for class certification was heard on May 18, 2010, and the Court certified the class on June 7, 2010. Six months after the City opposed that motion, and almost five months after the hearing on that motion, the City claims to have discovered an inter-class

---

[2] Federal Rule of Civil Procedure 60(b) provides a mechanism for seeking relief from a final judgment, order, or proceeding. See Fed. R. Civ. P. 60(b).

conflict that precludes adequacy of representation. However, the City did not contest adequacy on the basis of any conflict of interest between the class representatives and the class members in its opposition to class certification, nor did it do so at the hearing on that motion. The City offers absolutely no explanation as to why it did not seek its newly-proposed class definition until now – after discovery has closed, after the deadline for filing dispositive motions has passed, and after the parties have filed their pre-trial submissions. Nor does the City claim that it was ignorant of these employee class members prior to class certification. Put simply, the City has failed to show good cause as to why leave should be granted.

Accordingly,

1. The City's Administrative Motion (Dkt. 414) is DENIED.

2. This Order terminates Docket 414.

IT IS SO ORDERED.

Dated: November 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge