UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>             Plaintiffs,<br><br>     vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>             Defendants. | Case No: C 07-3685 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE IN PART DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Dkt. 428 |

The parties are presently before the Court on Plaintiffs' Motion to Strike In Part Defendants' Answer to First Amended Complaint. Dkt. 428. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

Plaintiffs filed their Complaint on July 17, 2007. Defendants answered Plaintiffs' Complaint on September 6, 2007. On February 9, 2010, Plaintiffs filed a motion for leave to amend their Complaint. By order dated April 12, 2010, this Court granted Plaintiffs' motion for leave to amend in the following respects: (1) to dismiss Michael Kwok as a plaintiff; (2) to narrow the class definition; and (3) to clarify, with respect to Plaintiffs' Sixth Cause of Action (for violations of Cal. Gov. Code §§ 11135, et seq.), Plaintiffs' theory requiring self-evaluation and transition plans pursuant to state regulations promulgated under section 11135. Dkt. 238. The Court denied Plaintiffs' motion in all other respects. Id.

Plaintiffs filed a First Amended Complaint ("FAC") on June 24, 2010. On July 8, 2010, Defendants filed a Motion to Dismiss the FAC. The Court issued an order on July 13, 2010, striking Defendants' Motion to Dismiss as untimely, in view of the May 18, 2010 motion

hearing deadline, and because the issues presented in that motion had already been adjudicated in consideration of Plaintiffs' motion to amend their Complaint.  Dkt. 324.  Defendants filed their Answer to the FAC ("Answer") sixty-four days later, on September 15, 2010.  Dkt. 402.  In their Answer, Defendants raise, for the first time, the following statute of limitations defense: "The Complaint is barred or limited by the applicable statute of limitations, including, without limitation, California Code of Civil Procedure sections 335.1 and 338(a)."  Id. at 10 (Affirmative Defense No. 18).

Now, Plaintiffs move, under Federal Rule of Civil Procedure 12(f), to strike Defendants' assertion of the statute of limitations as an affirmative defense in their Answer because: (1) the affirmative defense is legally insufficient; and (2) the Answer was untimely filed.

## II.   LEGAL STANDARD

Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues."  Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)).  "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  Id. (internal quotations omitted); see also RDF Media Ltd. v. Fox Broadcasting Co., 372 F.Supp.2d 556, 561 (C.D. Cal. 2005) ("Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.").  "[M]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted."  Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted).  "The grounds for the motion must appear on the face of the pleading

under attack or from matter which the court may judicially notice." S.E.C. v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).

## III. ANALYSIS

### A. THE AFFIRMATIVE DEFENSE IS LEGALLY SUFFICIENT

Plaintiffs move to strike Defendants' newly added statute of limitations defense on the ground that it is legally insufficient. Specifically, Plaintiffs assert that this defense is wholly inapplicable here under the "continuing violations doctrine" because they allege that Defendants' policies and practices resulted in systemic violations of the Americans with Disabilities Act and related statutes. In their opposition, Defendants assert that they will prove at trial that they adopted their current curb ramp design standards prior to July 17, 2004, and that all new curb ramp installations reflect these standards. Thus, according to Defendants, Plaintiffs' complaints based on obsolete and superseded curb ramp design policies are time barred, regardless of whether Plaintiffs assert a continuing violation. The Court notes that Defendants have cited no statutory or decisional authority in support of their argument. Indeed, on this issue, neither party is correct, as both misapprehend the continuing violations doctrine.[1]

"The continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violates an individual's rights up to a point in time that falls within the applicable limitations period." Douglas v. California Dept. of Youth Auth., 271 F.3d 812, 822 (9th Cir. 2001) (internal quotations omitted). The Ninth Circuit has recognized that a plaintiff may establish a continuing violation by showing a "systematic policy or practice of discrimination that operated, in part, within the limitations period …." Id. For instance, in Douglas, the Ninth Circuit explained the continuing violations doctrine in the context of summary judgment: "the critical inquiry is whether in this case, [plaintiff] has introduced facts,

---

[1] The law is unsettled in this Circuit whether a three-year limitations period or a two-year limitations period applies to a federal ADA cause of action. See Californians for Disability Rights, Inc. v. California Dept. of Transp., 2009 WL 2982840, *1 (N.D. Cal. Sept. 14, 2009) (Armstrong, J.).

which if viewed in the light most favorable to him, raise material questions about whether <u>he was 'exposed' to [defendant's] discriminatory policy during the period of limitations</u>." Id. at 824 (emphasis added).

Applying those principles here, at trial in this matter, Defendants could present evidence germane to the question of whether Plaintiffs have sufficiently established that they were exposed to Defendants' discriminatory policies during the limitations period. That evidence could support Defendants' assertion that the continuing violations doctrine is inapplicable, so as to time bar certain of Plaintiffs' allegations based on pre-2004 design standards. Conversely, should Plaintiffs establish at trial, in accordance with Douglas, that the continuing violations doctrine applies, their claims based on pre-2004 design standards may be shown to be timely. Given such factual issues, it would be premature at this juncture to strike Defendants' statute of limitations defense, as it does not "appear[] to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." See AT&T Pension Ben. Plan-Nonbargained Program, 718 F.Supp.2d at 1170.

Plaintiffs' reliance on Californians for Disability Rights, 2009 WL 2982840 is misplaced. There, defendants moved *in limine* to exclude evidence of any location that was constructed or altered more than two years before the filing of the complaint, on the ground that any claim based on lack of ADA compliance was barred by the applicable two-year statute of limitations. In considering the admissibility of such evidence, the Court determined that the evidence was relevant to plaintiffs' claim of a systemic policy or practice of discrimination: "[t]he allegedly non-compliant facilities, even those constructed or altered more than two or three years prior to the filing of this action, simply provide support for Plaintiffs' contention that [Defendant's] policies and practices continue to violate federal law." Id. at *5. Thus, the Court in Californians for Disability Rights did not address the instant question: whether, based only on the pleadings, Plaintiffs' assertion of a continuing violation necessarily renders a statute of limitations defense legally insufficient.

As stated above, there are circumstances under which Defendants' statute of limitations defense could succeed at trial. Therefore, Plaintiffs' motion to strike this defense is DENIED.

### B. UNTIMELY FILED ANSWER

Plaintiffs further move to strike Defendants' statute of limitations defense on the ground that the Answer was untimely filed. (Of note, Plaintiffs do not move to strike the entirety of the Answer.) Pursuant to Federal Rule of Civil Procedure 15(a)(3), a party has fourteen days to respond to an amended pleading, unless otherwise ordered by the Court. Plaintiffs filed their FAC on June 24, 2010. On July 8, 2010, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), which the Court denied on July 13, 2010. Therefore, the deadline for Defendants to file their Answer to the FAC was July 27, 2010, which is fourteen days following the Court's Order. Instead, Defendants filed their Answer on September 15, 2010, fifty days late.

In support of their motion, Plaintiffs cite Canady v. Erbe Elektromedizin GmbH, 307 F.Supp.2d 2 (D.D.C. 2004), which found that a court may strike an untimely filed pleading. Plaintiffs, however, have offered no authority for the proposition that a portion of a pleading may be stricken if the entire pleading is untimely filed. Indeed, the Canady court – while recognizing that it is within the court's discretion to strike an untimely answer – denied the plaintiff's motion to strike the answer because that would have resulted in a default judgment, "which contravenes the established policies disfavoring motions to strike … and favoring the resolution of cases on their merits." Id. at 8 (internal citations omitted).

As a final matter, Plaintiffs contend that Defendants' late filling has prejudiced them because they have been precluded from conducting discovery regarding Defendants' new affirmative defense. This contention is unavailing. Any prejudice to Plaintiffs is of their own making, as they waited until February 9, 2010 to seek leave to amend their complaint, even though the February 26, 2010 fact discovery cutoff and the March 12, 2010 expert discovery cutoff were approaching. See Dkt. 63. Plaintiffs then waited an additional seventy-three days from the April 12, 2010 Order granting them leave to amend to file their FAC. Furthermore, Plaintiffs fail to identify any prejudice arising from the fifty days between July 27, 2010, when Defendants' Answer was due, and September 15, 2010, when the Answer was actually filed.

Of note, by July 27, 2010, discovery had already closed. At bottom, it appears that both parties have proceeded in a dilatory fashion.[2]

For these reasons, Plaintiffs' motion to strike Defendants' statute of limitations defense on the ground that Defendants' Answer was untimely filed is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Strike In Part Defendants' Answer to First Amended Complaint is DENIED. This Order terminates Docket 428.

IT IS SO ORDERED.

Dated: January 11, 2011                    _____
                                           SAUNDRA BROWN ARMSTRONG
                                           United States District Judge

---

[2] Defendants' counsel offers the following excuse for filing the Answer fifty days late: "in the press of trial preparation between July 2010 and September 2010, after the Court struck the City's 12(b)(6) motion, counsel for defendants overlooked the need to file an answer to the amended complaint. After the Court vacated the September 8 trial date, counsel realized its oversight and promptly prepared and filed defendants' answer to the first amended complaint." Dkt. 436, Emery Decl. ¶ 6. Putting aside whether this excuse has merit, the Court nonetheless finds that Plaintiffs have shown no prejudice arising from Defendants' delay.