UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No: C 07-03685 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO PERMIT THE FILING OF PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING EVIDENCE FROM THE DE YOUNG MUSEUM AND CALIFORNIA ACADEMY OF SCIENCES**<br><br>Dkt. 455 |

The parties are presently before the Court on Plaintiffs' Motion to Permit the Filing of Plaintiffs' Motion for Clarification Regarding Evidence From the de Young Museum and California Academy of Sciences. In this motion, Plaintiffs seek leave to file a motion asking for "clarification" regarding the Court's September 2, 2010 Order granting Defendant the City and County of San Francisco's ("the City's") motion in limine to exclude evidence of alleged access violations at facilities outside the class definition. Dkt. 389. At bottom, Plaintiffs seek reconsideration of the portion of the Court's September 2, 2010 Order precluding admission of evidence related to the de Young Museum and California Academy of Sciences.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I. **BACKGROUND**

On June 7, 2010, the Court granted Plaintiffs' motion for class certification. Dkt. 285. As reflected in that Order, at the May 18, 2010 hearing on Plaintiffs' motion for class certification, Plaintiffs agreed to remove from their proposed class definition six facilities:

Palace of Fine Arts, California Academy of Sciences, de Young Museum, War Memorial Opera House, Davies Symphony Hall, and Public Health headquarters at 101 Grove Street.  <u>Id</u>. at 6.  The Court also rejected Plaintiffs' argument – which they presented <u>after</u> the May 18, 2010 hearing by way of a proposed order – that the class definition should nevertheless be enlarged to include the generic categories of museums, music venues, and other civic center buildings.  Id.  In particular, the Court set forth the following explanation for excluding these facilities from the class definition:

> Plaintiffs have not demonstrated that the City's policies and practices regarding disabled access apply to these cultural institutions, which are often designed, constructed and/or operated by various legally distinct 501(c)(3) non-profit entities. … Furthermore, the proposed addition would broaden the substantive scope of this case to include cultural institutions that were not within the scope of the class definition plaintiffs proposed with their motion … Plaintiffs' belated proposal to add new categories to their proposed class definition would essentially undo their agreement at the May 18 hearing to omit the six identified facilities from their class definition. … Finally, the legally distinct 501(c)(3) non-profit entities responsible for design, construction and/or operation of individual cultural facilities may be necessary parties pursuant to Fed.R.Civ.P. 19.

<u>Id</u>. at 5-6.

The City subsequently moved in limine to exclude evidence regarding these museums, music venues, and other civic center buildings that are not part of the case – including the de Young Museum and California Academy of Sciences – on the ground that such evidence is irrelevant.  Dkt. 359.  Plaintiffs did not expressly oppose the motion.  Instead, they merely observed in a footnote:  "With respect to the admissibility of evidence regarding the six museums and cultural facilities, the Court stated during the hearing on class certification that such evidence is properly admissible at trial if it tends to prove that the City's policies and practices violate the ADA."  Dkt. 368, Pls.' Opp. to MILs at 9 n.8.  Other than that single sentence, Plaintiffs offered no argument in favor of admission of such evidence.

With respect to the City's motion in limine, the Court ruled as follows:

> The City seeks to exclude, as irrelevant, evidence related to facilities beyond those specified in the class certification.  On June 4, 2010, the Court certified a class of plaintiffs consisting of persons who have been denied access to the City's "parks, libraries, swimming pools, and curb ramps, sidewalks, crosswalks,

> and any other outdoor designated pedestrian walkways." The Court denied certification of class categories "museums" and "music venues," specifically the Palace of Fine Arts, the Academy of Sciences, de Young Museum, War Memorial Opera House, Davies Symphony Hall, and 101 Grove Street. . . . With respect to evidence regarding the six museums and cultural [facilities] named by the City, Plaintiffs have offered no response. … The City's Motion in Limine No. 6 is GRANTED, as unopposed, with respect to preclusion of evidence relating to the Palace of Fine Arts, the Academy of Sciences, de Young Museum, War Memorial Opera House, Davies Symphony Hall, and 101 Grove Street.

Dkt. 389 at 16-17. Now, nearly five months after the Court's in limine ruling and one week before trial, Plaintiffs seek leave to file a motion to reconsider this in limine ruling with respect to the de Young Museum and California Academy of Sciences.

## II.   DISCUSSION

Although Plaintiffs style their proposed motion as a request for clarification, it is properly construed as a motion for reconsideration. Plaintiffs have not identified any aspect of the Court's in limine ruling that is unclear or requires "clarification." Rather, Plaintiffs seek permission to introduce evidence related to the de Young Museum and California Academy of Sciences, which the Court has already deemed inadmissible.

To justify a motion for reconsideration, Plaintiffs "must specifically show. . . [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [ruling]." Civil Local Rule 7-9(b). The only circumstance Plaintiffs cite is the Court's statement that Plaintiffs had not opposed the City's motion, when Plaintiffs had provided merely a one-sentence footnote referencing the Court's comment at the class certification hearing that evidence regarding these facilities could be presented. At the outset, merely mentioning an issue in a footnote is insufficient to present the matter for the Court's consideration. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1992) (contentions raised only in footnote in opening brief, without supporting argument and citation to relevant authorities, are deemed abandoned); see also Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."). Moreover, the following exchange from the class certification hearing – upon which

Plaintiffs rely to support their instant motion – does not establish the admissibly of the evidence at issue:

> The Court: Okay.  As I understand it from counsel, Mr. Wallace, those are – those were set forth for purpose of example only and you have no objection to the Court deleting them from the proposed definition of the class?
>
> Mr. Wallace: Yes, but just to be clear, your honor, those would be examples of facilities that we would present evidence on.
>
> The Court: That's fine.  I said without prejudice to you <u>presenting</u> evidence on any facility, these and others that would be, <u>that will support your proof of what you are claiming</u>.

Dkt. 455-1, Ex. C, Tr. at 53:2-55:19 (emphasis added).  While the Court indicated that it left open the possibility that Plaintiffs could present such evidence, the Court did not state that Plaintiffs were otherwise relieved of their burdens to establish the proper foundation for admission of this evidence and to respond to the City's challenge to this evidence made in its subsequent motion in limine.  The Court's in limine ruling did not manifestly fail to consider any material fact or dispositive legal argument.  As such, Plaintiffs are not granted leave to file their Motion for Clarification Regarding Evidence From the De Young Museum and California Academy of Sciences.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Permit the Filing of Plaintiffs' Motion for Clarification Regarding Evidence From the De Young Museum and California Academy of Sciences is DENIED.  This Order terminates Docket 455.

IT IS SO ORDERED.

Dated: January 25, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge