Guy B. Wallace, State Bar No. 176151
Mark T. Johnson, State Bar No. 76904
Andrew P. Lee, State Bar No. 245903
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: gwallace@schneiderwallace.com
       mjohnson@schneiderwallace.com
       alee@schneiderwallace.com

James C. Sturdevant, State Bar No. 94551
Whitney Huston, State Bar No. 234863
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420
Email: jsturdevant@sturdevantlaw.com
       whuston@sturdevantlaw.com

Monique Olivier, State Bar No. 190385
DUCKWORTH PETERS LEBOWITZ
OLIVIER LLP
235 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@dplolaw.com

Scott A. Brown, State Bar No. 177099
KAHN BROWN & POORE LLP
2200 Powell Street, Suite 745
Emeryville, California 94608
Telephone: (510) 923-6280
Facsimile: (510) 923-6285
Email: sbrown@kahnbrownlaw.com

Attorneys for the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IVANA KIROLA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO ("the CITY"), *et al.*; <br><br> Defendants. | No. 4:07-CV-03685 SBA (EMC) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE: DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR: (1) CLARIFICATION OF SCOPE OF DISCOVERY AUTHORIZED UNDER THE COURT'S JANUARY 31, 2001 ORDER; AND (2) TO QUASH SUBPOENA FOR DEPOSITION OF JOANNA FRAGULI** <br><br> Trial Date: April 4, 2011 |

On February 16, 2011, Defendant City and County of San Francisco ("The City") filed a "Supplemental Submission" in support of its administrative motion for leave to file a motion for: (1) clarification of scope of discovery authorized under the Court's Order of January 31, 2011; and (2) to quash the subpoena for deposition of Joanna Fraguli. (Doc No. 473). At about the same time, attorney Geoffrey Gordon-Creed, not an attorney of record in this case on behalf of any party, filed a letter brief on behalf of Ms. Fraguli, recounting Ms. Fraguli's version of recent events and urging the Court to (1) grant leave to Defendants to file the motion to quash the deposition subpoena, (2) set a briefing schedule; (3) stay the deposition until such time as the motion is decided; and (4) allow Ms. Fraguli to join in the motion. (Doc. No. 472) Plaintiffs are mindful of the Court's admonition against letter briefs and against excessive briefing. Nonetheless, they feel compelled to respond briefly to these two filings.

First and foremost, Plaintiffs wish to advise the Court that they have investigated and have confirmed Mr. Gordon-Creed's statement that the deposition subpoena served on Ms. Fraguli on February 7, 2011 was not accompanied by witness fees as required by Rule 45(b)(1). This was an inadvertent omission on the part of Plaintiffs, but it nonetheless renders the subpoena invalid and unenforceable. Accordingly, this morning Plaintiffs re-served Ms. Fraguli with an amended deposition subpoena, with witness fees. To accommodate the scheduling conflict described by Mr. Gordon-Creed in his letter to the Court and to provide maximum notice of the deposition within the time permitted by the Court, Plaintiffs have set the deposition for February 24, 2011, the last day for the completion of discovery under the Court's order of January 31, 2011. Plaintiffs have already met and conferred extensively with the City and with Mr. Gordon-Creed about Ms. Fraguli's deposition and their respective positions are clear. The City objects to the deposition *at any time*, based on its contention – notwithstanding the language of the January 31 Order – that the Court only intended to permit the City to take Ms. Fraguli's deposition, not Plaintiffs. Mr. Gordon-Creed has made it clear that he will not make Ms. Fraguli available for a deposition until at least March 1, 2001, which is beyond the deadline set by this Court for completing further discovery.

Based upon the foregoing, the City's proposed motion to quash the subpoena is moot, but the underlying dispute as to whether Plaintiffs are entitled to depose Ms. Fraguli remains. The City now relies on statements made by the Court at the pre-trial conference as support for its contention that the Court only intended for Defendants to depose her, and for Plaintiffs to be precluded from doing so in the event that the City decided not to take her deposition. While the Court may well have been prompted to order Ms. Fraguli's deposition by the City's repeated insistence that it would be prejudiced by not being able to communicate with her, its Order, however, simply granted leave to the "parties" to depose her. At no time has the Court ever stated that Plaintiffs were not permitted to depose M.s Fraguli. The Court's discussion at the pre-trial conference did not include the one-sided limitation on this aspect of the supplemental discovery that the City would now like to impose. Nor is there any reason it should have done so, as allowing Ms. Fraguli to testify at trial in defense of this action but precluding Plaintiffs from taking her deposition would cause at least as much prejudice to Plaintiffs as any prejudice that might result from the City's inability to engage in *ex parte* communications with her.

As this Court may recall, despite its contention that Ms. Fraguli's trial testimony is critical to its defense, the City failed to disclose her as an individual likely to have discoverable information in this case, as they were required to do under Rule 26(a), until March 31, 2010, the very last day of discovery. As a result, Plaintiffs had no opportunity to depose Ms. Fraguli or otherwise engage in discovery regarding the scope of her knowledge or actions relevant to the issues in this case. The obvious effect and apparent intent of this late disclosure (which also included a number of other previously undisclosed witnesses) was to enable the City to gain an advantage by presenting surprise testimony at trial from witnesses who could not be impeached based upon prior deposition testimony. In the case of Ms. Fraguli, however, the City's actions in this regarded were thwarted by the subsequent realization that its attorneys would be unable to meet with her to prepare her to testify on its behalf. Since then, the City has relentlessly but unsuccessfully sought relief from its ethical obligations from both this Court and the Ninth

Circuit in the form of an order allowing it to have ex parte communications with members of the certified class.[1]

The City's decision not to take advantage of this Court's decision to permit it to depose Ms. Fraguli, made under the assumption that Plaintiffs would then be precluded from the opportunity to obtain her testimony under oath, tends to confirm that the City's real agenda is unfair surprise. If Ms. Fraguli really has information that is important for the Court to hear at the trial of this action, as the City has maintained, why shouldn't both parties have the opportunity to explore the scope and relevance of her knowledge in the neutral and formal setting of a deposition? The City has no legitimate answer to this. Moreover, the City may now have the solution to its dilemma of not being able to communicate with Ms. Fraguli about her trial testimony. With Ms. Fraguli having now retained independent counsel on the pretext of being intimidated by the allegedly aggressive behavior of Class Counsel[2], the City may well attempt to convey the necessary information to Mr. Gordon-Creed which, when conveyed to Ms. Fraguli, will be cloaked under the protection of the attorney client privilege. Class Counsel has communicated with the City Attorney regarding this potential scenario and reminded the City that its obligation not to communicate with Ms. Fraguli extends to indirect communications, but *the City has refused to confirm in writing that it will not convey information to Ms. Fraguli indirectly through Mr. Gordon-Creed.* (Johnson Decl. ¶ 11, Ex. E).

---

[1] *See*: (1) The City's "administrative motion" seeking an order authorizing it to have ex parte communications with members of the certified class, including Ms. Fraguli, dated July 30, 2010, [Doc. No. 353], denied by this Court on September 7, 2010. [Docs. No. 398, 399]; (2) The City's "appeal" of the trial court's denial of its motion, filed on October 6, 2010. [Docs. No. 409, 413]; (3) The City's administrative motion seeking permission to file a motion for reconsideration of the Court's ruling denying the motion to communicate with class members or, in the alternative, for an order modifying the class definition to exclude specific class members, among them Ms. Fraguli, dated October 8, 2010 [Doc. No. 414], and denied on November 2, 2010. [Doc. No. 423]. Recently, on February 7, 2011, the Ninth Circuit denied the City's appeal of the City's first administrative motion for lack of jurisdiction and declined the City's request to treat the appeal as a petition for writ relief [Doc. No. 463].

[2] As set forth in the Declaration of Mark T. Johnson filed with this supplemental memorandum, there is no truth to the suggestion that Class Counsel behaved inappropriately in any way in his communications with Ms. Fraguli, which were initiated by her. (Johnson Decl. ¶¶ 7-9).

1   Under these circumstances, the Court should confirm the plain meaning of the language contained in its Order of January 31 that "the parties are granted leave to depose Ms. Fraguli" [Doc. No. 462], and that Plaintiffs, like the City, may take her deposition.  While plaintiffs have re-noticed that deposition for February 24, the last date on which the period of supplemental discovery closes, Plaintiffs are also willing to take the deposition on March 1 or March 2, the dates proposed by Mr. Gordon-Creed, in order to accommodate both his and Ms. Fraguli's schedule, should the Court permit such an extension of the discovery period.

Finally, with respect to the other supplemental discovery at issue on the City's proposed motion, Plaintiffs believe that the motion should be heard by Magistrate Judge Chen in accordance with the Court's prior referral of discovery matters (this motion is, in fact, currently pending before him), and that the amount of discovery is both reasonable and necessary to minimize the prejudice arising from the City's amended trial exhibits, which contain new "policies" and fact contentions that dozens of facilities and over 2,400 curb ramp locations are now (albeit belatedly) accessible.  Further, Plaintiffs' noticing of six additional site inspections was already disclosed to the Court in Plaintiffs' opposition to the City's administrative Motion and, as stated therein, was prompted by the City's production of yet another corrected version of its amended exhibit consisting of City web sites identifying those sites as accessible.

For the forgoing reasons, Plaintiffs respectfully request that the Court deny Defendants' administrative motion for leave to file its proposed motion for clarification of the scope of supplemental discovery and direct that the deposition of Joanna Fraguli go forward as noticed..

Respectfully submitted,

Dated: February 17, 2011   SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP


*/s/Mark T. Johnson*
Counsel for Plaintiffs