UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No: C 07-03685 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR: (1) CLARIFICATION OF SCOPE OF DISCOVERY AUTHORIZED UNDER THE COURT'S JANUARY 31, 2011 ORDER; AND (2) TO QUASH SUBPOENA FOR DEPOSITION OF JOANNA FRAGULI**<br><br>Dkt. 467 |

On November 23, 2010, Defendants filed a Motion to Stay Trial Pending Appeal of Order Denying Leave for Post-Certification Contact with Class Member Joanna Fraguli ("Defendants' Motion for Stay"). Dkt. 432. On January 21, 2011, Defendants filed a Motion for Leave to Amend Trial Exhibit List to Reflect Current Conditions in City's Public Right of Way, Libraries, Rec Park Facilities, and Financial Condition ("Defendants' Motion for Leave"). Dkt. 451. Both of these motions were considered by the Court during the January 25, 2011 pretrial conference in this matter.

As indicated during the pretrial conference, and as memorialized in the Court's January 31, 2011 written Order, the Court continued the January 31, 2011 trial date to April 4, 2011, granted Defendants' Motion for Leave, and denied Defendants' Motion for Stay as moot in view of the new trial date. Dkt. 462. In granting Defendants' Motion for Leave, the Court stated in its January 31, 2011 Order:

> Defendants' Motion for Leave to Amend Trial Exhibit List to Reflect Current Conditions in City's Public Right of Way, Libraries, Rec Park Facilities, and Financial Condition (Dkt. 451) ("Defendants' Motion") is GRANTED. <u>The parties are granted leave to conduct discovery directed to only the new exhibits</u>

<u>specifically identified in Defendants' Motion</u>. The deadline for such discovery is February 24, 2011.

Id. at 1 (emphasis added). Furthermore, with respect to Defendants' Motion for Stay, the Court stated: "The parties are granted leave to depose Ms. Fraguli. The deadline for conducting her deposition is February 24, 2011." Id.

On February 13, 2011, the parties submitted a letter brief to Magistrate Judge Edward M. Chen, the assigned discovery magistrate judge in this matter, setting forth their respective positions as to Plaintiffs' Motion to Compel. Dkt. 464. Plaintiffs' Motion to Compel is directed to the parties' disputes over discovery requests that Plaintiffs served after the Court's January 31, 2011 Order. Id.

Thereafter, Defendants filed the instant Motion for: (1) Clarification of Scope of Discovery Authorized Under the Court's January 31, 2011 Order; and (2) to Quash Subpoena for Deposition of Joanna Fraguli ("Defendants' Motion for Clarification"). Dkt. 467, Ex. A. In that motion, Defendants seek from this Court clarification regarding the scope of discovery authorized under the January 31, 2011 Order, in view of what they characterize as Plaintiffs' "overreaching discovery demands in wake of the Court's limited reopening of discovery …." Id. at 1. The Court notes that the parties' disputes regarding Plaintiffs' discovery requests have already been fully briefed before Magistrate Judge Chen. Moreover, Defendants fail to identify any ambiguity in the plain language of the Court's January 31, 2011 Order regarding the scope of additional discovery. Indeed, the Court made clear that the parties are granted "leave to conduct discovery <u>directed to only the new exhibits specifically identified in Defendants' Motion</u>." Dkt. 462 at 1 (emphasis added). In view of these factors and the approaching April 4, 2011 trial date, Plaintiffs' Motion to Compel is ripe for adjudication by Magistrate Judge Chen, without requiring any further clarification from the undersigned.

With respect to Defendants' motion to quash Plaintiffs' subpoena for deposition of Ms. Fraguli, Defendants explain that although they declined the opportunity to depose Ms. Fraguli, Plaintiffs noticed her deposition themselves. Defendants are correct that the Court only granted Defendants leave to conduct Ms. Fraguli's deposition. While there may be some

ambiguity in the Court's written order on this issue, the Court's reasons for granting Defendants leave to take Ms. Fraguli's deposition, as stated on the record at the January 25, 2011 pretrial conference, contain no such ambiguity:

> And then with respect to the – class member who seems to be interested in talking with the defendant but – on an ex parte basis, one thing I thought I would just throw out for purposes of your discussion is giving you all a limited amount of time to engage in discovery – plaintiffs engage in discovery on the updated exhibit list and – <u>and the defendants an opportunity to – not on ex parte basis but with the presence of plaintiffs to talk to the – to engage in discovery with respect to the class members</u>.
>
> ….
>
> [Addressing Defendants' counsel] What I'm trying to do is accommodate <u>your seeming interest in talking with her</u> as the same time as making sure that any – any possible prejudice as a result of – of <u>the plaintiffs</u> not being able to be present when a member of the class is being questioned and minimize that prejudice, at the same time.

Dkt. 473, Ex. A. (Hearing Tr. January 25, 2011) at 5:12-20; 6:14-19 (emphasis added).

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion for Clarification (Dkt. 467, Ex. A) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion for Clarification of Scope of Discovery Authorized Under the Court's January 31, 2011 Order is DENIED; and

2. Defendants' motion to Quash Subpoena for Deposition of Joanna Fraguli is GRANTED.

IT IS SO ORDERED.

Dated: February 23, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge