UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No: C 07-3685 SBA<br><br>**ORDER**<br><br>Docket 604, 608 |

Presently before this Court for consideration are the parties' post-trial briefs and findings of fact and conclusions of law. The Court finds it necessary to order supplemental briefing with regard to the specific scope of the injunctive relief which Plaintiffs seek.

In their conclusions of law, Plaintiffs set forth conclusions pertaining to their entitlement to injunctive relief. Dkt. 608 ¶¶ 57-61 at 38-39. However, Plaintiffs do not set out the terms of the specific injunctive relief to which they believe they are legally entitled. Id. The Court directs Plaintiffs to file a supplemental brief and supplemental conclusions of law setting forth the specific injunctive relief they seek, which, as noted by Plaintiffs is "'dictated by the extent of the violations.'" Dkt. 608 ¶60 at 41 (quoting Lewis v. Carey, 518 U.S. 343, 360 (1996)); see also Armstrong v. Schwarzenegger, 622 F.3d 1058, 1072-1073 (2010) ("'[I]f injunctive relief is premised upon only a few isolated violations affecting a narrow range of plaintiffs, its scope must be limited accordingly.' However, 'if

the injury is the result of violations of a statute . . . that are attributable to policies or practices pervading the whole system (even though injuring a relatively small number of plaintiffs),' then '[s]ystem-wide relief is required.'") (internal citations omitted); Stormans, Inc. v. Selecky, 571 F.3d 960, 990 (9th Cir. 2009) ("Injunctive relief . . . must be tailored to remedy the specific harm alleged."); Cal. for Disability Rights, Inc. v. Caltrans, C 06-5125 SBA, 2009 WL 2982845, *2 (N.D. Cal. Sept. 14, 2009) (Armstrong, J.) (stating that injunction requiring defendants to survey facilities to ensure compliance with the Americans With Disability Act could be legally available depending on the scope of the violations).

Plaintiffs are to set forth the specific terms of the injunction that they request the Court to issue with citations to the record and legal authority showing their entitlement to the proposed terms. With regard to their contention that they are entitled to system-wide injunctive relief, Dkt. 608 ¶ 60 at 41, Plaintiffs shall set forth the numbers of all findings of fact in their proposed findings of fact and conclusions of law, Dkt. 608, that they maintain support their contention that Defendants' alleged violations are attributable to policies or practices pervading the entire system such that they are entitled to system-wide relief. See Armstrong, 622 F.3d at 1072-73. They shall organize the numbers of the findings of fact into the categories listed in their post-trial brief at pages 23 and 24 of Docket 604, including (1) pedestrian right of way; (2) parks; (3) unique parks and "special destinations"; (4) libraries; (5) barriers that constitute safety hazards; (6) complaint system and barrier removal requests; and (7) monitoring. Dkt. 604 at 23-24.

Plaintiffs shall file their supplemental brief of no more than ten (10) pages and supplemental conclusions of law of no more than ten (10) pages by no later than July 27, 2011. Defendants shall file any responsive supplemental brief of no more than ten (10)

//
//
//
//

pages and any responsive supplemental conclusions of law of no more than ten (10) pages by no later than August 3, 2011.

    IT IS SO ORDERED.

Dated: July 19, 2011

                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge