UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No: C 07-3685 SBA<br><br>**ORDER RE FURTHER PROCEEDINGS** |

I. **INTRODUCTION**

Plaintiff Ivana Kirola ("Kirola") brings the instant class action lawsuit against the City and County of San Francisco ("the City"), alleging that its facilities fail to comply with Title II of the Americans with Disabilities Act ("ADA") and parallel state non-discrimination laws.[1] On March 20, 2014, the Court ordered the parties to meet and confer and to submit a joint statement setting forth their respective proposals for the further handling of the following post-trial matters: (1) whether Kirola has standing to pursue the claims alleged; (2) whether the class certification order should be reconsidered in light of

---

[1] The First Amended Complaint, the operative pleading before the Court, names Kirola and Elizabeth Elftman as Plaintiffs. FAC ¶¶ 8-9, Dkt. 294. However, only Kirola was appointed as the class representative. Class Cert. Order ¶ 9, Dkt. 285. The Amended Complaint names the City as a Defendant, along with Mayor of San Francisco and members of the City's Board of Supervisors. FAC ¶¶ 10-11. For simplicity, all further references to "the City" shall pertain to all of the named Defendants.

the record developed at trial and/or changes in the law; and (3) the Court's consideration of the City's program access improvements relating to public rights of way, recreational facilities, and public libraries. See Order Directing Parties to Meet and Confer and to File Joint Statement Re Further Proceedings at 2, Dkt. 659.

On April 16, 2014, the parties' filed their Joint Statement Re Further Proceedings ("Joint Statement"). Dkt. 662. The City contends that the record is sufficient for the Court to enter judgment in its favor. Id. at 2:18. Alternatively, the City proposes filing a post-trial motion that will demonstrate that case law pertaining to the ADA and class actions entitle the City to judgment in its favor and/or that class decertification is appropriate. Id. at 3:16-22. If any of Kirola's claims remain viable following the ruling on such motion, the City proposes that the Court consider additional evidence and testimony regarding whether Kirola can satisfy the requirements for injunctive relief. Id. at 3:24-4:18. Kirola disagrees that any additional motion practice or trial proceedings are necessary or appropriate. Id. at 5:21-25. The Court discusses these issues, in turn.[2]

## II. DISCUSSION

### A. STANDING AND CLASS CERTIFICATION

#### 1. Contentions

On June 7, 2010, the Court granted Plaintiffs' motion for class certification, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2). See Class Cert. Order, Dkt. 285. The Court certified the following class:

> All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, California Government Code Section 11135, et seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq. due to disability access barriers to the following programs,

---

[2] Although the Court did not order or intend for the Joint Statement to include argument on substantive issues, Kirola's section of the Joint Statement includes eighteen-pages of briefing. See Jt. Stmt. at 5:9-22:4. The City correctly construed the Court's order as intended, and set forth its views on the aforementioned issues but did not respond directly to Kirola's substantive arguments. Therefore, to guide the parties' anticipated briefing and expedite the resolution of this case, the Court will briefly address Kirola's contentions, but will defer final resolution of them until the issues are fully briefed.

> services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, and curb ramps, sidewalks, crosswalks, and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

Id. at 6:19-25.  The Court appointed Kirola as the class representative.  Id. at 6:26.

In its Opposition to Plaintiffs' Motion for Class Certification, the City had argued that Kirola, as the sole proposed class representative, lacked standing to seek injunctive relief with respect to the vast majority of the ADA violations at issue.  See Defs.' Opp'n to Pl's. Mot. for Class Cert. at 8:14-11:6, Dkt. 245.  At the hearing on the motion, however, the City withdrew its challenge to Kirola's adequacy as a class representative "based upon its contention that she lacks standing to seek relief regarding barriers that she has not herself encountered."  See Class Cert. Order at 3:18-20.  As such, the Court did not consider and made "no finding as to the type or scope of relief Plaintiff might seek or obtain on behalf of the class in this case."  Id. at 3:21-22.  Instead, the Court ruled that "[s]uch determinations will be made following trial based upon the evidence presented and the relief requested."  Id. at 3:23-24.

The City now reasserts its position that the trial record is sufficient to justify a judgment in its favor.  More specifically, the City argues that Kirola has failed to show that she suffered actual injury, that she was injured by any policy or practice, that such policy or practice caused widespread harm to the class, or that she faces any real or immediate threat of substantial or irreparable injury.  That aside, the City argues that, in the event the Court is not inclined to enter judgment at this juncture, the Court should permit it to file a motion for judgment, or, alternatively, to decertify the class within forty-five days.  Kirola, on the other hand, claims that she has suffered and continues to suffer actual injury as a result of the City's disability access policies and practices and therefore satisfies the requirements for standing and the entry of judgment in her favor.  She further contends that no additional motion practice is necessary, but that if the Court is inclined to order the City to file a motion for judgment or decertification, such motion should be filed by May 19, 2014.  See Jt. Stmt. at 7.

- 3 -

### 2. Analysis

Article III standing is a threshold requirement in every civil action filed in federal court. U.S. Const., art. III, § 2, cl. 1; Elk Grove Unified Sch. Dist. v. Newdow, 524 U.S. 1, 11 (2004). The plaintiff must establish her standing to sue at each stage of the litigation by meeting the pertinent evidentiary standard.[3] Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In addition, "a plaintiff must demonstrate standing separately *for each form of relief sought*." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 185 (2000) (each form of relief sought). When a plaintiff seeks prospective relief, he or she must show that there is "a likelihood of future injury" to establish standing. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (internal quotations and citations omitted). To establish that an injury is likely to recur, the plaintiff must show either (1) "'that the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy'" or (2) "'the harm is part of a pattern of officially sanctioned . . . behavior, violative of plaintiff's federal rights.'" Melendres v. Arpaio, 695 F.3d 990, 998 (9th Cir. 2012) (quoting Armstrong v. Davis, 275 F.3d 849, 861 (9th Cir. 2001)) (ellipses in original).

The City suggests that the action may be resolved based on the existing record, without any additional briefing. The Court disagrees and finds that additional briefing is appropriate. Standing is a threshold jurisdictional issue that necessarily informs the issue of whether and/or to what extent Kirola may maintain her claims on a class and/or individual basis. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ("'[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue.") (citing 3 Herbert B. Newberg on Class Actions § 3:19, at 400 (4th ed. 2002)). Although the City challenged Kirola's standing in connection with her motion for class certification, it later withdrew the objection, thereby

---

[3] For instance, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." Lujan, 504 U.S. at 561. "At the final stage of the case, the plaintiff must present specific facts "supported adequately by the evidence adduced at trial." Id. (internal quotations omitted).

leaving the issue for determination following trial.  See Class Cert. Order at 3:23-24.  Therefore, to ensure that the Court is fully informed in its final assessment of Kirola's claims, further motion practice is appropriate.  In briefing this issue, the parties shall take into account the Supreme Court's requirement that a plaintiff "must demonstrate standing separately for each form of relief sought."  Friends of the Earth, 528 U.S. at 185.[4]  The parties' analysis should be specific to each of the programs, services, activities and facilities as to which Kirola seeks injunctive relief.

With regard to the matter of timing, the City requests forty-five days to file its motion.  However, the Court is persuaded by Kirola's concern that an extended briefing schedule would result in unnecessary delay.  See Jt. Stmt. at 4-5.  Although the issues to be briefed are significant, the City has previously raised the issue of Kirola's standing in its pre- and post-trial briefs (albeit in a summary fashion).  In addition, the motion will be based on the existing record, with which the City is well-acquainted.  As such, the City is undoubtedly well-prepared to more thoughtfully and thoroughly brief the salient issues and prepare its motion for judgment or decertification on an expedited basis.  Accordingly, the Court directs the City to file its motion by May 19, 2014.

### B.    SUBSTITUTE CLASS REPRESENTATIVE

Kirola contends that even if the Court ultimately were to conclude that she lacks standing to seek injunctive relief on behalf of the class, the Court is required to allow her to substitute in her stead class members (such as those who testified at trial) who ostensibly

---

[4] For the benefit of the parties, the Court notes that there is some tension in Supreme Court jurisprudence regarding whether differences between a putative class representative's injury and those of the class are more appropriately analyzed as a matter of Article III standing *or* the adequacy element under Rule 23(a).  See Gratz v. Bollinger, 539 U.S. 244, 264 n.15 (2003) (noting the "tension in [the Supreme Court's] prior cases in this regard").  In submitting their respective briefs, the parties shall take into account such authority in presenting their arguments.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

have standing.  See Jt. Stmt. at 15:4-16:12.[5]  The case law cited by Kirola holds that where the sole class representative's claims become *moot* after class certification, the plaintiff may rectify any jurisdictional concerns by substituting a suitable class representative. E.g., United States Parole Comm'n v. Geraghty, 445 U.S. 388, 415 n.8 (1980) ("If the named plaintiff's own claim becomes moot after certification, the court can re-examine his ability to represent the interests of class members.  Should it be found wanting, the court may seek a substitute representative or even decertify the class."); Wade v. Kirkland, 118 F.3d 667, 669 (9th Cir. 1977) ("We reverse and remand for a ruling on the outstanding class certification motion, including a determination [of] whether Wade may remain as the class representative despite the mootness of his individual claim or whether putative class members with live claims should be allowed to intervene."); Bates v. United Parcel Serv., Inc., 511 F.3d 974, 986 (9th Cir. 2007) ("Even if UPS is correct that Oloyede's claim is either not redressable or is moot because he is no longer in a driver-eligible position, questions we do not decide, the remaining class members are not foreclosed from attaining relief since the class was long ago duly certified.").

      The salient issue here is not one of mootness—but whether Kirola had standing *ab initio*.  This distinction is significant.  The Ninth Circuit has held that while substitution of a class representative may be permissible when her claims become moot, substitution is not permissible where the class representative lacked standing in the first instance.  See Lierboe, 350 F.3d at 1023 (finding that the class representative's lack of standing could not be cured by substituting another representative and therefore district court was required to dismiss the action on remand); see also Newberg on Class Actions § 2:8 (5th ed. 2013) ("[I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed; if the case only had this one class representative from the outset, then there is no opportunity for a substitute class

---

[5] Since the Court has not yet addressed the matter of Kirola's standing on the merits, the question of whether a substitute class representative is permissible is not ripe. Nonetheless, in the interest of expediting the resolution of this case, the Court briefly addresses Kirola's contention.

representative to take the named plaintiff's place because this means that the court never had jurisdiction over the matter."). Thus, based on the authority and argument presented by Kirola, the Court is not persuaded that she will be able to cure such standing deficiencies by attempting to substitute a different class representative.

### C. RE-OPENING EVIDENCE AND PLAINTIFFS' REQUESTED OFFER OF PROOF

The City suggests that if any aspect of Kirola's case remains actionable after the Court rules on its forthcoming motion, it may be necessary for the Court to re-open the trial for additional evidence. See Jt. Stmt. at 3:23-4:18. Such evidence, the City posits, will be germane to determining whether Kirola continues to face an "immediate threat of substantial injury." See Midgett v. Tri-Cnty. Metro. Transp. Dist. of Or., 254 F.3d 846, 849 (9th Cir. 2001) ("In order to be entitled to an injunction, Plaintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury.").[6] Kirola counters that before accepting any additional evidence, the Court should require the City to make an offer of proof as to the City's specific post-trial policy changes or barrier removals by May 19, 2014, contemporaneously with its motion for judgment or decertification. Id. at 7:12-19; 4:27-28. Kirola also requests the opportunity for additional discovery prior to any further trial proceedings. Id. at 7:20-22. At this juncture, it is unclear whether any additional evidence or testimony is necessary for the resolution of this action. Therefore, requiring the City to submit an order of proof and reopening discovery is premature at this time.

//
//
//
//

---

[6] The City further suggests that, with respect to any part of the case that the Court deems viable after consideration of its forthcoming motion, the parties should first resume the meet-and-confer process regarding the appropriate course of action in terms of how any additional evidence should be presented to the Court. Id. at 4:4-8.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the City shall file its motion for judgment, or alternatively, class decertification by **May 19, 2014**. Kirola's response shall be filed by **June 6, 2014**. The City's reply shall be filed by **June 13, 2014**. The format of the parties' briefs shall comport with Civil Local Rule 7-2(b). Any request to enlarge the page limit set forth in Civil Local Rule 7-2(b) shall be submitted in the form of a stipulation (or separate request if no stipulation is reached), which shall be filed at least seven (7) days prior to the filing deadline.

IT IS SO ORDERED.

Dated: April 29, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge