UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IVANA KIROLA, et al., | Case No: C 07-3685 SBA |
|---|---|
| Plaintiffs, | **ORDER DENYING REQUEST FOR FURTHER MODIFICATION OF BRIEFING SCHEDULE ON DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S POST-TRIAL MOTION FOR JUDGMENT** |
| vs. | |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | Dkt. 667 |

This matter is before the Court on the parties' Stipulated Request for Further Modification of Briefing Schedule on Defendant City and County of San Francisco's ("City") Post-Trial Motion For Judgment, Dkt. 667. Despite having already been granted an initial extension by the Court, the parties now request to further extend Plaintiff Ivana Kirola's ("Kirola") deadline to file a response to the City's Post-Trial Motion For Judgment ("Motion") by an additional two weeks (from June 16, 2014 to June 30, 2014), and to correspondingly extend the City's deadline to file a reply by an additional almost four weeks (from June 25, 2014 to July 21, 2014). Having read and considered the stipulation, the Court hereby DENIES the parties' request for a second modification of the briefing schedule on the City's Motion for the reasons set forth below.

I. **BACKGROUND**

In connection with its final resolution of the claims and issues to be decided in this action, the Court has identified various issues requiring supplemental briefing. Dkt. 656, 659. At the Court's direction, the parties filed a Joint Case Management Statement which set forth their respective views on further motion practice, including their proposed filing deadlines. Dkt. 662. On April 29, 2014, the Court issued an Order Re Further Proceedings

which adopted the briefing scheduled proposed by Kirola, as follows:  (1) the City's motion was to be filed by May 19, 2014; (2) Plaintiffs' response was to be filed by June 6, 2014; and (3) the City's reply was to be filed by June 13, 2014.  Order Re Further Proceedings, 8:3-9, Dkt. 663; see also Joint Case Management Statement Re Further Proceedings, Dkt. 662, 7:3-4 ("The City's proposed motion for judgment, if permitted, should be filed no later than May 19, 2014").

On May 15, 2014, the Friday before the City's filing deadline on Monday, May 19, 2014, the parties filed a joint stipulation requesting a modification of the briefing schedule.  Dkt. 664.  The stipulation cited "unanticipated changed circumstances" on behalf of counsel for both parties as a result of personal and work obligations.  See id.  The Court, finding there to be good cause, granted the parties' request for the initial extension and adopted the modified briefing schedule proposed by the parties.  See Order Granting Requested Modification of Briefing Schedule; Dkt. 665.  Pursuant to the modified briefing schedule, the briefs are now due as follows:  (1) the City's Motion was to be filed by May 27, 2014;[1] (b) Kirola response is to be filed by June 16, 2014; and (c) the City's reply is to be filed by June 25, 2014.  See id.[2]

On June 10, 2014, almost a month after the Court granted the parties' request to modify the Motion briefing schedule, the parties filed the instant stipulation requesting a further modification of the briefing schedule.  As noted, the parties now request that the Court extend Kirola's deadline to file her opposition to the Motion to June 30, 2014, and correspondingly extend the City's deadline to file its reply to July 21, 2014.  The basis for this request is two-fold: (1) one of Kirola's attorneys, Guy Wallace of Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace"), was ill from May 26, 2014 through

---

[1] The City has met this deadline, filing their Motion and supporting Memorandum of Points and Authorities on May 27, 2014.  Dkt. 666.

[2] Kirola's requested extension would create scheduling conflicts on behalf of counsel for the City, and the City therefore indicated that it agrees to Kirola's requested extension only on the condition that the deadline for the City's reply be set no earlier than July 21, 2014.  Dkt. 667, 2:1-5.

June 5, 2014; and (2) another of Kirola's attorneys, Mark Johnson, also with Schneider Wallace, has a "long-scheduled family vacation" that will have him out of the office from June 14, 2014 to June 22, 2014. Dkt. 667, 1:15-21. Mr. Johnson's "long-scheduled" vacation was not mentioned in the first stipulation requesting a modification of the briefing schedule, despite the fact that Mr. Johnson himself signed the stipulation on behalf of Kirola. Dkt. 664.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "file motions." Fed. R. Civ. Pro. 16(b)(3)(A). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotations omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the [extension]." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). If the party seeking the modification of the scheduling order "was not diligent, the inquiry should end." Johnson, 975 F.2d at 609; see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court originally set the briefing schedule on the Motion based on the proposal submitted by Kirola, and subsequently enlarged the briefing schedule based on the parties' joint request. With regard to the parties' current request, the Court is not persuaded that good cause has been shown to warrant a further modification of the briefing schedule. Kirola asserts that an extension is necessary due to Mr. Wallace's illness and Mr. Johnson's vacation plans. Although Mr. Wallace's illness was unanticipated, he is not the only attorney representing Kirola. Indeed, as mentioned by Kirola in the latest stipulation, Mr.

Johnson "shares responsibility for preparing Plaintiffs' response to Defendant's Post-Trial Motion for Judgment." Dkt. 664 at 1:19-20.  Moreover, Kirola is represented by two other law firms in addition to Schneider Wallace.  The Sturdevant Law Firm was appointed as class counsel, pursuant to the Court's Order Granting Plaintiffs' Motion for Class Certification.  <u>See</u> Order Granting Mot. for Class Cert. at 8:1-2, Dkt. 285.  The trial transcript also shows that Scott Brown of Brown Poore LLP appeared on behalf of Kirola at trial.

The Court is likewise unpersuaded that Mr. Johnson's "long-scheduled family vacation" justifies a further extension of time.  As an initial matter, no mention of such vacation was made in connection with Kirola's original proposed briefing schedule, nor in the stipulation to enlarge the briefing schedule filed on May 15, 2014.  Given the claim that the vacation was "long-scheduled," counsel was obviously in a position to take that into account before proposing a June 16, 2014 filing deadline for Kirola's response brief.  That aside, the Court notes that Mr. Johnson's vacation is set to commence on Saturday, June 14, 2014, only two days prior to the current June 16, 2014 deadline.

It bears noting that Kirola has long been on notice of the issues addressed in the City's Motion.  Throughout the litigation, the City has raised the issue of Kirola's standing.  In 2010, the City raised the matter of standing in opposing the motion for class certification, but ultimately withdrew the issue with the understanding that "[s]uch determinations will be made following trial based upon the evidence presented and the relief requested." Dkt. 285 at 3:22-23.  The City again presented argument regarding standing in its post-trial briefs. On March 20, 2014, the Court ordered the parties to meet and confer regarding potential motion practice and/or supplemental briefing on the issue of Kirola's standing.  Kirola's counsel could therefore have begun preparing their response to the City's Motion months ago, and certainly prior to the filing of the City's opening brief on May 27, 2014.  Indeed, given their inclusion of eighteen pages of substantive legal briefing regarding Kirola's standing in Plaintiffs section of the April 16, 2014 Joint Case

Management Statement, it is clear that class counsel did in fact begin drafting its legal arguments regarding Kirola's standing long ago.  See Dkt. 662, 5:9-22:4.

In sum, the Court finds that Kirola has not been sufficiently diligent such that the requested extension to the briefing schedule is warranted, and that good cause to grant the requested modification is lacking.   See Johnson, 975 F.2d at 609.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the parties' Request For Further Modification of Briefing Schedule on the City's Post-Trial Motion For Judgment is DENIED.

IT IS SO ORDERED.

Dated:  June 11, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge