UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No: C 07-3685 SBA<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**<br><br>Dkt. 681 |

Plaintiff Ivana Kirola ("Plaintiff") has filed a Request for Oral Argument on Defendants' Post-Trial Motion for Judgment. Dkt. 679. Plaintiff claims that oral argument is necessary because she has not been afforded the opportunity to either: (1) respond to arguments made in the reply brief filed by the City[1] in support of its motion for judgment; or (2) fully discuss the merits of this case due to page limitations.

A party has no right to oral argument. See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); Civ. L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument . . . ."). The decision of whether to hold oral argument is a matter of the court's discretion. See Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 869 (9th Cir. 1991) (holding that there was

---

[1] The First Amended Complaint ("FAC"), the operative pleading before the Court, names the City and County of San Francisco as a Defendant, along with the Mayor of San Francisco and members of the Board of Supervisors. See FAC, Dkt. 294, ¶¶ 10-11. All references herein to "the City" shall refer to all of the named Defendants.

no abuse of discretion in denying a request for oral argument where the parties had a fair opportunity to submit their arguments and evidence for the court's consideration); Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir. 1971) (holding that the failure to hold oral argument on a motion to dismiss pursuant to the district court's local rule was neither an abuse of discretion nor a denial of due process).

In the instant case, the Court finds that oral argument is neither necessary nor appropriate. No new arguments relevant to the Court's analysis of Plaintiff's standing or the merits of this case have been presented in the City's reply brief. Moreover, both Plaintiff and the City's respective positions have been exhaustively presented to the Court for its consideration, both in written submissions and through their respective closing arguments at trial.[2] Plaintiff, in particular, has had an ample and fair opportunity to present her arguments in the approximately 185 pages of post-trial briefing submitted to the Court. See Dkt. 604, 608, 632, 635, 646, 662, 672. In addition, the Court has thoroughly and independently reviewed the fourteen volumes of trial transcripts and voluminous exhibits in connection with its forthcoming ruling on this matter. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Request for Oral Argument is DENIED.

IT IS SO ORDERED.

Dated:  11/19/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] With regard to the City's motion for judgment, the Court did not impose any page limitations beyond those prescribed by Civil Local Rule 7-2(b). In fact, the Court specifically invited the parties to file a request for enlarged page limitations through either a joint stipulation or an individual motion to the extent that either or both sides believed that enlarged briefs were necessary. Dkt. 663, 8:5-9. Plaintiff submitted no such request.