UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IVANA KIROLA, on behalf of herself and other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No: 07-cv-03685 SBA<br><br>**ORDER ON SAN FRANCISCO'S MOTION TO REVIEW COSTS** |

## I.   BACKGROUND

Plaintiff Ivana Kirola ("Plaintiff"), a disabled individual residing in San Francisco, brought the instant class action against the City and County of San Francisco (the "City") and related parties ("Defendants"), alleging discrimination against mobility-impaired persons based on the failure to eliminate access barriers at the City's libraries, swimming pools, parks and public rights-of-way.  The operative First Amended Complaint alleged violations of Title II of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12132; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and state civil rights statutes.

Following a bench trial, Findings of Fact and Conclusions of Law were issued, Dkt. 686, and judgment was entered in favor of Defendants, Dkt. 687.  See Kirola v. City and County of San Francisco, 74 F. Supp. 3d 1187 (N.D. Cal. 2014), aff'd in part and rev. in part, 860 F.3d 1164 (9th Cir. 2017).  Plaintiff appealed.  Dkt. 689.

On December 10, 2014, Defendants filed a bill of costs, requesting that the Clerk tax costs against Plaintiff in the sum of $100,684.49.  Dkt. 688.  Plaintiff filed objections to specific costs, Dkt. 690, as well as a motion to deny an award of any costs, Dkt. 691.  Thereafter, the parties filed a Stipulation Re: Costs, wherein they agreed that a determination of Defendants' entitlement to costs be deferred until resolution of Plaintiff's appeal.  Dkt. 693

at 1.  They further agreed that "in the event that costs are ultimately awarded to Defendants, and any such award is not limited by factors other than those set forth in Local Rule 54-3 … the proper amount of taxable costs, taking into consideration Plaintiffs' objections to specific items set forth in the Bill of Costs, is $85,000.00."  Id. at 1; see also id. at 2 (stipulating that, should they be awarded, "the amount of costs to be awarded to Defendants will be $85,000.00").  This was adopted as a stipulated order.  Dkt. 694.

Thereafter, the Ninth Circuit Court of Appeals affirmed the judgment in part, reversed the judgment in part, and remanded with instructions.  See Dkt. 723.  On March 12, 2021, an order was issued granting Defendants' motion for judgment, Dkt. 776, and judgment was once again entered in favor of Defendants, Dkt. 777.  Plaintiff has filed a notice of appeal.  Dkt. 779.

Following entry of judgment, Defendants filed a renewed bill of costs, requesting that the Clerk tax costs against Plaintiff in the sum of $100,026.16.  Dkt. 778.  Plaintiff filed Objections to Defendants' Bill of Costs, wherein she (1) objected to an award of any costs under the ADA; (2) objected to specific costs; and (3) urged the Court to deny or defer payment of costs on equitable grounds.  Dkt. 781.  Defendants filed a response, arguing that: (1) the parties' 2014 agreement and stipulated order resolves any objections to specific costs; (2) costs should be awarded under the ADA because the action is frivolous, or alternatively, costs should be apportioned and awarded on the remaining claims; and (3) the Court should not defer ruling on costs.  Dkt. 782.

Thereafter, an Order re Bill of Costs issued, noting that, pursuant to the local rules, the Clerk shall tax costs after considering any specific objections to an item of costs claimed in the bill.  Dkt. 786 at 1 (citing Civ. L. Rule 54-2 & 54-4).  On motion, the court may then review the clerk's action.  Id. (citing Fed. R. Civ. P. 54(d)(1).  Because the parties' legal arguments were directed to the Court, rather than the Clerk, they were better resolved by way of a motion for review of the Clerk's taxation of costs.  Id. at 2.  Accordingly, the Clerk was directed to tax costs in accordance with Civil Local Rule 54-4, and the parties were directed to file "any motion for review of the same and/or for any other relief sought by that party related to an award of costs" within 7 days of the Clerk's notice taxing costs.  Id. at 2.

The Clerk taxed costs against Plaintiff in the sum of $73,296.28. Dkt. 788. The Clerk disallowed $26,729.88 in costs, including $13,238.02 sought for Reporters' Transcripts. Id. Defendants then filed the instant motion for review of taxation of costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc); accord Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (recognizing presumption in favor of awarding costs to the prevailing party and providing that "the losing party must show why costs should not be awarded"). "This discretion, however, is not without limits." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014) (citation omitted). "A district court must specify reasons for its refusal to award costs." Id. (quotation marks and citation omitted). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. at 1247-48 (citation omitted). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." Id. at 1248 (quotation marks and citation omitted).

## III. DISCUSSION

Defendants argue that: (1) the parties' 2014 agreement setting taxable costs at $85,000 should be enforced; or alternatively, (2) an additional $13,238.02 in costs for Reporters' Transcripts should be allowed. Plaintiff counters that the parties' prior agreement no longer controls and that the Clerk properly denied costs for Reporters' Transcripts.[1]

---

[1] Plaintiff no longer argues that costs should be denied or otherwise limited, either in opposition to Defendants' motion or in a separation motion. The argument is therefore waived.

The parties' 2014 agreement was entered as a stipulated order. Dkt. 694 ("Stip. Order"). Defendants argue that, pursuant to the stipulated order, they are "entitled to costs in the amount of $85,000, subject to [Plaintiff's] reserved right to challenge a cost award 'based on applicable law or factors other than the standards set forth in Local Rule 54-3.'" Mot. at 4 (quoting Stip. Order). In other words, the stipulated judgment resolves any specific objections to individual items of costs.

Plaintiff counters that the parties' 2014 agreement "resolved the parties' dispute involving an *earlier* bill of costs based on a prior judgment in this case that was partly reversed by the Ninth Circuit." Opp'n at 1 (emphasis in original). According to Plaintiff, the 2014 agreement "has nothing to do with the Bill of Costs at issue here…." Id. Plaintiff further contends that, by filing the renewed bill of costs, Defendants "effectively repudiated the earlier stipulation, or at least acknowledged its inapplicability." Id. Had the Clerk taxed costs in the full amount of $100,026.16, Plaintiff speculates, Defendants would have insisted on collecting the full amount. Id. Plaintiff argues that using the prior stipulation as a floor but not a ceiling is gamesmanship that should not be tolerated. Id.

Plaintiff's arguments are unpersuasive. First, as acknowledged by Plaintiff, the costs at issue in 2014 and today are identical. See Opp'n at 1 (acknowledging that the renewed bill of costs "seeks in excess of $100,000.00 for the same expenses that were the basis for the original bill of costs"). Defendants have not sought to recover any costs incurred on remand. Thus, the stipulated order controls. Although the Ninth Circuit reversed the prior judgment in part, judgment now has been entered in Defendants' favor once again. As the prevailing party, Defendants are now entitled to recover costs in accordance with the stipulated order.

Second, there can be no plausible allegation of gamesmanship against Defendants. After the entry of judgment and *prior to filing the renewed bill of costs*, Defendants' counsel sent Plaintiff's counsel an email seeking input on how to present the issue of costs to the Court in light of the parties' 2014 agreement. Emery Decl. ¶ 2 & Ex. A, Dkt. 791-1. In that email, counsel stated: "First I wanted to make sure you understand that by refiling the original bill of costs I am not attempting to repudiate the $85K stipulated order." Id. Defendants' counsel

maintained that position during subsequent meet and confer discussions.  Id. ¶ 3 & Ex. B (reiterating the view that "honoring the $85K agreement [the parties] made after the first judgment was entered is the proper way to resolve class counsel's objections to individual cost items").  Additionally, in their response to Plaintiff's objections, *filed before the Clerk taxed costs*, Defendants argued that the City is "entitled to recover its litigation costs in the amount of $85,000, as the parties agreed in 2014, after judgment was originally entered in this case."  Dkt. 782 at 1.  Defendants therefore have consistently relied on the stipulated order, not just as a "floor" to their recovery of costs, but as establishing the proper measure of costs to be awarded.  Plaintiff's assertion otherwise is disingenuous and disconcerting.[2]

In view of the foregoing, Defendants are entitled to recover costs in the amount of $85,000 as set forth in the stipulated order.  Because the stipulated order controls, Defendants' alternative argument regarding the allowance of individual items of costs need not be reached.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT

Defendants' motion to review costs is granted and Defendants are awarded costs in the amount of $85,000.  This order terminates Docket No. 789.

IT IS SO ORDERED.

Dated: 5/16/2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge

---

[2] In their reply brief, Defendants request an order requiring Plaintiff to show cause why the "counterfactual assertion that [the City] 'attempt[ed] to use the prior stipulation as a floor but not a ceiling'" does not violate Rule 11(b)(3).  Reply at 5.  A court, on its own initiative, may order an attorney, law firm, or party to show cause why certain conduct has not violated Rule 11(b).  Fed. R. Civ. P. 11(c)(3).  Although the statement in Plaintiff's opposition brief is disconcerting, the Court declines to issue an order to show cause on its own initiative.