| | |
|---|---|
| Guy B. Wallace (SBN 176151) | Linda M. Dardarian (SBN 131001) |
| gwallace@schneiderwallace.com | ldardarian@gbdhlegal.com |
| Mark T. Johnson (SBN 76904) | GOLDSTEIN BORGEN |
| mjohnson@schneiderwallace.com | DARDARIAN & HO |
| Jennifer U. Bybee (SBN 302212) | 155 Grand Avenue, Suite 900 |
| juhrowczik@schneiderwallace.com | Oakland, CA 94612 |
| SCHNEIDER WALLACE | Telephone: (510) 763-9800 |
| COTTRELL KONECKY LLP | Facsimile:  (510) 835-1417 |
| 2000 Powell Street, Suite 1400 | |
| Emeryville, CA 94608 | James C. Sturdevant (SBN 94551) |
| Telephone: (415) 421-7100 | jsturdevant@sturdevantlaw.com |
| Facsimile:  (415) 421-7105 | THE STURDEVANT LAW FIRM |
| | A Professional Corporation |
| José R. Allen (SBN 122742) | P.O. Box 151560 |
| jose.allen@probonolaw.com | San Rafael, CA 94915 |
| 525 University Avenue | Telephone: (415) 477-2410 |
| Palo Alto, California 94301 | |
| Telephone: (650) 470-4520 | |
| Facsimile:  (650) 798-6507 | |

Attorneys for Plaintiff and the Certified Class

[Additional Counsel for Plaintiffs listed on following page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IVANA KIROLA, et al. | CASE NO.  3:07-cv-03685-AMO |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **PLAINTIFFS' OBJECTION TO DEFENDANTS' [proposed] ORDER GRANTING INJUNCTIVE RELIEF** |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

# PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED ORDER REGARDING INJUNCTIVE RELIEF

Plaintiffs submit this brief response to Defendants' proposed injunction regarding the violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") in the Main Library, St. Mary's Playground and a restroom in Golden Gate Park. Plaintiffs address each section of their proposed injunction in turn, and respond to Defendants' proposed changes thereto. The parties agree on the ADAAG violations at the Main Library, St. Mary's Playground and a restroom at Golden Gate Park that are to be covered by the injunction. *Compare* ECF 815 at 7-8; ECF 816 at 3-4.[1]

**Procedural Background and Legal Framework.**  Defendants' proposed form of order omits the procedural background contained in Plaintiffs' proposed Order Granting Injunctive Relief. ECF 815 at 2-4. Plaintiffs believe that this section is necessary to understand the procedural background of this long running case, including the class definition, when trial took place, and the Ninth Circuit's holdings in the two opinions that it has issued in this matter. Defendants have not identified any specific aspects of the procedural background that are inaccurate. Similarly, Plaintiffs' section regarding the Legal Framework, ECF No. 815 at 5-7, provides a short description of the legal requirements of the Americans with Disabilities Act of 1990 ("ADA") and parallel California laws with respect to newly constructed or altered facilities, which is the core legal duty underlying the proposed injunction. Defendants have not identified any specific aspect of this discussion that is inaccurate in any regard.

**Findings of Fact, Conclusions of Law and Order Granting Injunctive Relief.** Defendants' proposed order wholly omits any discussion of the traditional four-factor test regarding the issuance of injunctive relief that is required by the Supreme Court. *See* ECF 815 at 8:17-9:8. The inclusion of such an analysis was mandated by the Ninth Circuit in its instructions in its first opinion. *Kirola v. City and County of San Francisco*, 860 F.3d 1164, 1185 (9th Cir. 2017) ("[T]he district court shall revisit the question of whether injunctive relief should be granted

---

[1] All citations to page numbers are to the pagination in the original document.

in light of the scope of violations determined by the district court, and the Supreme Court's required standards. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)."). The Ninth Circuit did not modify this requirement in any way in its subsequent opinion. *Kirola v. City and County of San Francisco*, 2023 WL 2851368, at *1, 3 (9th Cir. Apr. 10, 2023). Accordingly, the order regarding injunctive relief should include the discussion of the four-factor test set forth in Plaintiffs' proposed order.

**Defendants' Alleged Prior Remedial Work.** During the parties' meet and confer regarding Defendants' proposed form of order, Defendants claimed that they had already fixed certain of the ADAAG violations at issue. *See, e.g.*, ECF 816 at 1 ("Also, the City addressed concerns from Plaintiffs about how to deal with previously remediated conditions."). This is the first time since the District Court issued its original opinion on November 26, 2014 that Defendants have ever claimed that the City has already fixed any of the ADAAG violations identified by Plaintiffs. There is no evidence in the record to support any such statement. Indeed, between 2014 and the present, at all stages of the case Defendants took the position that Plaintiffs had a total failure of proof, and that any ADAAG violations that might exist did not warrant injunctive relief. Further, until now, Defendants have adamantly maintained that this case must proceed based solely on the trial record from 2011, and without any consideration of construction or changes in circumstances that post-date the original trial. Accordingly, Plaintiffs do not believe that the injunction should contain Defendants' proposed references to providing "evidence of remediation within 30 days of the date of entry of this Order." This language, which appears repeatedly in Defendants' proposed order, presumes that corrective work has already taken place, and that the City need only submit "evidence of remediation." Instead, as set forth in Plaintiffs' proposed injunction, the order should simply state that "Defendants shall correct the ADAAG violations" identified in the Court's order.

**Substantive Legal Standard for Access Work Performed Pursuant to the Injunction.** Pursuant to 28 C.F.R. § 35.151(c)(3), all work performed by a public entity *after March 15, 2012*

2                             Case No. C 07-3685-AMO
                                                          PLAINTIFFS' OBJECTION

*must comply* with the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 ADAS" or the "2010 Standards"). *See, e.g.*, 28 C.F.R. § 35.151(c)(3) ("If physical construction or alterations commence on or after March 15, 2012, the new construction and alterations subject to this section shall comply with the 2010 Standards."); § 35.151(c)(5)(ii) (corrective work to noncompliant facilities requires that elements must "be made accessible in accordance with the 2010 Standards"). Defendants' proposed order does not track this requirement. To the contrary, Defendants' form of order states: "Any corrective work performed before the date of this Order shall comply with the applicable standards and California Building Code existing at the time the work was performed." ECF 816 at 8:7-9. Under Defendants' proposed order, *only* work performed going forward *after* the date of the entry of this Court's order must comply with the 2010 Standards. *Id.* at 8:3-7. This is contrary to governing law.

**Inspections and Verification of Corrective Access Work.** Defendants' proposed order does not provide Plaintiffs and their experts with a sufficient opportunity to have input into Defendants' corrective work or to inspect it upon completion. First, Defendants' proposed order does not permit Plaintiffs' experts the opportunity to review Defendants' plans for any proposed work and to provide input re same to ensure that the designs actually comply with the 2010 Standards. Rather, Defendants propose only to "give Plaintiffs written notice of its intention to commence corrective work and a description of the planned work." ECF 816 at 7:14-15.

Second, Defendants' proposed order only permits Plaintiffs and their experts the opportunity to "observe" the work that has been performed. ECF 816 at 7:18-19. This is inadequate because Plaintiffs' experts must be allowed the opportunity to conduct a disability access site inspection, including taking measurements of the conditions at the site and photographs. As this Court is aware, this is the only way to ensure compliance with the 2010 ADAS and the California Building Code ("CBC"). Plaintiffs do not object to having a joint disability access site inspection of any of the access fixes relating to the injunction.

**Timeframe for Compliance.** During the meet and confer process, Plaintiffs agreed to permit Defendants up to 180 days to fix the ADAAG violations at issue. However, Defendants propose to take at least 270 days to fix the ADAAG violations at St. Mary's Playground. Further,

Defendants state that "[i]f the City is unable to complete all repairs within 270 days, the City will provide a sworn declaration explaining efforts taken, the cause for delay, and an anticipated completion date." ECF 816 at 6:23-7:4.  The City's proposed timeframe is too long.  *See, e.g.*, *Lonberg v. City of Riverside*, No. EDCV970237SGLAJWX, 2007 WL 2005177, at *9 (C.D. Cal. May 16, 2007) (ordering city to bring numerous curb ramps and sidewalk segments into full compliance with ADAAG and the CBC "within 120 days of this Order"); Cal. Govt. Code § 4452 (any "unauthorized deviation" from California access standards "shall be rectified by full compliance within 90 days after discovery of the deviation").

**Defendants' Proposal Regarding Door Pressures in the Main Library.**  In their proposed order, Defendants propose to "ensure compliance with door pressure requirements through annual inspections of the restroom doors throughout the Library" through a "maintenance plan." ECF 816 at 5:14-6:7.  This is insufficient to ensure that the Library's interior doors remain accessible on an ongoing basis.  The restroom doors in the Library should be corrected to 5 pounds of force to open within 30 days of the date of this Court's injunction.  Thereafter, Defendants should inspect the restroom doors on a quarterly basis and ensure that they remain in compliance with the 2010 ADAS and the CBC.

For the foregoing reasons, Plaintiffs respectfully request that this Court adopt Plaintiffs' proposed injunction.

Dated: February 6, 2024                    Respectfully submitted,

                                           */s/ Guy B. Wallace*
                                           Guy B. Wallace
                                           Attorneys for Plaintiff and the Certified Class