# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | CASE NO.  3:07-cv-03685-AMO<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING INJUNCTIVE RELIEF** |

## ORDER GRANTING INJUNCTIVE RELIEF

The Ninth Circuit Court of Appeals, in its opinion dated April 10, 2023, concluded that this Court should determine injunctive relief with respect to violations of the Americans with Disability Act ("ADA"); namely, the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") proven at the City and County of San Francisco's Main Library, St. Mary's Playground, and a restroom in Golden Gate Park.  The Ninth Circuit directed this Court on remand to "first issue injunctive relief as to the ADAAG violations it found in its 2021 order."  *Kirola v. City and County of San Francisco*, No. 21-15621, 2023 WL 2851368, at *3 (9th Cir. Apr. 10, 2023), *cert. denied sub nom. City & Cnty. of San Francisco, California v. Kirola*, 144 S. Ct. 185 (2023).

### I.  PROCEDURAL BACKGROUND

On July 17, 2007, Plaintiffs commenced a class action in the United States District Court for the Northern District of California, Case No. C-07-3685 SBA (the "Lawsuit"), against the City

1  and County of San Francisco ("City"), alleging *inter alia,* discrimination in violation of Title II of

2  the ADA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), California Government

3  Code § 11135, *et seq.*, the California Disabled Persons Act, California Civil Code § 54, *et seq.*,

4  and the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*  Plaintiffs filed their First

5  Amended Complaint on June 24, 2010.  The City filed its Answer to Plaintiffs' Complaint on

6  September 15, 2010.

7        On June 7, 2010, this Court granted Plaintiffs' motion for class certification pursuant to

8  Federal Rule of Civil Procedure 23(b)(2), and certified the following class of persons for

9  declaratory and injunctive relief only:

10      All persons with mobility disabilities who are allegedly being denied access under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act

11      of 1973, California Government Code Section 11135, et seq., California Civil Code § 51 et seq., and California Civil Code § 54 et seq. due to disability access barriers to the

12      following programs, services, activities and facilities owned, operated and/or maintained by the City and County of San Francisco: parks, libraries, swimming pools, and curb

13      ramps, sidewalks, cross-walks, and any other outdoor designated pedestrian walkways in the City and County of San Francisco.

14

15        This Court conducted a bench trial over 14 days between April 4, 2011 and May 5, 2011.

16  On November 26, 2014, the Court issued its Findings of Fact and Conclusions of Law and

17  entered judgment in favor of the City on all claims.  *Kirola v. City and County of San Francisco*,

18  74 F. Supp. 3d 1187 (N.D. Cal. 2014).  On December 23, 2014, Plaintiffs appealed the Judgment

19  and Findings of Fact and Conclusions of Law.  Notice of Appeal, Dec. 23, 2014, ECF 689.

20        On June 22, 2017, the Ninth Circuit affirmed the district court in part, reversed in part, and

21  remanded.  *Kirola v. City and County of San Francisco*, 860 F.3d 1164, 1182 & 1185 (9th Cir.

22  2017).  On August 16, 2018, Defendants filed a Motion for Judgment as a Matter of Law, ECF

23  751, which the Court granted on March 12, 2021.  *Kirola v. City and County of San Francisco*,

24  No. C 07-3685 SBA, 2021 WL 1334153, at *28 (N.D. Cal. Mar. 12, 2021).  Plaintiffs again

25  appealed.  Notice of Appeal, Apr. 5, 2021, ECF 779.

26        On April 10, 2023, the Ninth Circuit issued its second decision in this case.  The Ninth

27  Circuit reversed in part and affirmed in part, and remanded with instructions.  *Kirola*, 2023 WL

28  2851368, at *1-3.

This Order addresses only the portion of the Ninth Circuit's second remand order instructing this Court "to determine injunctive relief" tailored to the ADAAG violations that this Court found at the Main Library, St. Mary's Playground, and a restroom in Golden Gate Park. *Kirola*, 2021 WL 2851368, at *1.

## II. ADAAG VIOLATIONS AT THE MAIN LIBRARY, ST. MARY'S PLAYGROUND, AND A RESTROOM IN GOLDEN GATE PARK

The following ADAAG violations were found in this Court's Order of March 12, 2021:

- **Main Library**
    - The lavatories in the third floor restroom lack insulation on supply and drain lines in violation of ADAAG § 4.19.4. *Kirola v. City & Cnty. of San Francisco*, No. C 07-3685 SBA, 2021 WL 1334153, at *21 (N.D. Cal. Mar. 12, 2021).
    - The first lower level women's restroom, the first floor woman's restroom and the first floor men's restroom lack semi-ambulatory stalls in violation of ADAAG §§ 4.22.4 and 4.23.4. *Id.*
    - The lavatory in the Latino/Hispanic meeting room does not have the required minimum 8 inches of knee clearance in violation of ADAAG § 4.19.2. *Id.*
    - Restroom door pressures throughout the Library require more than 5 pounds of force to open in violation of ADAAG § 4.13.11. *Id.* at *22.
    - Non-restroom door pressures throughout the Library require more than 5 pounds of force to open in violation of ADAAG § 4.13.11. *Id.*
    - A toilet stall door in the women's ground floor restroom opens in front of the toilet rather than in front of a clear space in violation of ADAAG § A4.17.3. *Id.*
    - There is no companion seating adjacent to the wheelchair seating spaces in the Koret Auditorium in violation of ADAAG §§ 4.1.3(19)(a) and 4.33.3. *Id.* at *23.
    - The doorway to the video booth in the Deaf Services Center has too little clear opening width in violation of ADAAG § 4.13.5. *Id.*
    - The interior of the video booth has a landing that is 31 inches deep instead of the minimum 48 inches depth in violation of ADAAG § 4.31.2. *Id.*

- **St. Mary's Playground**
  - The playground lacks an ADAAG compliant accessible route. The "accessible pedestrian path of travel to get down into the park" is an "elevated bridgeway system" that contains multiple ADAAG violations, including excessive running slopes and widths that are too narrow. The only alternative to the bridge is a service road with 13 to 15 percent slopes, rendering the new playground "highly inaccessible." *Id.* at *13.

- **Restrooms at Golden Gate Park**
  - There is a missing grab bar in one of the accessible restrooms in the ballpark area in violation of ADAAG § 4.17.3 & Fig. 30. *Id.* at *17.

## III.     ORDER GRANTING INJUNCTIVE RELIEF

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Within 180 days of the date of this Order, the City shall correct the ADAAG violations identified above at the Main Library, St. Mary's Playground, and one of the accessible restrooms at Golden Gate Park in the ballpark area.

2. Within 30 days of the date of this Order the City shall provide to this Court and Plaintiffs' counsel a schedule for correcting the foregoing ADAAG violations by the deadline established in this Order.

3. No later than 60 days before the commencement of any corrective work not already completed and required by this Order, the City shall give Plaintiffs written notice of its intention to commence corrective work and a description of the planned work. Plaintiffs may provide comments to the City within 15 days, after which the City shall proceed with its corrective work as it deems appropriate to meet the 2010 Americans with Disabilities Act Accessibility Standards.

4. Within 30 days of the conclusion of corrective work performed pursuant to this Order, the City shall provide notice to Plaintiffs, through its counsel, of the completion of the work. If requested by Plaintiffs, the City shall provide an opportunity for Plaintiffs to jointly observe the completed work. Thereafter, if Plaintiffs and the City dispute whether the corrective work satisfies the applicable requirements, the parties shall engage in good faith meet and confer

efforts to define the dispute and attempt resolution. If those meet and confer efforts fail, the parties may then bring the issue to the Court for resolution.

5. Also within 30 days of the completion of all corrective work required by this Order, and in addition to the notice described to Plaintiffs described in paragraph two, the City shall file with this Court and serve on Plaintiffs' counsel a certification sworn under penalty of perjury by a City official with personal knowledge of the completion of all corrective work. For work already performed by the City before the date of this Order, the City shall file with this Court and serve on Plaintiffs' counsel such a certification as to that work within 30 days of the date of entry of this Order.

6. In accordance with 28 C.F.R. § 35.151(c)(5)(ii), all work performed to remediate violations found in the Court's 2021 Order shall fully comply with the accessibility requirements of the 2010 Americans with Disabilities Act Accessibility Standards and the current iteration of the California Building Code, whichever is more protective in its requirements for accessibility.

This Court retains jurisdiction over the matter to enforce the terms of this Order or to resolve any disputes arising from this Order. The Court also reminds the parties of the briefing schedule set in the Court's February 20, 2024 Order regarding the "Phase Two" facilities. ECF 819.

**IT IS SO ORDERED.**

DATED: March 28, 2024

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**