DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
ELAINE M. O'NEIL, State Bar #142234
ARI BARUTH, State Bar #258418
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, Suite 401
San Francisco, CA  94102-5408
Telephone:    (415) 554-3881
Facsimile:    (415) 255-0733
E-Mail:       ari.baruth@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, et al., <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 3:07-cv-03685 AMO <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR AN INDICATIVE MOTION TO DISMISS RULING; MOTION TO DISMISS** <br><br> Judge:  Hon. Araceli Martínez-Olguín |

[PROPOSED] ORDER
CASE NO. 3:07-cv-03685 AMO

**[PROPOSED] ORDER**

Defendants City and County of San Francisco, Daniel Lurie in his official capacity as Mayor, Rafael Mandelman in his official capacity as President and Member of the Board of Supervisors, and Connie Chan, Stephen Sherrill, Danny Sauter, Bilal Mahmood, Matt Dorsey, Myrna Melgar, Jackie Fielder, Shamann Walton, Chyanne Chen, and Alan Wong in their official capacities as current members of the Board of Supervisors (collectively the "City" or "Defendants") filed a Motion for an Indicative Decertification Ruling; Motion to Decertify (the "Motion"). The Motion came on regularly for hearing on June 4, 2026 at 2:00 p.m., in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, Courtroom 10, San Francisco, CA 94102, the Honorable Araceli Martínez-Olguín presiding. Plaintiff and Defendants appeared through their respective counsel of record.

Having carefully considered the motion and the papers submitted, and having heard the arguments of counsel, the Court HEREBY ORDERS THAT Defendants' Motion is GRANTED.

1. Pursuant to Federal Rule of Civil Procedure 62.1(a)(3) the Court "would grant the motion if the court of appeals remands for that purpose" and "the motion raises a substantial issue."

2. The City's motion to decertify the class is timely. Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." "[A] district court's order denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978). That is because "actual, not presumed, conformance with" Rule 23 is "indispensable." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). As such, "[d]istrict courts have a responsibility to review continually the appropriateness of a certified class in light of developments subsequent to class certification." *Abante Rooter & Plumbing, Inc. v. Alarm.com, Inc.*, No. 15-cv-06314-YGR, 2018 WL 558844, at *2 (N.D. Cal. Jan. 25, 2018) (cleaned up). Because the Court has not evaluated class certification against subsequent legal and factual challenges since the case was certified in June 2010, it finds that it is appropriate to do so now.

3. Plaintiff failed to establish commonality in light of the Supreme Court's intervening decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "There is no evidence of a single,

1 'general policy of discrimination' that could serve as a common issue." *Civil Rights Educ. &*
2 *Enforcement Ctr. v. Hospitality Properties Trust*, 867 F.3d 1093, 1104 (9th Cir. 2017). Classes
3 challenging all access barriers, such as the one Plaintiff seeks to maintain here, are also ill-suited for
4 class certification because of the extreme variation in injuries and issues. *See, e.g.*, *Allen v. Ollie's*
5 *Bargain Outlet, Inc.*, 37 F.4th 890, 902-03 (3d Cir. 2022) (recognizing the "broad term 'accessibility
6 barriers,' [] sweeps in a broad array of potential claims with little in common"); *Stiner v. Brookdale*
7 *Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1187-88 (N.D. Cal. 2023).

8   Plaintiff's claims are also not typical of the class and she is no longer an adequate class
9 representative. Commonality, adequacy, and typicality tend to merge. *Gen. Tel. Co. of the Sw. v.*
10 *Falcon*, 457 U.S. 147, 157-158, n.13. (1982). Here, as in *Civil Rights Education & Enforcement*
11 *Center v. Hospitality Properties Trust*, 317 F.R.D. 91, 103 (N.D. Cal. 2016) ("*CREEC II*"), because
12 there is no City policy of discrimination that gave rise to disparate ADAAG violations, any "injuries"
13 suffered by Kirola are "different injuries than those suffered by purported class members who
14 encountered different ADA violations." *See also Castaneda v. Burger King Corp.*, 264 F.R.D. 557,
15 571-72 (N.D. Cal. 2009) (finding lack of typicality where "restaurants did not share common
16 architecture, plans, remodels, policies, or barriers to access" and thus plaintiffs "suffered different
17 injuries than those suffered by purported class members who encountered different access barriers").
18 Having failed to identify any ADAAG violations as to herself, Kirola also falls outside of the class that
19 she seeks to represent and is no longer typical or adequate. *Amchem Products, Inc. v. Windsor*, 521
20 U.S. 591, 625 (1997); *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (holding
21 "[a] named plaintiff must be a member of the class she seeks to represent"); *Lindblom v. Santander*
22 *Consumer USA, Inc.*, No. 15-CV-0990-BAM, 2018 WL 573356, at *4 (E.D. Cal. Jan. 26, 2018)
23 (adequacy and typicality are not satisfied "if the purported class representative is not even a member
24 of the class"). Based on Plaintiff's presentation at trial, any relief to her is no relief at all. Plaintiff also
25 lacks standing to challenge all facilities because standing is evaluated on a facility-by-facility basis.
26 Accordingly, she is inadequate and atypical. Class certification cannot be maintained.

27   4. Plaintiff also failed to establish numerosity. At trial, Plaintiff failed to introduce any
28 evidence concerning the size of the class. But Plaintiff must "prove that there are *in fact* sufficiently

1  numerous parties[.]" *Wal-Mart*, 564 U.S. at 350. As the City explained in its motion, the statistical
2  evidence Plaintiff relies upon is insufficient to satisfy their burden.

3        5.      Rule 23(b)(2) also has not been satisfied. There is no single remedy that can issue in
4  this case to redress injuries to the entire Class in a single fell swoop. Even for the individual
5  injunctions remedying the violations based on testimony from a Class member (as opposed to a
6  violation established solely by expert testimony), Plaintiff offered zero evidence from which to
7  conclude that the injunction will provide relief to anyone other than the member who testified, let
8  alone the whole Class. Decertification is appropriate.

9        6.      Intervening law also shows that Plaintiff's certified class is an improper fail-safe class.
10  *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14. (9th
11  Cir. 2022). The class cannot be maintained on this basis.

12        In light of the foregoing, the Court HEREBY GRANTS the Motion to decertify the class.
13  Because Plaintiff's claim is the only issue remaining in this case, and Plaintiff failed to prevail on her
14  individual claims, the Clerk is HEREBY DIRECTED to enter judgment in favor of the City.

15        IT IS SO ORDERED.

17  DATE:_____

18        The Honorable Araceli Martínez-Olguín
      UNITED STATES DISTRICT COURT