DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
ELAINE M. O'NEIL, State Bar #142234
ARI BARUTH, State Bar #258418
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5408
Telephone:    (415) 554-3881
Facsimile:    (415) 255-0733
E-Mail:       ari.baruth@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 3:07-cv-03685 AMO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR AN INDICATIVE MOTION TO DISMISS RULING; MOTION TO DISMISS**<br><br>Date:　　June 4, 2026<br>Time:　　2:00 pm<br>Place:　　Courtroom 10, 19th Floor<br>Judge:　　Hon. Araceli Martínez-Olguín |

# [PROPOSED] ORDER

Defendants City and County of San Francisco, Daniel Lurie in his official capacity as Mayor, Rafael Mandelman in his official capacity as President and Member of the Board of Supervisors, and Connie Chan, Stephen Sherrill, Danny Sauter, Bilal Mahmood, Matt Dorsey, Myrna Melgar, Jackie Fielder, Shamann Walton, Chyanne Chen, and Alan Wong in their official capacities as current members of the Board of Supervisors (collectively the "City" or "Defendants") filed a Motion for an Indicative Motion to Dismiss Ruling; Motion to Dismiss (the "Motion"). The Motion came on regularly for hearing on June 4, 2026 at 2:00 p.m., in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, Courtroom 10, San Francisco, CA 94102, the Honorable Araceli Martínez-Olguín presiding. Plaintiff and Defendants appeared through their respective counsel of record.

Having carefully considered the motion and the papers submitted, and having heard the arguments of counsel, the Court HEREBY ORDERS THAT Defendants' Motion is GRANTED.

1. Pursuant to Federal Rule of Civil Procedure 62.1(a)(3) the Court "would grant the motion if the court of appeals remands for that purpose" and "the motion raises a substantial issue."

2. Plaintiff's challenge to the City's ADAAG policies for new or altered construction is moot because ADAAG was superseded by ADAS following trial. The City has ADAS policies that post-date trial. Given the change in law and change to City policies, there is no reasonable expectation that the City will return to ADAAG policies such that Plaintiff's policy challenge is moot. *See, e.g.*, *Rosebrock v. Mathis*, 745 F.3d 963, 971-74 (9th Cir. 2014) (citation omitted).

3. Plaintiff's also do not have standing to challenge all San Francisco Recreation and Park Department ("RecPark")facilities. As the Ninth Circuit held in this case, "[s]tanding for ADA claims is measured on a facility-by-facility basis, not a barrier-by-barrier basis. Once a plaintiff has proven standing to challenge one barrier at a *particular facility*, that plaintiff has standing to challenge all barriers related to her disability *at that facility*." *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1175 n.4 (9th Cir. 2017). Moreover, Plaintiffs "must have actual knowledge of an access barrier or ADA violation." *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023). At trial, Plaintiff failed to introduce evidence that any class member will be injured at the overwhelming majority of RecPark

facilities and Plaintiff and the Class therefore lack standing to challenge ADAAG violations at those facilities.

4. Plaintiff also lacks standing to pursue any Section 1983 claim because she failed to identify any policy at trial that was fairly traceable to any alleged ADAAG violation. Because she failed to identify any predicate ADAAG violation any relief is now moot. Alternatively, to the extent the Court does have jurisdiction, the Court finds it appropriate to grant judgment in favor of the City on this claim on the merits because the ADA and Rehabilitation Act's comprehensive remedial schemes bar a Section 1983 claim. *See, e.g.*, *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

IT IS SO ORDERED.

DATE:_____

_____
The Honorable Araceli Martínez-Olguín
UNITED STATES DISTRICT COURT