Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Jennifer U. Bybee (SBN 302212)
juhrowczik@schneiderwallace.com
Travis C. Close (SBN 308673)
tclose@schneiderwallace.com
Scott L. Gordon (SBN 319872)
sgordon@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

James C. Sturdevant (SBN 94551)
jsturdevant@sturdevantlaw.com
THE STURDEVANT LAW FIRM
A Professional Corporation
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone: (415) 477-2410
Facsimile:  (415) 492-2810

Linda M. Dardarian (SBN 131001)
ldardarian@dhkl.law
DARDARIAN HO KAN & LEE
155 Grand Avenue, Sute 900
Oakland, CA 94612
Telephone:  (510) 763-9800

Jose R. Allen (SBN 122742)
jose.allen@probonolaw.com
525 University Avenue, Suite 1100
Palo Alto, CA 94301
Telephone: (650) 470-4520
Facsimile: (650) 798-6507

Monique Olivier (SBN 190385)
monique@os-legal.com
OLIVIER & SCHREIBER PC
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

Attorneys for Plaintiff and the Certified Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 3:07-cv-03685-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN INDICATIVE MOTION TO DISMISS RULING; MOTION TO DISMISS**<br><br>Date:  June 4, 2026<br>Time:  2:00 p.m.<br>Place:  Courtroom 10<br>Judge:  Hon. Araceli Martinez-Olguin |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1

II.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ....................................... 3

     A.   First Amended Complaint ........................................................................................ 3

     B.   Class Certification .................................................................................................... 3

     C.   Discovery ................................................................................................................. 4

     D.   Trial ......................................................................................................................... 4

     E.   Defendants' Motion for Judgment on Partial Findings............................................ 4

     F.   District Court's First Opinion .................................................................................. 5

     G.   Plaintiffs' First Appeal ............................................................................................ 5

     H.   First Remand And The District Court's Second Opinion ........................................ 6

     I.   Plaintiffs' Second Appeal......................................................................................... 6

     J.   Second Remand......................................................................................................... 6

     K.   Defendants' Appeal.................................................................................................. 7

III. LEGAL STANDARDS.......................................................................................................... 7

     A.   Motion for Indicative Ruling ................................................................................... 7

     B.   Motion to Dismiss for Lack of Subject Matter Jurisdiction.................................... 8

IV.  ARGUMENT ........................................................................................................................ 9

     A.   Relief Under Rule 62.1 is Unwarranted Here ......................................................... 9

     B.   Ms. Kirola and the Class Have Standing ............................................................... 11

     C.   The Court Retains Jurisdiction to Apply Injunctive Relief.................................... 13

          1.   The Allegations of the Complaint Are Sufficient ......................................... 13

          2.   This Court Has Already Found that the City's ADAAG Violations Are Attributable to City-wide Policies and Practices ........................................................................ 14

3.    Claims of Ms. Kirola and the Class are Live ................................................................ 14

D.    Defendants' Alleged New Evidence Cannot Be Considered ................................................ 15

1.    Defendants are Estopped from Raising New Evidence .................................................... 15

2.    The Alleged Evidence is Not Authenticated and Is Inadmissible .................................... 17

E.    Defendants Have Not Met Their Heavy Burden of Proving Mootness .............................. 18

1.    The City's Illegal Conduct is Ongoing .......................................................................... 18

2.    Injunctive Relief is Still Needed to Redress the Injuries to Plaintiffs and the Class ...... 22

F.    Ms. Kirola's Section 1983 Claim Remains Live ................................................................ 23

V.    OBJECTION TO POST-TRIAL EVIDENCE ......................................................................... 25

VI.    CONCLUSION ....................................................................................................................... 25

Case No. C 07-3685-AMO

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

# **TABLE OF AUTHORITIES**

Cases

*Already, LLC v. Nike*, Inc.,
  568 U.S. 85 (2013) .................................................................................................... 20

*Amarin Pharms. Ir. Ltd. v. FDA*,
  139 F. Supp. 3d 437 (D.D.C. 2015) ........................................................................... 9

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ............................................................................... 1, 12

*Baby Tam & Co. v. City of Las Vegas*,
  199 F.3d 1111 (9th Cir. 2000) ................................................................................. 23

*Bayer v. Neiman Marcus Grp., Inc.*,
  861 F.3d 853 (9th Cir. 2017) ................................................................................... 23

*Bell v. City of Boise*,
  709 F.3d 890 (9th Cir. 2013) ................................................................................... 18

*Beyene v. Coleman Sec. Servs., Inc.*,
  854 F.2d 1179 (9th Cir. 1988) ........................................................................... 17, 18

*Chafin v. Chafin*,
  568 U.S. 165 (2013) ................................................................................................. 22

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ............................................................................. 13, 15

*Clark v. Cnty. of Tulare*,
  755 F. Supp. 2d 1075 (E.D. Cal. 2010) ................................................................... 17

*Common Cause Ind. v. Marion Cty. Election Bd.*,
  No. 1:17-cv-01388-SEB-TAB, 2019 WL 441849 (S.D. Ind. Feb. 5, 2019) ............... 10

*Cuhaci v. Echemendia*,
  No. 20-cv-23950, 2021 WL 4307051 (S.D. Fla. Sept. 21, 2021) ............................. 11

*Daubert v. Lindsay Unified Sch. Dist.*,
  760 F.3d 982 (9th Cir. 2014) ................................................................................... 15

*Davis v. Wakelee*,
  156 U.S. 680 (1895) ................................................................................................. 16

*DeJohn v. Temple University*,
  537 F.3d 301 (3d Cir. 2008) .................................................................................... 19

*Dep't of Com. v. New York*,
  588 U.S. 752 (2019) ................................................................................................. 21

*Doe v. Public Citizen*,
  749 F.3d 246 (4th Cir. 2014) ..................................................................................... 8

*Doe v. Regents of the Univ. of Cal.*,
  891 F.3d 1147 (9th Cir. 2018) ................................................................................. 24

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

*Ellis v. Railway Clerks*,
466 U.S. 435 (1984) ................................................................................................................. 22

*Ferguson v. City of Phoenix*,
931 F. Supp. 688 (D. Ariz. 1996), *aff'd*, 157 F.3d 668 (9th Cir. 1998)...................................... 24

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ................................................................................................................. 18

*Gluth v. Kangas*,
951 F.2d 1504 (9th Cir. 1991)................................................................................................... 20

*Harper v. Charter Commc'ns, LLC*,
No. 2:19-CV-00902 WBS DMC, 2024 WL 3901469 (E.D. Cal. Aug. 22, 2024) .............. 8, 9, 10

*Health Freedom Def. Fund, Inc. v. Carvalho*,
104 F.4th 715 (9th Cir. 2024).............................................................................................. 21, 22

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ..................................................................................................................... 8

*Holestine v. R.J. Donovan Corr. Facility*,
No. 18-CV-02094-AJB-WVG, 2019 WL 4745037 (S.D. Cal. Sept. 30, 2019).................... 24, 25

*Independent Housing Servs. v. Fillmore Center Assocs.*,
840 F.Supp. 1328 (N.D. Cal. 1993) ......................................................................................... 25

*Johnson v. LMT Foods, Inc.*,
No. 5:21-CV-03967-EJD, 2022 WL 2343045 (N.D. Cal. June 29, 2022)................................. 19

*Kirola v. City & Cnty. of San Francisco*,
2010 WL 11488931 (N.D. Cal. June 7, 2010) ............................................................................ 2

*Kirola v. City & Cnty. of San Francisco*,
2025 WL 2780793 (N.D. Cal. Sept. 29, 2025)............................................................................ 1

*Kirola v. City & Cnty. of San Francisco*,
860 F.3d 1164 (9th Cir. 2017).......................................................................................... passim

*Kirola v. City & Cnty. of San Francisco*,
No. 21-15621, 2023 WL 2851368 (9th Cir. Apr. 10, 2023) ............................................... passim

*Knox v. Serv. Emps. Int'l Union, Loc. 1000*,
567 U.S. 298 (2012) ................................................................................................................. 19

*Langer v. Kiser*,
57 F.4th 1085 (9th Cir. 2023).................................................................................................... 13

*Lewis v. Casey*,
518 U.S. 343 (1996) ................................................................................................................. 12

*Long v. Cnty. of Los Angeles*,
442 F.3d 1178 (9th Cir. 2006)................................................................................................... 23

*Loper Bright Enter. v. Raimondo*,
603 U.S. 369 (2024) ................................................................................................................. 19

*Louisiana v. United States*,
380 U.S. 145 (1965) ................................................................................................................. 23

Case No. C 07-3685-AMO

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

*M.S. v. Brown,*
   902 F.3d 1076 (9th Cir. 2018) ................................................................................................ 23

*Matter of Jones,*
   768 F.2d 923 (7th Cir. 1985) .................................................................................................. 11

*McKnight v. Uber Techs., Inc.,*
   No. 14-CV-05615-JST, 2022 WL 19975447 (N.D. Cal. Sept. 13, 2022) ..................................... 8

*Meinecke v. City of Seattle,*
   99 F.4th 514 (9th Cir. 2024) ................................................................................................... 23

*Melendres v. Arpaio,*
   784 F.3d 1254 (9th Cir. 2015) ................................................................................................ 12

*Moeller v. Taco Bell Corp.,*
   816 F. Supp. 2d 831 (N.D. Cal. 2011) ..................................................................................... 20

*New Hampshire v. Maine,*
   532 U.S. 742 (2001) ............................................................................................................... 15

*Norman-Bloodsaw v. Lawrence Berkeley Lab'y,*
    135 F.3d 1260 (9th Cir. 1998) .......................................................................................... 18, 23

*Norse v. City of Santa Cruz,*
   629 F.3d 966 (9th Cir. 2010) (en banc) ..................................................................................... 8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
   31 F.4th 651 (9th Cir. 2022) ................................................................................................... 13

*Orr v. Bank of Am., NT & SA,*
   285 F.3d 764 (9th Cir. 2002) .................................................................................................. 17

*Oviatt v. Pearce,*
   954 F.2d 1470 (9th Cir. 1992) ................................................................................................ 24

*R.W. v. Columbia Basin Coll.,*
   77 F.4th 1214 (9th Cir. 2023) ................................................................................................. 21

*Rabang v. Kelly,*
   No. C17-0088-JCC, 2018 WL 1737944 (W.D. Wash. Apr. 11, 2018) ...................................... 11

*Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of New York Mellon,*
   297 F.R.D. 218 (S.D.N.Y. 2013) ............................................................................................. 10

*S.E.C. v. Koracorp Indus., Inc.,*
   575 F.2d 692 (9th Cir. 1978) .................................................................................................. 19

*Safe Air for Everyone v. Meyer,*
   373 F.3d 1035 (9th Cir. 2004) .................................................................................................. 8

*Sahni v. Am. Diversified Partners,*
   83 F.3d 1054 (9th Cir. 1996) .................................................................................................... 9

*Sanai v. Cardona,*
   No. 22-CV-01818-JST, 2025 WL 1644502 (N.D. Cal. June 10, 2025) ................................. 8, 11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

*Scriber v. Ford Motor Co.*,
No. 22-CV-1716-MMA-MMP, 2024 WL 2830499 (S.D. Cal. June 4, 2024) .......................... 10

*Silbersher v. Allergan Inc.*,
No. 18-CV-03018-JCS, 2024 WL 2044626,  (N.D. Cal. May 7, 2024) ........................... 8, 9, 11

*Simmons v. Miranda-Mares*,
No. 2:23-CV-00764-HDV-AJR, 2024 WL 4906178 (C.D. Cal. Oct. 4, 2024) ......................... 25

*Stiner v. Brookdale Senior Living, Inc.*,
No. 17-CV-03962-HSG, 2024 WL 5112480 (N.D. Cal. Dec. 13, 2024).................................. 18

*Sullivan v. Storer Transit Sys.*,
No. 20-CV-00143-JCS, 2020 WL 3254400  (N.D. Cal. June 16, 2020) .................................. 18

*Thomas v. Bible*,
983 F.2d 152 (9th Cir. 1993).............................................................................................. 13

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ......................................................................................................... 13

*U.S. Postal Serv. Bd. of Governors v. Aikens*,
460 U.S. 711 (1983) ......................................................................................................... 14

*United States v. Stanchich*,
550 F.2d 1294 (2d Cir, 1977).............................................................................................. 21

*United States v. W. T. Grant Co.*,
345 U.S. 629 (1953) ...................................................................................................... 19, 20

*Vinson v. Thomas*,
288 F.3d 1145 (9th Cir. 2002)............................................................................................. 24

*Wilkins v. U.S.*,
163 F.4th 636 (9th Cir. 2025)............................................................................................. 13

Statutes

42 U.S.C. § 12132 ........................................................................................................... 24

42 U.S.C. § 1983 ........................................................................................................ passim

Cal. Gov't Code § 11135 ..................................................................................................... 3

Cal. Gov't Code § 51 .......................................................................................................... 3

Cal. Gov't Code § 54 .......................................................................................................... 3

Rules and Regulations

28 C.F.R. § 35.150 ........................................................................................................... 15

28 C.F.R. § 35.151 ........................................................................................................... 24

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

28 C.F.R. § 35.151(c)(5)(ii) ................................................................................................. 22

Fed. R. Civ. P. 12(b)(1) ......................................................................................................... 8

Fed. R. Civ. P. 23(a) ............................................................................................................ 12

Fed. R. Civ. P. 23(b)(2) ....................................................................................................... 13

Fed. R. Civ. P. 56(c)(4) ....................................................................................................... 17

Fed. R. Civ. P. 60(b) ........................................................................................................ 8, 10

Fed. R. Civ. P. 62.1 ..................................................................................................... 1, 2, 8, 10

Fed. R. Evid. 602 ................................................................................................................. 17

Fed. R. Evid. 801(c) ............................................................................................................ 18

Fed. R. Evid. 901 ................................................................................................................. 17

Case No. C 07-3685-AMO

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

## I.     INTRODUCTION

Defendants' motion is not a proper motion under Fed. R. Civ. P. 62.1, misstates the facts and the procedural history of the case, and is based on substantive arguments that are contrary to governing law. Further, the motion is a poorly disguised attempt to raise arguments and purported evidence that was not submitted in opposition to Plaintiffs' Motion for Systemic Injunctive Relief with the apparent purpose of fixing such defects in Defendants' pending appeal. Defendants' motion should be denied.

Previously, this Court concluded that the City and County of San Francisco ("Defendants" or "the City") had violated the Americans with Disabilities Act of 1990 ("ADA"). Under Title II of the ADA, facilities that are newly constructed or altered after January 26, 1992 must comply with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), which set the minimum standard for accessibility for new or altered facilities. *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1178-79, 1182 (9th Cir. 2017). This Court has found that the City's newly constructed and altered facilities contain dozens of ADAAG violations. *Kirola v. City & Cnty. of San Francisco*, 2025 WL 2780793, at \*5 (N.D. Cal. Sept. 29, 2025).

This Court further found that the numerous ADAAG violations in the City's new or altered facilities were "attributable to policies or practices pervading the whole system." *Kirola v. City & Cnty. San Francisco*, 2025 WL 2780793, at \*4 (N.D. Cal. Sept. 29, 2025) (quoting *Armstrong v. Davis*, 275 F.3d 849, 870 (9th Cir. 2001)). In particular, the Court found that as a matter of policy and practice the City "did not use ADAAG for parks, playgrounds, outdoor recreation facilities, and the pedestrian rights of way." *Id.* The Court further found that "[t]hese violations affect a class consisting of 21,000 individuals, any and all of whom may encounter any one of the violations the Court has found, or others that may exist as a result of Defendants' policy." *Id.* at \*5. Because of Defendants' failure to follow ADAAG, persons with mobility disabilities are forced to struggle with steep ramps and paths of travel or are left rolling in the street with traffic, disabled children cannot use the parks and playgrounds with nondisabled children, and class members have trouble using facilities such as libraries and restrooms. This is exactly the type of discrimination that the ADA was enacted to prevent. Accordingly, this Court granted systemic injunctive relief. *Id.* at \*4-7.

In their desperation to evade complying with ADAAG, Defendants have appealed this Court's Order, and also simultaneously filed two Rule 62.1 motions, including the instant motion seeking to dismiss Plaintiffs' claims for lack of subject matter jurisdiction. ECF 918. This motion under Rule 62.1 is improper because it seeks rulings from this Court about the exact same issues that Defendants have raised on appeal, including Plaintiffs' alleged failure to challenge the City's policies and practices regarding new construction and alterations, standing and mootness. Defendants' motion should be denied on that basis alone.

Moreover, Defendants' motion is utterly without merit. First, Defendants' claim that Plaintiffs did not challenge the City's policies and practices regarding new construction and alterations, or that Plaintiffs later waived any such challenge, is false. Plaintiffs' Complaint challenged Defendants' policies and practices regarding ADA compliance, including new construction and alterations. Similarly, at class certification, the District Court found that this case presented common questions about the sufficiency of the City's policies and practices regarding compliance with the ADA. *Kirola v. City & Cnty. of San Francisco*, 2010 WL 11488931, at *1 (N.D. Cal. June 7, 2010). Further, Plaintiffs challenged Defendants' policies and practices at trial, and elicited evidence from senior City officials regarding their unlawful failure to use ADAAG. Plaintiffs have never waived their challenge to Defendants' deficient policies and practices regarding new construction and alterations.

Second, the Ninth Circuit has already found that Ms. Kirola has standing, and that the Plaintiff class may seek relief regarding all facilities that were challenged at trial. *Kirola*, 860 F.3d at 1174-76; *see infra* at § IV.B. This is the law of the case. Defendants cite no recent cases that would change the Ninth Circuit's conclusions regarding standing.

Third, Defendants' mootness argument is belated and unsupported by any cognizable evidence. Defendants have not, and cannot, meet their heavy burden of showing mootness. This is particularly true because of their continued and express opposition to complying with ADAAG. Indeed, it is apparent that this Court's Order granting systemic injunctive relief is necessary to protect the civil rights of vulnerable class members with disabilities, but Defendants vehemently oppose same. And because Ms. Kirola's claim under 42 U.S.C. Section 1983 is live, Defendants'

motion to dismiss that claim should also be rejected.

In sum, Defendants' motion for an indicative ruling should be denied. Alternatively, the ruling should be deferred until the Ninth Circuit has ruled on the issues raised therein.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A.    First Amended Complaint

On June 24, 2010, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging discrimination in violation of Title II of the ADA; Section 504 of the Rehabilitation Act of 1973 ("Section 504"); 42 U.S.C. § 1983; the California Disabled Persons Act, California Government Code §§ 11135, et seq.; the Unruh Civil Rights Act, California Government Code §§ 51, et seq.; and California Government Code §§ 54, et seq. ECF 294. Plaintiffs alleged that Defendants' policies and practices regarding new construction and alterations were not sufficient to ensure compliance with the ADA. ECF 294 ¶¶ 2, 17. The FAC identified facilities with access barriers for purposes of exemplifying and illustrating the defects in the City's policies and practices. ECF 294 ¶¶ 22-33. Plaintiffs prayed for permanent injunctions to remediate the City's violations of federal and state accessibility standards for new and altered facilities. ECF 294, Prayer for Relief ¶ 3; *see also id.* at ¶¶ 3(a), 3(d).

### B.    Class Certification

Plaintiffs' Motion for Class Certification established that whether the City's policies and procedures were inadequate to ensure disability access compliance was a question of law and fact common to the class. ECF 187 at 12-14. Plaintiffs raised seven common questions of law and fact pertaining to the City's policies and practices and two written policies that they challenged. ECF 187 at 12-14; Declaration of Travis Close in Support of Plaintiffs' Opposition to Defendants' Motion for an Indicative Motion to Dismiss Ruling and Motion to Dismiss ("Close Decl.") ¶ 4, Ex. B (SFMOD Plan Review and Approval); ¶ 5, Ex. C (Disabled Access Checklist Package). Plaintiffs also showed that the barriers present in the City's newly constructed and altered facilities were caused by the City's deficient written policies and procedures. ECF 187 at 1. In their Opposition brief, Defendants admitted that they did not challenge Ms. Kirola's standing to litigate the City's policy and procedures related to ADA compliance on behalf of the putative class. ECF 245 at 9.

## C. Discovery

In response to Defendants' complaints about the burdensomeness of Plaintiffs' facility inspection requests, the Magistrate Judge assigned to oversee discovery limited the scope of Plaintiffs' disability access inspections to a representative subset of parks, playgrounds, outdoor recreational facilities and pedestrian pathways. ECF 95 at 2-4.

## D. Trial

At trial, Plaintiffs were limited to presenting evidence of ADAAG violations at a representative sample of the City's newly constructed and altered facilities. ECF 872, at 5-6; ECF 876 at 12. The facilities addressed at trial exemplified the negative impact of the City's unlawful policies and practices. ECF 811 at 4-6. Plaintiff Ivana Kirola testified that in the over 17 years she had lived in San Francisco, she regularly used the Main Library (ECF 704 at 1385-86), Alamo Square Park (*id.* at 1385) and other newly constructed or altered facilities that did not comply with ADAAG (*id.* at 1381-87). Six class members or parents of class members testified regarding the negative impact that encounters with barriers have on persons with mobility disabilities.

Plaintiffs also elicited evidence of a Citywide policy and practice of not complying with ADAAG in the new construction and alteration of pedestrian rights of way, parks, playgrounds and recreational facilities. The City's Deputy Director for Physical Access and most senior official regarding disability access, Mr. John Paul Scott, and the City's Disability Access Coordinator for the Department of Public Works, Mr. Kevin Jensen, both testified that ADAAG did not apply to parks, playgrounds, outdoor recreation areas and the pedestrian rights of way, and admitted that the City did not use ADAAG for those types of facilities. ECF 705 at 1496-97; ECF 706 at 1820-24; ECF 707 at 1946-48. None of the City's policies or procedures regarding new construction or alterations admitted at trial specified that the pedestrian rights of way, parks, playgrounds or recreational facilities must comply with ADAAG. Close Decl. ¶ 6, Ex. D (DTX A13, CCSF-DPW Procedure No. 9.9.2); ¶ 7, Ex. E (DTX A14, CCSF-DPW Procedure No. 9.8.24).

## E. Defendants' Motion for Judgment on Partial Findings

Prior to the close of trial, on April 22, 2011, Defendants filed a Motion for Judgment on Partial Findings or, in the Alternative, for Decertification of the Plaintiff Class. ECF 570. The City

argued that Plaintiffs "failed to articulate a policy or practice of the City that they claim deprives them of their rights under the ADA." ECF 570 at 1, 2, 4, 6-7. Plaintiffs' opposition emphasized that the trial evidence demonstrated that the City's policies and practices regarding new construction and alterations have not been adequate to ensure ADAAG-compliant construction. ECF 573 at 3.

**F. District Court's First Opinion**

On November 26, 2014, the district court issued its findings of fact and conclusions of law and entered judgment in favor of the City on all claims. ECF 686. The district court's finding that the City had a "sophisticated and robust infrastructure" pertained to Plaintiffs' program access allegations, which are no longer part of this case. *Id.* at 9 ("To ensure that disabled persons have meaningful access to its services and programs consistent with the ADA and state law, the City has created a sophisticated and robust infrastructure, which includes the establishment of various departments, positions, policies, and programs, which are overseen by MOD."). The Court did not grant class decertification and Defendants did not appeal.

**G. Plaintiffs' First Appeal**

On December 23, 2014, Plaintiffs appealed all claims and issues in the district court's Judgment and Findings of Fact and Conclusions of Law. Notice of Appeal, Dec. 23, 2014, ECF 689. Plaintiffs' appeal included all aspects of the district court's decision regarding new construction and alterations, including the sufficiency of the City's policies and practices regarding same. Defendants' Answering Brief admitted that this "class action lawsuit challenged San Francisco's city-wide policies and practices for providing disabled access to the public right of way, libraries, parks and swimming pools." Close Decl. ¶ 8, Ex. F at 1. Defendants also admitted that on appeal Plaintiffs challenged all issues regarding new construction and alterations. *Id.* at 3 n.2.

On June 22, 2017, the Ninth Circuit reversed the district court's judgment regarding Plaintiffs' claims for violations of the new construction and alterations duties, including their challenges to the sufficiency of any policies and practices regarding same. It found that Ms. Kirola had standing and that the "plaintiff class has standing for claims related to all facilities challenged at trial," "whether Ms. Kirola personally visited that facility or not." *Kirola*, 860 F.3d at 1175-76. It also found that the district court had erred by not applying ADAAG to parks, playgrounds, outdoor

recreational facilities and the pedestrian rights of way. *Id.* at 1178-81. In other words, the City's policy and practice of not applying ADAAG to its newly constructed and altered parks, playgrounds, outdoor recreational facilities and the pedestrian rights of way was unlawful.

### H.  First Remand And The District Court's Second Opinion

On August 16, 2018, the City filed a Motion for Judgment as a Matter of Law (ECF 751), wherein it argued again that Plaintiffs had not established any ADAAG violations at trial. Plaintiffs' opposition thereto contained a detailed discussion of the specific defects in the City's policies and practices regarding new construction and alterations. ECF 758 at 20-27. The district court granted the City's motion and entered judgment again in its favor on March 12, 2021. ECF 776. Plaintiffs again appealed the judgment in its entirety.

### I.  Plaintiffs' Second Appeal

On April 5, 2021, Plaintiffs filed their notice of appeal of the district court's entire March 12, 2021 judgment and order, thereby appealing all aspects of the district court's second opinion regarding new construction and alterations. ECF 779.

The Ninth Circuit's second decision reversed the district court for denying all relief, affirming in part and remanded "for the district court to determine injunctive relief" tailored to the ADAAG violations it found at the Main Library, St. Mary's Playground, and a restroom in Golden Gate Park (the "Phase I facilities"). *Kirola*, 2023 WL 2851368, at *1. Further, "[o]n remand, the district court should also consider whether the evidence at trial established ADAAG violations at the facilities listed in the plaintiffs' opposition to the motion for judgment that the district court did not address." *Id.* at *2. Finally, the Circuit instructed that "[i]f the district court finds any further ADAAG violations, the district court should revisit the question of injunctive relief that is systemwide or tailored to any additional violations found." *Id.* at *3.

### J.  Second Remand

In the December 1, 2023 Joint Case Management Statement, Defendants insisted that the case should be decided based on the existing trial record. ECF 811 at 26.

On March 28, 2024, the district court ordered injunctive relief as to the ADAAG violations found at the Phase I facilities (the Main Library, St. Mary's Playground, and the Golden Gate Park

restroom). ECF 822.

On April 12, 2024, Plaintiffs filed a motion for permanent injunction regarding the "Phase II facilities." ECF 825. As part of its Reply briefing, Plaintiffs submitted the Declaration of Jeffrey Scott Mastin, which purported to present new evidence regarding whether the City had removed disability access barriers at certain facilities since the time of trial. ECF 837-2 ¶ 14. In response, the City moved for an order permitting it to file a surreply to "object to Plaintiffs' introduction of non-trial evidence in its reply brief," including the Mastin Declaration and the evidence presented therein. ECF 843 at 2.

On August 19, 2024, the district court granted injunctive relief as to conditions at seven of the eleven Phase II facilities and ordered briefing on the need for systemic injunctive relief ("Phase III"). ECF 852.

Plaintiffs filed their Motion for Systemic Injunctive Relief on November 1, 2024. ECF 872. The City's opposition followed on December 13, 2024. ECF 874. The City did not raise any evidence about its current policies in any of its briefing on remand. The Court's Order Granting Plaintiffs' Motion for Systemic Injunctive Relief issued on September 29, 2025.

**K. Defendants' Appeal**

Defendants filed their notice of appeal of this Court's September 29, 2025 Order on October 27, 2025. ECF 895. Defendants filed their Appellants' Opening Brief ("AOB") on February 18, 2026. Close Decl. ¶ 3, Ex. A.

## III.    LEGAL STANDARDS

**A. Motion for Indicative Ruling**

Rule 62.1 of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." "[T]he purpose of Rule 62.1[(a)] is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it could rule on a motion made after the district court has been divested of jurisdiction." *Harper*

*v. Charter Commc'ns, LLC*, No. 2:19-CV-00902 WBS DMC, 2024 WL 3901469, at *1 (E.D. Cal. Aug. 22, 2024). "A district court's decision to make an indicative ruling is discretionary." *Silbersher v. Allergan Inc.*, No. 18-CV-03018-JCS, 2024 WL 2044626, at *4 (N.D. Cal. May 7, 2024). The underlying motion cannot be granted, but can be denied, on its merits. Fed. R. Civ. P. 62.1(a).

Unwarranted motions for indicative rulings are routinely denied. "[A]lthough parties may seek an indicative ruling on matters other than Rule 60(b) rulings, they may be denied if the ruling would not be helpful to the appellate court." *McKnight v. Uber Techs., Inc.*, No. 14-CV-05615-JST, 2022 WL 19975447, at *3 (N.D. Cal. Sept. 13, 2022). For example, where no new evidence has been presented and where the appellate court is better positioned to decide the issues, an indicative ruling does not promote judicial efficiency or fairness. *Harper v. Charter Commc'ns,* 2024 WL 3901469, at *2. Motions that simply rehash arguments that have already been considered and rejected are improper. *Sanai v. Cardona*, No. 22-CV-01818-JST, 2025 WL 1644502, at *2 (N.D. Cal. June 10, 2025).

Rule 62.1 does not authorize unsolicited advice by the district court on an issue of appellate jurisdiction. *Silbersher v. Allergan Inc.,* No. 18-CV-03018-JCS, 2024 WL 2044626, at *6 (N.D. Cal. May 7, 2024). Moreover, a district court does not aid an appeal by altering the status of the case as it rests before the court of appeals. *Doe v. Public Citizen,* 749 F.3d 246, 258-59 (4th Cir. 2014).

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways. A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039. When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with "competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), under the same evidentiary standard that governs in the summary judgment context. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc); Fed. R. Civ. P. 56(c).

## IV.   ARGUMENT

### A.  Relief Under Rule 62.1 is Unwarranted Here

Indicative rulings are properly granted when they "promote judicial efficiency and fairness" by supplying the court of appeals with useful information for deciding how or whether to rule on the issues before it. *Harper v. Charter Commc'ns*, 2024 WL 3901469, at *1. Defendants' Motion would not promote judicial efficiency because it does not present any new evidence or law, raises arguments that have already been rejected, and seeks consideration of issues that are currently on appeal. Far from being helpful, such an indicative ruling "would only throw a wrench into the appeal already in front of the Ninth Circuit." *Id.*; *see also Amarin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015).

Defendants' Motion is premised on its argument that "The Court Lacks Jurisdiction Over a Policy Challenge." *See* ECF 918 at 14-17. This issue is presently before the Ninth Circuit. Compare ECF 918 at 14-17 with Close Decl. ¶ 3, Ex. A (AOB at 30-32). Subject matter jurisdiction is a legal question that is reviewed de novo by the appellate court. *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996). Similarly, Defendants are challenging the standing of Plaintiff and the class to pursue relief in their appeal yet raise the same issue here. *Compare* ECF 918 at 17-20 *with* AOB at 32-37. Defendants also raise a mootness challenge in their appeal, as here. *Compare* ECF 918 at 16-17 *with* AOB at 30-31. Defendants' arguments, at times, appear nearly verbatim between their appeal and this motion. *See Silbersher*, 2024 WL 2044626, at *5.

In order to issue an indicative ruling on Defendants' motion to dismiss, this Court would need to decide these very legal issues that are now on appeal. Without having the benefit of the Ninth Circuit's guidance on the present issues on appeal, this Court is not well-positioned to consider any of the arguments in the City's motion to dismiss, which are inextricably tied up with their issues on appeal. In the ordinary course, it is not the role of the district court to provide "unsolicited advice" to the appellate court on an issue of appellate jurisdiction. *Id.* at *5-6.

Nor would Defendants' motion promote judicial fairness. The district court has not made any factual findings with respect to the alleged new evidence regarding current policies because Defendants waited until after this Court issued all three Orders regarding injunctive relief to bring

it up. Defendants had at least eleven years and many opportunities to make additional disclosures but failed to do so. Moreover, Defendants' argument regarding "required jurisdictional inquiries" and additional factual findings that supposedly need to be made by this Court before the appeal can be resolved is disingenuous. *See* ECF 918 at 22. If the City thought that additional factual findings needed to be made regarding jurisdiction, it should have sought reconsideration of or relief from this Court's recent rulings regarding injunctive relief. *See* Fed. R. Civ. P. Rules 59 and 60.

Defendants' Motion essentially asks this Court to reverse its recently issued Orders, including those regarding the entitlement of Ms. Kirola and the class to systemic injunctive relief. ECF 889 at 6-12. If this Court were to make a new ruling that contradicted its prior Orders, "that would likely delay the previously scheduled proceedings in front of the Ninth Circuit." *Harper*, 2024 WL 3901469, at *2; *see also Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221–23 (S.D.N.Y. 2013) ("Unlike a Rule 60(b) motion, where the appellate court benefits from the district court's evidentiary assessments, the legal question at issue here is reviewed de novo by the court of appeals. The [Ninth] Circuit needs no help deciphering the meaning of its own decision[s]."). By asking the Court to indicate to the Ninth Circuit that it would grant Defendants' motion to dismiss, Defendants "essentially ask the Court to inform the Ninth Circuit that it believes its own ruling is incorrect and subject to reversal in the absence of amendment. This hardly seems consistent with the purpose of Rule 62.1." *Scriber v. Ford Motor Co.*, No. 22-CV-1716-MMA-MMP, 2024 WL 2830499, at *3 (S.D. Cal. June 4, 2024).

The cases cited by Defendants do not support an indicative ruling in the present circumstances. In *Common Cause Ind. v. Marion Cty. Election Bd.*, a voting rights case, the court had granted the parties' joint motion to approve a tendered consent decree, which the original parties agreed had mooted the case. *Id.* at *1. Despite the parties' request for an indicative ruling that the case was moot, the court disagreed and issued the opposite indicative ruling. No. 1:17-cv-01388-SEB-TAB, 2019 WL 441849, at *3 (S.D. Ind. Feb. 5, 2019). The court did not explain why its indicative ruling advanced the pending appeal, but it is notable that the parties agreed that the case was moot. This case is distinguishable because there have been no factual developments that have

occurred since the appeal was filed. Because the Ninth Circuit "needs no help deciphering the meaning of its own decision," a single party's belated arguments about issues that have already been decided does not warrant an indicative ruling. *Sanai v. Cardona,* 2025 WL 1644502, at *2.

In *Cuhaci v. Echemendia*, the district court erred by dismissing ("admittedly prematurely") one of the defendants in the action, putting subject matter jurisdiction at risk. No. 20-cv-23950, 2021 WL 4307051, at *2 (S.D. Fla. Sept. 21, 2021). The remaining defendant filed a motion to dismiss on the basis that diversity had been destroyed. An appeal by the dismissed defendant was taken subsequent to the motion to dismiss by the remaining defendant. In other words, the motion to dismiss and appeal were brought by different parties at different times seeking different relief. The court's indicative ruling involved a detailed factual analysis based on an issue that had not previously been considered. *See id.* at *2-7.

Defendants mistakenly claim that granting their motion to dismiss "would entirely resolve this litigation." ECF 918 at 22. If this case were remanded, a future order regarding Defendants' motion to dismiss would likely be appealed. The parties would find themselves in the same position as they currently are, except the case would have been further delayed, causing prejudice to Plaintiffs. For example, Ms. Kirola and the class would be waiting even longer for the barriers to be fixed. Because such a ruling would most likely spawn future appeals, it would not resolve this litigation. *See Silbersher,* 2024 WL 2044626, at *5; *Rabang v. Kelly*, No. C17-0088-JCC, 2018 WL 1737944, at *3 (W.D. Wash. Apr. 11, 2018).

In sum, Defendants offer no explanation for why the Ninth Circuit would need unsolicited advice from the district court to resolve the legal issues presented before it. Instead of promoting judicial efficiency, an indicative ruling about subject matter jurisdiction, standing, or mootness would only get this Court and the appellate court in "each other's hair." *Matter of Jones*, 768 F.2d 923, 931 (7th Cir. 1985) (Posner, J., concurring).

**B. Ms. Kirola and the Class Have Standing**

Defendants argue that Plaintiffs only have standing to challenge ADAAG violations at the specific facilities where Ms. Kirola and the six testifying class members experienced barriers. ECF 918 at 17-20. This argument is foreclosed by the Ninth Circuit's rulings in this case. The Ninth

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

Circuit extensively examined the issue of standing in *Kirola I* and *Kirola II*. In *Kirola I* the Ninth Circuit held "that Kirola has proven standing to challenge barriers at the facilities she visited" and also "that the plaintiff class has standing for claims related to all facilities challenged at trial" "whether Kirola personally visited that facility or not." *Kirola*, 860 F.3d at 1176.

In *Kirola II*, the Ninth Circuit held that while "the district court was concerned that Kirola … had not personally encountered any of the ADAAG violations that the plaintiffs ultimately proved at trial, that takes too narrow a view of injunctive relief under the ADA. *Kirola*, 2023 WL 2851368, at *1. In *Kirola II*, the Circuit expressly reaffirmed the conclusions regarding standing that were reached in *Kirola I*. *Id.*

In examining the interrelated requirements of standing and class certification, the Ninth Circuit has adopted (and did follow in *Kirola I*) the class certification approach. *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015). The "'class certification approach… holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met.'" *Id.* at 1261-62 (quoting Newberg on Class Actions § 2.6). Thus, while "in a class-action lawsuit… 'the remedy must … be limited to the inadequacy that produced the injury in fact that the plaintiff has established,'" "the 'plaintiff' has been broadened to include *the class as a whole, and no longer simply those named in the complaint*." *Armstrong*, 275 F.3d at 871 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)).

Based on the "scope of the certified class and the holding of *Melendres*," the Ninth Circuit held in *Kirola I* that "the *plaintiff class* has standing for claims related to *all facilities challenged* at trial." *Kirola I*, 860 F.3d at 1176 (emphasis added). "Once the scope of any ADAAG violations at facilities used by Kirola and *all other class members* has been determined, the district court shall revisit the question of whether injunctive relief should be granted." *Id.* at 1185 (emphasis added). Thus, the facilities "challenged at trial" and "all other class members" necessarily include the facilities and the class described in the class definition. These conclusions were re-affirmed in *Kirola II*. *Kirola*, 2023 WL 2851368, at *1. The Ninth Circuit did not limit either standing or injunctive relief to the six class members *who testified at trial* as Defendants erroneously argue.

Defendants' argument that the absent class members must show Article III standing with respect to facilities falling within the class definition is foreclosed by governing law. It is well-settled that class members in a Rule 23(b)(2) class action seeking injunctive relief are *not* required to show standing. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022). Indeed, "the Supreme Court has long recognized that in cases seeking injunctive or declaratory relief, only one plaintiff need demonstrate standing to satisfy Article III." *Id.* (collecting cases). Defendants cite no authority to the contrary. Further, the Ninth Circuit did not hold in *Kirola I* that absent class members were required to establish standing on a "facility-by-facility" basis. As discussed, this concept applies to the named plaintiff(s) in an access case, not the class members in a certified class action.

The Ninth Circuit's rulings on standing are the law of the case. "The law of the case doctrine 'generally preclude[s a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Wilkins v. U.S.*, 163 F.4th 636, 644 (9th Cir. 2025) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Defendants have not identified a single legal or factual development since *Kirola I* and *Kirola II* that would warrant revisiting the Ninth Circuit's prior rulings on standing. The two cases Defendants cite in support of their novel argument regarding the "limited" nature of standing in access cases are not class action cases and do not impose the limitations they seek herein. *See Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Moreover, *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), cited by Defendants, held that "[e]very class member must have Article III standing in order to recover *individual damages*." *Id.* at 431 (emphasis added)*. TransUnion* did not hold that the class members in a case for injunctive relief must establish standing. *Id.* at 431, 435-36. When interpreting *TransUnion*, the Ninth Circuit clarified that the law of the Circuit remains that, when a class seeks injunctive or equitable relief, only one plaintiff need demonstrate standing. *Olean*, 31 F.4th at 682 n.32.

## C. The Court Retains Jurisdiction to Apply Injunctive Relief

### 1. The Allegations of the Complaint Are Sufficient

Defendants falsely assert that Plaintiffs' Complaint did not adequately allege a claim based

Case No. C 07-3685-AMO

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

on a policy. In their FAC, Plaintiffs alleged that Defendants' policies and practices regarding new construction and alterations were not sufficient to ensure compliance with the ADA. ECF 294 ¶ 2; ¶ 17. The Complaint alleged that "[t]he CITY has also failed to adopt and implement effective policies to ensure that its public facilities and programs are readily accessible to and usable by persons with mobility disabilities." *Id.* at ¶ 2. Plaintiffs sought relief relating to the City's policies regarding new construction and alterations and requested the issuance of "permanent injunctions requiring … Defendants to undertake remedial measure to mitigate the effects of Defendants' past and ongoing violations of Title II of the ADA[.]." ECF 294, Prayer for Relief ¶ 3; *see also id.* at ¶ 3(a), 3(d).

### 2. This Court Has Already Found that the City's ADAAG Violations Are Attributable to City-wide Policies and Practices

Plaintiffs met their burden at trial to show that the ADAAG violations were attributable to the City's policies and practices. ECF 889 at 7-8. Defendants did not move to reconsider the Court's September 29, 2025 Order. That finding of fact by this Court cannot be reconsidered here. Defendants' argument that a plaintiff can only rely on evidence established in its case-in-chief, rather than other evidence established at trial, is also wrong. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983) ("As in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it whatever weight and credence it deserves.").

### 3. Claims of Ms. Kirola and the Class are Live

The Ninth Circuit specifically instructed this Court to consider additional ADAAG violations during Phase II of the remand proceedings and, if any were found, to consider "injunctive relief that is systemwide or tailored to any additional violations found ["Phase III"]." *Kirola II*, 2023 WL 2851368, at *3. This Court did so. ECF 889 at 8-10. Defendants argue that Plaintiffs have "abandoned" their claims, citing a prior finding by this Court regarding "robust infrastructure." ECF 918 at 15; *Kirola*, 74 F. Supp. at 1202, *aff'd in part, rev'd in part*, 860 F.3d 1164 (9th Cir. 2017). That prior finding is irrelevant because it pertained to programmatic access to old facilities that were constructed prior to the enactment of the ADA. Program access to such "existing facilities" does not

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

require ADAAG compliance, or even physical access, if alternative methods of providing access to the benefits of the program are available. 28 C.F.R. § 35.150; *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985-86 (9th Cir. 2014); ECF 889 at 2. Accordingly, the trial judge's conclusions about a "robust infrastructure" for program access are irrelevant to the issues before this Court.

Plaintiffs' new construction and alterations claims, in contrast, require full compliance with ADAAG. *Kirola I*, 860 F.3d at 1178, 1181; *Chapman*, 631 F.3d at 945-46. Indeed, this Court stated that the trial judge's "earlier finding of a robust infrastructure" did not contradict a finding "that the City's policy does not currently require compliance with federal and state accessibility standards when performing new construction or alterations to City facilities." ECF 889 at 11. To the extent Defendants argue "meaningful access" can substitute for compliance with ADAAG, that argument has already been rejected by the Ninth Circuit. *See Kirola I,* 860 F.3d at 1178, 1181.

**D. Defendants' Alleged New Evidence Cannot Be Considered**

In arguing for an indicative ruling, Defendants point to the alleged adoption of a policy by their Department of Public Works called DPW Procedure 10.02.21, entitled "ADA and Accessibility Compliance," which was purportedly approved by the Director of Public Works on January 6, 2014. Defendants also attempt to introduce the "San Francisco Recreation and Park Department's online overview of the Tenderloin Recreation Center." *See* Mills Decl., ECF 919 ¶¶ 15, 17. This alleged evidence cannot be considered by this Court. Defendants are estopped from taking the position that new evidence is warranted at this late stage. The Court has already limited its consideration of evidence to the trial record. Moreover, the alleged evidence has not been authenticated and is inadmissible.

**1.  Defendants are Estopped from Raising New Evidence**

Defendants are judicially estopped from raising their alleged new evidence due to their previous position taken in this litigation. Since the completion of the trial, and until the filing of their recent appeal, Defendants have maintained that no new evidence may be considered outside of the trial record. Defendants succeeded in their position, as it was adopted by this Court and affirmed by the Ninth Circuit that the proceedings on remand were properly limited to the trial record. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'[W]here a party assumes a certain position

in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him' " (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895))).

Moreover, it has been firmly established in this litigation that the district court need not consider evidence outside the trial record in determining the injunctive relief to issue. In *Kirola II*, the Ninth Circuit allowed this Court to evaluate the propriety of injunctive relief based on the existing record at trial, finding that "the district court has no obligation to consider new evidence." *Kirola II,* 2023 WL 2851368, at \*3. This Court followed these instructions in issuing its Orders regarding injunctive relief. *See, e.g*., ECF No. 852 at 2.

Until most recently Defendants took the same position. In the parties' Joint CMC Statement issued on December 1, 2023, Defendants' position was that, moving forward, the proceedings must be "based on the evidence presented at trial" and that the district court must not consider any new evidence in deciding what injunctive relief should issue. ECF No. 811 at 17-18. "Given the post-trial posture of this case," Defendants requested that the Court proceed "based on the existing trial record." ECF No. 811 at 29.

Defendants opposed supplementing disclosures pursuant to Fed. R. Civ. Proc. 26(e) against the argument of Plaintiffs. ECF No. 811 at 29. Despite the purported 2014 policy being in existence for nearly a decade, Defendants chose not to bring it up at the 2023 Joint Case Management Conference. Again, in their Response to Plaintiffs' Statement Regarding the Phase II Facilities, which was filed on May 24, 2024, Defendants' position was that "the Court is tasked with the relatively limited scope" of reviewing only "admitted evidence from the 2011 trial." ECF No. 829 at 6, 11.

Again, in their Opposition to Plaintiffs' Motion for Systemic Injunctive Relief filed on December 13, 2024, the City claimed that "[n]othing has changed as a result of this second remand" and that noncompliant conditions could only be fairly considered in the context of the trial record. ECF No. 874 at 5, 11. Defendants did not move to introduce any evidence of the 2014 policy during briefing on the systemic relief injunction, a decade having passed since that policy was allegedly

16

adopted. Because Defendants have argued consistently in the years since trial that evidence outside the record of trial may not be considered in deciding injunctive relief, they are estopped from taking the opposite position at this late stage of the litigation.

## 2.    The Alleged Evidence is Not Authenticated and Is Inadmissible

Another reason the alleged new evidence cannot be considered is because it is inadmissible. Federal Rule of Evidence 602 requires that a witness have personal knowledge to testify about a matter. Federal Rule of Evidence 901 requires that the proponent of a piece of evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Federal Rule of Civil Procedure 56(c)(4) requires affidavits or declarations to be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Defendants did not follow these rules in attempting to introduce the alleged 2014 policy and Tenderloin Recreation Center webpage into the record.

The alleged documents were attached to a declaration of Defendants' counsel, Steven Mills, in support of the present Motion. Defendants' counsel merely stated that they are "true and correct" copies without stating whether he had any personal knowledge of the documents and, if so, what that knowledge was based on. *See* ECF 919 ¶¶ 15, 17. This is insufficient to authenticate the documents. As set forth by the Ninth Circuit in *Beyene v. Coleman Sec. Servs., Inc.*:

> It is not enough that [the attorney] characterizes the testimony as a 'true and correct copy.' "... A writing is not authenticated simply by attaching it to an affidavit, even if the writing appears on its face to have originated from some governmental agency... The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.

854 F.2d 1179, 1182 (9th Cir. 1988); *see also Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1083 (E.D. Cal. 2010) ("An attorney is not competent to testify as to what another individual is expected to say under oath.").

Nor have the documents been authenticated by virtue of being produced in discovery because, as Defendants have repeated, "discovery is closed." ECF No. 811 at 29; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (document attached to affidavit that was not

produced in discovery, and was not attested to by its author, lacked foundation and was inadmissible).

Even if the documents had been authenticated, they are still inadmissible as hearsay. The documents are out-of-court statements offered for their truth (that they exist and are being followed by the City). Federal Rule of Evidence 801(c); *Beyene*, 854 F.2d at 1182. Defendants have not offered an exception to the hearsay rule that would apply.

### E. Defendants Have Not Met Their Heavy Burden of Proving Mootness

#### 1. The City's Illegal Conduct is Ongoing

Defendants have failed to prove that any part of the case is moot. Their alleged new evidence cannot paper over the fact that Plaintiff Kirola and the class are experiencing (and will continue to experience) illegal discrimination by the City until the injunctive relief is fully implemented. The controversy is live.

A defendant cannot moot a policy and practice challenge by simply modifying their policy during litigation. "Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave [t]he defendant ... free to return to his old ways." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citation omitted). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Defendants have not come close to satisfying their "formidable burden" of showing that no future violations are reasonably expected to recur, especially as a matter of law.

Courts are reluctant to find an ADA plaintiff's claim mooted when the alleged basis for mootness is a changed policy. *See, e.g.*, *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013) (rejecting mootness finding where the defendant's policy change "could be easily abandoned or altered in the future"); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2024 WL 5112480, at *8 (N.D. Cal. Dec. 13, 2024) (rejecting mootness based on policy adopted years into the litigation and after class was certified)*; Sullivan v. Storer Transit Sys.*, No. 20-CV-00143-JCS, 2020 WL 3254400, at *6 (N.D. Cal. June 16, 2020) ("In contrast to permanent structural changes,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

voluntary cessation only amounting to a reversible policy change does not show that the challenged conduct cannot reasonably be expected to recur.").

To determine if there is a danger of recurrence with respect to policy changes, courts consider "the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *see also S.E.C. v. Koracorp Indus., Inc.,* 575 F.2d 692, 699 (9th Cir. 1978); *Johnson v. LMT Foods, Inc.,* No. 5:21-CV-03967-EJD, 2022 WL 2343045, at *4 (N.D. Cal. June 29, 2022). Defendants express no intent to comply with the Court's recent Order granting systemic injunctive relief. On the contrary, Defendants defend their policy of not applying ADAAG, contending that "meaningful access was nevertheless provided despite any deviations from ADAAG." Close Decl. ¶ 3, Ex. A (AOB at 57). They wrongly insist that their policy and practice of not using ADAAG for parks, playgrounds, outdoor recreation facilities, and the pedestrian rights of way "complied with the ADA." AOB at 72-75. Defendants further claim that the DOJ regulations and ADAAG are owed no deference and that there is no private right of action to enforce them. AOB at 55-58.

Defiantly, Defendants claim that they "cannot be faulted" for their conduct following the *Loper Bright* decision. AOB at 75. This is not the position of an entity ready to comply with the law. *See Knox v. Serv. Emps. Int'l Union, Loc. 1000,* 567 U.S. 298, 307 (2012) (observing that it was unclear why defendant would refrain from challenged conduct in the future when it continued to "defend the legality" of its conduct)*; DeJohn v. Temple University*, 537 F.3d 301, 309 (3d Cir. 2008) (voluntary cessation of original policy did not moot plaintiff's claim because university's decision to defend its legality raised a "reasonable expectation" that it would reimplement it). Indeed, Defendants proffer no evidence that the alleged 2014 policy cannot be easily reversed and that any benefits of the policy simply evaporate.

Defendants have never acknowledged the wrongful and discriminatory nature of their conduct, the harm that they have caused to the named Plaintiff and the class members, or that ADAAG applies to these categories of facilities, including in their most recent submissions regarding the Phase One and Phase Two facilities. In its Petition for Writ of Certiorari, Defendants

19                                                    Case No. C 07-3685-AMO

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

argued that "the plaintiff suffered no legal injury," that there were only "isolated injuries to unnamed class members," that ADAAG violations were "inevitable," and that Plaintiffs were not entitled to any relief because they had not suffered "any legal injury from encountering a condition that violates the ADA." Close Decl. ¶ 9, Ex. G (Defendants' Petition for Writ of Certiorari) at 2, 3, 6, 9, 21.

The second *W.T. Grant Co.* factor is the effectiveness of the discontinuance. 345 U.S. at 633. Even if the evidentiary problems were cured, Defendants have not alleged, much less proffered any evidence, that their illegal conduct has been discontinued. By failing to state whether it applies to parks, playgrounds, outdoor recreational areas, and the pedestrian rights of way, the alleged new policy's compliance with this Court's Order regarding systemic injunctive relief is unclear at best. *See Gluth v. Kangas*, 951 F.2d 1504, 1507 (9th Cir. 1991) (voluntary cessation defense cannot be based on policies that are vague or contradictory); *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 861 (N.D. Cal. 2011) (no mootness where it was unclear if policy complied with accessibility regulations). Even if the alleged 2014 policy were in effect, the City has not proffered any evidence that it intends to use the policy to remedy any of the barriers alleged in this lawsuit.

The third factor from *W.T. Grant Co..* is the character of past violations. 345 U.S. at 633. The barriers proved by Plaintiffs at trial, which were many, illuminate the City's violations of the ADA. This Court found, using only evidence of previous violations established at trial, that Defendants' illegal conduct was pervasive. ECF No. 889 at 8. The Court rejected Defendants' argument that the violations were only isolated, finding "dozens of violations at ten facilities throughout San Francisco that had undergone new construction or alterations since 2000." *Id.* at 8. The history of these pervasive violations, which are attributable to the City's policies, demonstrate that its unlawful conduct would continue should this Court turn its gaze away.

Defendants misapprehend their burden to establish mootness, lacking facts or reasoning about their conduct to substantiate their argument. Instead, Defendants merely state that "any ADAAG policy challenge is moot" and provide no evidence about the City's compliance with ADAS. Mot. at 4, 16-17. But the City "cannot avoid its formidable burden by assuming the answer" to the question of mootness. *Already, LLC v. Nike*, Inc., 568 U.S. 85, 92 (2013). Rather than making conclusory statements, Defendants needed to prove that the City has fully complied with the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

injunctive relief Orders issued by this Court. They did not.

Defendants' strategic timing of their disclosure of the alleged new evidence further cautions against mootness and warrants additional scrutiny. Although Defendants argue that the City should be presumed to act in good faith, this presumption may be overcome by evidence of unfair litigation tactics. Federal courts "are not required to exhibit a naiveté from which ordinary citizens are free." *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019) (quoting *United States v. Stanchich*, 550 F.2d 1294, 1300 (2d Cir, 1977)). Rather, courts "must view any strategic moves designed to keep [it] from reviewing challenged conduct with a 'critical eye.'" *Health Freedom Def. Fund, Inc. v. Carvalho*, 104 F.4th 715, 723 (9th Cir. 2024), reh'g en banc granted, opinion vacated, 127 F.4th 750 (9th Cir. 2025), and on reh'g en banc, 148 F.4th 1020 (9th Cir. 2025).

In *Health Freedom Def. Fund*, the Ninth Circuit found that a government defendant who had "demonstrated their willingness to tactically manipulate the federal courts" through a strategically timed policy change did not deserve the benefit of the doubt. 104 F.4th at 723. Here, too, the "timing" of the City's "about-face" "is suspect." *Id*. That Defendants argued for so many years that Plaintiffs could not introduce new evidence of current conditions – then reversed its litigation stance when it became convenient – suggests maneuvering to get out from under this Court's Orders regarding injunctive relief. *See also R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1226 (9th Cir. 2023) (burden not met where letter was sent purporting to moot case years after litigation began but only one month before moving on mootness).

Nor does Defendants' discussion of "proposed guidelines" favor the case being moot. Although Defendants claim that the City was "already applying proposed guidelines as best practice" at the time of trial, the City did not proffer any expert testimony regarding whether these proposed guidelines were adopted into ADAS. Close Decl. ¶ 3, Ex. A (AOB at 31). At trial, the evidence established that such proposed guidelines permitted running slopes in outdoor recreation areas of up to 12.5% and cross slopes of up to 5%. Close Decl. ¶ 10, Ex. H (Trial Testimony of Larry Wood) at 2063-64; ¶ 11, Ex. I (Trial Testimony of William Hecker) at 2779-81. These proposed guidelines required less access than ADAAG and thus were not incorporated into ADAS. The 2010 ADAS permits running slope of 8.3% maximum, and cross slopes of 2.1% maximum. *See*

2010 ADAS § 405.2.

Nor does the simple timing of ADAS superseding ADAAG establish mootness, as facilities constructed before September 15, 2010 – including most of the facilities at issue in this case – were not required to follow ADAS. Facilities that were newly constructed or altered between January 26, 1992 and March 14, 2012 were required to comply with ADAAG, and any ADAAG violations in such facilities must be brought into compliance with the 2010 ADAS. 28 C.F.R. § 35.151(c)(5)(ii).

Defendants have never stated that ADAAG (or ADAS) applies to parks, playgrounds, outdoor recreation areas and the pedestrian rights of way. This acknowledgement does not appear anywhere in their briefs or submissions to this Court. It does not appear in any sworn statement from a City official. The City has never stated, much less provided any evidence, that its newly constructed or altered parks, playgrounds, outdoor recreation areas or the pedestrian right of way comply with either ADAAG or ADAS. Nor is there any evidence in the trial record (or elsewhere) that the City enforces ADAS, despite evidence showing that the City has numerous ADAAG violations in its newly constructed or altered facilities. The controversy remains.

### 2. Injunctive Relief is Still Needed to Redress the Injuries to Plaintiffs and the Class

Even if Defendants' alleged evidence pointed toward a permanent change of policy, their mootness argument still fails. Under governing law, a case only becomes moot when it is impossible to grant any effectual relief to the prevailing party. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984). Defendants have proffered no evidence that any change of circumstance renders it impossible to grant the injunctive relief ordered by this Court. Further relief from the present conditions is not only possible, but necessary.

"In the context of injunctive relief, a case is not moot if the district court is able to 'undo' the effects of the alleged illegal action." *Health Freedom Def. Fund, Inc.*, 148 F.4th at 1026 (rejecting mootness because although illegal policy was rescinded, effects of illegal action had not been remedied). In accordance with Supreme Court and Ninth Circuit precedents, the injunctive relief in this case must effectuate "complete justice" for the Plaintiff class. As the Ninth Circuit has explained, "[i]n the context of a claim brought under a federal statute intended to combat

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS

discrimination, the phrase 'complete justice' has a clear meaning: 'the [district] court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.'" *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 873 (9th Cir. 2017) (quoting *Louisiana v. United States*, 380 U.S. 145, 154 (1965)).

This Court has already found that the injury to Kirola and the class members is ongoing. ECF No. 889 at 6. The City has not shown that any of its alleged new evidence has led to complete relief for the Plaintiffs or the class. At bottom, without the injunctive relief ordered by this Court, nothing prevents Defendants from returning to their "old ways." *Norman-Bloodsaw*, 135 F.3d at 1274.

Finally, Defendants' claim that the district court cannot order policy changes is mistaken. ECF 918 at 17. Courts regularly order policy changes at the local government level as part of injunctive relief. *See, e.g., Meinecke v. City of Seattle*, 99 F.4th 514, 526 (9th Cir. 2024)*; Baby Tam & Co. v. City of Las Vegas*, 199 F.3d 1111, 1115 (9th Cir. 2000). Defendants' cite to *M.S. v. Brown,* 902 F.3d 1076, 1083, 1089 (9th Cir. 2018), is misplaced. In *M.S. v. Brown*, the plaintiff sought injunctive relief that would have required majority voter approval by the citizens of Oregon to be effectuated. *Id.* at 1083-85. Importantly, the court limited its holding to where "a plaintiff sues *state officials* seeking intrusive affirmative relief that is incompatible with democratic principles." (emphasis added). *Id.* at 1083-86. *M.S. v. Brown* does not limit the power of federal courts to order changes to local legislation or the conduct of City officials that violates federal law.

## F.  Ms. Kirola's Section 1983 Claim Remains Live

Defendants' motion to dismiss Plaintiff Kirola's Section 1983 claim fails. Under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of State law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). When the violation is based on a policy, it must be proved that the policy "amounts to deliberate indifference" to the plaintiff's statutory right; that the policy is the "moving force" behind the violation; that there is a "direct causal link" between the policy and injury; and that the injury resulted from a permanent

and well settled practice. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

The court must "not lightly conclude the Congress intended to preclude reliance on § 1983 as a remedy for the deprivation of a federally secured right." *Ferguson v. City of Phoenix*, 931 F. Supp. 688, 698 (D. Ariz. 1996), *aff'd*, 157 F.3d 668 (9th Cir. 1998), *as amended* (Oct. 8, 1998). The burden is on the party challenging the Section 1983 claim "to show by *express provision* or other *specific evidence from the statute itself* that Congress intended to foreclose such private enforcement." *Id.* In the Ninth Circuit, Section 1983 claims based on violations under Title II of the ADA cannot be pursued against government officials in their *individual* capacity but can be pursued against officials in their *official* capacity. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against a state official in his official capacity); *Holestine v. R.J. Donovan Corr. Facility,* No. 18-CV-02094-AJB-WVG, 2019 WL 4745037, at *4 (S.D. Cal. Sept. 30, 2019) (allowing Section 1983 action under Title II of ADA and Section 504 against defendants in their official capacities).

Here, Plaintiff Kirola has shown that she is entitled to relief under Section 1983. Plaintiff Kirola possesses a statutory right to be free from discrimination on the basis of disability when visiting the facilities owned and operated by Defendant. 42 U.S.C. § 12132; 28 C.F.R. § 35.151. Plaintiff Kirola alleged her Section 1983 claim "Against the Mayor and Members of the Board of Supervisors in their Official Capacities" as depriving her of her rights under Section 504 and Title II of the ADA. ECF 294 ¶¶ 62-64. Plaintiff and the class proved at trial that their injuries from the City's ADAAG violations were attributable to a well-settled and official City policy and practice of not using ADAAG for new construction and alterations. ECF 889 at 7-8.

Defendants have not shown that the ADA expressly preempted claims under Section 1983 with respect to officials being sued in their official capacity. *Ferguson v. City of Phoenix*, 931 F. Supp. at 698. While they claim that the ADA has a comprehensive remedial scheme, they do so "baldly," that is, without any citations to the statute or to congressional intent. *See id. Ferguson* and other district courts in the Ninth Circuit have ruled that Title II of the ADA and Section 504 did not foreclose relief under Section 1983 for officials sued in their official capacity. *See, e.g., Simmons v.*

*Miranda-Mares*, No. 2:23-CV-00764-HDV-AJR, 2024 WL 4906178, at \*4 (C.D. Cal. Oct. 4, 2024), report and recommendation adopted, No. 2:23-CV-00764-HDV-AJR, 2024 WL 4905960 (C.D. Cal. Nov. 27, 2024); *Holestine v. R.J. Donovan Corr. Facility*, No. 18-CV-02094-AJB-WVG, 2019 WL 4745037, at \*4 (S.D. Cal. Sept. 30, 2019); *Independent Housing Servs. v. Fillmore Center Assocs.*, 840 F.Supp. 1328, 1345 (N.D. Cal. 1993) Finally, Defendants' mootness argument with respect to Kirola's 1983 claim fails for the same reasons as discussed in § IV.E, *supra.*

## V.    OBJECTION TO POST-TRIAL EVIDENCE

Plaintiffs object to the admission and consideration of any evidence that had not been introduced by the conclusion of trial. *See* § IV.D, *supra*. Any such evidence is outside the trial record, is hearsay, lacks foundation, and must be excluded. Defendants have repeatedly maintained that this case should be decided based on the existing trial record (*see, e.g.*, ECF 811 at 27). When Defendants previously attempted to make an end run around this evidentiary limitation by tendering the City's "new" policy (from 2014) with the parties' December 2025 Joint Case Management Conference Statement, the Court struck it from the record. *See* ECF 905-907. The Court should again exclude any evidence of policy changes that occurred after trial as well as the purported webpage about the Tenderloin Recreation Center. *See* Mills Decl., ECF 919 ¶¶ 15, 17.

## VI.    CONCLUSION

For the reasons stated, Plaintiffs respectfully request that this Court deny Defendants' Motion for an Indicative Ruling on their Motion to Dismiss, or in the alternative, defer ruling on Defendants' motion until the Ninth Circuit has resolved Defendants' pending appeal. Plaintiffs also request that the Court deny Defendants' Motion to Dismiss Ivana Kirola's claim under 42 U.S.C. § 1983.

Dated: April 17, 2026                    Respectfully submitted,

/s/ Travis C. Close
Travis C. Close
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 17, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: April 17, 2026                    /s/ *Travis C. Close*
                                         Travis C. Close

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOT. FOR INDICATIVE RULING AND MOT. TO DISMISS