EXHIBIT G

No. _____

## In The
# Supreme Court of the United States

————————◆————————

CITY AND COUNTY OF SAN FRANCISCO, et al.,

*Petitioners,*

v.

IVANA KIROLA, On Behalf of Herself and
The Certified Class of Similarly Situated Persons,

*Respondent.*

————————◆————————

**On Petition For Writ Of Certiorari
To The United States Court Of Appeals
For The Ninth Circuit**

————————◆————————

**PETITION FOR WRIT OF CERTIORARI**

————————◆————————

DAVID CHIU
  San Francisco City Attorney
YVONNE R. MERÉ
  Chief Deputy
TARA M. STEELEY
  Chief of Appellate Litigation
  *Counsel of Record*
ELAINE M. O'NEIL
  Deputy City Attorney
CITY ATTORNEY'S OFFICE
City Hall Room 234
One Dr. Carlton B. Goodlett Pl.
San Francisco, CA 94102
Telephone: (415) 554-4655
Tara.Steeley@sfcityatty.org

*Attorneys for Petitioners
  City and County of San Francisco*

COCKLE LEGAL BRIEFS (800) 225-6964
WWW.COCKLELEGALBRIEFS.COM

i

## QUESTION PRESENTED

Whether a court may order injunctive relief in a case where the sole named plaintiff failed to prove she suffered any legal injury at trial but the trial record shows isolated injury to unnamed class members.

ii

## PARTIES TO THE PROCEEDING

Petitioners are the City and County of San Francisco, a California municipal corporation; its former Mayor Gavin Newsom in his official capacity; and former members of its Board of Supervisors Aaron Peskin, Jake McGoldrick, Michela Alioto-Pier, Ed Jew, Chris Daly, Sean Elsbernd, Bevan Dufty, and Gerardo Sandoval in their official capacities.

Respondent is Ivana Kirola, who was plaintiff and sole class representative in the district court and plaintiff-appellant in the court of appeals.

## STATEMENT OF RELATED PROCEEDINGS

United States District Court for the Northern District of California:

Ivana Kirola v. City and County of San Francisco, a California municipal corporation; its former Mayor Gavin Newsom in his official capacity; and former members of its Board of Supervisors Aaron Peskin, Jake McGoldrick, Michela Alioto-Pier, Ed Jew, Chris Daly, Sean Elsbernd, Bevan Dufty, and Gerardo Sandoval in their official capacities, No. C07-3685 SBA (judgment entered March 12, 2021).

United States Court of Appeals for the Ninth Circuit:

Ivana Kirola, on behalf of herself and the certified class of similarly situated persons v. City and County Of San Francisco, et al., Defendants-Appellees., No. 21-15621 (Affirmed in part, Reversed in part, and Remanded, April 10, 2023).

iii

## TABLE OF CONTENTS

Page

QUESTION PRESENTED.................................... i

PARTIES TO THE PROCEEDING...................... ii

STATEMENT OF RELATED PROCEEDINGS.... ii

TABLE OF AUTHORITIES ................................. v

OPINIONS BELOW............................................ 1

JURISDICTION.................................................. 1

CONSTITUTIONAL PROVISIONS INVOLVED.... 1

INTRODUCTION ............................................... 2

STATEMENT OF THE CASE.............................. 6

REASONS FOR GRANTING THE PETITION..... 11

I.  The Ninth Circuit Opinion Conflicts with Supreme Court Precedent and Creates a Circuit Split............................................... 11

    A.  Supreme Court Conflict....................... 11

    B.  Circuit Split ........................................ 15

        1.  Sixth Circuit .................................. 15

        2.  Seventh Circuit .............................. 17

II.  The Question Presented Is Important and Recurring................................................. 17

III.  This Case Is an Ideal Vehicle to Resolve the Question Presented..................................... 21

CONCLUSION................................................... 22

iv

TABLE OF CONTENTS—Continued

Page

APPENDIX

Appendix A Opinion, Kirola v. City and County of San Francisco, No. 21-15621 (9th Circuit Apr. 10, 2023)..........................................................1a

Appendix B Order, Kirola v. City and County of San Francisco, No. 07-3685 (N.D. Cal. Mar. 12, 2021)..................................................................10a

Appendix C Opinion, Kirola v. City and County of San Francisco, No. 14-17521 (9th Circuit Jun. 22, 2017) .......................................................86a

Appendix D Opinion, Kirola v. City and County of San Francisco, No. C 07-3685 (N.D. Cal. Nov. 26, 2014) ...................................................129a

Appendix E Order, Kirola v. City and County of San Francisco, No. 4:07-CV-03685 (N.D. Cal. Jun. 7, 2010) .......................................................298a

v

TABLE OF AUTHORITIES

Page

FEDERAL CASES

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001)................... 4, 10, 18, 19

*Blum v. Yaretsky*,
457 U.S. 991 (1982) ................................... 13, 15, 16

*Clark K. Anderson v. Willden*,
No. 2:06-CV-1068-RCJ-RJJ,
2008 WL 11449397 (D. Nev. July 10, 2008)............19

*C.R. Educ. & Enf't Ctr. v.*
*Hosp. Properties Tr.*,
317 F.R.D. 91 (N.D. Cal. 2016),
*aff'd*, 867 F.3d 1093 (9th Cir. 2017).......................19

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (1996) ............................................4, 9

*Fox v. Saginaw County, Mich.*,
67 F.4th 284 (6th Cir. 2023) .................... 5, 16, 17, 20

*Frank v. Gaos*,
___ U.S. ___, 139 S.Ct. 1041 (2019).......................16

*Gratz v. Bollinger*,
539 U.S. 244 (2003) ...........................................5, 21

*Gray v. Golden Gate Nat'l Recreational Area*,
No. C 08-00722 EDL, 2013 WL 12386845
(N.D. Cal. Feb. 20, 2013).......................................19

*Hope, Inc. v Cnty. of DuPage, Ill.*,
738 F.2d 797 (7th Cir. 1984)...............................5, 17

*Jaimes v. Toledo Metro Hous. Auth.*,
758 F.2d 1086 (6th Cir. 1985).........................5, 15, 16

vi

TABLE OF AUTHORITIES—Continued

Page

*La Mar v. H&B Novelty & Loan Co.*,
489 F.2d 461 (9th Cir. 1973)..................................20

*Lewis v. Casey*,
518 U.S. 343 (1996) ...................3-5, 10, 14-16, 18, 21

*Martinez v. Newsom*,
46 F.4th 965 (9th Cir. 2022) ...................................20

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ................................... 12, 13, 16

*Payton v. County of Kane*,
308 F.3d 673 (7th Cir. 2002),
*cert. denied*, 540 U.S. 812 (2003)............................19

*Simon v. Eastern Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ........................... 5, 12, 13, 15, 17

*United States v. Texas*,
No. 22-58, 599 U.S. ___, ___ S.Ct. ___,
2023 WL 4139000 (2023) ...................................5, 18

*Warth v. Seldin*,
422 U.S. 490 (1975) .............................. 11-13, 15-17

CONSTITUTIONAL PROVISIONS

U.S. Const., Article III ..............................................17

U.S. Const., Article III, § 2, Clause 1............................1

FEDERAL STATUTES

28 U.S.C. § 1254(1).....................................................1

Americans with Disabilities Act, 42 U.S.C.
§§ 12101, et seq. ...........................................2-4, 6, 10

vii

## TABLE OF AUTHORITIES—Continued

Page

REGULATIONS

Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R., Part 36, App. A ........ 3, 8, 9, 10

RULES

U.S. Supreme Court Rule 10(a) ..................................11

U.S. Supreme Court Rule 10(c) ..................................11

1

## OPINIONS BELOW

The April 10, 2023 opinion of the Court of Appeals for the Ninth Circuit is unreported. App. 1-9. The district court's March 12, 2021 decision granting San Francisco's motion for judgment after remand is unreported. App. 10-85. The June 22, 2017 opinion of the Court of Appeals for the Ninth Circuit is reported at 860 F.3d 1164. App. 86-128. The district court's opinion making findings of fact and conclusions of law after a bench trial, dated November 26, 2014, is reported at 74 F.Supp.3d 1187. App. 129-297. The district court's opinion certifying the class and nominating Ms. Kirola as class representative is unreported. App. 298-309.

————————◆————————

## JURISDICTION

The judgment of the court of appeals was entered on April 10, 2023. The jurisdiction of this Court is invoked under 28 U.S.C. § 1254(1).

————————◆————————

## CONSTITUTIONAL PROVISIONS INVOLVED

Article III, Section 2, Clause 1 of the United States Constitution states:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and

2

Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

————————◆————————

## INTRODUCTION

This case presents an important question of federal law concerning the availability and scope of injunctive relief in a class action, when the class representative failed to prove any legal injury, but the trial record shows isolated injuries to unnamed class members.

Plaintiff Ivana Kirola commenced this ADA lawsuit in 2007, challenging physical access to public facilities in San Francisco. In 2010, the district court certified the case as a class action and appointed Kirola as the sole class representative. App. 308. After a five-week bench trial, the district court denied injunctive relief to the class and entered judgment for San Francisco. App. 129-297. On appeal, the Ninth Circuit reversed the district court's judgment, and remanded the case for further consideration by the district court.

Upon remand, in accordance with the Ninth Circuit's instructions, the district court reevaluated the

3

trial record and re-entered judgment for San Francisco. Invoking its "broad discretion," the district court denied injunctive relief to the class, because the sole named plaintiff "personally encountered none of" the isolated Americans with Disabilities Act Accessibility Guidelines ("ADAAG") violations established at trial. App. 82-83. "As such, Plaintiff cannot satisfy her burden of demonstrating that she was actually injured as a result of the ADAAG violations identified by the Court." App. 83. The district court relied on this Court's opinion in *Lewis v. Casey*, 518 U.S. 343, 358 (1996), which holds that a district court errs when providing injunctive relief in a class action to remedy violations not experienced by a named plaintiff. App. 83.

The district court articulated a second independent reason for denying the requested injunction. The district court found that San Francisco "has implemented a robust, multi-faceted infrastructure to address the needs of its disabled, including the mobility-impaired, population," and the isolated violations shown at trial were not attributable to any systemic deficiency in San Francisco's policies or practices. App. 84. The district court considered the few violations in context: "[t]here are hundreds, if not thousands, of measurements specified in ADAAG that govern restrooms and buildings, respectively." App. 84. Accordingly, isolated violations are inevitable notwithstanding San Francisco's exemplary "robust" policies and practices. "Taking into account the pertinent considerations for awarding injunctive relief, the Court conclude[d] that injunctive relief is not warranted in

4

this action." App. 84 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (1996)).

The Ninth Circuit left undisturbed the district court's findings that Kirola had encountered no ADA violations, that San Francisco has implemented a robust, multi-faceted infrastructure to prevent ADA violations, and that the isolated violations in the trial record were not attributable to any systemic deficiency in San Francisco's policies or practices. App. 3-9. Nevertheless, the Ninth Circuit held the district court abused its discretion in denying injunctive relief to the class, and remanded with instructions to "determine injunctive relief tailored to" violations that Kirola did not experience but were established through testimony from unnamed class members and experts. App. 3.

The Ninth Circuit's erroneous ruling conflicts with this Court's precedent and creates a circuit split. The Ninth Circuit acknowledged that even in a class action, "the remedy must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established." App. 4. But the Ninth Circuit erred when it erased the distinction between the named plaintiff and unnamed class members. The Ninth Circuit declared that in a class action, "the 'plaintiff' has been broadened to include the class as a whole, and no longer simply those named in the complaint." App. 4. (quoting *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001)). That holding cannot be squared with *Lewis v. Casey*, which holds that class actions remain subject to the rule that injunctive relief must be limited to remedying "the inadequacy that produced the injury in fact"

5

to the plaintiff. *Lewis*, 518 U.S. at 357. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, *not that injury has been suffered by other, unidentified members of the class* to which they belong and which they purport to represent.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (emphasis added)).

The Ninth Circuit decision below conflicts not only with this Supreme Court authority; it conflicts also with decisions from other circuits, which forbid named class representatives from pursuing relief for injuries they did not incur personally. *See, e.g.*, *Fox v. Saginaw County, Mich.*, 67 F.4th 284, 293 (6th Cir. 2023); *Jaimes v. Toledo Metro Hous. Auth.*, 758 F.2d 1086, 1093 (6th Cir. 1985); *Hope, Inc. v. Cnty. of DuPage, Ill.*, 738 F.2d 797, 804 (7th Cir. 1984).

The availability and scope of injunctive relief in a class action is an important issue of federal law, especially in a fee-shifting case like this one. This Court recently recognized the importance of applying and enforcing "rules governing class-wide relief." *United States v. Tex.*, No. 22-58, 599 U.S. ___, ___ S.Ct. ___, 2023 WL 4139000, at *13 (2023) (Gorsuch, J., concurring, articulating limits on nationwide, "universal" injunctions). This case provides the Court an opportunity to resolve the continuing "tension" in Supreme Court precedent regarding the source of limitations on class action relief. *See Gratz v. Bollinger*, 539 U.S. 244, 262-63, n.15 (2003).

6

Isolated departures from ADA requirements are inevitable, notwithstanding San Francisco's scrupulous and robust policies and practices. "No facility or building is perfect. A typical building has thousands of access measurements; a single set of restrooms has hundreds of access measurements." App. 277 (record citations omitted). Relief to the class under the circumstances of this case is unwarranted; the district court did not abuse its discretion when it declined to issue a permanent injunction. Certainly, if an actual plaintiff establishes legal injury from encountering a condition that violates the ADA, that plaintiff is entitled to a remedy. But where, as here, the Plaintiff suffered no legal injury, the Ninth Circuit erred by holding that the Plaintiff is entitled to injunctive relief requiring remediation of isolated conditions uncovered only by experts and unnamed class members.

For these reasons, set forth more fully below, the City of County of San Francisco respectfully petitions for a writ of certiorari to review the judgment of the United States Court of Appeals for the Ninth Circuit. This Court should grant the writ and reverse the Ninth Circuit, reinstating the judgment of the district court.

————◆————

## STATEMENT OF THE CASE

Plaintiff Ivana Kirola commenced this ADA lawsuit in 2007, challenging physical access to public facilities in San Francisco. San Francisco's "public

7

right-of-way consists of approximately 2,000 miles of sidewalks, 27,585 street corners, and 7,200 intersections." App. 232. The City's parks program "consists of approximately 220 parks spanning 4,200 acres of park space and 400 structures (i.e., clubhouses, recreation centers, etc.)." App. 234. San Francisco operates nine public swimming pools. App. 267. And San Francisco's library network "consists of a Main Library and twenty-seven branch libraries." App. 266.

In 2010, the district court certified the case as a class action and appointed Kirola as the sole class representative. App. 308. The certified class comprised persons with mobility disabilities who alleged they were denied access because of disability access barriers in San Francisco's "parks, libraries, swimming pools, and curb ramps, sidewalks, crosswalks, and any other outdoor designated pedestrian walkways." App. 308. To support certification of the class, the trial court identified that the "overarching" common issue was "[t]he adequacy of the City's policies and practices for ensuring compliance with disability access laws." App. 301.

After a five-week bench trial in 2011, the district court entered judgment for San Francisco. App. 296-97. The district court held that Ms. Kirola lacked standing to pursue her claims. App. 231-55. On the merits, the district court "f[ound] that Kirola has failed to establish that she is entitled to relief on any of the claims alleged in the [First Amended Complaint]." App. 257. The district court determined San Francisco affords program access to its public rights of way, App. 258-66,

8

to its library program, App. 266-67, to its aquatic programs, App. 267-70, and its RecPark program, App. 270-76.

As for the design and construction of new facilities and alterations, the district court found that "the few isolated departures from ADAAG's dimensional requirements in newly constructed or renovated facilities identified by Kirola's experts do not establish any systemic deficiency in the City's policies or practices for the design and construction of publicly funded construction projects." App. 277. The district court credited San Francisco's "sophisticated and robust infrastructure" to ensure compliance with federal and state access requirements. App. 142. The district court also determined that Kirola's challenge to San Francisco's disability grievance procedures lacked merit. App. 278-83. Finally, the district court rejected Kirola's challenges to San Francisco's maintenance policies, its approach to safety hazards, and the adequacy of San Francisco's ADA transition and self-evaluation plans. App. 284-96. Having evaluated the evidence at trial, the district court decided the overarching common question supporting class certification against Kirola, and in San Francisco's favor.

Kirola appealed. The Ninth Circuit affirmed judgment for San Francisco on Kirola's program access claims, but reversed the district court's conclusion that Kirola lacked standing. App. 102-07. The Ninth Circuit remanded to the district court "to reevaluate the extent of ADAAG noncompliance" and "revisit the

9

question of whether injunctive relief should be granted." App. 127.

Upon remand, the district court reevaluated the trial record according to the Ninth Circuit's instructions and re-entered judgment for San Francisco. App. 10-85. The district court denied injunctive relief to the class, because the sole named Plaintiff "personally encountered none of" the isolated ADAAG violations established at trial and therefore failed to satisfy her burden to show that she was injured as a result of any ADAAG violations. App. 83.

The district court also denied injunctive relief for a second independent reason. The district court found that San Francisco "has implemented a robust, multifaceted infrastructure to address the needs of its disabled, including the mobility-impaired, population," and the isolated violations shown at trial were not attributable to any systemic deficiency in San Francisco's policies or practices. App. 84. In light of the "hundreds, if not thousands, of measurements specified in ADAAG that govern restrooms and buildings," isolated violations are inevitable notwithstanding San Francisco's exemplary "robust" policies and practices. App. 84. "Taking into account the pertinent considerations for awarding injunctive relief, the Court conclude[d] that injunctive relief is not warranted in this action." App. 84 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391.)

Kirola appealed a second time. The Ninth Circuit acknowledged Kirola herself failed to prove at trial

10

that she had encountered any ADAAG violation. App. 3. Notwithstanding that key determination, the Ninth Circuit criticized the district court for "tak[ing] too narrow a view of injunctive relief under the ADA." App. 3. The Ninth Circuit acknowledged the rule, which this Court articulated in *Lewis*, 518 U.S. at 357, that "[t]he remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." App. 4. Although that rule "is no less true with respect to class actions than with respect to other suits," *Lewis*, 518 U.S. at 357, the Ninth Circuit nonetheless asserted that, in class action litigation, "the 'plaintiff' has been broadened to include the class as a whole, and no longer simply those named in the complaint." App. 4 (citing *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001)).

Relying on that "broadened" definition of "plaintiff," the Ninth Circuit remanded with instructions requiring the district court to order remediation of isolated ADAAG violations that did not cause Plaintiff any injury. App. 4. Further, the Ninth Circuit required the trial court to "consider whether the evidence at trial established ADAAG violations" at eleven additional facilities, even though it is undisputed that Plaintiff did not encounter any such violations, if they exist. App. 4. Finally, the Ninth Circuit instructed the district court, in the event it finds any additional ADAAG violations, to "revisit the question of injunctive relief that is systemwide or tailored to any additional violations found." App. 8-9.

————◆————

11

### REASONS FOR GRANTING THE PETITION

The Court should grant this petition because the Ninth Circuit opinion creates a circuit split with decisions from the Sixth and Seventh Circuits on the same important matter; and because the Ninth Circuit opinion has decided an important federal question in a way that conflicts with relevant decisions of this Court. Supreme Court Rule 10(a), (c).

**I.   The Ninth Circuit Opinion Conflicts with Supreme Court Precedent and Creates a Circuit Split.**

**A.  Supreme Court Conflict**

This Court has consistently articulated the rule that relief in a class action must be tailored to remediate the harm suffered by the named plaintiff. Injury to unnamed class members alone cannot support relief in a class action.

In *Warth v. Seldin*, 422 U.S. 490 (1975), organizations and individuals challenged Penfield, New York's exclusionary zoning laws. This Court affirmed dismissal of the class action complaint because the individual plaintiffs failed to demonstrate they suffered injury fairly traceable to defendants.

> *Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class* to which they belong and which they purport to represent. Unless these petitioners can thus demonstrate the requisite case or

12

controversy between themselves personally and respondents, 'none may seek relief on behalf of himself or any other member of the class.' *O'Shea v. Littleton*, 414 U.S. 488, 494, [] (1974).

*Warth*, 422 U.S. at 502 (emphasis added).

The next year, this Court again applied the rule that the named plaintiff in a class action must establish injury. In *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976), low-income individuals and organizations representing such individuals brought a class action on behalf of all persons unable to afford hospital services, challenging an IRS rule extending favorable tax treatment to hospitals who did not serve indigent patients to the extent of the hospitals' financial ability. The Court recognized that at least some plaintiffs had suffered injury in the sense they had been denied hospital care. The injury, though, was not fairly traceable to defendants, but resulted from the independent action of third party hospitals, not before the Court. *Id.* at 40-43. The Court rebuffed any suggestion that the putative class action alleviated the individual plaintiffs' burden to establish standing.

> The individual respondents sought to maintain this suit as a class action on behalf of all persons similarly situated. That a suit may be a class action, however, adds nothing to the question of standing, *for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other,*

13

> *unidentified members of the class to which*
> *they belong and which they purport to repre-*
> *sent.*" *Warth v. Seldin*, 422 U.S., at 502, [].

*Simon*, 426 U.S. at 40 n.20 (emphasis added).

*Blum v. Yaretsky*, 457 U.S. 991 (1982) was a class action brought by Medicaid patients residing in nursing homes who asserted they were deprived of an adequate opportunity to challenge decisions to transfer them to lower levels of care. The Court held that the district court erred by issuing an injunction that remedied harms not experienced by the named plaintiffs, namely transfers to higher levels of care. The Court rejected the argument that unnamed class members' injuries could justify the adjudication of transfers to higher levels of care.

> Respondents suggest that members of the class they represent have been transferred to higher levels of care as a result of [medical review committee] decisions. Respondents, however, "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 [] (1975). Unless these individuals "can thus demonstrate the requisite case or controversy between themselves personally and [petitioners], 'none may seek relief on behalf of himself or any other member of the class.' *O'Shea v. Littleton*, 414 U.S. 488, 494 [] (1974)."

*Blum*, 457 U.S. at 1001 n.13.

14

In *Lewis v. Casey*, 518 U.S. 343 (1996), inmates in the Arizona prison system filed a class action alleging deprivation of their right to counsel and to the courts. After a three-month bench trial, the trial court found that only one named plaintiff suffered injury and that injury was caused by the prison system's failure to provide the services he "would have needed, in light of his illiteracy, to avoid dismissal of his case." *Id.* at 358. The Court required that any remedy be limited to redressing that particular type of injury. "The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Id.* at 357. Therefore, the district court erred by imposing an injunction addressing the needs of non-English speaking inmates, lock-down prisoners, or the inmate population at large. As the Court explained, "we can eliminate from the proper scope of this injunction provisions directed at special services or special facilities required by non-English speakers, by prisoners in lockdown, and by the inmate population at large. If inadequacies of this character exist, they have not been found to have harmed any plaintiff in this lawsuit, and hence were not the proper object of this District Court's remediation." *Id.* at 358. The Court expressly rejected the argument that the named plaintiff in a class action could obtain remedies for deficiencies that did not harm the plaintiff.

> If the right to complain of one administrative deficiency automatically conferred the right to complain of all administrative deficiencies, any citizen aggrieved in one respect could bring the whole structure of state

15

administration before the courts for review. That is of course not the law. As we have said, "[n]or does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.

*Lewis*, 518 U.S. at 358 n.6 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)).

The Ninth Circuit decision departs from this unbroken line of authority by requiring the district court to provide injunctive relief where the sole plaintiff proved no injury at trial.

## B.  Circuit Split

The Ninth Circuit's decision conflicts with the decisions of federal appellate courts that have followed this Court's guidance and have recognized that harm to unnamed class members alone cannot support relief in a class action.

### 1.  Sixth Circuit

In *Jaimes v. Toledo Metropolitan Hous. Auth.*, 758 F.2d 1086 (6th Cir. 1985), the plaintiffs, low-income minority individuals, alleged housing discrimination. The district court certified a class, *id.* at 1089, and awarded damages and enjoined further housing discrimination after trial, *id.* at 1091-92. Following *Warth* and *Simon*, the Sixth Circuit recognized that "named plaintiffs who represent a class must allege and show that they

16

personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* at 1093. The Sixth Circuit held the named plaintiffs lacked standing on all claims, except the claim that defendants' policies perpetuated segregation within the housing authorities' projects. *Id.* at 1096-01.

In *Fox v. Saginaw County, Mich.*, 67 F.4th 284 (6th Cir. 2023), the Sixth Circuit vacated a class certification order and remanded. The class definition improperly included defendant counties who had injured unnamed class members, but had not injured the sole named class representative.

> Like all plaintiffs, class representatives must prove their own "case or controversy with the defendants" in order to seek relief for "any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494[]; *Frank v. Gaos*, ___ U.S. ___, 139 S. Ct. 1041 [](2019) (per curiam). The representatives thus must allege an individual injury; they cannot piggyback off the injuries "suffered by other, unidentified members of the class[.]" *Warth v. Seldin*, 422 U.S. 490, 502 [] (1975). And even when they have incurred an injury, they lack standing to seek class-wide relief that would go beyond remedying that injury. *See Lewis*, 518 U.S. at 357–58 []. That is, they may not seek relief against different conduct that has harmed other class members even when it is "similar" to the conduct that harmed the representatives. *Blum v.*

17

*Yaretsky*, 457 U.S. 991, 999–1001 & 1001 n.13 [ ](1982).

*Fox*, 67 F.4th at 294.

## 2. Seventh Circuit

*Hope, Inc. v. Cnty. of DuPage, Ill.*, 738 F.2d 797 (7th Cir. 1984), was a class action alleging discriminatory zoning. The district court certified the class "of all persons with incomes that would qualify them for publicly assisted housing under either federal or Illinois law." *Id.* at 804. After a three-and-a-half day bench trial, the district court issued a permanent injunction prohibiting housing discrimination in the county and enjoining enforcement of zoning laws against affordable housing projects. *Id.* at 798. The Seventh Circuit held the named plaintiffs lacked standing to pursue the class action, because they had failed to prove injury, causation, or redressability. *Id.* at 806-13. To reach this outcome, the Seventh Circuit followed *Warth* and *Simon*. "[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* at 804.

## II. The Question Presented Is Important and Recurring.

The availability and scope of class action remedies raise important issues of federal law concerning the power of the courts under Article III and the "rules

18

governing class-wide relief." *United States v. Texas*, No. 22-58, 599 U.S. ___, ___ S.Ct. ___, 2023 WL 4139000, at *13 (2023) (Gorsuch, J., concurring, articulating limits on nationwide, "universal" injunctions).

The Ninth Circuit's error below grows out of some imprudent language in an earlier Ninth Circuit case, *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001), which states: "the 'plaintiff' has been broadened to include the class as a whole, and no longer simply those named in the complaint." App. 4. The quoted language in *Armstrong* lacks any supporting authority. Indeed, the quoted language directly contradicts *Lewis v. Casey*, in which this Court explained that "even named plaintiffs who represent a class 'must allege and show that they personally have been injured.'" 518 U.S. at 357.

The errant language in *Armstrong* did not affect the result in that case, because 17 plaintiffs in that case had established injury. 275 F.3d at 871. The concurring opinion in *Armstrong* explains the proper role of class-wide evidence in determining the availability and scope of injunctive relief. The Armstrong concurrence identifies two distinct analytical questions: (1) have the named plaintiffs established entitlement to equitable relief; and (2) if so, is the scope of relief granted commensurate with the showing of injury to the class? *Id.* As the concurrence recognized, any injuries to unnamed class members are irrelevant to the first question, namely, whether injunctive relief is available at all. Injury to unnamed class members determines the proper scope of relief, but only if the

19

named plaintiffs have first established their entitlement to equitable relief. *Id.* at 881-82 (Berzon, J., concurring).

*Armstrong*'s erroneous language, however, has gained a toehold in the Ninth Circuit. In addition to the Ninth Circuit's April 10, 2023 opinion below, three district courts within the Ninth Circuit have relied on this language in *Armstrong*. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 317 F.R.D. 91, 99 n.3 (N.D. Cal. 2016), *aff'd*, 867 F.3d 1093 (9th Cir. 2017); *Gray v. Golden Gate Nat'l Recreational Area*, No. C 08-00722 EDL, 2013 WL 12386845, at *8 (N.D. Cal. Feb. 20, 2013); *Clark K. Anderson v. Willden*, No. 2:06-CV-1068-RCJ-RJJ, 2008 WL 11449397, at *5 (D. Nev. July 10, 2008).

Uncertainty regarding the availability of class action relief against a defendant who has not harmed a named plaintiff extends beyond the Ninth Circuit. In *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002), *cert. denied*, 540 U.S. 812 (2003), the Seventh Circuit invoked the "juridical link" doctrine to allow a class action to proceed against defendants who had not injured the named class representative, but had injured unnamed class members. *Id.* at 678-82.[1]

---

[1] The "juridical link" doctrine provides that "if the plaintiffs as a group—named and unnamed—have suffered an identical injury at the hands of several parties related by way of a conspiracy or concerted scheme, or otherwise 'juridically related in a manner that suggests a single resolution of the dispute would be expeditious,' the claim could go forward." *Payton*, 308 F.3d at 678-79

20

In *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284 (6th Cir. 2023), the Sixth Circuit recently repudiated both the "juridical link" doctrine and the Seventh Circuit's *Payton* decision, identifying a circuit split on the issue. *Id*. at 293.

The "juridical link" doctrine, which *Payton* relied on and *Fox* rejected, finds its origin in the Ninth Circuit. *See La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973). The Ninth Circuit has not yet expressly repudiated the "juridical link" doctrine, but suggested recently it may no longer be good law. *Martinez v. Newsom*, 46 F.4th 965, 971 (9th Cir. 2022) ("we need not decide whether the juridical link doctrine ever allows a named plaintiff to sue a defendant that did not harm him personally because Plaintiffs' claims fall outside the juridical link doctrine"). The concurrence in *Martinez* was more blunt. "I would prefer extinguishing the remaining embers of any misguided 'juridical link' exception." *Id.* at 977 (Lee, J., concurring).

Review of this case will provide the Court with an opportunity to put to rest the brewing circuit split on the "juridical link" doctrine, which represents a particular application of the broader question presented in this case.

Moreover, review of this case will provide the Court with an opportunity to resolve the "tension" in its jurisprudence over the source of limitations on

(quoting *La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)).

21

equitable relief in class actions. *See Gratz v. Bollinger*, 539 U.S. 244, 262-63 & n.15 (2003). The Court has variously invoked standing, class action rules, and separation of powers as the source of limits on class action relief. Compare *id.* (standing and Rule 23) and *Lewis*, 518 U.S. at 349-50 (separation of powers).

Over the past 16 years, this case has already consumed vast quantities of judicial and public resources, although the plaintiff suffered no injury. Absent this Court's intervention, the Ninth Circuit's remand promises yet further protracted litigation, including an inevitable bid for attorney fees from class counsel. A clear articulation from this Court of the proper limits on class action relief will bring this case to a just conclusion, and will promote efficiency in future cases.

### III.   This Case Is an Ideal Vehicle to Resolve the Question Presented.

This case is ideally postured for the Court to provide a definitive resolution to the important question of federal law presented in this petition. The question presented was squarely pressed and passed upon in both lower courts. App. 4, 83. The trial in this action resolved all of the material facts. Accordingly, the question presented is cleanly teed up, and there is no impediment to this Court's ability to decide it.

─────◆─────

22

## CONCLUSION

For the foregoing reasons, the petition for a writ of certiorari should be granted.

Dated: July 10, 2023

Respectfully submitted,

DAVID CHIU
  San Francisco City Attorney
YVONNE R. MERÉ
  Chief Deputy
TARA M. STEELEY
  Chief of Appellate Litigation
  *Counsel of Record*
ELAINE M. O'NEIL
  Deputy City Attorney
CITY ATTORNEY'S OFFICE
City Hall Room 234
One Dr. Carlton B. Goodlett Pl.
San Francisco, CA 94102
Telephone: (415) 554-4655
Tara.Steeley@sfcityatty.org

*Attorneys for Petitioners*
  *City and County of San Francisco*