DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
ELAINE M. O'NEIL, State Bar #142234
ARI A. BARUTH, State Bar #258418
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5408
Telephone:    (415) 554-3881
Facsimile:    (415) 255-0733
E-Mail:       ari.baruth@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>     Plaintiff,<br><br>     vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>     Defendants. | Case No. 3:07-cv-03685 AMO<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR AN INDICATIVE DECERTIFICATION RULING; MOTION TO DECERTIFY**<br><br>Date:       June 4, 2026<br>Time:      2:00 pm<br>Place:     Courtroom 10, 19th Floor<br>Judge:    Hon. Araceli Martínez-Olguín |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.      Plaintiffs Bear the Burden to Establish the Class Certification Requirements. ....... 1

    II.    Plaintiffs Failed to Prove the Rule 23(a) Requirements. ........................................ 4

        A.     Plaintiffs Failed to Prove Commonality. ....................................................... 4

        B.     Plaintiffs Failed to Prove Typicality and Adequacy. ................................. 10

        C.     Plaintiffs Failed to Prove Numerosity. ......................................................... 12

    III.   Plaintiffs Failed to Prove the Rule 23(b)(2) Requirements. ................................. 13

    IV.   The Class Is an Improper Fail-Safe Class. ............................................................ 14

    V.    An Indicative Ruling Will Increase Judicial Efficiency. ...................................... 15

CONCLUSION ................................................................................................................. 15

## TABLE OF AUTHORITIES

**Federal Cases**

*A.B. v. Haw. State Dep't of Educ.*,
    30 F.4th 828 (9th Cir. 2022) .................................................................................................12

*Accord Risinger v. SOC LLC*,
    No. 212CV00063MMDPAL, 2019 WL 3400645 (D. Nev. July 26, 2019) ...............................2

*Allen v. Ollie's Bargain Outlet, Inc.*,
    37 F.4th 890 (3d Cir. 2022) ...................................................................................................12

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) .................................................................................................14

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) ...................................................................................................5

*Bowerman v. Field Asset Servs., Inc.*,
    No. 3:13-CV-00057-WHO, 2018 WL 2215483 (N.D. Cal. May 15, 2018)................................2

*Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*,
    249 F.R.D. 334 (N.D. Cal. 2008)..............................................................................................6

*Castaneda v. Burger King Corp.*,
    264 F.R.D. 557 (N.D. Cal. 2009).....................................................................................11, 13

*Celano v. Marriott Int'l, Inc.*,
    242 F.R.D. 544 (N.D. Cal. 2007)............................................................................................12

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) .................................................................................................12

*Civil Rights Educ. & Enforcement Ctr. v. Hospitality Properties Trust*,
    317 F.R.D. 91 (N.D. Cal. 2016)................................................................................................5

*Civil Rights Educ. & Enforcement Ctr. v. Hospitality Properties Trust*,
    867 F.3d 1093 (9th Cir. 2017) .....................................................................................4, 5, 6, 8

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*,
    445 U.S. 326 (1980)..................................................................................................................4

*Doran v. 7-Eleven, Inc.*,
    524 F.3d 1034 (9th Cir. 2008) ...............................................................................................12

*Franks v. Bowman Transp. Co., Inc.*,
    424 U.S. 747 (1976)..................................................................................................................5

*Fraser v. Wal-Mart Stores, Inc.*,
    No. 2:13-CV-00520-TLN-DB, 2016 WL 6208367 (E.D. Cal. Oct. 24, 2016)...........................2

*Gray v. Golden Gate Nat. Recreational Area*,
279 F.R.D. 501 (N.D. Cal. 2011)........................................................................................6

*Griffin v. City of Los Angeles*,
No. 2:24-cv-06312-RGK-MAR, 2025 WL 1108231 (C.D. Cal. Feb. 13, 2025)........................6

*Hargrove v. Sleepy's LLC*,
974 F.3d 467 (3d Cir. 2020) ...............................................................................................3

*Howard v. Cook Cnty. Sheriff's Off.*,
No.17 C 8146, 2020 WL 1445620 (N.D. Ill. Mar. 25, 2020) ......................................................15

*Kirola v. City & Cnty. of San Francisco*,
74 F. Supp. 3d 1187 (N.D. Cal. 2014) ...................................................................5, 6, 10

*Kirola v. City & Cnty. of San Francisco*,
860 F.3d 1164 (9th Cir. 2017) ...............................................................................................9

*Kirola v. City & Cnty. of San Francisco*,
No. C 07-3685 SBA, 2021 WL 1334153 (N.D. Cal. Mar. 12, 2021).........................5, 10, 11

*Korean Ramen Antitrust Litig.*,
No.13-cv-04115-WHO, 2018 WL 1456618, (N.D. Cal. Mar. 23, 2018) ...................................2

*Lopez v. San Francisco Unified Sch. Dist.*,
C-99-3260 SI, 2003 WL 26114018 (N.D. Cal. Sept. 8, 2003) .....................................................6

*Makaeff v. Trump Univ., LLC*,
309 F.R.D. 631 (S.D. Cal. 2015) ...........................................................................................2

*Maldonado v. Apple, Inc.*,
No. 3:16-cv-04067-WHO, 2021 WL 1947512 (N.D. Cal. May 14, 2021)..............................2

*Marlo v. United Parcel Serv., Inc.*,
639 F.3d 942 (9th Cir. 2011) ...............................................................................................3

*Mattson v. New Penn Fin., LLC*,
No. 21-35795, 2023 WL 2624783 (9th Cir. Mar. 23, 2023) .....................................................15

*Medlock v. Taco Bell Corp.*,
No. 1:07-CV-01314-SAB, 2015 WL 11142692 (E.D. Cal. Dec. 11, 2015)..............................2

*Melendres v. Arpaio*,
784 F.3d 1254 (9th Cir. 2015) ....................................................................................10, 12

*MyFord Touch Consumer Litig.*,
No. 13-cv-030072-EMC, 2018 WL 3646895 (N.D. Cal. Aug. 1, 2018) ...................................2

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc.*,
No. 12-CV-01685-BAS(JLB), 2016 WL 2610107 (S.D. Cal. May 6, 2016) .............................2

*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022) ........................................................................... 3, 12, 14

*Pickern v. Holiday Quality Foods Inc.*,
   293 F.3d 1133 (9th Cir. 2002) ............................................................................... 11

*Sali v. Corona Reg'l Med. Ctr.*,
   909 F.3d 996 (9th Cir. 2018) .......................................................................... 3, 12, 14

*Siqueiros v. General Motors LLC*,
   676 F. Supp. 3d 776 (N.D. Cal. 2023) ...................................................................... 2

*Slaten v. Christian Dior Perfumes, LLC*,
   No. 23-CV-00409-JSC, 2024 WL 4642873 (N.D. Cal. Oct. 30, 2024)..................... 15

*Small v. Allianz Life Ins. Co. of N.A.*,
   122 F.4th 1182 (9th Cir. 2024) ............................................................................... 15

*Smith v. City of Oakland*,
   339 F.R.D. 131 (N.D. Cal. 2021)............................................................................... 6

*Stromberg v. Qualcomm Inc.*,
   14 F.4th 1059 (9th Cir. 2021) ................................................................................. 15

*Terry v. Wasatch Advantage Grp., LLC*,
   No. 2:15-CV-0799 KJM DB, 2023 WL 8189747 (E.D. Cal. Nov. 27, 2023) ............. 2

*Tex. Motor Freight Sys., Inc. v. Rodriguez*,
   431 U.S. 395 (1977)................................................................................................... 5

*Thurston v. J. Crew Grp., Inc.*,
   No. EDCV1501331JAKMRWX, 2016 WL 11755595 (C.D. Cal. May 11, 2016) ... 12

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)................................................................................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)........................................................................................... passim

**Rules**
Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................ passim

Federal Rules of Civil Procedure
   Rule 23(a) ......................................................................................................... 3, 4, 14

Federal Rules of Civil Procedure
   Rule 23(a)(3).............................................................................................................. 10

Federal Rules of Civil Procedure
    Rule 23(b) ...........................................................................................................................3

Federal Rules of Civil Procedure
    Rule 23(b)(2)................................................................................................ passim

Federal Rules of Civil Procedure
    Rule 23(c)(1)(C) ..............................................................................................2, 3

Federal Rules of Civil Procedure
    Rule 62.1 ...........................................................................................................15

**Other References**

Newberg and Rubenstein on Class Actions§ 7:39 (6th ed. 2025) ....................................................2

**INTRODUCTION**

Since the Class was certified nearly 16 years ago, much has changed. The Supreme Court issued landmark decisions on commonality and Federal Rule of Civil Procedure Rule 23(b)(2). The Ninth Circuit clarified that class certification must be proved by a preponderance of the evidence and what evidence is required to do so. Plaintiff Ivana Kirola and the Class[1] also significantly revise what they claim are the reasons justifying certification. This Court, which has not considered whether Plaintiffs have satisfied Rule 23 in light of the legal, factual, and procedural changes, should now do so and issue an indicative ruling decertifying the Class.

Plaintiffs' Opposition incorrectly claims this Court cannot consider the City's Motion due to the City's appeal. Plaintiffs are wrong. The Ninth Circuit regularly refuses to consider new law and facts in the first instance and accordingly remands. An indicative ruling avoids the inefficiency of a remand to address what should be considered now. Plaintiffs are also wrong that the Motion is one for reconsideration because the Court has never weighed in. As numerous courts hold, and Rule 23 confirms, decertification is not reconsideration and can be raised any time before judgment.

Plaintiffs' attempts to prove certification fails. The "common" questions do not, as they must, resolve a central issue for every Class member's claims. Plaintiffs fail to prove the City had a single, general policy of discrimination that caused each of the disparate accessibility barriers at the different facilities across the City. The required "glue" holding the Class's claims together to establish commonality is absent. Plaintiffs similarly failed to prove a single, indivisible injunction will provide complete relief to every Class member and has no explanation for how the piecemeal injunctions issued so far satisfy Rule 23(b)(2). Kirola's attempt to show her adequacy and typicality also falls flat. She lost at trial and her alleged injuries are far too distinct from the Class's to satisfy Rule 23. This Court should grant the City's Motion.

**ARGUMENT**

**I.     Plaintiffs Bear the Burden to Establish the Class Certification Requirements.**

As numerous courts have recognized, and Plaintiffs acknowledge (Opp. at 10), "[a] motion for

---

[1] The City refers to Kirola and the Class as Plaintiffs. To the extent facts are relevant specifically to Kirola, the City refers to her accordingly.

REPLY ISO MTN FOR DECERTIFICATION                    1
CASE NO. 3:07-cv-03685 AMO

class decertification is subject to the same standard as a motion for class certification under Federal Rule of Civil Procedure 23." *Siqueiros v. General Motors LLC*, 676 F. Supp. 3d 776, 789 (N.D. Cal. 2023). Many courts agree "a motion to decertify a class is not governed by the standard applied to motions for reconsideration, and does not depend on a showing of new law, new facts, or procedural developments after the original decision." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 2610107, at *5 (S.D. Cal. May 6, 2016), aff'd sub nom. *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528 (9th Cir. 2019).[2] And courts have an independent "obligation to 'define, redefine, subclass and decertify as appropriate in response to the progression of the case from assertion to facts.'" *Terry v. Wasatch Advantage Grp., LLC*, No. 2:15-CV-0799 KJM DB, 2023 WL 8189747, at *2 (E.D. Cal. Nov. 27, 2023). This case is no exception. The Motion is not reconsideration, and the City is not required to show any change.

Plaintiffs' contrary assertions are wrong. They claim the Motion seeks reconsideration because the Court "denied" three attempts to decertify the class (Opp. at 12), but cite no orders because there are none. The single case Plaintiffs cited only departed from the general rule that decertification is not reconsideration because it "already denied" a motion for decertification. *Bowerman v. Field Asset Servs., Inc.*, No. 3:13-CV-00057-WHO, 2018 WL 2215483, at *2 (N.D. Cal. May 15, 2018). Here, the Court has not decided any request for decertification. The other cases Plaintiffs cite for the proposition that news facts or circumstances are required to consider decertification based on Newberg on Class Actions should be disregarded. *See* Opp. at 10 (citing *Maldonado v. Apple, Inc.*, No. 3:16-cv-04067-WHO, 2021 WL 1947512, at *2 (N.D. Cal. May 14, 2021); *In re MyFord Touch Consumer Litig.*, No. 13-cv-030072-EMC, 2018 WL 3646895, at *1 (N.D. Cal. Aug. 1, 2018); and *In re Korean Ramen Antitrust Litig.*, No. 13-cv-04115-WHO, 2018 WL 1456618, at *2 (N.D. Cal. Mar. 23, 2018)). Newberg asserts a *preference* for a legal standard inconsistent with Ninth Circuit precedent and Rule 23(c)(1)(C). *See* 3 Newberg and Rubenstein on Class Actions § 7:39 (6th ed. 2025). The Ninth Circuit

---

[2] *Accord Risinger v. SOC LLC*, No. 212CV00063MMDPAL, 2019 WL 3400645, at *1 (D. Nev. July 26, 2019); *Fraser v. Wal-Mart Stores, Inc.*, No. 2:13-CV-00520-TLN-DB, 2016 WL 6208367, at *3 (E.D. Cal. Oct. 24, 2016); *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 635 (S.D. Cal. 2015); *Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2015 WL 11142692, at *2 (E.D. Cal. Dec. 11, 2015).

holds that at decertification, "the party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met." *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) (cleaned up). Because the burden is on Plaintiffs, not the City, Plaintiffs' assertion that the City's burden is "heavy" is wrong. And Ninth Circuit precedent dictates "the manner and degree of evidence required at the preliminary class certification stage is not the same as at the successive stages of the litigation—*i.e.*, at trial"—meaning class elements must be proven at each stage. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018). Nor does the text of Rule 23(c)(1)(C) require the City to satisfy the reconsideration requirements. *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476 (3d Cir. 2020) (holding Rule 23(c)(1)(C) permits "multiple bites at the apple").

Even if the City is required to show a threshold change of law or circumstances, it has done so. The Class Certification Order's commonality analysis rests on a case subsequently overturned by the Supreme Court, and this Court has never analyzed commonality under the correct standard. Plaintiffs do not dispute this. Plaintiffs' burden to prove each Rule 23 element has also changed based on intervening standards that have never been applied. Plaintiffs must now *prove* each element by a preponderance of the evidence, and because the case is post-trial, Plaintiffs must do so with evidence admitted at trial. *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) ("*Olean*") (preponderance standard applies to certification); *Sali*, 909 F.3d at 1006 (describing evolving class certification burden). Additionally, the facts impacting class certification developed markedly since the pre-trial certification ruling. The trial record is complete. And, the scope of relief that Plaintiffs now seeks, and their claimed basis for seeking it, are now defined, thus directly impacting the Rule 23 analysis. In the Class Certification Order, the Court made "no finding as to the type or scope of relief Plaintiff might seek or obtain on behalf of the class in this case" and noted "[s]uch determinations will be made following trial based upon the evidence presented and the relief requested." ECF No. 285 at 3. Now that those determinations exist, Plaintiffs must, for the first time, prove Rule 23(a) and Rule 23(b)(2) is satisfied. They cannot.

It does not matter that the City never appealed class certification. The City never had standing to appeal because the judgment favored the City and class-wide relief did not issue. "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal."

REPLY ISO MTN FOR DECERTIFICATION                3
CASE NO. 3:07-cv-03685 AMO

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980). The City has timely appealed now that it has been aggrieved.

## II.    Plaintiffs Failed to Prove the Rule 23(a) Requirements.

Plaintiffs have failed to prove the Rule 23(a) requirements—commonality, typicality, adequacy, and numerosity—and the Opposition does not show otherwise.

### A.    Plaintiffs Failed to Prove Commonality.

To establish commonality, a plaintiff must show the class claims "depend upon a common contention . . . capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("*Wal-Mart*"). Plaintiffs failed to establish any common question that resolves an issue central to the validity of the Class's claims in one stroke—*i.e.* "some glue holding the alleged *reasons*" for disparate violations together. *Id.* at 352. To connect all the varied claimed violations, Plaintiffs were required to prove "a single, 'general policy of discrimination' that could serve as a common issue." *Civil Rights Educ. & Enforcement Ctr. v. Hospitality Properties Trust*, 867 F.3d 1093, 1104 (9th Cir. 2017) ("*CREEC*") (quoting *Wal-Mart*, 564 U.S. at 352-53); *see Wal-Mart*, 564 U.S. at 358. But Plaintiffs failed to prove a single, general policy of discrimination was the cause of claimed disparate violations, and her reliance on the *absence* of an adequate (in her view) policy to prevent ADAAG violations is legally insufficient to establish commonality. Mot. at 12-18.

Plaintiffs do not dispute that a class's claims, properly based on a common question, must rise and fall together. *See* Mot. at 15. But Plaintiffs have no answer for how it is, if all the alleged barriers were caused by a common Citywide policy or practice, that the Class's claims were not disposed of when Kirola failed to prove any of the barriers she encountered were unlawful. *See Wal-Mart*, 564 U.S. at 349 (the Rule 23(a) requirements exist to "limit the class claims to those fairly encompassed by the named plaintiff's claims"). The cases Plaintiffs cite (Opp. at 23 n.15) are no help and do not undermine the requirement that if there is a common question, the merits of the class's and the representative's claims must rise and fall on its answer together. Each concerns the inapplicable question of what happens to a properly certified class's claims when the representative's claim

becomes moot. *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 753 (1976); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 987-88 (9th Cir. 2007); *Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977) (citing *Franks*, 424 U.S. 747).

Plaintiffs do not defend the Class Certification Order's commonality analysis and instead propose three new questions they claim establish commonality. Opp. at 17, 19-20. Remarkably, these three new questions are different than those identified in post-trial pleadings the Court bound Plaintiffs to after *repeated* attempts to define the claims. *See* ECF No. 662 at 13-14; *Kirola v. City & Cnty. of San Francisco*, 74 F. Supp. 3d 1187, 1238 (N.D. Cal. 2014). None of the new issues meet the requirements set out by the Supreme Court and Ninth Circuit.

Plaintiffs contend the question of "[w]hether the City's policies and practices are adequate for ensuring compliance with disability access laws with respect to newly constructed or altered facilities including the requirements of ADAAG" is sufficient to establish commonality. Opp. at 17. Plaintiffs are incorrect for several reasons. First, this question is inadequate as a matter of law because Plaintiffs have not identified (and the City is not aware of) an obligation to create any particular policy or practice for ensuring compliance. "Absent a legal duty to adopt specific policies to comply with the ADA," the lack of a policy (or a supposedly inadequate one) cannot "serve as the 'glue' holding together Plaintiff's claims." *CREEC*, 867 F.3d at 1104. "Unlike in other cases finding commonality based on a system-wide policy, it is simply not the case here that there exists a policy that is unlawful as to every member of the proposed class or is not." *Civil Rights Educ. & Enforcement Ctr. v. Hospitality Properties Trust*, 317 F.R.D. 91, 101 (N.D. Cal. 2016), aff'd, *CREEC*, 867 F.3d 1093 (9th Cir. 2017) ("*CREEC II*"). Plaintiffs do not challenge an existing policy that discriminates against the Class members or that is legally required (such that its insufficiency violates the law for all or for none). Instead, Plaintiffs contend the City's policies and practices are deficient and that by challenging an allegedly insufficient policy or practice, they have shown commonality. *See* Opp. at 18-19 (claiming "policy and practice defects" establish commonality).[3] Since *Wal-Mart*, a plaintiff seeking

---

[3] Plaintiffs never appealed this Court's finding the City's policies were robust. *Kirola v. City & Cnty. of San Francisco*, 74 F. Supp. 3d 1187, 1212 (N.D. Cal. 2014); *Kirola v. City & Cnty. of San Francisco*, No. C 07-3685 SBA, 2021 WL 1334153, at *28 (N.D. Cal. Mar. 12, 2021).

certification must show a "general policy of discrimination" and cannot rely on the question of whether a policy not required by law is or isn't sufficient to prevent the alleged harm. *CREEC*, 867 F.3d at 1104; *Wal-Mart*, 564 U.S. at 352-53.

Each of the cases Plaintiffs rely on (Opp. at 18) either pre-date *Wal-Mart* and apply an overruled standard, rely on pre-*Wal-Mart* cases applying an overruled standard, or are otherwise inapposite. *See Lopez v. San Francisco Unified Sch. Dist.*, C-99-3260 SI, 2003 WL 26114018, at *3 (N.D. Cal. Sept. 8, 2003) (pre-*Wal-Mart* case with no analysis of commonality certifying class alleging failure to remove barriers, a theory of liability rejected by this Court following trial[4]); *Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*, 249 F.R.D. 334, 345 (N.D. Cal. 2008) ("*Caltrans*") (pre-*Wal-Mart* case permitting exactly what *Wal-Mart* rejected, commonality based on "whether Caltrans has a centralized policy of discrimination" without requiring proof of such a policy, and accepting plaintiffs' representation that, unlike Kirola, they are "*not* seeking that this Court directly order and oversee the remediation of every non-ADA compliant" feature); *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 512-13 (N.D. Cal. 2011) (relying on *Caltrans* and two other pre-*Wal-Mart* cases to certify class based on claim rejected here, "policies of failing to assess and eliminate accessibility barriers"); *Smith v. City of Oakland*, 339 F.R.D. 131, 140 (N.D. Cal. 2021) (challenging single citywide ordinance that allegedly excludes those with disabilities from rent control protections—not challenging any physical access barriers); *Griffin v. City of Los Angeles*, No. 2:24-cv-06312-RGK-MAR, 2025 WL 1108231, at *2 (C.D. Cal. Feb. 13, 2025) (granting *joint* motion for class certification based on question rejected by *Wal-Mart* as inadequate—"whether Defendant violated and continues to violate Title II")[5].

Plaintiffs try to stitch together several pieces of disconnected and unconvincing evidence to

---

[4] Here, the Court rejected Plaintiffs' theory that the City was liable for failing to remove barriers because the "argument makes no sense." *Kirola*, 74 F. Supp. 3d at 1238.

[5] "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 349–50. To hold otherwise, as *Griffin* improperly does, makes the commonality analysis meaningless as every case involves the question of whether a law was violated. Notably, *Griffin* subsequently held it was aware of no law requiring Plaintiffs' "policy" changes and issued relief tailored to particular facilities. *Griffin v. City of Los Angeles*, No. 2:24-cv-06312, 2025 WL 3466739, at *9-10 (C.D. Cal. Nov. 13, 2025), appeal filed, No. 26-496 (9th Cir. Jan. 23, 2026).

argue that the City's "policy" was not to follow ADAAG, but this fails. Plaintiffs first point to DPW Procedure 9.8.24 from the City's rebuttal,[6] but this document says the exact opposite of what Plaintiffs claim—ADAAG applies to capital projects provided by DPW. ECF No. 926-23 at § C.1.c ("There are several federal and state statutes and regulations that require the capital projects designed and provided by [DPW] to be accessible. The most commonly referred to include the following: Americans with Disabilities Act, . . . ADAAG."). Plaintiffs then cite the Court's Phase III Order to contend that the City did not use ADAAG for parks, playgrounds, outdoor recreation facilities, and pedestrian rights of way. Opp. at 18 (citing ECF No. 889 at 7). Tellingly Plaintiffs cite no evidence admitted at trial to support this contention. Neither does the Court's Phase III Order, which states (without citation) that "[Kevin] Jensen and the City's Director for Physical Access, John Paul Scott, testified they did not use ADAAG for parks, playgrounds, outdoor recreation facilities, and the pedestrian rights of way." ECF No. 889 at 7. In fact, Jensen testified that the City applied ADAAG to newly constructed and altered buildings (including libraries and recreation centers), upgraded paths at the Botanical Gardens, and a whole range of other projects. ECF No. 917-3 at 1939:25-1940:8 (applying ADAAG to libraries); *id.* at 1945:24-1947:6 (describing applying ADAAG and Procedure 9.8.24 to numerous projects, including parks and recreation centers); *id.* at 2026:8-19 (applying ADAAG to Botanical Garden paths). At most, the testimony can be construed to mean that, for an unspecified period of time starting after Jensen began working for DPW, the City proactively applied the U.S. Access Board guidelines as best practice, which became applicable as ADAS in 2012 (Mot. at 18), to certain features of playgrounds and pools. *Id.* at 1947:7-17 (applied guidelines to playground features not covered by ADAAG); 1947:21-25 (same for pools features). Scott merely testified that, while there were no enforceable standards for trails yet, he used "common sense" to proactively identify existing recreational opportunity in the spirit of proposed guidelines. ECF No. 917-2 at 1819-24. He was not doing construction within ADAAG's purview. *Id.*

Even assuming that the City had a "policy" of not applying ADAAG to some playground and pool features (even though the record does not demonstrate any such policy), this does not establish a

---

[6] Underscoring the sprawling nature of Plaintiffs' contentions, Plaintiffs did not raise this policy at class certification.

"policy of discrimination" sufficient to create a question common to the entire Class and panoply of facilities it includes since 1992.[7] The Class includes, and Plaintiffs seek relief for, a wide variety of claimed accessibility barriers at libraries, parks, pools, curb ramps, sidewalks, crosswalks, and any other outdoor walkways. ECF No. 285 at 7. But Plaintiffs offers no explanation (let alone trial evidence) of how a policy of applying guidelines to some pool and playground features during an unspecified period of time could have caused the claimed ADAAG violations in libraries, recreation centers, rights of way, or walkways. Even construing the testimony in Plaintiffs' favor, there is no evidence to show a single, general policy of discrimination causing all the disparate ADAAG violations Plaintiffs claim. And Plaintiffs' own arguments, which offer multiple reasons for the same claimed ADAAG violations, demonstrate the lack of causal evidence between even a claimed policy and the various violations at facilities across the City.[8] Plaintiffs first contend the "policy" of not applying ADAAG to playgrounds and pools somehow caused all the alleged and proven ADAAG violations, but then insist that all violations were caused by the City's alleged failure to use a particular close-out form certifying compliance—an issue they no longer identify as common. Opp. at 19. In addition to showing the lack of any common genesis for the wide-ranging ADAAG violations, Plaintiffs' contention about the *absence* of their preferred close-out procedure (which is not required by any law) is not, as a matter of law, a policy of discrimination that could serve as the glue holding the Class's claims together. *CREEC*, 867 F.3d at 1104.

Because Plaintiffs are incorrect that the City had a "policy" of not applying ADAAG, Plaintiffs have not demonstrated any common question where the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Plaintiffs contend there are "common" questions about whether ADAAG applies to the facilities in the Class definition (Opp. at 17), but Plaintiffs have provided no evidence establishing

---

[7] And even if there was a "policy" during some period, Plaintiff provides no trial evidence to show that, in fact, the City did not apply ADAAG to any of the facilities at issue on the unproven dates when they were built or altered.

[8] Plaintiff claims, without citation and without evidence, that all the ADAAG violations the Court found were attributable to the supposed policy of not applying ADAAG. Opp. at 19. As explained above, there is no evidence showing all the disparate ADAAG violations (*e.g.*, missing grab bar, uninsulated pipes, recreation center bathroom entrances too narrow, inaccessible signage), were caused by Jensen's application of proposed guidelines to certain playground and pool features.

REPLY ISO MTN FOR DECERTIFICATION            8
CASE NO. 3:07-cv-03685 AMO

there ever was a policy to not apply ADAAG to parks, outdoor recreation areas, and pedestrian rights of way constructed or altered between 1992 and 2012 (even though they sought and obtained relief through the present). With no such policy, Plaintiffs' question of "[w]hether ADAAG applies to" those facilities cannot resolve a class wide issue because there is no issue to resolve. As the DPW Procedure and testimony cited above shows, the City applied ADAAG to these facilities, so whether ADAAG applies (or doesn't) is not an issue to resolve. Moreover, there is no evidence that each Class member encountered ADAAG violations at each of these types of facilities (or did not go because of a known barrier), so even if Plaintiffs had shown there was a live question of whether ADAAG applies, they have provided nothing to show its resolution would resolve an issue for every Class member (as *Wal-Mart* requires). Even assuming the City had a policy of not applying ADAAG to certain playground features, the question of whether ADAAG applies to those features only impacts a portion of the Class (if that) because, as Plaintiffs agree, playgrounds are "off limit to adults." ECF No. 190 at ECF p. 10 ¶ 6. Thus, no adult members would be affected by the answer, and the question is not common.

Nor does Plaintiffs' final "common" question ("Whether the City is required to perform its new construction and alterations in a manner that fully complies with ADAAG") pose a question whose answer will resolve an issue central to the validity of all Class members' claims. DPW Procedure 9.8.24 required new construction and alterations to comply with ADAAG and ADAAG was applied to new or altered construction projects. To the extent Plaintiffs' question is meant to call into question whether ADAAG applied to new or altered (between 1992 and 2012) parks, playgrounds, outdoor recreation areas, and pedestrian rights of way, it repeats Plaintiffs' other "common" question and is deficient for the same reasons. Plaintiffs' question, to the extent it asks if the City is required to have technically perfect compliance with every dimensional requirement, cannot resolve an issue for the entire Class because the question is legally foreclosed and cannot be in dispute. *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1182 (9th Cir. 2017) ("ADAAG specifically provides" for "dimensional tolerances"). Moreover, "an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). The Class is not excused of its burden to show injury stemming from each disparate barrier based on their particular limitations.

Plaintiffs also have no explanation for why, if Kirola's questions were common questions whose answers would have resolved issues for every Class member's claim, the Court has been required to conduct individual trials about numerous alleged ADAAG violations at facilities across the City. *See Kirola*, 2021 WL 1334153 at \*5-26 (examining alleged, unrelated ADAAG violations in the right-of-way and at parks, playgrounds, libraries, and pools). Nor do Plaintiffs offer any explanation for why, if the question of whether the City had a policy of not applying ADAAG to certain new construction or alterations was central to an issue in every Class member's claims, it did not spend any time on that issue at trial and the Court's trial order and order following remand do not address such a policy or discuss its impact on the Class's claims.[9] Nor do they explain why they represented on appeal their claim "requires an element-by-element evaluation of a facility's compliance with ADAAG" rather than the evaluation of any applicable policy. ECF No. 917-1 at 63-64. The answer is obvious—Plaintiffs, fifteen years after seeking class certification on one sprawling theory, are now trying to justify continued class certification under a completely different theory constructed post-trial. Plaintiffs have failed to establish by a preponderance of the evidence that there are common questions applicable to the Class. The Court should decertify the Class for lack of commonality.

## B.    Plaintiffs Failed to Prove Typicality and Adequacy.

Kirola failed to prove by a preponderance of the evidence that her claims "are typical of the claims or defenses of the class," because she claimed injuries (though none were proven at trial) that were different than those suffered by the absent class members who encountered different barriers, she failed to prove the disparate claimed ADAAG violations were caused by a single City policy, and she is not a member of the class she purports to represent. Fed. R. Civ. P. 23(a)(3); Mot. at 18-20. She also failed to establish that she is an adequate representative because she is not a member of the class and her claims "implicate a significantly different set of concerns than the unnamed plaintiffs' claims." *Melendres v. Arpaio*, 784 F.3d 1254, 1263 (9th Cir. 2015); Mot. at 20-22. Plaintiffs largely ignore these arguments and fail to establish Kirola's typicality or adequacy.

---

[9] To the extent the Court did discuss any claims about overarching City policies of discrimination or a common cause of the alleged violations, it made significant, undisputed factual findings rejecting such a policy. *Kirola*, 2021 WL 1334153, at \*28; *Kirola*, 74 F. Supp. 3d at 1212.

As two courts in this district have found, where (as here) a plaintiff has not established that different barriers were caused by a single, common policy, the plaintiff's claims are not typical because her injuries are "different injuries than those suffered by purported class members who encountered different ADA violations." *CREEC II*, 317 F.R.D at 103; *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 571-72 (N.D. Cal. 2009) (plaintiffs "suffered different injuries than those suffered by purported class members who encountered different access barriers"). Plaintiffs do not mention these cases, let alone sufficiently explain why they do not apply here. As in *CREEC II* and *Castaneda*, Kirola's alleged (but disproved) injuries from the handful of barriers she encountered (*e.g.*, bumpy sidewalks, stools in library aisles) are entirely different from the dozens of other alleged ADAAG violation injuries the Class pursued.

Kirola's entire claim to typicality and adequacy is based on the fiction that "[s]he prevailed on her individual claim against the City." Opp. at 24. Kirola *lost* at trial and any argument to the contrary is revisionist history. *Kirola*, 2021 WL 1334153 at *27 (Kirola "failed to demonstrate, by a preponderance of evidence, that she encountered ADAAG violations with respect to the City's public right-of-way, libraries or swimming pools"). Regardless, her alleged injuries, like those of the plaintiffs in *CREEC II* and *Castaneda*, are not the same as those of each absent class member and her claims are accordingly not typical and she is not adequate.

Plaintiffs argue that Kirola suffered the same injuries as the entire Class because she goes to the Main Library. That is wrong. Kirola offers no evidence admitted at trial to support her claim that she encountered any barrier at the Main Library other than stepstools in aisles.[10] This (disproven) injury is very different from the alleged ADAAG violations the Class claims to be injured by (including children's playgrounds where adult access is limited). And Plaintiffs conflate standing for unencountered barriers with the requirement to prove typicality and adequacy by showing the class representative has the same injuries as the absent class members. Opp. at 23-24 (citing the standing holdings from *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002),

---

[10] Contrary to claims in the Opposition, Kirola never testified she is prevented from using the Main Library because of an alleged barrier. ECF No. 704 at 1386:6-11 (mentioning the Main Library in only one answer in response to question about Western Addition Branch).

REPLY ISO MTN FOR DECERTIFICATION            11
CASE NO. 3:07-cv-03685 AMO

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947-51 (9th Cir. 2011), and *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008)).[11] "[P]arties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Melendres*, 784 F.3d at 1262. Plaintiffs cannot bootstrap the unproven barrier of stepstools in an aisle into representation of a Class seeking relief for the wide range of entirely distinct injuries at different facilities across the City (*e.g.*, playgrounds with sand surfaces, a missing grab bar in a park bathroom, and doors requiring too much pressure). *See* Mot. at 21-22. Plaintiffs provide no authority stating otherwise and failed to prove typicality and adequacy.

## C.    Plaintiffs Failed to Prove Numerosity.

Following certification and trial, the Supreme Court clarified plaintiffs must "prove that there are *in fact* sufficiently numerous parties[.]" *Wal-Mart*, 564 U.S. at 350. At trial this needed to be proven by preponderance of the evidence. *Sali*, 909 F.3d at 1006; *Olean*, 31 F.4th at 665.[12] But at trial, Plaintiffs did not introduce any evidence proving that the number of people with mobility disabilities who used City parks, playgrounds, libraries, and rights of way and faced unlawful access barriers was in fact so numerous that joinder was impracticable. Rather, Plaintiffs rest on a bare statistical estimate that 12% to 13% of the City's disabled residents have a mobility disability. But courts recognize a plaintiff cannot prove numerosity by merely showing the number of disabled persons. *See Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549-50 (N.D. Cal. 2007); *Thurston v. J. Crew Grp., Inc.*, No. EDCV1501331JAKMRWX, 2016 WL 11755595, at *6 (C.D. Cal. May 11, 2016); *Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 898 (3d Cir. 2022); *see also A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022) (requiring "a sufficient estimate of the number of future class members"). Plaintiffs do not dispute this standard or disagree with the cases. *See* Opp. at 16. Instead,

---

[11] Plaintiffs also misconstrue these cases and Ninth Circuit precedent, which allow standing (but not necessarily class representative status) for known barriers at the same facility where a plaintiff encountered a barrier, but *not* at entirely distinct facilities that the plaintiff has never been to or shown an intention to go to. The City made this clear (Motion at 22), but Plaintiffs provide no response and did not address the City's cited authority.

[12] In light of intervening law, the City's acknowledgment that numerosity was satisfied in 2011, pre-trial, has no bearing on whether Plaintiffs meets the present, post-trial standard.

Plaintiffs double-down on the bare estimates they did not admit at trial to prove their claims. Absent from the Opposition is any evidence demonstrating the number of people with mobility disabilities denied access due to disability access barriers at parks, libraries, pools, sidewalks, or pedestrian walkways. Plaintiffs failed to prove numerosity.

### III.    Plaintiffs Failed to Prove the Rule 23(b)(2) Requirements.

Plaintiffs have failed to prove that the City "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class" and "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (cleaned up). Plaintiffs continue to fail to identify any City conduct that can be enjoined as to all the class members or as to none of them and do not even attempt to explain how a single, indivisible injunction would provide relief to every member of the Class. Certification under Rule 23(b)(2) is accordingly improper.

Because Plaintiffs failed to establish by a preponderance of the evidence that the City had a general policy of discrimination that caused the wide variety of alleged and proven violations Plaintiffs contend injured the Class (as fully explained above and in the Motion at 12-18), Plaintiffs have not shown that the City has acted in a way that applies generally to the Class such that its conduct can be enjoined only as to all Class members. *See Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to *each member of the class*.") (emphasis added). This failure to establish a general policy causing the various accessibility barriers prevents a single indivisible injunction here, and thus precludes Rule 23(b)(2) certification— just as it did in two similar cases from this district. *CREEC II*, 317 F.R.D. at 103 (no common policy of discrimination causing lack of shuttle service for people using wheelchairs and scooters); *Castaneda*, 264 F.R.D. at 569 (no common policy of discrimination causing various barriers in Burger King restaurants). There, as here, "the actual injunctive relief ordered must be individually fashioned for each location." *Castaneda*, 264 F.R.D. at 569; *see CREEC II*, 317 F.R.D. at 105. Here, the need for

individually-fashioned injunctive relief tailored to each location and violation demonstrates the impropriety of a Rule 23(b)(2) class. ECF Nos. 822, 870 (ordering specific corrective action at particular locations for individual ADAAG violations).

Plaintiffs do not meaningfully dispute the impropriety of Rule 23(b)(2) certification, dedicating a scant half page of the Opposition to the issue and reciting legal conclusions. For example, Plaintiffs do not distinguish the authority the Motion cites or make any attempt to explain how the injunctions requiring specific remediation of different ADAAG issues at several different locations across the City provide indivisible relief to the entire Class as a whole. Instead, Plaintiffs claim they "sought declaratory and injunctive relief that is indivisible and applies to all members of the Plaintiff class, as required by governing law." Opp. at 24; *see id.* ("the removal of ADAAG violations from public facilities benefits the entire class"). Plaintiffs' bare legal conclusions would not be sufficient at pleading, and are certainly not sufficient to establish an element of Rule 23 following trial. *Sali*, 909 F.3d at 1006; *Olean*, 31 F.4th at 665. Plaintiffs' reliance on *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) to argue that Rule 23(b)(2) is satisfied here is misplaced. *Armstrong* conducted no analysis of whether the injunctive relief satisfied Rule 23(b)(2), let alone whether it provided indivisible relief to all class members. This is unsurprising since it was decided before *Wal-Mart* articulated the Rule 23(b)(2) requirements, as well as the commonality standard that heavily informs whether there is unform conduct to enjoin. Plaintiffs failed to satisfy Rule 23(b)(2); the Class should be decertified.

## IV.    The Class Is an Improper Fail-Safe Class.

A class is "fail safe," and improper, when it "is defined to include only those individuals who were injured by the allegedly unlawful conduct." *Olean*, 31 F.4th at 669 n.14. The Class definition here is impermissible because it contains only those persons with mobility disabilities "who are allegedly being denied access under" nondiscrimination laws "due to disability access barriers[.]" ECF No. 285 at 7. Plaintiffs argue that because the class definition contains the word "allegedly," the class is not a fail-safe class. Opp. at 25. But *Olean* held the exact opposite. 31 F.4th at 669 n.14. Moreover, the word "allegedly" only modifies "being denied access." ECF No. 285 at 7. Thus, class membership turns on the success of the underlying claims. Plaintiffs' argument the class is not a fail-safe because liability was established for some barriers is entirely beside the point. Whether a claim is successful

does not impact whether a class is a fail-safe class—the definition controls. The Class, as certified, is a fail-safe class that should be decertified. Plaintiffs sought no modification.

**V.    An Indicative Ruling Will Increase Judicial Efficiency.**

An indicative ruling here saves judicial resources by applying—for the first time in this case—the appropriate Rule 23 standards, assisting the Ninth Circuit, and avoiding another round of post-appeal proceedings. The only certification analysis was *before* the Supreme Court overruled the very case the Court relied on to conclude there were common questions and *before* Plaintiffs were required to prove, with evidence admitted at trial, each Rule 23 element. Where legal developments occurred between class certification and appeal, the Ninth Circuit remands for further proceedings to consider them. *See Mattson v. New Penn Fin., LLC*, No. 21-35795, 2023 WL 2624783, at *1 (9th Cir. Mar. 23, 2023) (declining to apply intervening law "in the first instance"); *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1075-76 (9th Cir. 2021) (remanding to consider law issued after certification). Indeed, "the district court never has discretion to get the law wrong" on class certification. *Small v. Allianz Life Ins. Co. of N.A.*, 122 F.4th 1182, 1191 (9th Cir. 2024). Because the post-2011 legal and factual developments impacting certification have never been addressed, considering them now saves judicial resources by "obviating the need for the appeal, or for further proceedings after an appeal." *Howard v. Cook Cnty. Sheriff's Off.*, No. 17 C 8146, 2020 WL 1445620, at *3 (N.D. Ill. Mar. 25, 2020).

Plaintiffs' opposition to an indicative ruling is unconvincing. They contend there should be no indicative ruling because the appeal raises the same legal questions as the pending motion. Opp. at 10-11. This argument has been rejected as "unpersuasive" because "[i]f Rule 62.1 did not apply in such circumstances (an interpretation the Rule's plain language does not support), then it would never apply in the case of intervening legal authority." *Slaten v. Christian Dior Perfumes, LLC*, No. 23-CV-00409-JSC, 2024 WL 4642873, at *4 (N.D. Cal. Oct. 30, 2024). The fact the appeal and motion contain similar legal arguments (a situation inherent in many cases where Rule 62.1 applies) does not negate the efficiencies for the courts and the parties gained by issuing an indicative ruling.

CONCLUSION

For the reasons explained above and in the City's Motion, the Court should issue an indicative ruling decertifying or modifying the class certified in the Court's Class Certification Order.

REPLY ISO MTN FOR DECERTIFICATION                    15
CASE NO. 3:07-cv-03685 AMO

Dated:  May 8, 2026

DAVID CHIU
City Attorney
ELAINE M. O'NEIL
ARI A. BARUTH
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By:  /s/*John H. George*
      JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

    *The e-filing attorney hereby attests that he has obtained concurrence in the filing of the document from the other signatory.

      */s/ Steven A. Mills*
      STEVEN A. MILLS