DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
ELAINE M. O'NEIL, State Bar #142234
ARI A. BARUTH, State Bar #258418
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5408
Telephone:    (415) 554-3881
Facsimile:    (415) 255-0733
E-Mail:       ari.baruth@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>     Plaintiff,<br><br>     vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>     Defendants. | Case No. 3:07-cv-03685 AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR AN INDICATIVE MOTION TO DISMISS RULING; MOTION TO DISMISS**<br><br>Hearing Date:    June 4, 2026<br>Time:           2:00 p.m.<br>Place:          Courtroom 10, 19th Floor<br>Judge:         Hon. Araceli Martínez-Olguín |

REPLY ISO INDICATIVE MTD RULING; MTD
CASE NO. 3:07-cv-03685 AMO

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................1

ARGUMENT ....................................................................................................................1

    I.      Plaintiffs Do Not Have A Cognizable Policy Claim For New Or Altered
            Construction. ................................................................................................1

    II.     Plaintiffs' ADAAG Policy Challenge Is Moot. ........................................5

    III.    Plaintiffs Do Not Have Standing To Challenge All RecPark Facilities. .................8

    IV.   Plaintiffs' Estoppel Arguments And Evidentiary Objections Fail..........................11

    V.     Kirola's Section 1983 Claim Must Be Dismissed. ................................................12

    VI.   Issuing An Indicative Ruling Is A Necessary And Appropriate Exercise Of
            Discretion. ....................................................................................................13

CONCLUSION...............................................................................................................15

## TABLE OF AUTHORITIES

**Federal Cases**

*Amaerin Pharms. Ir. Ltd. v. FDA*,
   139 F. Supp. 3d 437 (D.D.C. 2015)........................................................................14

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ................................................................................10

*Bayer v. Neiman Marcus Grp.*,
   861 F.3d 853 (9th Cir. 2017) ..................................................................................7

*Bell v. City of Boise*,
   709 F.3d 890 (9th Cir. 2013) ..................................................................................5

*Casa Del Caffe Vergnano S.P.A. v. Italflavors San Diego, LLC*,
   816 F.3d 1208 (9th Cir. 2016) ..............................................................................11

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
   631 F.3d 939 (9th Cir. 2011) ................................................................................10

*Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*,
   867 F.3d 1093 (9th Cir. 2017) ..............................................................................10

*Cook v. Bennett*,
   792 F.3d 1294 (11th Cir. 2015) ..............................................................................6

*Crandal v. Starbucks Corp.*,
   249 F. Supp. 3d 1087 (N.D. Cal. 2017)................................................................14

*Crum v. Circus Circus Enterprises*,
   231 F.3d 1129 (9th Cir. 2000) ..............................................................................14

*David v. Betts*,
   734 F.Supp.3d 1050 (D. Haw. 2024)....................................................................11

*Dep't of Ed. v. Brown*,
   600 U.S. 551 (2023)................................................................................................2

*Doe v. Regents of the Univ. of Cal.*,
   891 F.3d 1147 (9th Cir. 2018) ..............................................................................13

*E.T. v. Paxton*,
   41 F.4th 709 (5th Cir. 2022) ..................................................................................3

*F.D.A. v. All. For Hippocratic Med.*,
   602 U.S. 367 (2024)................................................................................................4

*FBI v. Fikre*,
   601 U.S. 234 (2024)................................................................................................5

*Ferguson v. City of Phoenix*,
931 F. Supp. 688 (D. Ariz. 1996) ...................................................................................13

*Firth v. United States*,
554 F.2d 990 (9th Cir. 1977) ............................................................................................3

*Freedom from Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*,
896 F.3d 1132 (9th Cir. 2018) ..........................................................................................3

*Friery v. L.A. Unified Sch. Dist.*,
448 F.3d 1146 (9th Cir. 2006) ........................................................................................14

*Griffin v. City of Los Angeles*,
No. 2:24-cv-06312-RGK-MAR, 2025 WL 3466739 (C.D. Cal. Nov. 13, 2025) .......................5

*Grondal v. United States*,
21 F.4th 1140 (9th Cir. 2021) .........................................................................................11

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
28 F.4th 35 (9th Cir. 2022) .............................................................................................11

*Harlow v. Chaffey Cmty. Coll. Dist.*,
No. 21-55349, 2022 WL 4077103 (9th. Cir. Sept. 6, 2022) ..........................................12

*Harper v. Charter Commc'ns, LLC*,
No. 2:19-cv-00902, 2024 WL 3901469 (E.D. Cal. Aug. 22, 2024) ..............................14

*Health Freedom Def. Fund, Inc. v. Carvalho*,
104 F.4th 715 (9th Cir. 2024) ..........................................................................................6

*Health Freedom Def. Fund, Inc. v. Carvalho*,
148 F.4th 1020 (9th Cir. 2025) ........................................................................................6

*Healy v. Milliman, Inc.*,
164 F.4th 701 (9th Cir. 2026) ........................................................................................10

*Holestine v. R.J. Donovan Corr. Facility*,
No. 18-CV-02094, 2019 WL 4745037 (S.D. Cal. Sept. 30, 2019)................................13

*Indep. Hous. Servs. v. Fillmore Ctr. Assocs.*,
840 F. Supp. 1328 (N.D. Cal. 1993) ..............................................................................13

*Kirola v. City & Cnty. of San Francisco*,
74 F. Supp. 3d 1187 (N.D. Cal. 2014) ....................................................................3, 4, 12

*Kirola v. City & Cnty. of San Francisco*,
860 F.3d 1164 (9th Cir. 2017) ..........................................................................3, 4, 6, 8, 10

*Kirola v. City & Cnty. of San Francisco*,
No. 21-15621, 2023 WL 2851368 (9th Cir. Apr. 10, 2023)...........................................4, 11, 15

*Kirola v. City & Cnty. of San Francisco*,
  No. 3:07-cv-03685, 2021 WL 1334153 (N.D. Cal. Mar. 12, 2021) ...........................................4

*Lab'y Corp. of Am. Holdings v. Davis*,
  605 U.S. 327 (2025).................................................................................................................10

*Langer v. Kiser*,
  57 F.4th 1085 (9th Cir. 2023) .................................................................................................10

*Lonberg v. City of Riverside*,
  571 F.3d 846 (9th Cir. 2009) .....................................................................................................5

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024)...................................................................................................................7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)......................................................................................................1, 2, 4, 8

*M.S. v. Brown*,
  902 F.3d 1076 (9th Cir. 2018) ...................................................................................................5

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015)....................................................................................................9

*Nation v. DOI*,
  876 F.3d 1144 (9th Cir. 2017) .................................................................................................14

*Nelsen v. King County*,
  895 F.2d 1248 (9th Cir. 1990) ...................................................................................................8

*New Hampshire v. Maine*,
  532 U.S. 742 (2001).................................................................................................................11

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) .................................................................................................9, 10

*Orr v. Bank of Am.*,
  285 F.3d 764 (9th Cir. 2002) ...................................................................................................11

*Presbyterian Church (U.S.A.) v. United States*,
  870 F.2d 518 (9th Cir. 1989) ...................................................................................................14

*R.W. v. Columbia Basin Coll.*,
  77 F.4th 1214 (9th Cir. 2023) ....................................................................................................6

*Rabang v. Kelly*,
  328 F. Supp. 3d 1164 (W.D. Wash. 2018)...............................................................................14

*Rabang v. Kelly*,
  No. C17-0088-JCC, 2018 WL 1737944 (W.D. Wash. Apr. 11, 2018) ....................................14

*Roe v. City & Cnty. of San Francisco*,
  No. 24-cv-01562-JST, 2026 WL 898262 (N.D. Cal. Mar. 28, 2026).........................................12

*Rosebrock v. Mathis*,
  745 F.3d 963 (9th Cir. 2014) ...........................................................................................6

*Sandoval v. Cty. of San Diego*,
  985 F.3d 657 (9th Cir. 2021) ..........................................................................................12

*Scriber v. Ford Motor Co.*,
  No. 22-cv-1716-MMA-MMP, 2024 WL 2830499 (S.D. Cal. June 4, 2024) ...........................14

*Silbersher v. Allergan Inc.*,
  No. 18-cv-03018-JCS, 2024 WL 2044626 (N.D. Cal. May 7, 2024)......................................13

*Simmons v. Miranda-Mares*,
  No. 2:23-cv-00764, 2024 WL 4906178 (C.D. Cal. Oct. 4, 2024) ............................................13

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)..........................................................................................................10

*Slaten v. Christian Dior Perfumes, LLC*,
  No. 23-CV-00409-JSC, 2024 WL 4642873 (N.D. Cal. Oct. 30, 2024).....................................14

*Spokeo, Inc. v. Robinson*,
  578 U.S. 330 (2016)...........................................................................................................5

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)..............................................................................................................5

*Stockton v. Brown*,
  152 F.4th 1124 (9th Cir. 2025) ...........................................................................................3

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)..............................................................................................2, 4, 9, 10

*Trs. of Local 8A-28A Welfare Fund v. Am. Group Adm'rs*,
  No. 14-CV-1088, 2017 WL 3700899 (E.D.N.Y. Aug. 25, 2017) ............................................12

*Turner v. Charter Commc'ns, LLC*,
  No. 23-16140, 2024 WL 4919512 (9th Cir. Nov. 29, 2024) ......................................................14

*U.S. Postal Serv. Bd. Of Governors v. Aikens*,
  460 U.S. 711 (1983)............................................................................................................4

*United States v. W.T. Grant Co.*,
  345 U.S. 629 (1953)............................................................................................................6

*Vinson v. Thomas*,
  288 F.3d 1145 (9th Cir. 2002) ...........................................................................................13

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ...............................................................................................5

**Rules**
Federal Rule of Civil Procedure
    Rule 12(h)(3)........................................................................................................................13

Federal Rules of Civil Procedure
    Rule 56................................................................................................................................11

Rules Enabling Act.
    28 U.S.C. § 2072(b) .............................................................................................................9

## INTRODUCTION

Following trial and two appeals Plaintiff Ivana Kirola and the Class[1] do not have a live claim concerning new or altered construction. The record shows Plaintiffs never alleged or attempted to prove at trial that any City policy was unlawful. Thus, Plaintiffs cannot now proceed based on new manufactured theories divorced from the operative allegations in the First Amended Complaint ("FAC"), their case-in-chief, and the Ninth Circuit's mandates. Notably, Plaintiffs cannot deny their representation on appeal that adjudication of their new or altered construction claim requires an element-by-element analysis of ADAAG compliance at particular facilities. Based on the FAC, the trial and appeal records, and Ninth Circuit mandates, Plaintiffs lack standing to pursue any policy claim.

Even if Plaintiffs had standing and a viable policy claim pertaining to new or altered construction—and they do not—that claim is moot. ADAS superseded ADAAG in 2012 and the City's written policy mandates compliance with ADAS. Governments are presumed to act in good faith, and the City satisfies its burden that any claim is moot. To the extent Plaintiffs' claim is one adjudicating individual barriers at particular facilities as represented on appeal, Plaintiffs lack standing on a facility-by-facility basis for all RecPark facilities. Similarly, Kirola has failed to prove jurisdiction exists over her individual Section 1983 claim, which her opposition confirms rests on no predicate violation and is futile. While the City's appeal divests the Court of jurisdiction over everything but the Section 1983 claim, the Court can and should address all jurisdictional issues via indicative ruling consistent with its independent obligation to ensure subject matter jurisdiction. Resolving these threshold issues promotes efficiency and steers this decades long litigation to its appropriate end.

## ARGUMENT

### I.  Plaintiffs Do Not Have A Cognizable Policy Claim For New Or Altered Construction.

The Court lacks jurisdiction over any policy claim for new or altered construction. Standing is "an indispensable part of the plaintiff's case" and Plaintiffs "bear the burden of proof" at all times. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "[P]laintiffs must demonstrate standing for

---

[1] The City refers to Kirola and the Class as Plaintiffs. To the extent facts are relevant specifically to Kirola, the City refers to her accordingly.

each claim that they press and for each form of relief that they seek[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). At trial, Plaintiffs needed to show a "causal connection between the injury and the conduct complained of," *Dep't of Ed. v. Brown*, 600 U.S. 551, 561 (2023), based on "specific facts" "supported adequately by the evidence adduced at trial." *Lujan*, 504 U.S. at 561. As the City explained, the FAC does not identify any unlawful new or altered construction policy. Nor did Plaintiffs advance any evidence at trial that a specific policy was unlawful to support a cognizable claim. Any policy claim was also forfeited when it was not raised on appeal. Dismissal is warranted.

The opposition fails to identify any allegations that *specific* policies are unlawful and caused injury. The opposition rests on Paragraphs 2 and 17. Paragraph 2 alleges that the City "failed to adopt and implement effective policies to ensure that its public facilities and programs are readily accessible to and usable by persons with mobility disabilities." FAC ¶ 2. It identifies the City's transition and self-evaluation plans—claims Plaintiffs conclusively lost—and alleges the Mayor and Board of Supervisors "have failed and refused to ensure [] compliance" with nondiscrimination law. *Id*. Nothing identifies any unlawful DPW policy or procedure. Nor does Paragraph 17. It alleges that the City "continues to perform new construction of its public buildings and facilities that does not comply with state and federal disability access design standards." *Id*. at ¶ 17.

Because the conclusory allegations fail to identify a common unlawful policy or practice, the opposition claims that at trial "Plaintiffs [] elicited evidence of a Citywide policy and practice of not complying with ADAAG in the new construction and alteration of pedestrian rights of way, parks, playgrounds and recreational facilities." Opp. at 4. But Plaintiffs' do not point to *any* evidence they "elicited" at trial[2] to support their burden, and ignore their post-trial declaration which failed to identify any applicable and unlawful policy from their case-and-chief. *See, e.g.*, ECF No. 572.

After presenting their case, Plaintiffs cannot show that they were injured by any unlawful new or altered construction policy, let alone the intentional failure to adopt policies complained about in the FAC, because the only evidence at trial came from the City and showed it has sophisticated and

---

[2] The City objects to Plaintiffs' Exhibits B-D, and F-H on the grounds that they are irrelevant to subject matter jurisdiction. The City further objects to Exhibits B and C as falling outside of the trial record, and Exhibit D to the extent any claimed lawfulness falls outside of prior mandates and appeals.

REPLY ISO INDICATIVE MTD RULING; MTD    2
CASE NO. 3:07-cv-03685 AMO

robust infrastructure. Contrary to Plaintiffs' allegations, the Mayor mandated access review and compliance for projects since 1998. *Kirola v. City & Cnty. of San Francisco*, 74 F. Supp. 3d 1187, 1212 (N.D. Cal. 2014); ECF No. 919-6. The City introduced DPW Procedure 9.8.24, which included robust procedures for planning, design, and review before, during, and after construction. *Kirola*, 74 F. Supp. at 1212; ECF No. 919-7. MOD has similar procedures. *Kirola*, 74 F. Supp. at 1212; ECF No. 919-8 at A35-000079-82, 126-140. MOD required "new construction [or] alterations" to "comply with the ADA's accessibility guidelines and the California Building Code accessibility requirements." ECF No. 919-8 at A35-000078. The City also trained on ADAAG's application to RecPark construction. *Kirola*, 74 F. Supp. at 1212; ECF No. 919-12 at E27-33-53; ECF No. 919 at 1854-1871. Presented with this undisputed evidence, the Court found the City has "a sophisticated and robust infrastructure" "[t]o ensure that disabled persons have meaningful access to its services and programs consistent with the ADA and state law." *Kirola*, 74 F. Supp. 3d at 1202. Plaintiffs did not appeal these findings and represented on appeal their claim was about removing individual barriers, and "requires an element-by-element evaluation of a facility's compliance with ADAAG." ECF No. 919-13 at pp. 6, 61-85. Nothing concerned the lawfulness of any policy.

Remarkably, Plaintiffs ignore that *Kirola-I* found that "a significant portion of the trial was also dedicated to evidence of the City's various plans and policies for addressing access barriers" and held "[t]he specific content of these plans and policies is not relevant to the issues on appeal." *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1170 n.2 (9th Cir. 2017) ("*Kirola-I*"). Because policies were not relevant, *Kirola-I* remanded for the Court to consider the "scope of any ADAAG violations at facilities used by Kirola and all other class members." *Id.* at 1185. Nothing authorized probing the lawfulness of policies because Plaintiffs' failure to argue any policy issue was forfeited. *Freedom from Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018). Indeed, "arguments *in favor* of standing" can be "forfeited or waived." *E.T. v. Paxton*, 41 F.4th 709, 718 n.2 (5th Cir. 2022); *Stockton v. Brown*, 152 F.4th 1124, 1143-47 (9th Cir. 2025) (finding waiver). Thus, the Court lacks jurisdiction over policy issues "disposed of on appeal[.]" *Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977).

Rather than point to evidence showing a policy claim is appropriate, Plaintiffs argue the Court's finding concerning robust infrastructure only concerns the failed program access claim. Yet, that is false. The finding concerned the City's "new developments," "architectural access," and "review process for ensuring that publicly-funded facilities comply with access laws." *Kirola*, 74 F. Supp. 3d at 1202-03; *see also Kirola v. City & Cnty. of San Francisco*, No. 3:07-cv-03685, 2021 WL 1334153, at *28 (N.D. Cal. Mar. 12, 2021) (reaffirming "robust, multi-faceted infrastructure" after resolution of program claim). *Kirola-II* also did not permit new policy claims. Consistent with *Kirola-I*, *Kirola-II* instructed the Court to "evaluate the evidence of alleged violations" at enumerated facilities. *Kirola v. City & Cnty. of San Francisco*, No. 21-15621, 2023 WL 2851368, at *3 (9th Cir. Apr. 10, 2023) ("*Kirola-II*"). Nothing permitted reconsideration of the lawfulness of any City policy. Doing so evades Plaintiffs' binding representation that their claim required an element-by-element evaluation, and as set forth in Section III, *Kirola-I*'s conclusion standing is facility specific.

Plaintiffs mask their failure of proof by asserting that they can rely on evidence the City presented. But Plaintiffs identify no authority that they can bypass their burden of proof by failing to establish their standing (including challenged conduct) in the first instance. Reliance on *U.S. Postal Serv. Bd. Of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983), which concerned the proof required for discrimination, is misplaced. The Supreme Court held "[a]s in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence." *Id*. at 714 n.3. However, *Aikens* does not concern standing or Plaintiffs' burden to prove it. *Lujan* does and requires Plaintiffs to specifically identify the challenged conduct. *Lujan*, 504 U.S. at 561. They did not.

Plaintiffs' argument concerning strict compliance with ADAAG on the merits is irrelevant and underscores the lack of subject matter jurisdiction. Plaintiffs may not sue "based only on an 'asserted right to have the Government act in accordance with law.'" *F.D.A. v. All. For Hippocratic Med*., 602 U.S. 367, 381 (2024). "[A]n injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427. There is no authority that a free-standing regulatory violation creates jurisdiction where, as discussed in Section III, there is no evidence that Class members use all facilities. Plaintiffs also do not have "a legally protected interest" in a policy

challenge under the ADA. *Spokeo, Inc. v. Robinson*, 578 U.S. 330, 339 (2016). As the Ninth Circuit held in *Lonberg v. City of Riverside*, 571 F.3d 846, 852 (9th Cir. 2009), Plaintiffs "true remedy" lies in the "actual removal of barriers that prevent meaningful access,"—not changes to a policy or plan not mandated in the ADA's text. Plaintiffs make no showing their desire to modify City policy is cognizable under the ADA. Indeed, one court held it is unaware of any law requiring express compliance with nondiscrimination law in policies.[3] Dismissal is appropriate under these circumstances because the purported policy claim is "immaterial" and "wholly insubstantial" such that jurisdiction is lacking. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Additionally, the policy changes sought are not redressable because federalism limits judicial power and counsels against "affirmative injunctive and declaratory relief." *M.S. v. Brown*, 902 F.3d 1076, 1089 (9th Cir. 2018). Plaintiffs identify no authority allowing a court to affirmatively mandate Plaintiffs' preferred substantive policy where there are no enforceable policy requirements in the ADA in the first place.

## II.   Plaintiffs' ADAAG Policy Challenge Is Moot.

Having largely failed at trial and on appeal, Plaintiffs now claim that the City's written policies are unlawful because they do not require compliance with ADAAG in parks, playgrounds, outdoor recreation facilities, and the pedestrian rights of way. Even if Plaintiffs alleged this claim, had standing to challenge the policy, and did not waive a policy challenge on appeal, the claim is moot. Plaintiffs do not deny that ADAS superseded ADAAG and that ADAAG has not controlled since 2012. City policy expressly requires compliance with ADAS in *all* construction. These circumstances require dismissal.

Plaintiffs' assertion that a policy change cannot moot a policy claim is belied by their own authority: "a policy change may be sufficient to meet the stringent standard for proving a case has been mooted by a defendant's voluntary conduct." *Bell v. City of Boise*, 709 F.3d 890, 900 (9th Cir. 2013) (citing *White v. Lee*, 227 F.3d 1214, 1243-44 (9th Cir. 2000)). While "a defendant must prove "'no reasonable expectation'" remains that it will 'return to [its] old ways,'" *FBI v. Fikre*, 601 U.S. 234, 241 (2024), the standard is satisfied here where the policy "represents a permanent change" as opposed to a "temporary policy that the agency will refute once this litigation has concluded." *White*,

---

[3] *Griffin v. City of Los Angeles*, No. 2:24-cv-06312-RGK-MAR, 2025 WL 3466739, at *9-10 (C.D. Cal. Nov. 13, 2025), appeal filed, No. 26-496 (9th Cir. Jan. 23, 2026).

227 F.3d at 1243. The face of DPW Policy 10.02.21 shows that it was motivated by DOJ regulatory changes as opposed to this litigation (ECF No. 919-14 at 1), the DOJ controls the applicable regulations as opposed to the City, the policy has been effective for 12 years, the evidence at trial showed the City was already taking steps to comply with ADAS (ECF No. 919-15 at 1947-1948), and no evidence supports that the City has not complied with ADAS. The policy's language requiring ADAS compliance in all projects as a result of regulatory change is "broad in scope and unequivocal in tone," addresses Plaintiffs' "objectionable" concerns about the absence of a construction standard in the DPW policy, "has been in place for a long time when we consider mootness," and there is no evidence of noncompliance with "implementation" that is "similar to that [conduct] challenged by the plaintiff" concerning ADAAG. *Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014).

Plaintiffs are wrong that the City's policy change—which was driven by DOJ regulation—is gamesmanship that defeats mootness. Unlike Plaintiffs' authority concerning private litigants, *see, e.g.*, *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953), governments are presumed to act in good faith. *Mathis*, 745 F.3d at 971. This case is also unlike *Health Freedom Def. Fund, Inc. v. Carvalho*, 104 F.4th 715 (9th Cir. 2024) cited by Plaintiffs where the defendant changed its policy, obtained a dismissal, reinstated its policy, and changed it again for litigation, and the court found the "tactical manipulat[ion of] the federal courts in this way should *not* be given any benefit of the doubt." *Id*. at 723. But *Health Freedom* was vacated and resolved *en banc* on other grounds.[4] *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1226 (9th Cir. 2023) is also distinguishable because testimony contradicted the effectiveness of the policy change. DPW Policy 10.02.21 has been in effect for 12 years and was driven by DOJ regulation. It is irrelevant the policy was not raised before systemic relief was granted: "mootness cannot be waived." *Cook v. Bennett*, 792 F.3d 1294, 1299 n.3 (11th Cir. 2015).

Additionally, Plaintiffs distort the record to suggest that the City does not comply with the ADA and impermissibly leverages the City's protective and good faith legal arguments on appeal as a weapon. *Kirola-I* narrowly held that ADAAG applies to the public rights of way, parks, playgrounds, and outdoor recreational areas *only to the extent* there is an applicable Section 4 feature. *Kirola-I*, 860

---

[4] *See generally Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020 (9th Cir. 2025), appeal filed, No. 25-765 (Sup. Ct. Dec. 23, 2025).

REPLY ISO INDICATIVE MTD RULING; MTD                    6
CASE NO. 3:07-cv-03685 AMO

F.3d at 1179. It also reversed this Court's criticism of Plaintiffs' experts because those experts did not consider proposed guidelines for playgrounds and outdoor recreation. *Id*. at 1181. To avoid waiver, the City maintains that there is no evidence that the City systemically failed to apply ADAAG over the dozens of features ADAAG regulates. While Scott testified that there were no enforceable guidelines for "trails," he was using "common sense" to evaluate the usability of Golden Gate Park's existing trail system. ECF No. 706 at 1819:1-1824:12. He was not constructing accessible routes and merely identified existing "good recreational opportunity" for people with disabilities within the "spirit and intent" of what was being proposed for outdoor recreation, trails, and paths. *Id*. He was going above and beyond. Jensen testified that he "predominately" applied ADAAG and the current California Building Code to RecPark construction following DPW Procedure 9.8.24. ECF No. 707 at 1919:6-1920:1, 1945:18-1947:6. For "playgrounds" and "recreational uses"—which were undefined terms at trial—he testified that he applied the U.S. Access Board's nonbinding guidelines as "best practice" to fill in ADAAG's gaps. *Id*. at 1947:4-1948:6. He even applied ADAAG and the CBC to paths at the Botanical Garden. *Id*. at 2026:8-19. Based on the Supreme Court's reversal of *Chevron* deference in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the City has asked the Ninth Circuit to reconsider its conclusions concerning the relevance of the guidelines. If compliance with the guidelines provides meaningful access under the ADA, then the City cannot be faulted for following them. Plaintiffs presented no evidence guidelines were not followed because they were not considered.

Even if the City erroneously and systematically applied ADAAG to some features, that is insufficient to maintain Plaintiffs' claim. Plaintiffs "must show that the policy 'has adversely affected and continues to affect a present interest.'" *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 868 (9th Cir. 2017). Plaintiffs have submitted "no evidence to show the conduct complained of in this action presently affects [them] or can reasonably be expected to affect [them] in the future." *Id.* Finally, Plaintiffs claim without any authority that mootness should fail because the City has not expressed its intent to comply with the Court's systemic relief order. While the City has challenged the Court's prior injunctions on appeal, it has remediated identified barriers (including those agreed to without intervention), and Plaintiffs have not challenged compliance. *See* ECF Nos. 827, 864-65, 902. Any ADAAG policy challenge is moot and there is nothing left to redress on the record.

**III.    Plaintiffs Do Not Have Standing To Challenge All RecPark Facilities.**

The parties agree that the Ninth Circuit's standing rulings inform the law of the case. Those rulings confirm Plaintiffs do not have standing to challenge all RecPark facilities. Standing "is measured on a facility-by-facility basis . . . . Once a plaintiff has proven standing to challenge one barrier *at a particular facility*, that plaintiff has standing to challenge all barriers related to her disability *at that facility*." *Kirola-I*, 860 F.3d at 1175 n.4 (emphasis added). Based on this rule, the Ninth Circuit held that Kirola and the "class [have] standing for claims related to all facilities *challenged at trial*" and narrowed relief to those facilities "*used* by Kirola and all other class members[.]" *Id.* at 1174-76, 1185, n.4 (emphasis added). Nothing in *Kirola-I* broadened standing to include all facilities described in the class definition, especially where no evidence showed that the facility existed with known barriers or had been or would be used by Kirola or the Class.

On this factual attack, Plaintiffs failed to identify *any* evidence from trial showing that the Class uses all of the hundreds of facilities in the RecPark system. Trial showed that the Class used just seven parks. Kirola's minimal testimony concerned Alamo Square Park. The only other facilities identified by Class members (or their mothers who do not have standing)[5] included discreet barriers at Golden Gate Park, McLaren Park, St. Mary's playground, Balboa Park, Holly Park, and Glen Canyon Park. No other evidence shows that Class members used any other parks, had knowledge of actual barriers in all parks, or were deterred from using other parks. With no evidence, Plaintiffs instead rest "upon [] naked statistical assertion" which is insufficient. *Nelsen v. King County*, 895 F.2d 1248, 1251 (9th Cir. 1990). "[W]ithout any description of concrete plans, or indeed even any specification of when the some day will be" that Plaintiffs will be injured at particular facilities, Plaintiffs failed to prove standing. *Lujan*, 504 U.S. at 564. Kirola also does not deny that not all park facilities are available to adults, who would have to violate the law to be injured. Mot. at 19-20; ECF No. 919-16. Yet, courts must assume that litigants will comply with the law. Mot. at 19-20. Her failure to address this argument effectively concedes her lack of standing for all playgrounds and her inadequacy.

---

[5] The City's motion argued mothers do not have Article III standing. Mot. at 18. Plaintiffs did not address this argument and effectively concede standing is narrower than the seven facilities.

Lacking any evidence, Plaintiffs turn to several legal arguments that fall flat. First, *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) does not justify standing here. *Melendres* adopted the class certification approach to evaluating standing at class certification. Under that approach, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Id*. at 1261-62.[6] However, this is not a bright line rule for all *claims and remedies*. "Standing is [still] meant to ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate." *Id.* at 1261. And Article III requires that "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *TransUnion*, 594 U.S. at 431. As the City's motion explained—and Plaintiffs ignored—the rule that only a single plaintiff needs to have standing for equitable relief applies only if "the scope of the relief available does not differ among each Plaintiff." Mot. at 20. The application of the rule in *Melendres* made sense because a single policy was challenged and "the same challenged practice and constitutional injury" occurred in both types of patrols at issue based on official policy such that the scope did not differ. 784 F.3d at 1264. Here, the scope *does* differ based on the law of the case because standing is evaluated on a facility-by-facility basis. Kirola's claim for Alamo Square Park does not, and cannot, manufacture standing for every facility, let alone injury from disparate and unconnected features.

Second, Plaintiffs argue that class members in a Rule 23(b)(2) class are not required to show standing based on *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022). However, *Olean* considered different issues, including the appropriateness of *certifying* a *damages* class where uninjured class members exist. While the Ninth Circuit overruled precedent finding that "no class may be certified that contains members lacking Article III standing"

---

[6] *Melendres* was wrongly decided and should be overruled. As the Ninth Circuit acknowledged, the Plaintiffs satisfied the class certification and standing approaches, so there was no need to resolve this split. To the extent Rule 23 substantively broadens standing outside of the contours of Article III, Rule 23 violates the Rules Enabling Act. *See* 28 U.S.C. § 2072(b).

for purposes of *class certification*[7] based in part on the rule that only a single plaintiff needs to have standing in the context of equitable relief, *Olean* did not dispense of Plaintiffs' burden *at trial*. Even then, the single plaintiff rule does not apply here where the scope of the relief and injuries differ among Plaintiffs.

At bottom, "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion*, 594 U.S. at 431. "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). Because Kirola only has standing to challenge Alamo Square Park based on *Kirola-I*'s facility-by-facility analysis, she cannot confer standing on the Class for all other facilities. *Olean* does not and cannot change this result.

Third, Plaintiffs ask the Court to disregard Ninth Circuit precedent limiting ADA standing. Opp. at 17-18. Specifically, a plaintiff is only able to pursue an injunction to remove barriers related to her disability, and standing does not extend to barriers not affecting the plaintiff's particular disability, let alone barriers a plaintiff is not reasonably likely to encounter. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 952 (9th Cir. 2011). Plaintiffs must also have "actual knowledge" of barriers. *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023). Plaintiffs claim that these "access cases are not class action cases and do not impose the limitations [] herein." Opp. at 13. But this rings hollow. The Ninth Circuit has applied *Chapman*'s Article III limits in this case and ADA class actions. *See, e.g.*, *Kirola-I*, 860 F.3d at 1174; *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017). Considering these cases is also appropriate because in actions involving "system-wide injunctive relief[,] . . . the issues of standing, class certification, and the propriety and scope of injunctive relief are often intermingled." *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001). Plaintiffs offer no authority justifying the disregard of relevant and controlling precedent.

---

[7] The Supreme Court granted certiorari to resolve this issue before dismissing the appeal. *Lab'y Corp. of Am. Holdings v. Davis*, 605 U.S. 327 (2025). The Ninth Circuit since required proof of standing at merits stages. *See generally Healy v. Milliman, Inc.*, 164 F.4th 701 (9th Cir. 2026).

## IV.    Plaintiffs' Estoppel Arguments And Evidentiary Objections Fail.

Because the City's evidence shows jurisdiction is lacking, Plaintiffs seek to exclude it. However, their evidentiary challenges are based on the wrong standards and fail on the merits.

Judicial estoppel is irrelevant because "[j]udicial estoppel is 'not a substitute for subject matter jurisdiction.'" *Grondal v. United States*, 21 F.4th 1140, 1150 (9th Cir. 2021). Estoppel also fails on the merits. Plaintiffs have not identified any "clearly inconsistent" statement. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The City never asserted that the Court may not consider any new evidence at all, including jurisdictional evidence. Instead, the City described *Kirola-II* as limiting "[t]he scope of the evaluation of the issues on remand is based on the evidence presented at trial," and narrowly asserted that "[g]iven the post-trial posture of this case," for an anticipated motion for judgment, "the Court may weigh witness credibility and resolve any conflicting evidence, based on the existing trial record." ECF No. 811 at 16, 3. Nor has the Court "accepted" any "inconsistent position" as required. *Casa Del Caffe Vergnano S.P.A. v. Italflavors San Diego, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016). Rather, the Court admonished the City that it could consider new evidence, and expressed concerns about evaluating compliance today. ECF No. 842 at 11:1-12:5, 13:9-21. Plaintiffs have also unforeseeably exceeded controlling mandates. At most, any prior statements were excusable "inadvertence or mistake" based on prior understanding of the case. *New Hampshire*, 532 U.S. at 753. And "the fact that each side may have opportunistically shifted its arguments" about jurisdiction after Plaintiffs' theories have evolved does not "rise to 'an unfair advantage or impose an unfair detriment[.]" *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 40 (9th Cir. 2022).

Evidentiary objections also fail. Plaintiffs admit that factual attacks are reviewed "under the same evidentiary standard that governs in the summary judgment context." Opp. at 8. Nevertheless, they get that standard wrong. Prior to 2010, the Ninth Circuit held that "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment" and that "unauthenticated documents cannot be considered[.]" *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). "But the *Orr* standard . . . was abrogated in 2010 by amendments to Federal Rule of Civil Procedure 56." *David v. Betts*, 734 F.Supp.3d 1050, 1078 n.20 (D. Haw. 2024). "Instead, Rule 56 'mandate[s] only that the

substance of the proffered evidence would be admissible at trial.'" *Id.* at 1078 n.20; *Harlow v. Chaffey Cmty. Coll. Dist.*, No. 21-55349, 2022 WL 4077103 (9th. Cir. Sept. 6, 2022) ("Courts must now consider unauthenticated evidence at summary judgment if the evidence can 'be presented in a form that would be admissible' at trial."). Hearsay is no different. "If the contents of a document can be presented in a form that would be admissible at trial . . . the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

The City's evidence would be admissible at trial. DPW Procedure 10.02.21 shows it was prepared by Jensen, who is still a City employee, and can authenticate and admit the policy as a business record just as he did with Procedure 9.8.24 at trial. ECF No. 919-14, 919-7; Jensen Supp. Decl. ¶¶ 1-6.[8] RecPark can testify about its website, which was done at trial (*see Kirola*, 74 F. Supp. 3d at 1215-16), and the facility age restrictions are consistent with Plaintiffs' admission showing that adults cannot access all facilities. The fact that the records are attached to an attorney declaration is of no consequence—especially since Plaintiffs admit the City produced the policy and do not deny that the website is public. "When there is good reason to believe that the authenticity of documents is not in issue, Plaintiffs' attorney may enter those documents into the record." *Trs. of Local 8A-28A Welfare Fund v. Am. Group Adm'rs*, No. 14-CV-1088, 2017 WL 3700899, at *3 (E.D.N.Y. Aug. 25, 2017).

**V.    Kirola's Section 1983 Claim Must Be Dismissed.**

Kirola's Section 1983 claim against the official-capacity Defendants can be dismissed without indicative ruling because the opposition effectively concedes Kirola has no viable claim. As the City explained, Kirola alleged this claim against the Mayor and the Members of the Board of Supervisors only. Because she failed to show these Defendants caused her to experience any ADAAG violation in a new or altered construction, she lacks standing. Notably, the opposition ignores this argument. "Courts routinely dismiss claims when Plaintiffs fail to oppose arguments that they lack standing." *Roe v. City & Cnty. of San Francisco*, No. 24-cv-01562-JST, 2026 WL 898262 (N.D. Cal. Mar. 28, 2026). Alternatively, she also ignores that her claim for equitable relief is moot because she failed to

---

[8] A new declaration is not required but is proper here since subject matter cannot be waived.

establish any predicate violation as to herself. References to the Class are irrelevant because this claim was not certified. Having identified no evidence showing a predicate act against herself to support her individual claim, she effectively concedes that it is moot.

Finally, the opposition confirms the Section 1983 claim fails on the merits and is futile because the ADA and Rehabilitation Act foreclose the claim. Kirola argues a Section 1983 claim can be premised on an ADA violation against officials in their official capacity. But the Ninth Circuit held in *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002) that the ADA and Rehabilitation Act are comprehensive remedial schemes that foreclose Section 1983 claims. Kirola's cases are inapposite. While *Indep. Hous. Servs. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1345 (N.D. Cal. 1993) and *Ferguson v. City of Phoenix*, 931 F. Supp. 688, 698 (D. Ariz. 1996) held that a Section 1983 claim is not foreclosed, the courts acknowledged that the Ninth Circuit had not weighed in. It did so in *Vinson*. Thus, this district court authority is unsound.[9] Because injunctive relief is available under both statutory schemes, which Kirola admits, a Section 1983 claim is foreclosed and must be dismissed.

## VI.    Issuing An Indicative Ruling Is A Necessary And Appropriate Exercise Of Discretion.

Plaintiffs' claim that "this Court is not well-positioned to consider any of the arguments in the City's motion to dismiss" because they are "inextricably tied up with issues on appeal" is misguided. Courts have an independent obligation to ensure that subject matter jurisdiction exists. *See* Fed. R. Civ. Proc. 12(h)(3). Plaintiffs' authority also recognizes indicative rulings are appropriate where a decision "would aid the Court of Appeals in reaching its decision." *Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2024 WL 2044626, at *7 (N.D. Cal. May 7, 2024). Indeed, as is the case here, "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion[.]" *Id at *4*. (Fed. R. Civ. P. 62.1 Advisory Committee Notes (2009)). The opposition admits the Court has not considered the City's new policy or standing on a facility-by-facility basis. While subject matter is generally reviewed de novo, "findings of fact relevant to its determination of subject matter jurisdiction" are reviewed for "clear error." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130

---

[9] *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147 (9th Cir. 2018), *Holestine v. R.J. Donovan Corr. Facility*, No. 18-CV-02094, 2019 WL 4745037 (S.D. Cal. Sept. 30, 2019), and *Simmons v. Miranda-Mares*, No. 2:23-cv-00764, 2024 WL 4906178 (C.D. Cal. Oct. 4, 2024) treat different issues.

(9th Cir. 2000). Because mootness and standing are fact specific,[10] the Ninth Circuit often remands "these questions in the first instance." *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 529 (9th Cir. 1989); *Friery v. L.A. Unified Sch. Dist.*, 448 F.3d 1146, (9th Cir. 2006) (remanding for jurisdiction). Thus, it promotes judicial efficiency to address these issues now.

Contrary to Plaintiffs' claim, no opinion concerning appellate jurisdiction is sought here. As in *Amaerin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015), the Court can issue an indicative ruling without addressing questions of appellate jurisdiction. This motion also does not raise a purely legal issue as in *Harper v. Charter Commc'ns, LLC*, No. 2:19-cv-00902, 2024 WL 3901469 (E.D. Cal. Aug. 22, 2024) or *Silbersher*. Notably, *Harper* declined an indicative ruling because the issue was before the Ninth Circuit; but the Ninth Circuit reversed and remanded for consideration of similar issues, prolonging the case. *See Turner v. Charter Commc'ns, LLC*, No. 23-16140, 2024 WL 4919512, at *2 (9th Cir. Nov. 29, 2024). Nor is this a case where the City asks "the Court to inform the Ninth Circuit that it believes its own ruling is incorrect and subject to reversal" because the issues raised are new and unaddressed. *Scriber v. Ford Motor Co.*, No. 22-cv-1716-MMA-MMP, 2024 WL 2830499, at *3 (S.D. Cal. June 4, 2024). While *Rabang v. Kelly*, No. C17-0088-JCC, 2018 WL 1737944, at *2, n.4 (W.D. Wash. Apr. 11, 2018) concerned mootness, the parties appeal of the issue was pending for nearly one year, fully briefed, and argued. That appeal was subsequently dismissed, and the court was required to address jurisdiction. *Rabang v. Kelly*, 328 F. Supp. 3d 1164, 1167 (W.D. Wash. 2018). Here, Plaintiffs have not filed an answering brief, any reply is weeks or months away, and oral argument is not set. No wrench is thrown at the appeal. If Rule 62.1 precluded any motion where an issue was raised on appeal or contemplated further appeal—"an interpretation the Rule's plain language does not support"—Rule 62.1 would never apply. *Slaten v. Christian Dior Perfumes, LLC*, No. 23-CV-00409-JSC, 2024 WL 4642873, at *4 (N.D. Cal. Oct. 30, 2024).

Finally, Plaintiffs assert that they will be prejudiced by delay if barriers cannot be fixed. Yet, the validity of an injunction requires subject matter jurisdiction, and the City is prepared to appeal again and seek a stay once any final injunction issues. Plaintiffs' claim of prejudice is also inconsistent

---

[10] *Nation v. DOI*, 876 F.3d 1144, 1161 (9th Cir. 2017) (standing); *Crandal v. Starbucks Corp*. 249 F. Supp. 3d 1087, 1107 (N.D. Cal. 2017) (mootness).

with their lack of vigorous prosecution. Notably, Plaintiffs split proceedings into three phases, spanning three years since *Kirola-II* was decided, even though trial was in 2011. All barriers identified in the 2011 record have been remediated. Clarifying jurisdiction now actually resolves essential issues bearing on the issuance of final injunctive relief (and judgment which has not been entered or appealed yet), the appropriateness of the class, Plaintiffs' entitlement to fees (which has not been litigated or appealed yet), and advances resolution of this case in one swoop by obviating piecemeal appeals. Therefore, the Court should grant the City's motion or find that it raises a substantial question for remand. Alternatively, the Court should defer resolution without prejudice until the appeal is resolved.

## CONCLUSION

For the foregoing reasons, the Court should grant the City's motion.

Dated:  May 8, 2026

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
ELAINE M. O'NEIL
ARI A. BARUTH
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By: /s/*Steven A. Mills*
STEVEN A. MILLS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.