DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
ELAINE M. O'NEIL, State Bar #142234
ARI BARUTH, State Bar #258418
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
Fox Plaza
1390 Market Street, Suite 401
San Francisco, CA 94102-5408
Telephone:     (415) 554-3881
Facsimile:     (415) 255-0733
E-Mail:         ari.baruth@sfcityatty.org
                john.george@sfcityatty.org
                steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVANA KIROLA, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 3:07-cv-03685 AMO<br><br>**SUPPLEMENTAL DECLARATION OF KEVIN JENSEN IN SUPPORT OF DEFENDANTS' MOTION FOR AN INDICATIVE MOTION TO DISMISS RULING; MOTION TO DISMISS**<br><br>Judge: Hon. Araceli Martínez-Olguín |

SUPP. DECLARATION OF KEVIN JENSEN
CASE NO. 3:07-cv-03685 AMO

I, Kevin Jensen, hereby declare:

1.    I am employed by the City and County of San Francisco (the "City"), and work in its Department of Public Works ("DPW"). I am an architect licensed in the State of California. I also was a board member of the California Architects Board from 2002-2005. I currently serve as DPW's ADA/Disability Access Coordinator, and have held this position full-time since early July 2002. Prior to that I served as Architect and ADA Coordinator for the Port of San Francisco from December 1995 to July 2002. Since trial in 2011, DPW now has two access coordinators. Today my primary responsibility concerns the public right of way and development projects. I testified as a witness at trial in this matter in 2011 concerning my responsibilities with new or altered constructions in various projects throughout the City. If called as a witness, I could and would testify competently to the matters set forth herein.

2.    As DPW's ADA/Disability Access Coordinator, I help oversee and develop DPW policy concerning new or altered construction. At the time of trial in 2011, DPW Procedure 9.8.24, entitled ADA and Accessibility Compliance, was a written policy DPW followed with respect to accessibility in new or altered construction. A true and correct copy of DPW Procedure 9.8.24 was admitted at trial as Defendants' Trial Exhibit A14.

3.    Consistent with my testimony at trial in 2011, I predominately applied the ADA Accessibility Guidelines ("ADAAG") and the applicable California Building Code to new or altered construction projects during the period where I served as DPW's ADA/Disability Access Coordinator. This included projects with the San Francisco Recreation and Park Department ("RecPark") that DPW supported.

4.    At the time of trial in 2011, the United States Department of Justice ("DOJ") had adopted new ADA Standards for new or altered construction (the "2010 ADAS"). The 2010 ADAS includes appropriate sections of the Access Board's 2004 ADA Accessibility Guidelines (36 CFR part 1191,

appendices B and D). As I testified at trial, I applied the 2004 proposed guidelines to playgrounds and outdoor recreation as a best practice. While the DOJ had already adopted the 2010 ADAS at the time of trial, these requirements were optional beginning on September 15, 2010, and became mandatory by March 15, 2012.

5.     After the 2010 ADAS became mandatory for all new or altered construction by March 15, 2012, and after trial occurred in this case, DPW modified its written policy for ADA and accessibility compliance to conform with the DOJ's regulatory changes. As DPW's ADA/Disability Access Coordinator, I helped prepare DPW Procedure 10.02.21, entitled ADA and Accessibility Compliance. This policy superseded DPW Procedure 9.8.24. Consistent with the DOJ's regulatory changes, DPW Procedure 10.02.21 made the 2010 ADAS mandatory for all DPW projects as of March 15, 2012. A true and correct copy of the current DPW Procedure 10.02.21, which was approved by the Director of Public Works in January 2014, was previously submitted as Exhibit N to the Declaration of Steven Mills at ECF No. 919-14.

6.     As DPW's ADA/Disability Access Coordinator, I continue to apply the 2010 ADAS and applicable California Building Code to new or altered construction projects, including RecPark projects supported by DPW. To the extent I do not have direct responsibility for the design or oversight of a specific project, it is my understanding and expectation that DPW continues to apply the 2010 ADAS and applicable California Building Code to those projects.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed May 7, 2026 in San Francisco, California.

By: _____
KEVIN JENSEN

SUPP. DECLARATION OF KEVIN JENSEN                    2
CASE NO. 3:07-cv-03685 AMO