UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVANA KIROLA, et al.,

Plaintiffs,

v.

THE CITY & COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No.  07-cv-03685-AMO

**ORDER DEFERRING CONSIDERATION OF MOTIONS TO DISMISS AND DECERTIFY, AND DENYING MOTION TO DISMISS**

Re: Dkt. Nos. 916, 918

This is a case challenging the City and County of San Francisco's compliance with accessibility regulations in its public facilities.  Plaintiffs filed it nearly two decades ago, and the parties are currently on their third trip to the Ninth Circuit.  Now before the Court are Defendants' motions for indicative rulings concerning dismissal for lack of subject-matter jurisdiction and decertification of the certified class.  Additionally, one sliver of the motion to dismiss is ripe for resolution, as the parties agree that the Court has jurisdiction to address Kirola's 42 U.S.C. § 1983 claim.  The motions are fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for July 16, 2026, is **VACATED**.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  Having carefully considered the parties' papers, as well as the relevant legal authority, the Court hereby **DEFERS** consideration of the motions to dismiss and decertify the certified class and **DENIES** the motion to dismiss Kirola's Section 1983 claim.  This Order assumes familiarity with the facts and lengthy procedural history of the case.

I.    **MOTIONS FOR INDICATIVE RULINGS**

When a pending appeal deprives a court of jurisdiction to grant a motion, a party can seek a ruling indicating how the court would decide the motion if it had jurisdiction. Fed. R. Civ. P. 62.1.  The court has four options: (1) "defer considering the motion"; (2) "deny the motion" on the

merits; (3) "state . . . that it would grant the motion if the court of appeals remands for that purpose"; or (4) "state . . . that the motion raises a substantial issue." Fed R. Civ. P. 62.1(a).  If the court states it would grant the motion or that it raises a substantial issue, the court of appeals can remand the case for further proceedings.  Fed. R. App. P. 12.1.  At its core, the procedure is designed to "promote judicial efficiency and fairness."  *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015).  It was not designed to "authorize the district court to provide unsolicited advice to the court of appeals" on resolving the appeal.  *Id.*

Defendants seek indicative rulings that the Court would dismiss all claims for lack of subject-matter jurisdiction and decertify the certified class.  There is no jurisdiction to grant these motions precisely because Defendants raise those challenges on appeal.  The parties have already filed their appellate opening and answering briefs, with Defendants' reply brief due in a few weeks.  Yet Defendants say that it would be more efficient for this Court to address almost identical arguments in the first instance.  Not so.

Defendants largely raise questions of law that will be reviewed de novo by the Ninth Circuit.  "[T]his Court has nothing special to offer" on those questions.  *See Silbersher v. Allergan Inc.*, No. 18-CV-03018-JCS, 2024 WL 2044626, at *8 (N.D. Cal. May 7, 2024).  The Ninth Circuit needs "no help deciphering the meaning of its own decision[s]" and those of the Supreme Court.  *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 222 (S.D.N.Y. 2013).  "This is not a case where, while an appeal is pending, an intervening change in the law called the district court ruling into question, perhaps making an indicative ruling the most expeditious course of action."  *See id.*  Though Defendants note that their mootness argument relies on new evidence, the Ninth Circuit can consider new information in appropriate circumstances when deciding mootness.  *See, e.g.*, *Kescoli v. Babbitt*, 101 F.3d 1304, 1308-09 (9th Cir. 1996).

Moreover, any decision on these motions "would have the potential for spawning future appeals."  *See Ret. Bd.*, 297 F.R.D. at 223.  If the motions were denied, the Ninth Circuit would still have to consider these issues anew.  If this Court were to grant the motion to dismiss, the order would be immediately appealable as a final decision.  *See* 28 U.S.C. § 1291.  And if it were

United States District Court
Northern District of California

to grant the motion to decertify, that order could be permissively appealed.  *See* Fed. R. Civ. P. 23(f).  Additionally, decertification would have the effect of modifying or dissolving an injunction, so it might be immediately appealable as inextricably intertwined with an "[i]nterlocutory order[] . . . modifying, refusing or dissolving injunctions." *Cf.* 28 U.S.C. § 1292(a)(1); *Meredith v. Oregon*, 321 F.3d 807, 814 (9th Cir. 2003).  These concerns are not theoretical: an appeal immediately followed at least one of the cases on which Defendants rely. *See Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 596-97 (7th Cir. 2021) (accepting Rule 23(f) petition immediately after a successful motion for an indicative ruling).  Such judicial ping-pong is not efficient.

Since deciding these motions today would not benefit judicial economy, they are **DEFERRED**.

## II.    MOTION TO DISMISS

Defendants also seek dismissal of Kirola's Section 1983 claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  The parties agree that there is jurisdiction to consider this motion because the class definition excluded the Section 1983 claim, so it is not part of the current appeal.  *See Kirola v. City & Cnty. of San Francisco*, No. 07-CV-03685-SBA, 2010 WL 11488931, at *4 (N.D. Cal. June 7, 2010).  Since this motion is denied, there is no need to confirm that the parties are correct.  *See* Fed. R. Civ. P. 62.1(a)(2) (allowing a court to deny a motion even if it lacks jurisdiction due to a pending appeal).

Defendants first contend that Kirola lacks standing to assert this claim because she failed to prove her injuries were traceable to the individual Defendants.  But this contention contradicts the Ninth Circuit's conclusion that "[t]he barriers Kirola encountered are 'fairly traceable' to the City because the City is responsible for construction, alteration, and maintenance of the facilities that include those barriers." *Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017).  It defined "the City" as "the City and County of San Francisco, the Mayor of San Francisco, and members of the San Francisco Board of Supervisors." *Id.* at 1169.  As a result, the Ninth Circuit expressly decided that Kirola's injuries were traceable to all Defendants.  The law of the case doctrine precludes relitigating this issue.  *See Rocky Mountain Farmers Union v. Corey*,

3

United States District Court
Northern District of California

913 F.3d 940, 951 (9th Cir. 2019).

Next, Defendants argue that this claim is moot because Kirola failed to identify any predicate ADAAG violation as to herself.  But whether Kirola identified a predicate legal violation for purposes of Section 1983 is a merits question, not one of mootness.  *See, e.g.*, *Vasquez v. Los Angeles ("LA") Cnty.*, 487 F.3d 1246, 1254 (9th Cir. 2007) (holding that court "confused the doctrine of mootness with a determination of Vasquez's claim on the merits" when it decided the substance of an Establishment Clause claim); *Chafin v. Chafin*, 568 U.S. 165, 174 (2013) (holding that a plaintiff's "prospects of success" for receiving certain relief were "not pertinent to the mootness inquiry").  Indeed, only one of the cases that Defendants cited on this point mentioned mootness.  And even there, the court was referencing the ordinary meaning of mootness, not the Article III doctrine.  *See Bell v. Krol*, No. 13-CV-05820-SI, 2024 WL 1055850, at *7 (N.D. Cal. Mar. 11, 2024) ("The Court need not and does not reach the alternative grounds for summary judgment that the City lays out in its motion, including the request to dismiss the claim for injunctive relief, which is rendered moot by today's ruling.").  As Defendants' argument does not concern subject-matter jurisdiction, it is not a proper subject for a Rule 12(b)(1) motion.[1]

Finally, Defendants argue that Section 1983 cannot be used to enforce the statutes that this claim is predicated on.  They recognize that this is a merits question, but argue the court can sua sponte dismiss the claim on the merits.  However, the case that Defendants cite for this proposition arose in a distinctly different procedural context.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (affirming pretrial ruling on defenses that effectively dismissed counterclaims).  Here, Defendants seek sua sponte dismissal on the merits a decade after entry of findings of fact and conclusions of law.  Since they have not sufficiently justified this procedure, the Court declines to sua sponte consider dismissal on the merits.

---

[1] Defendants also contend that this claim is moot "to the extent Plaintiffs impermissibly seek to backdoor in an ADAAG policy challenge," citing their motion for an indicative ruling's mootness section. Dkt. No. 918 at 27.  Because the argument regarding the Section 1983 claim is limited to this cursory statement, it is unclear how it plays out with this claim.  Moreover, the argument is also raised on appeal, so the Ninth Circuit's decision will likely illuminate Defendants' logic.  For those reasons, the Court declines to further consider this argument.

4

United States District Court
Northern District of California

**III.     CONCLUSION**

Defendants' motions to dismiss and decertify the certified class are **DEFERRED**.  Their motion to dismiss the Section 1983 claim for lack of subject-matter jurisdiction is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge